**FRONTIER LAW CENTER**
Robert L. Starr (183052)
robert@frontierlawcenter.com
Adam M. Rose (210880)
adam@frontierlawcenter.com
Karo G. Karapetyan (318101)
karo@frontierlawcenter.com
23901 Calabasas Road, Suite 2074
Calabasas, California 91302
Telephone: (818) 914-3433
Facsimile: (818) 914-3433

**POMERANTZ LLP**
Jordan L. Lurie (130013)
jllurie@pomlaw.com
Roxanna Talaie
rtalaie@pomlaw.com
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 432-8492
Facsimile: (310) 861-8591


Attorneys for Plaintiff
Gor Gevorkyan

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gor Gevorkyan on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>     vs.<br><br>Bitmain, Inc., Bitmain Technologies, Ltd. and DOES 1 to 10,<br><br>                    Defendants. | Case Number: 3:18-cv-07004-JD<br><br>**PLAINTIFF'S CASE MANAGEMENT STATEMENT AND REQUEST TO TAKE THE CMC OFF-CALENDAR PENDING SERVICE ON THE REMAINING DEFENDANT WHO IS BEING SERVED VIA FOREIGN SERVICE**<br><br>Date:  March 7, 2019<br>Time:  10:00 a.m.<br>Courtroom: 11, 19th Floor<br>Judge:  Hon. James Donato |

**PRELIMINARY STATEMENT**

Plaintiff requests that the CMC be taken off-calendar as there currently is no defendant who has appeared in this action.

On February 14, 2019, Plaintiff Gevokyan dismissed Bitmain, Inc., the only defendant who has appeared in this action. ECF. 23. On February 20, 2019, Plaintiff filed a Notice of Motion and Motion for Extension of Time To Serve Foreign Defendant Bitmain Technologies, Ltd and to Continue Case Management Conference Dkt. No. 24. As Plaintiff explained, Defendant Bitmain Technologies is a Chinese corporation. Plaintiff is in the process of effecting foreign service on Bitmain Technologies pursuant to Fed.R.Civ.P 4(f) via the Hague Convention. Plaintiff has translated the complaint into Chinese. However, the papers to be served must be presented to the Chinese Central Authority, which then must transmit the documents to local authorities for service upon the Bitmain Technologies, Ltd. In Beijing. It is Plaintiff's understanding that service of process through the Chinese Central Authority can take at least eight months (*see e.g.*, ABA Section of Litigation 2012 Section Annual Conference, April 18-20, 2012: ABA Chinese Drywall Panel, "Service of Process in China") and as long as eighteen months. To accommodate this extraordinary time to perfect service, Plaintiff has requested an extension of time for service of process pursuant to Fed.R.Civ.P. 6(b)(1), which provides: "When an act may or must be done within a specific time, the court may, for good cause shown, extend the time." Dkt. No. 22.

In that same filing, Plaintiff also noted that the CMC in this matter is currently scheduled for March 7, 2019. Since defendant Bitmain Technologies Ltd. has not yet appeared in the action and the other named defendant, Bitmain, Inc., has been dismissed without prejudice (Dkt. No. 23), Plaintiff noted that the Court may wish to reschedule the case management conference to a later date. Dkt. No. 22.

Accordingly and for the foregoing reasons, Plaintiff requests that the CMC currently scheduled for March 7, 2019 be taken off calendar or rescheduled to March 28, 2019, which is the hearing date set for Plaintiff's Motion.

If the Court still wishes to proceed on March 7, 2019 as scheduled, Plaintiff's Case Management Statement is below.

**1. Jurisdiction and Service:**

**Plaintiff's Position:**

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(1) because there are more than 100 class members and the aggregate amount in controversy exceeds $5 million. Defendant Bitmain, Inc. (the US entity) has been served. Defendant Bitmain Technologies Ltd. ("Bitmain Technologies"), a Chinese company, has not been served. Plaintiff has requested that counsel for Bitmain Inc, who is also representing Bitmain Technologies, agree to accept service on behalf of Bitmain Technologies. By agreeing to accept service, Bitmain Technologies would not waive any defenses, including jurisdiction. To date, counsel for Bitmain, Inc. has not agreed to accept service on behalf of the Chinese entity. Plaintiff notes that Bitmain Technologies has previously availed itself of United States courts and is the plaintiff in an action entitled *Bitmain Technologies Ltd. v. John Doe*, Case No. No. 2:18-cv-1626 pending in the Western District of Washington.

As there is currently no agreement regarding acceptance of service as to Bitmain Technologies, Plaintiff is in the process of effecting foreign service on Bitmain Technologies pursuant to Fed.R.Civ.P 4(f) via the Hague Convention. Plaintiff has translated the complaint into Chinese. However, the papers to be served must be presented to the Chinese Central Authority, which then must transmit the documents to local authorities for service upon the Defendant. It is Plaintiff's understanding that service of process through the Chinese Central Authority can take at least 8 months (*see e.g.*, ABA Section of Litigation 2012 Section Annual Conference, April 18-20, 2012: ABA Chinese Drywall Panel, "Service of Process in China") and as long as 18 months and will certainly exceed the 90-day period allotted for service within the United States under Fed.R.Civ.P. 4(m). To accommodate this extraordinary time to perfect service, Plaintiff has requested an extension of time for service of process pursuant to

Fed.R.Civ.P. 6(b).  Rule 6(b)(1) provides that, "when an act may or must be done within a specific time, the court may, for good cause shown, extend the time."

## 2.  Facts

**Plaintiff's Position:**

Defendant Bitmain Technologies manufactures and sells machines called "crypto currency miners" or Application Specific Integrated Circuits ("ASIC devices") that are used to generate virtual cryptocurrency, including Bitcoin.  Bitmain Technologies is one of the largest virtual cryptocurrency mining hardware companies in the world with profits of over $900 million for the first six months of 2018.  Bitmain Technologies offers a variety of mining hardware under the Antminer brand and power supply units customized for Bitmain Technologies' mining hardware to enhance mining performance.  As Bitmain Technologies has explained in the offering document for its proposed Hong Kong IPO ("Hong Kong Application of Proof for Bitmain Technologies Holding Company"): "For most cryptocurrencies that require a computing mining process to be released or traded, mining hardware are utilized to resolve the computing process. The global cryptocurrency mining hardware industry consists of all the hardware used for mining cryptocurrencies under various kinds of chip architecture and algorithms, mainly dominated by ASIC-based and GPU-based mining hardware with high computing power." Bitmain Technologies claims that "our innovation in ASIC chips to improve both performance and cost-effectiveness has enabled us to deliver high computing power and great power-efficient mining hardware at reasonable prices."

Bitmain Technologies also manages cryptocurrency mining farms or storage facilities that are technologically equipped to mine cryptocurrencies whereby Bitmain Technologies offers customers custodian services for their mining hardware.  Bitmain Technologies also operates mining pools where cryptocurrency miners contribute their computing power and split mining rewards.  The company also mines cryptocurrency for itself.  Bitmain Technologies is one of the largest competitors of the cryptocurrency miners who purchase its ASIC devices.

Plaintiff purchased Antminer S9 ASIC devices ("Antminer") in approximately January 2018. Antminer devices distributed during the proposed class period including those sold to Plaintiff were configured in such a way that they would begin mining cryptocurrency for the benefit of Bitmain Technologies rather than the purchaser of the device. Moreover, at the same time that Bitmain Technologies implemented the configuration generating income for itself, Bitmain Technologies changed the devices to operate at full power mode during the lengthy reconfiguration process that purchasers had to go through in order to obtaining the benefits of the devices for themselves. Prior to that change, the devices operated in low power mode to conserve energy until purchasers re-configured the devices. The devices require an extraordinary amount of power to operate (approximately 1400 watts). Until the configuration process for each device was complete, Bitmain Technologies laid the high operating costs at the feet of Plaintiff and other class members, while cashing in on the virtual cryptocurrency mined by those devices.

In essence, Bitmain Technologies is hijacking class members' devices and using customers' own machines to mine for cryptocurrency for Bitmain Technologies' benefit at class members' expense.

Based on further investigation conducted since the filing of the original complaint, Plaintiff will be filing an amended complaint which lays out Bitmain Technologies' scheme in further detail.

**3.  Legal Issues**

**Plaintiff's Position:**

Plaintiff alleges that Bitmain Technologies' conduct violates California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. ("UCL"), as well as the numerous California laws that prohibit it from engaging in a scheme whereby class members are tricked into mining virtual cryptocurrency for the benefit of Bitmain Technologies instead of for customers' own benefit.  Accordingly, the key legal issues are: whether Bitmain Technologies engaged in unlawful, unfair, or fraudulent business practices in violation of California Business and Professions Code §§ 17200 et seq.; whether Bitmain Technologies was unjustly enriched at

the expense of the class; whether Bitmain Technologies committed conversion, trespass to chattel; and whether Plaintiff and the other Class Members are entitled to restitution or other relief.

**4.  Motions**

**Plaintiff's Position:**

Plaintiff's Motion for Extension of Time To Serve Foreign Defendant Bitmain Technologies, Ltd and to Continue Case Management Conference (Dkt. No. 24) is the only pending Motion. Plaintiff intends to file a motion for class certification and a motion for summary judgment if appropriate and any motions to compel as necessary.

**Defendant's Position:**

**5.  Amendment of Pleadings**

**Plaintiff's Position:**

Plaintiff intends to file an amended complaint by no later than April 8, 2019.

**6.  Evidence Preservation**

Plaintiff has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and has taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.  Disclosures**

Plaintiff will provide Fed. R. Civ. P. 26(a)(1)(A) disclosures following service on Bitmain Technologies.

**8.  Discovery**

**Plaintiff's Position:**

At this time, Plaintiff does not anticipate any proposed limitations or modifications of the discovery rules.  Certain modifications (e.g., with respect to the time necessary to respond to written discovery requests) may be required when the Chinese entity appears in the action.  As set forth below regarding Scheduling, it is premature to enter a comprehensive discovery plan before Defendant Bitmain Technologies has been served or appeared in the action and before the

parties have a realistic sense of how long it will take for the Chinese entity to participate in discovery.

**9. Class Actions**

**Plaintiff's Position:**

After the parties engage in sufficient discovery, Plaintiff anticipates filing a motion for class certification. However, it is premature to set any schedule before defendant Bitmain Technologies appears in the action.

**10. Related Cases**

There are no related cases or proceedings pending before another judge of this Court, or before another court or administrative agency.

**11. Relief**

**Plaintiff's Position:**

Plaintiff seeks, inter alia, injunctive relief, restitution, actual damages, disgorgement of profits, attorneys' fees, costs, and pre- and post-judgment interest. Plaintiff believes that it is premature at this time to determine damages with any accuracy, given the fact that the parties have not yet conducted discovery.

**12. Settlement and ADR**

**Plaintiff's Position:**

Pursuant to Civil Local Rule 16-8 and ADR L.R. 3-5(b), Plaintiff filed an ADR Certification on January 31, 2019. (Dkt. No. 24).

**13. Consent to Magistrate Judge for All Purposes**

The parties have not consented to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

**14. Other References**

**Plaintiff's Position:**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

**Plaintiff's Position:**

Other than service on Bitmain Technologies as discussed above, Plaintiff has not identified any issues that are suitable for narrowing by agreement of the parties at this time.

**16. Expedited Trial Procedure**

The parties do not believe that this case is suitable for handling under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17. Scheduling**

**Plaintiff's Position:**

It is premature to enter a scheduling order before Defendant Bitmain Technologies has been served or appeared in the action and before the parties have a realistic sense of how long it will take for the Chinese entity to participate in discovery. Further, it is Plaintiff's position that setting a schedule and deadlines for discovery for purposes of trial is premature until the Court has decided the issue of class certification.

**18. Trial**

**Plaintiff's Position:**

As currently pled, this case will be tried to the court. Plaintiff estimates seven (7) Court days.  Plaintiff respectfully requests that the Court defer setting a trial schedule until after the Court has decided class certification.  Plaintiff proposes that the parties meet and confer within fourteen (14) days of the Court's entry of an order addressing the issue of class certification and submit a further proposed case management schedule as soon as practicable thereafter, which will, among other things, address: (i) a proposed motions cut-off date, including dispositive motions and motions in limine; (ii) a proposed date for a final pre-trial conference and final pretrial conference order; and (iii) a proposed date for trial.

**19. Disclosure of Non-party Interested Entities or Persons**

Plaintiff has filed its Disclosure of Non-Party Interested Certification per Civil Local Rule 3-15.

**20. Professional Conduct**

All attorneys of record for Plaintiff have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other**

There are no other such matters.

DATED:  February 28, 2019			FRONTIER LAW CENTER

					By:	/s/ Karo G. Karapetyan
						Karo G. Karapetyan
						Attorney for Plaintiff
						Gor Gevorkyan