CARLOS M. LAZATIN (S.B. #229650)
clazatin@omm.com
WILLIAM K. PAO (S.B. #252637)
wpao@omm.com
XIN-YI ZHOU (S.B. #251969)
vzhou@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
18th Floor
Los Angeles, California 90071-2899
Telephone:    +1 213 430 6000
Facsimile:    +1 213 430 6407

Attorneys for Defendant
Bitmain Technologies, Ltd.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| GOR GEVORKYAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BITMAIN, INC., BITMAIN TECHNOLOGIES, LTD., and DOES 1 to 10,<br><br>Defendants. | Case No. 3:18-cv-07004-JD<br><br>**DEFENDANT BITMAIN TECHNOLOGIES, LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND TO STRIKE CLASS ALLEGATIONS**<br><br>**Declaration of Luyao Liu Filed Concurrently**<br><br>Hearing Date:    December 19, 2019<br>Time:              10:00 a.m.<br>Judge:             Hon. James Donato |

1

## NOTICE OF MOTION AND MOTION TO DISMISS

2

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3      **PLEASE TAKE NOTICE** that on December 19, 2019, at 10:00 a.m., or as soon

4  thereafter as this matter may be heard in Courtroom 11, 9th Floor, of the above-captioned Court,

5  located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Bitmain Technologies,

6  Ltd. ("Bitmain") will, and hereby does, move the Court for an order dismissing the Amended

7  Complaint with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(2), or in the

8  alternative, to strike nationwide class allegations pursuant to Federal Rule of Civil Procedure

9  12(f). This Motion is based on this Notice of Motion and Motion, the accompanying

10  Memorandum of Points and Authorities, the Declaration of Luyao Liu and the exhibit attached

11  thereto, the arguments of counsel, all pleadings and papers on file in this action, and such other

12  further written and oral argument as may be presented to the Court at the hearing on this Motion

13  or before the Court's decision.

14                                  **ISSUES TO BE DECIDED**

15      1.      Whether Plaintiff's Amended Complaint should be dismissed under Federal Rule

16  of Civil Procedure 12(b)(2) because this Court lacks personal jurisdiction over Bitmain.

17      2.      Whether Plaintiff's allegations asserting claims on behalf of a nationwide class

18  should be struck under Federal Rule of Civil Procedure 12(f) because this Court lacks personal

19  jurisdiction over Bitmain with respect to the claims of non-California class members.

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Pages**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

I.     INTRODUCTION ................................................................................................. 1

II.    BACKGROUND .................................................................................................. 2

    A.     Factual and Procedural History ................................................................ 2

    B.     Bitmain Facts ........................................................................................... 3

III.   ARGUMENT ....................................................................................................... 3

    A.     This Court Lacks Personal Jurisdiction over Bitmain ............................... 3

        1.     The Court Does Not Have General Jurisdiction over Bitmain ................................................................................... 4

        2.     The Court Does Not Have Specific Jurisdiction over Bitmain ................................................................................... 6

        3.     Bitmain's General Contacts with the U.S. Do Not Establish Personal Jurisdiction ........................................................ 13

    B.     Alternatively, the Court Lacks Personal Jurisdiction over Bitmain as to Non-Resident Putative Class Members Who Suffered No Injury in California ................................................................................. 14

IV.    CONCLUSION .................................................................................................. 15

# <u>TABLE OF AUTHORITIES</u>

**Pages**

**Cases**

*Adobe Sys. Inc. v. Childers*,
  2011 WL 566812 (N.D. Cal. Feb. 14, 2011)................................................................. 9

*Asahi Metal Indus. Co. v. Superior Ct.*,
  480 U.S. 102 (1987) .......................................................................................... 4, 12, 13

*Bitmain Techs. Ltd. v. Doe*,
  Case No. 2:18-cv-01626 (W.D. Wa. Nov. 7, 2018).................................................. 14

*Boschetto v. Hansing*,
  539 F.3d 1011 (9th Cir. 2008)..................................................................................... 9

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*,
  137 S. Ct. 1773 (2017) ...................................................................................... 2, 11, 15

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ............................................................................................... 7, 12

*CollegeSource, Inc. v. AcademyOne, Inc.*,
  653 F.3d 1066 (9th Cir. 2011)..................................................................................... 5

*Cybersell, Inc. v. Cybersell, Inc.*,
  130 F.3d 414 (9th Cir. 1997)................................................................................... 8, 9

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) .................................................................................................... 4

*Decker v. Circus Circus Hotel*,
  49 F. Supp. 2d 743 (D.N.J. 1999) ......................................................................... 8, 13

*Epic Sys. Corp. v. Lewis*,
  138 S. Ct. 1612 (2018) .............................................................................................. 13

*Erickson v. Neb. Mach. Co.*,
  2015 WL 4089849 (N.D. Cal. July 6, 2015)...................................................... 3, 4, 8, 9

*Fletcher v. Anheuser-Busch Inc.*,
  2009 U.S. Dist. LEXIS 135671 (C.D. Cal. Nov. 5, 2009) .......................................... 5

*Glencore Grain v. Shivnath Rai Harnarain*,
  284 F.3d 1114 (9th Cir. 2002)................................................................................... 12

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) .................................................................................................... 4

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984) .................................................................................................... 7

*Hertz Corp. v. Friend*,
  559 U.S. 77 (2010)................................................................................................... 4, 5

*Ibrani v. Mabetex Project Eng'g*,
  No. C-00-0107(CRB), 2002 WL 1226848 (N.D. Cal. 2002)..................................... 14

NOTICE OF MOTION AND MOTION TO
DISMISS & TO STRIKE AM. COMPL.
CASE NO. 3:18-CV-07004-JD

# TABLE OF AUTHORITIES
*(continued)*

**Pages**

*In re Automobile Antitrust Cases I and II,*
    135 Cal. App. 4th 100 (2005)................................................................. 12

*In re Boon Global, Ltd.,*
    923 F.3d 643 (9th Cir. 2019)................................................................... 5

*J McIntyre Mach., Ltd v. Nicastro,*
    564 U.S. 873 (2011)........................................................... 6, 7, 13, 14

*King v. Smieja,*
    2008 WL 11350059 (D. Mont. Oct. 31, 2008), *aff'd sub nom. King v. Am.*
    *Family Mut. Ins. Co.,* 632 F.3d 570 (9th Cir. 2011) ................................ 14

*Las Palmas Assocs. v. Las Palmas Ctr. Assocs.,*
    235 Cal. App. 3d 1220 (1991).................................................................. 5

*Mattel, Inc. v. Greiner & Hausser GmbH,*
    354 F.3d 857 (9th Cir. 2003)................................................................. 14

*Millennium Enterprises, Inc. v. Millennium Music, LP,*
    33 F. Supp. 2d 907 (D. Or. 1999) ................................................. 7, 9, 11

*Monster Energy Co. v. Cycle Locators, Inc.,*
    2018 U.S. Dist. LEXIS 225396 (C.D. Cal. June 25, 2018).................... 8, 12, 13

*Pac. Overlander, LLC v. Kauai Overlander,*
    2018 U.S. Dist. LEXIS 186719 (N.D. Cal. Oct. 31, 2018)........................... 8

*Pervasive Software Inc. v. Lexware GmbH & Co. KG,*
    688 F.3d 214 (5th Cir. 2012).................................................................. 10

*Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil, Inc.,*
    301 F. Supp. 3d 840 (N.D. Ill. 2018) ...................................................... 15

*Reno v. Am. Civil Liberties Union,*
    521 U.S. 844 (1997)............................................................................ 10

*Sanders v. Apple Inc.,*
    672 F. Supp. 2d 978 (N.D. Cal. 2009) .................................................... 15

*Schwarzenegger v. Fred Martin Motor Co.,*
    374 F.3d 797 (9th Cir. 2004)................................................................. 3, 4

*Shamsuddin v. Vitamin Research Prods.,*
    346 F. Supp. 2d 804 (D. Md. 2004) ....................................................... 10

*Starlight Int'l Ltd. v. Lifeguard Health, LLC,*
    2008 WL 2899903 (N.D. Cal. July 22, 2008)........................................... 10

*ThermoLife Int'l LLC v. NetNutri.com LLC,*
    2019 U.S. Dist. LEXIS 118966 (D. Ariz. July 17, 2019) .............................. 9

*VirtualMagic Asia, Inc. v. Fil-Cartoons, Inc.,*
    99 Cal. App. 4th 228 (2002)..................................................................... 6

NOTICE OF MOTION AND MOTION TO
DISMISS & TO STRIKE AM. COMPL.
CASE NO. 3:18-CV-07004-JD

1

## <u>TABLE OF AUTHORITIES</u>
*(continued)*

2

**Pages**

3
*Walden v. Fiore*,
   571 U.S. 277 (2014) .......................................................................... 7, 11

4
*Williams v. Yamaha Motor Co.*,
   851 F.3d 1015 (9th Cir. 2017) .................................................. 4, 5, 6, 13

5

*World-Wide Volkswagen Corp. v. Woodson*,
6
   444 U.S. 286 (1980) ............................................................................ 5, 7

7
**Rules**

Fed. R. Civ. P. 23(d)(1)(D) ............................................................................. 15
8
Fed. R. Civ. P. 4(k)(2) .................................................................................... 14

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3         Bitmain Technologies, Ltd. ("Bitmain") is a foreign defendant incorporated and

4    headquartered in China. It manufactures application-specific integrated circuit (ASIC) chips for

5    bitcoin mining. Although Bitmain is a Chinese company, anyone in the world can visit its website

6    to purchase one of its industry-leading ASIC devices. A resident of California, Plaintiff alleges

7    that he visited Bitmain's website and bought one of Bitmain's products. Rather than enter

8    arbitration with Bitmain in Hong Kong, as he is required to do under the terms of his purchase,

9    Plaintiff opted to sue Bitmain here in San Francisco, some 5,900 miles from Bitmain's home.

10        This Court does not have personal jurisdiction over Bitmain. At the outset, there is no

11   basis for general personal jurisdiction. Bitmain lacks any continuous or systematic contacts with

12   California that would make it "at home" in this forum. None of Bitmain's employees resides in

13   California or works here. Bitmain does not own real estate here, it does not market its products

14   here, it does not hold assets or bank accounts here, and it does not pay taxes to the State of

15   California. The simple fact that Bitmain has a website and has shipped some products to

16   customers in California does not subject it to general personal jurisdiction here.

17        Nor is Bitmain subject to specific personal jurisdiction. ***Plaintiff does not even allege he***

18   ***made his purchase in California, or that he used the ASIC devices anywhere in this state***. But

19   regardless of what Plaintiff did, the Supreme Court is clear that "purposeful availment" turns on

20   the *defendant's* actions, not the *plaintiff's*, and here, Bitmain has not "purposefully availed" itself

21   of California. Bitmain did not come to California to sell its wares, nor did it target the California

22   market or solicit any sales here. Even assuming that Bitmain shipped Plaintiff's ASIC devices to

23   California, the mere fact that Bitmain shipped its product to California—at Plaintiff's direction—

24   is not enough to establish personal jurisdiction. Indeed, the fact that Bitmain entered into a forum

25   selection clause in connection with Plaintiff's purchase shows that Bitmain intended to avail itself

26   of Hong Kong and its laws to resolve any disputes, not California. It would be unreasonable to

27   subject Bitmain to jurisdiction here.

28        Rather than alleging Bitmain's contacts with California—which it does not have—

NOTICE OF MOTION AND MOTION TO
DISMISS & TO STRIKE AM. COMPL.
CASE NO. 3:18-CV-07004-JD

1    Plaintiff points to the irrelevant contacts that he alleges Bitmain has with the U.S. generally. But

2    as the Supreme Court has repeated in decision after decision, the relevant contacts are those

3    Bitmain has with *California*, and not to any other state. And Plaintiff's attempt to impute to

4    Bitmain the California contacts of its sister company Bitmain Inc. is similarly dead on arrival—

5    Plaintiff has alleged no facts that even suggest the two companies are alter egos.

6           Even if this Court were to decide it had personal jurisdiction over Bitmain with respect to

7    *Plaintiff's* claims—and there is no sound basis for it to do so—it should not permit Plaintiff to

8    assert class claims on behalf of *non-California* individuals. As the Supreme Court recently made

9    clear in *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017), just because a court

10   has specific jurisdiction over a plaintiff's claims arising out of contacts with the forum state, it

11   does not follow that the court has specific jurisdiction with respect to class members *in other*

12   *states*. Whatever contacts Bitmain has in California to support specific jurisdiction (again, there

13   are none), this Court cannot apply those contacts to acquire jurisdiction over the claims of non-

14   California class members. Under *Bristol-Myers Squibb*, at a minimum, Plaintiff's nationwide

15   class allegations must be struck.

16   **II.     BACKGROUND**

17          **A.     Factual and Procedural History**

18          Plaintiff initiated this putative class action on November 19, 2018, alleging violation of

19   the unfair prong of California's unfair competition law, unjust enrichment, and conversion against

20   Bitmain, Inc. and Bitmain Technologies, Ltd. (ECF No. 1.) On February 14, 2019, Plaintiff

21   voluntarily dismissed Bitmain, Inc. from the case without prejudice. (ECF No. 23.) Plaintiff filed

22   his Amended Complaint on August 30, 2019, asserting four causes of action against Bitmain: (1)

23   violation of the unfair competition law; (2) unjust enrichment; (3) conversion; and (4) trespass to

24   chattels. (Am. Compl. ¶¶ 81–116.) These claims stem from Plaintiff's allegations that Bitmain

25   delays shipment of its ASIC devices in order to use the devices for its own benefit prior to

26   delivery to its customers, and that Bitmain preconfigures the devices so that, during the

27   customer's initial setup and installation, the devices operate in full power mode under Bitmain's

28   account. (*See* Am. Compl. ¶ 1.)

1

### B.    <u>Bitmain Facts</u>

2

Bitmain is incorporated under the laws of the People's Republic of China and is

3

headquartered in Beijing, China. (Am. Compl. ¶ 7; Decl. of Luyao Lui ¶¶ 3–4.) Bitmain has no

4

offices in California, owns no California real estate, has no bank accounts in California, and does

5

not pay taxes to California. (Decl. of Luyao Lui ¶¶ 7–9.) Nor does Bitmain have an agent for

6

service of process in California. (*Id.* ¶ 5.) Indeed, while Bitmain maintains a globally accessible

7

website through which consumers may initiate a transaction for Bitmain's ASIC devices, Bitmain

8

does not advertise to or solicit business in California, operate any sales or service networks in

9

California, or design or manufacture its products in California. (*Id.* ¶¶ 6, 12–14, 16.) In 2016—the

10

year Plaintiff alleges he bought Bitmain's ASIC devices—Bitmain's California sales represented

11

only 5.2% of its U.S. sales, which in turn were only a fraction of its global sales. (*Id.* ¶ 15.)

12

Bitmain, Inc. is a California-based research and development entity, a separate and

13

independent legal entity from Bitmain. (Decl. of Luyao Lui ¶¶ 17–22.) Bitmain and Bitmain, Inc.

14

are sister companies, both subsidiaries to the same China-based holding company. (*Id.* ¶ 17.)

15

Thus, Bitmain has no ownership or control over Bitmain, Inc. (*See id.*) Each company has its own

16

separate officers, maintain separate workforces, and each entity makes its own business decisions

17

and controls its own operations. (*Id.* ¶¶ 20–21.) Bitmain maintains its own corporate books and

18

financial records, its own bank accounts, and files its own tax returns—all separate and apart from

19

Bitmain, Inc. (*Id.* ¶ 22.) Each of these entities maintains separate managerial and supervisory

20

personnel. (*See id.* ¶ 10.) And Bitmain owns no stock in Bitmain, Inc. (*Id.* ¶ 18.)

21

## III.    <u>ARGUMENT</u>

22

### A.    <u>This Court Lacks Personal Jurisdiction over Bitmain</u>

23

Because Bitmain does not have sufficient contacts with California for this Court to

24

exercise jurisdiction over it, Plaintiff's Amended Complaint must be dismissed. Plaintiff "bears

25

the burden of establishing that jurisdiction is proper." *Schwarzenegger v. Fred Martin Motor Co.*,

26

374 F.3d 797, 800 (9th Cir. 2004). Where, as here, no federal statute authorizes personal

27

jurisdiction, the Court applies the law of the state in which the court sits. *Erickson v. Neb. Mach.*

28

*Co.*, 2015 WL 4089849, at *2 (N.D. Cal. July 6, 2015) (Donato, J.). "California's long-arm

1    statute . . . is coextensive with the limits of the Constitution's due process clause," so courts look

2    there to determine whether they have jurisdiction over a defendant. *Id.* (citing *Schwarzenegger*,

3    374 F.3d at 800–01). The Constitution permits courts to exercise either "general" or "specific"

4    personal jurisdiction over a foreign defendant, *Goodyear Dunlop Tires Operations, S.A. v. Brown*,

5    564 U.S. 915, 919 (2011), neither of which Plaintiff has established here.

6                   **1.      The Court Does Not Have General Jurisdiction over Bitmain**

7           As a foreign corporation that is neither incorporated nor headquartered in California,

8    Bitmain is not subject to general personal jurisdiction in California. For general jurisdiction to

9    obtain over a foreign defendant like Bitmain, the defendant must engage in "continuous and

10   systematic" general business contacts that "approximate physical presence" in the forum state.

11   *Schwarzenegger*, 374 F.3d at 801. In other words, it must be "essentially at home" in the forum

12   state. *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017) (quotation marks and

13   citation omitted). For a corporate defendant, "the place of incorporation and principal place of

14   business are 'paradig[m] . . . bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S.

15   117, 137 (2014). The principal place of business is "the place where a corporation's officers

16   direct, control, and coordinate the corporation's activities"—i.e., the corporation's "nerve center"

17   or headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

18          "Great care and reserve should be exercised when extending our notions of [general]

19   personal jurisdiction into the international field" because once a court establishes general

20   jurisdiction over a defendant, they may be sued in the court at any time, for anything—even, for

21   example, for conduct that occurred in a foreign country that is entirely unrelated to the forum

22   state. *See Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 115 (1987) (citation omitted).

23   Here, there is no basis in law or fact for a California court to exercise sweeping general

24   jurisdiction over Bitmain.

25                   **a.      Bitmain Has No Continuous or Systematic Contacts with
                             California**
26

27          Bitmain is in no sense "at home" in California. *See Bauman*, 571 U.S. at 137. It is neither

28   incorporated nor has its principal place of business in California. Rather, Bitmain is incorporated

NOTICE OF MOTION AND MOTION TO
DISMISS & TO STRIKE AM. COMPL.
CASE NO. 3:18-CV-07004-JD

1   under the laws of the People's Republic of China and is headquartered in Beijing. (*See* Am.

2   Compl. ¶ 7; Decl. of Luyao Lui ¶¶ 3–4.) Bitmain's "officers direct, control, and coordinate the

3   corporation's activities" in China. (*See* Decl. of Luyao Lui ¶ 4); *Hertz*, 559 U.S. at 92–93.

4   Bitmain has not appointed an agent for service of process in California, it does not conduct

5   advertising or solicitation activities in California, operate any sales or service networks in

6   California, have a California bank account, own, use, or possess any California real estate, or pay

7   California taxes. (Decl. of Luyao Lui ¶¶ 5–9, 13–14.)

8         Nor does Plaintiff's allegation that Bitmain maintains a website that can be accessed from

9   California establish "continuous and systematic" contacts with California. "If the maintenance of

10   an interactive website were sufficient to support general jurisdiction in every forum in which

11   users interacted with the website, 'the eventual demise of all restrictions on the personal

12   jurisdiction of state courts' would be the inevitable result." *CollegeSource, Inc. v. AcademyOne,*

13   *Inc.*, 653 F.3d 1066, 1075–76 (9th Cir. 2011) (quoting *World-Wide Volkswagen Corp. v.*

14   *Woodson*, 444 U.S. 286, 294 (1980)). Accordingly, Bitmain is not subject to general personal

15   jurisdiction in California.

16                    **b.      Bitmain Is Not an Alter Ego of Bitmain, Inc.**

17         The fact that Bitmain has a sister company—Bitmain, Inc.—that operates in California

18   does not alter the general jurisdiction analysis. (Am. Compl. ¶ 9.) "While California alter-ego

19   liability is generally 'reserved for the parent-subsidiary relationship,' under the single-enterprise

20   rule, 'liability can be found between sister companies.'" *Fletcher v. Anheuser-Busch Inc.*, 2009

21   U.S. Dist. LEXIS 135671, at *4–5 (C.D. Cal. Nov. 5, 2009) (quoting *Las Palmas Assocs. v. Las*

22   *Palmas Ctr. Assocs.*, 235 Cal. App. 3d 1220, 1249–50 (1991)). Regardless of whether Bitmain is

23   Bitmain, Inc.'s parent—it is not—"the jurisdictional analysis remains the same," that is, personal

24   jurisdiction can attach only if the two companies are alter egos. *In re Boon Global, Ltd.*, 923 F.3d

25   643, 653 n.4 (9th Cir. 2019).  "[T]he alter ego test may be used to extend personal jurisdiction to

26   a foreign parent or subsidiary when, in actuality, the foreign entity is not really separate from its

27   domestic affiliate." *Williams*, 851 F.3d at 1021 (quotation marks and citation omitted). But to

28   satisfy this test, Plaintiff must make a prima facie showing "(1) that there is such unity of interest

NOTICE OF MOTION AND MOTION TO
DISMISS & TO STRIKE AM. COMPL.
CASE NO. 3:18-CV-07004-JD

1    and ownership that the separate personalities of the two entities no longer exist and (2) that failure

2    to disregard their separate identities would result in fraud or injustice." *Id.* (internal quotation

3    marks and citation omitted).

4         Plaintiff does not—and cannot—allege that Bitmain is a single enterprise or alter ego with

5    Bitmain, Inc., or even any facts suggesting that is the case. Rather, Plaintiff's allegations are

6    consistent with the reality that Bitmain, Inc. is a separate research and development entity that

7    does not conduct any of Bitmain's business. (Decl. of Luyao Lui ¶ 19; *see also id.* ¶¶ 17–18, 20–

8    22.) Indicators of alter ego status include whether the subsidiary is undercapitalized, corporate

9    formalities are not maintained, or employees and directors are identical. *VirtualMagic Asia, Inc.*

10   *v. Fil-Cartoons, Inc.*, 99 Cal. App. 4th 228, 244 (2002). Here, Bitmain and Bitmain, Inc. are

11   independent legal entities that maintain their own corporate books and financial records. (Decl. of

12   Luyao Lui ¶ 22.) Moreover, they each hold their own bank accounts, file their own tax returns,

13   and have separate boards of directors and workforces. (*Id.* ¶¶ 10, 20, 22.) Thus, Bitmain cannot be

14   deemed Bitmain, Inc.'s "alter ego," and general jurisdiction cannot be imputed to Bitmain simply

15   because Bitmain, Inc. is located in California.

16              **2.     The Court Does Not Have Specific Jurisdiction over Bitmain**

17        Bitmain is also not subject to specific personal jurisdiction because it has not purposefully

18   availed itself of the benefits of California as a forum. A court may exercise specific jurisdiction

19   over a non-resident defendant only if: (1) the defendant either "purposefully direct[s]" its

20   activities or "purposefully avails" itself of the benefits afforded by the forum's laws; (2) the claim

21   "arises out of or relates to the defendant's forum-related activities; and (3) the exercise of

22   jurisdiction [ ] comport[s] with fair play and substantial justice, i.e., it [is] reasonable." *Williams*,

23   851 F.3d at 1023 (internal citations omitted). Plaintiff cannot satisfy any of these elements.

24              **a.     Bitmain Has Not Purposefully Availed Itself of California's**
                 **Court System**

25

26        To establish purposeful availment, Plaintiff must demonstrate that Bitmain "engaged in

27   conduct purposefully directed at [California]." *J McIntyre Mach., Ltd v. Nicastro*, 564 U.S. 873,

28   886 (2011). The mere "foreseeability" that forum residents could purchase a product from a

NOTICE OF MOTION AND MOTION TO
DISMISS & TO STRIKE AM. COMPL.
CASE NO. 3:18-CV-07004-JD

1  foreign defendant is not enough to establish minimum contacts with the forum such that the

2  defendant can be said to have purposefully availed itself of the forum benefits. *Millennium*

3  *Enterprises, Inc. v. Millennium Music, LP*, 33 F. Supp. 2d 907, 921–22 (D. Or. 1999) (citing

4  *World-Wide Volkswagen*, 444 U.S. at 297). "[O]ur 'minimum contacts' analysis looks to the

5  defendant's contacts **with the forum State itself**, not the defendant's contacts with persons who

6  reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (emphasis added).

7      Here, Plaintiff's only allegation of purposeful availment directed at California is the fact

8  that Bitmain "sells its ASIC devices directly to customers throughout the United States and in

9  California." (Am. Compl. ¶ 8.) But alleging that Bitmain sells its devices throughout the U.S.,

10  *including* California, does nothing to demonstrate that Bitmain **specifically targeted** California

11  more any other state. *Nicastro*, 564 U.S. at 886 ("These facts may reveal an intent to serve

12  the U.S. market, but they do not show that J. McIntyre purposefully availed itself **of the New**

13  **Jersey market**." (emphasis added)). As discussed below, Plaintiff does not allege *he* was in

14  California when he visited Bitmain's website and bought ASIC devices. But even if he had, such

15  allegations would not support personal jurisdiction. In determining whether a defendant has

16  sufficient minimum contacts with a forum, the relationship between the defendant and the forum

17  "must arise out of contacts that the 'defendant *himself* creates with the forum State." *Walden*, 571

18  U.S. at 284 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "[T]he plaintiff

19  cannot be the only link between the defendant and the forum." *Id.* "[The] unilateral activity of

20  another party or a third person is not an appropriate consideration when determining whether a

21  defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Id.*

22  (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)). For these

23  reasons, Plaintiff has not made the requisite showing that Bitmain has purposefully directed its

24  conduct to, or purposefully availed itself of the laws of, California.

25      Far from purposefully availing itself of California, **Bitmain has affirmatively chosen an**

26  **alternative forum**. Every sale conducted on its website is conducted pursuant to a forum selection

27  clause under which "[t]he laws of Hong Kong will apply to any disputes arising out of or relating

28  to the Terms of Service or the Services," and that provides that "[a]ll claims arising out of or

NOTICE OF MOTION AND MOTION TO
DISMISS & TO STRIKE AM. COMPL.
CASE NO. 3:18-CV-07004-JD

1   relating to the Terms of Service or the Services will be submitted exclusively in the Hong Kong

2   International Arbitration Center, and you and Bitmain consent to personal jurisdiction in those

3   tribunals."[1]   (Decl. of Luyao Lui ¶ 16, Ex. A at 5.) Where the selection of a particular forum is a

4   condition of an online purchase, courts are reluctant to exercise personal jurisdiction in a forum

5   different from the one to which the parties agreed. *See, e.g.*, *Decker v. Circus Circus Hotel*, 49 F.

6   Supp. 2d 743, 748 (D.N.J. 1999) (finding no purposeful availment or direction where hotel

7   reservations made online required consent to forum selection clause). This is because a forum

8   selection clause evinces a clear intent contrary to the exercise of personal jurisdiction in any

9   unselected forum. *See id.* Instead, it demonstrates an intent to direct one's actions to the selected

10  forum. *See id.* Here, the forum selection and arbitration clause governing Plaintiff's purchase

11  demonstrates that Bitmain did not intend to avail of California as a forum and did not reasonably

12  anticipate being haled into a California court. *Id.*

13          To the extent that Plaintiff's First Amended Complaint suggests that Bitmain purposefully

14  availed itself of California by allowing purchases through a website that is accessible from

15  computers in California, that is irrelevant. "[C]ourts have routinely rejected a finding that there is

16  express aiming to a specific forum state based on conducting business nationwide or advertising

17  on nationally-available websites." *Pac. Overlander, LLC v. Kauai Overlander*, 2018 U.S. Dist.

18  LEXIS 186719, at *10–11 (N.D. Cal. Oct. 31, 2018) (collecting cases). As this Court has

19  previously recognized, personal jurisdiction may be asserted only over a defendant that

20  purposefully directs its activity "***in a substantial way***" to the forum state. *Erickson*, 2015 WL

21  4089849, at *4 (Donato, J.) (citing *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir.

22  1997)) (emphasis added). "Not all material placed on the Internet is, solely by virtue of its

23  universal accessibility, expressly aimed at every state in which it is accessed." *Erickson*, 2015

24  WL 4089849, at *4. An online retailer would "expressly aim" its conduct at California where, for

25  instance, it "specifically advertised [its] products in California," *Monster Energy Co. v. Cycle*

26  *Locators, Inc.*, 2018 U.S. Dist. LEXIS 225396, at *10 (C.D. Cal. June 25, 2018), or where its

27

28  [1] Bitmain reserves its right to invoke this provision and move to compel arbitration should the Court deny the instant Motion.

NOTICE OF MOTION AND MOTION TO
DISMISS & TO STRIKE AM. COMPL.
CASE NO. 3:18-CV-07004-JD

website was "directed at California residents" or contained "content tailored for California residents," *Erickson*, 2015 WL 4089849, at *5. That is not the case here, where Bitmain's only connection to the forum state is consumer-initiated internet purchases and deliveries to the forum. Under such circumstances, Bitmain has not purposefully availed itself of California. *See ThermoLife Int'l LLC v. NetNutri.com LLC*, 2019 U.S. Dist. LEXIS 118966, at *9 (D. Ariz. July 17, 2019) (finding no specific jurisdiction based on defendant's "online sales to customers who happen to be in Arizona"); *Millennium Enters.*, 33 F. Supp. 2d at 921–22 (finding no purposeful availment where Oregon plaintiff purchased CD from foreign defendant's website, the website was globally accessible, was not "aimed intentionally" at Oregon, and "[n]othing published on the Web site suggest[ed] that defendants intended to target Oregon residents, some 3,000 miles away, any more than they intended to target residents of other states").

While the Ninth Circuit has not squarely addressed the question of whether a foreign defendant is subject to personal jurisdiction where its only relevant contacts with the forum are consumer-initiated Internet sales and resulting shipments to the forum, prior Ninth Circuit cases strongly suggest that it would not find personal jurisdiction here. In *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997), the Ninth Circuit held that having a "passive website" that can be accessed in California was not sufficient to support specific jurisdiction. *Id.* at 418. And in *Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008), the Ninth Circuit held that the sale of an item on eBay's internet auction site was not enough to subject a nonresident seller to personal jurisdiction on the basis of his shipment of an item to the buyer's residence in California. *Id.* at 1017. These decisions indicate that the Ninth Circuit would not permit the assertion of personal jurisdiction over an entity like Bitmain, whose only contacts with California are incidental online sales to purchasers who directed shipments of their purchases to California. And while district court decisions in this Circuit have gone both ways, most of the ones finding that limited online sales to California residents supported jurisdiction were decided before the U.S. Supreme Court's decisions in *Nicastro*, *World-Wide Volkswagen*, and *Walden*.[2]

---

[2] *E.g.*, *Adobe Sys. Inc. v. Childers*, 2011 WL 566812, at *4 (N.D. Cal. Feb. 14, 2011) (interactive website allowing consumers to purchase products constituted "purposeful availment" of

NOTICE OF MOTION AND MOTION TO
DISMISS & TO STRIKE AM. COMPL.
CASE NO. 3:18-CV-07004-JD

Although the Ninth Circuit has no controlling decision on this question, at least one circuit court has reached this issue and held that limited shipments to a forum from online sales is not enough to support personal jurisdiction over a foreign defendant. The Fifth Circuit's decision in *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214 (5th Cir. 2012), is instructive. There, the Fifth Circuit affirmed a district court's order finding that a German defendant did not purposefully direct its conduct towards Texas or purposefully avail itself of the laws of Texas when it sold and shipped products to consumers in Texas over the course of four years. *Id.* at 226–28. The court reasoned that the Supreme Court itself has recognized "the internet is 'a unique and wholly new medium of worldwide human communication.'" *Id.* at 226 (quoting *Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 850 (1997)). "As such, it raises significant questions about the application of traditional personal jurisdiction doctrine." *Id.* (internal quotation marks and citations omitted). "Website interactivity is important only insofar as it reflects commercial activity, and then only insofar as that commercial activity demonstrates purposeful targeting of residents of the forum state or purposeful availment of the benefits or privileges of the forum state." *Id.* at 228 (quoting *Shamsuddin v. Vitamin Research Prods.*, 346 F. Supp. 2d 804, 813 (D. Md. 2004)[3]). The court further explained that "it is not enough that the defendant has contacts with the forum; a separate requirement in the court's jurisdictional analysis is that those contacts must have been purposefully established ***by the defendant***." *Id.* at 227–28 (emphasis added). The court concluded that, because the website was in no way directed at Texas, the company had no offices or sales agents in Texas, and solicited no business there through advertising targeted specifically to Texas residents, the defendant could not have had purposeful minimum contacts with Texas where its only connection to the state were purchases by Texas residents through a globally accessible website. *Id.* at 228.

California); *Starlight Int'l Ltd. v. Lifeguard Health, LLC*, 2008 WL 2899903, at *5 (N.D. Cal. July 22, 2008) (website and a few thousand dollars in sales to Californians sufficient to establish purposeful availment).

[3] *Shamsuddin* is also on point. There, a Maryland district court held a defendant lacked minimum contacts with Maryland where it had no offices or sales agents in Maryland, did not solicit business or advertise directly to Maryland, and its only connections to Maryland were purchases by Maryland residents via the defendant's globally accessible website. 346 F. Supp. 2d at 813.

NOTICE OF MOTION AND MOTION TO DISMISS & TO STRIKE AM. COMPL. CASE NO. 3:18-CV-07004-JD

1    Bitmain is similar to the defendants in *Pervasive Software* and the other decisions in this

2    Circuit and elsewhere in which courts have held that customer-directed shipments of products to a

3    forum state are insufficient to establish personal jurisdiction. Like the defendants in those cases,

4    Bitmain has no offices or sales agents in California, does not advertise to or solicit business in

5    California, operate any sales or service networks in California, or manufacture its products in

6    California. (Decl. of Luyao Lui ¶¶ 6–7, 12–14.) Bitmain's website is globally accessible, and the

7    website is not "aimed intentionally" at California. (*Id.* ¶¶ 13–16); *Millennium Enters.*, 33 F. Supp.

8    2d at 922. Bitmain's sole connection to California, like the defendants in *Pervasive Software*,

9    *Millennium Enterprises*, *ThermoLife International*, and *Shamsuddin*, are consumer-initiated

10   transactions by forum residents and resulting shipments to the forum. To conclude that a

11   California court may exercise personal jurisdiction over Bitmain because consumers who

12   happened to reside in California purchased devices from Bitmain's website would conflict with

13   the multiple Supreme Court decisions that instruct courts to look not to the ***plaintiff's*** forum

14   connections in considering minimum contacts, but rather to the ***defendant's*** conduct targeting the

15   forum. *E.g.*, *Walden*, 571 U.S. at 285. Here, any sales from Bitmain's website to California

16   residents were initiated by those residents, not Bitmain. And, like in *Pervasive Software* and

17   similar cases, Bitmain has not "targeted" California simply by engaging in sales with forum

18   residents and shipping products there to complete the transaction. Accordingly, Bitmain has not

19   purposefully directed its conduct to, or availed itself of the laws of, California.

20                    **b.      Plaintiff Does Not Allege Claims Arising from Contacts with California**

21

22   Even if Plaintiff could meet his burdens as to the first prong of the specific jurisdiction

23   test (he has not), Plaintiff would still have to show that his claims actually arose out of Bitmain's

24   alleged contacts in California. Put differently, Plaintiff must show that any conduct by Bitmain

25   giving rise to his purported injury ***occurred in California***. *See Bristol-Myers Squibb Co. v.

26   Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1781 (2017) (for specific

27   jurisdiction, "[w]hat is needed—and what is missing here—is a connection between the forum

28   and the specific claims at issue").

Plaintiff fails to allege that he purchased his products in California or that Bitmain's products were delivered to or used in California. While Plaintiff alleges that *he* is "domiciled" in California (Am. Compl. ¶ 6), and alleges that he "purchased 20 Bitmain Antminer S9 directly from Bitmain's website" (*id.* ¶ 62), Plaintiff does not allege that he was actually in California when he made these purchases, or even that he used any of the products in California.  Without this information, Plaintiff fails to meet his burden of demonstrating that any alleged injury occurred in California or that the injury arises from Bitmain's alleged contacts with California. Plaintiff, therefore, fails to satisfy the second prong of the specific jurisdiction test.

### c.   Finding Personal Jurisdiction over Bitmain Would Not Be Reasonable

Finally, Plaintiffs fails on the third prong for specific jurisdiction because this Court's exercise of jurisdiction over Bitmain would not be reasonable. Factors to consider in determining whether the exercise of personal jurisdiction is reasonable include "the burden on the defendant," "the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and the "shared interest of the several States in furthering fundamental substantive social policies" *Burger King Corp.*, 471 U.S. at 477. "Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi*, 480 U.S. at 115 (quotation marks and citation omitted). "When the defendant is from a foreign nation, a high barrier of sovereignty tends to undermine the reasonableness of exercising personal jurisdiction in this state." *In re Automobile Antitrust Cases I and II*, 135 Cal. App. 4th 100, 109 (2005) (citing *Glencore Grain v. Shivnath Rai Harnarain*, 284 F.3d 1114, 1126 (9th Cir. 2002)).

Exercising personal jurisdiction over Bitmain would not be reasonable here. Bitmain is a foreign corporation whose principal place of business and operations are in China. Bitmain does not direct its activities at California, and any sales made to California residents are incidental. *Monster Energy*, 2018 U.S. Dist. LEXIS 225396, at *14. Bitmain's California sales make up just 5.2% of its U.S. sales, which altogether represent only a small portion of Bitmain's global sales.

(Decl. of Luyao Lui ¶ 15.) Plaintiff, having made no showing as to Bitmain's contacts with California, should not be permitted to drag this foreign entity across the Pacific to California and force it to defend itself in a foreign legal system. *See Asahi*, 480 U.S. at 114 ("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders."). All of Bitmain's documents and witnesses are located in China, which is where the majority of discovery would occur. *See Monster Energy*, 2018 U.S. Dist. LEXIS 225396, at *14–15. Moreover, it would be unreasonable to subject Bitmain to personal jurisdiction in California when purchasers agreed to settled their disputes via arbitration in Hong Kong, where Bitmain reasonably anticipated that any disputes would be resolved. *Decker*, 49 F. Supp. 2d at 748. There is no reason that Plaintiff could not resolve this dispute through arbitration, as he agreed to do. Indeed, it is the public policy of this country to encourage and enforce such agreements. *See Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1619 (2018). This Court's exercise of personal jurisdiction over Bitmain would not "comport with fair play and substantial justice." *Williams*, 851 F.3d at 1023.

### 3. Bitmain's General Contacts with the U.S. Do Not Establish Personal Jurisdiction

The Amended Complaint contains numerous allegations claiming that Bitmain has connections to the Unites States *generally*. (Am. Compl. ¶ 8 ("Bitmain conducts substantial business in the United States. The Company sells its ASIC devices directly to customers throughout the Unites States . . . ."); *id.* ¶ 10 ("Bitmain has . . . filed a federal action in the United States District Court."); *id.* ¶ 11 ("Bitmain is planning to make an [IPO] on a United-States-based stock exchange."); *id.* ¶ 13 ("Bitmain operates several Bitcoin mining facilities in the United States and has announced plans to open a total of seventeen facilities in the United States.").

As discussed above and as the Supreme Court has clearly held, none of Bitmain's alleged connections to the U.S. as a whole is relevant to the personal jurisdiction analysis. *Nicastro*, 564 U.S. at 886 ("These facts may reveal an intent to serve the U.S. market, but they do not show that J. McIntyre purposefully availed itself of the New Jersey market."). Rather, Plaintiff must

1   demonstrate Bitmain's minimum contacts with *California specifically*. And as discussed at length

2   above, Plaintiff cannot do so.[4]

3          To the extent Plaintiff relies on Bitmain's filing of a legal action in a U.S. District Court to

4   establish personal jurisdiction (*see* Am. Compl. ¶ 10), his reliance is misplaced. A plaintiff must

5   demonstrate that the defendant "engaged in conduct purposefully directed at [the forum state]."

6   *Nicastro*, 564 U.S. at 886. Here, Bitmain is alleged to have previously filed an action in federal

7   court in Washington. *See Bitmain Techs. Ltd. v. Doe*, Case No. 2:18-cv-01626 (W.D. Wa. Nov. 7,

8   2018). A complaint filed in the state of Washington has no bearing on whether Bitmain should be

9   subject to personal jurisdiction in California. *See Nicastro*, 564 U.S. at 886. And even if Bitmain

10  had filed an action previously in California (it has not), that would not be enough to confer

11  jurisdiction over Bitmain here unless the prior lawsuit related to this Plaintiff's claims. *See King*

12  *v. Smieja*, 2008 WL 11350059, at *5 (D. Mont. Oct. 31, 2008), *aff'd sub nom. King v. Am. Family*

13  *Mut. Ins. Co.*, 632 F.3d 570 (9th Cir. 2011) (finding no waiver to personal jurisdiction in Montana

14  where defendant previously filed unrelated lawsuit in Montana); *Ibrani v. Mabetex Project Eng'g*,

15  No. C-00-0107(CRB), 2002 WL 1226848, at *20 (N.D. Cal. 2002); *cf. Mattel, Inc. v. Greiner &*

16  *Hausser GmbH*, 354 F.3d 857, 863–64 (9th Cir. 2003) (finding personal jurisdiction where

17  plaintiff sought to enforce stipulation of dismissal from action previously filed by the defendant).

18  Because Bitmain has not previously filed an action *in California* related to Plaintiff's claims,

19  personal jurisdiction cannot be based on Bitmain's previous lawsuits.

20        **B.      Alternatively, the Court Lacks Personal Jurisdiction over Bitmain as to Non-
                    Resident Putative Class Members Who Suffered No Injury in California**
21

22         If the Court does not dismiss Plaintiff's entire complaint against Bitmain, it should

23  nevertheless find that it lacks personal jurisdiction over Bitmain for claims brought on behalf of

24  out-of-state customers, and allegations relating to a putative nationwide class should be struck.

25  Courts may "require that the pleadings be amended to eliminate allegations about representation

26  _____
    [4] This is not a case where the defendant's national connections are relevant. In limited

27  circumstances, foreign defendants who are not otherwise subject to jurisdiction in any state but
    who have contacts with the nation as a whole are subject to personal jurisdiction **on claims**

28  **arising under federal law**. Fed. R. Civ. P. 4(k)(2). However, here, Plaintiff has alleged no federal
    claims against Bitmain. (*See generally* Am. Compl.)

1    of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D). Courts

2    may strike class allegations at the pleadings stage where the putative class is overly broad and the

3    plaintiff fails to make a prima facie showing that the putative class's members can be readily

4    ascertained. *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009).

5         In *Bristol-Myers*, the U.S. Supreme Court found that California courts lacked specific

6    jurisdiction to entertain claims brought by non-California plaintiffs because the connection

7    between the forum and the specific claims at issue was lacking. 137 S. Ct. at 1784. There, both

8    California and non-California plaintiffs sought to recover against Bristol-Myers in a mass tort

9    action. *Id.* at 1778. The California Supreme Court held that the California trial court had specific

10   jurisdiction over the non-California plaintiffs' claims because those claims were essentially being

11   aggregated with those of the California plaintiffs over whom specific jurisdiction was not in

12   dispute. *See id.* at 1779. The U.S. Supreme Court reversed, holding that "[t]he mere fact that other

13   plaintiffs were [injured] in California . . . does not allow the State to assert specific jurisdiction

14   over the nonresidents' claims." *Id.* at 1781 (emphasis in original). Numerous courts have since

15   applied *Bristol-Myers* outside the mass tort context and stricken putative nationwide classes based

16   on the Supreme Court's mandate that Rule 23 "must be interpreted in keeping with Article III

17   constraints, and with the Rules Enabling Act, which instructs that the federal court rules of

18   procedure shall not abridge, enlarge, or modify any substantive right." *Practice Mgmt. Support*

19   *Servs., Inc. v. Cirque du Soleil, Inc.*, 301 F. Supp. 3d 840, 861 (N.D. Ill. 2018) (citations and

20   internal quotation marks omitted). In other words, if a non-California resident may not sue a non-

21   California defendant as an individual plaintiff in a mass tort action, he likewise may not sue that

22   same defendant as part of a putative class, because "[u]nder the Rules Enabling Act, a defendant's

23   due process interest should be the same in the class context" as in the mass tort context. *Id.*

24        Here, Plaintiff does not—and cannot—allege that California has any connection with the

25   claims of out-of-state putative class members. Accordingly, at a minimum, this Court lacks

26   personal jurisdiction over Bitmain for claims brought on their behalf.

27   **IV.    <u>CONCLUSION</u>**

28        For the foregoing reasons, the Court should dismiss Plaintiff's Amended Complaint with

1    prejudice.

2

3
     Dated:  October 1, 2019                    */s/ Carlos M. Lazatin*
4
                                                Carlos M. Lazatin
5                                               William K. Pao
                                                Xin-Yi Zhou
6                                               O'MELVENY & MYERS LLP
                                                400 South Hope Street
7                                               18th Floor
                                                Los Angeles, CA 90071
8                                               Telephone: (213) 430-6000
                                                Facsimile: (213) 430-6407
9                                               Email: clazatin@omm.com
                                                Email: wpao@omm.com
10                                              Email: vzhou@omm.com

11                                              *Counsel for Defendant Bitmain Technologies,*
                                                *Ltd.*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO
                                                DISMISS & TO STRIKE AM. COMPL.
                                                CASE NO. 3:18-CV-07004-JD