1  CARLOS M. LAZATIN (S.B. #229650)
   clazatin@omm.com
2  WILLIAM K. PAO (S.B. #252637)
   wpao@omm.com
3  XIN-YI ZHOU (S.B. #251969)
   vzhou@omm.com
4  O'MELVENY & MYERS LLP
   400 South Hope Street
5  18th Floor
   Los Angeles, California 90071-2899
6  Telephone:   +1 213 430 6000
   Facsimile:   +1 213 430 6407
7
   Attorneys for Defendant
8  Bitmain Technologies, Ltd.

9

10                UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13

14 | GOR GEVORKYAN, on behalf of himself and    | Case No. 3:18-cv-07004-JD
   | all others similarly situated,              |
15 |                                             | **DECLARATION OF LUYAO LIU IN
   |         Plaintiff,                          | SUPPORT OF DEFENDANT BITMAIN
16 |                                             | TECHNOLOGIES, LTD.'S NOTICE OF
   |    v.                                       | MOTION AND MOTION TO DISMISS
17 |                                             | FOR LACK OF PERSONAL
   | BITMAIN, INC., BITMAIN                      | JURISDICTION AND TO STRIKE
18 | TECHNOLOGIES, LTD., and DOES 1 to 10,       | CLASS ALLEGATIONS**
   |                                             |
19 |         Defendants,                         | Notice of Motion and Motion to Dismiss
   |                                             | Filed Concurrently
20 |                                             |
   |                                             | Hearing Date:  December 19, 2019
21 |                                             | Time:          10:00 a.m.
   |                                             | Judge:         Hon. James Donato

I, Luyao Liu, declare as follows:

1. I am the Investment Director of Defendant Bitmain Technologies, Ltd. ("Bitmain"). I am over the age of 18 and make this declaration of my own personal knowledge, and, if called as a witness, I could and would testify competently to the facts stated herein.

2. This declaration is made in support of Bitmain's Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction and to Strike Class Allegations.

3. Bitmain is a foreign company established under the laws of the Hong Kong Special Administrative Region of the People's Republic of China.

4. Bitmain's principal place of business is in Beijing, China. All decisions relating to the day-to-day operations of Bitmain are made in the People's Republic of China.

5. Bitmain does not have an agent for service of process in the State of California.

6. Bitmain does not operate sales or service networks within the State of California.

7. Bitmain does not own, use, lease, or possess any real estate in the state of California, nor does it maintain a place of business in the State of California.

8. Bitmain does not have a bank account in the state of California.

9. Bitmain does not pay taxes to the State of California.

10. Bitmain has its own board of directors, its own separate workforce, and makes its own business decisions and controls its own operations. Bitmain has its own separate managerial and supervisory personnel.

11. Bitmain maintains its own corporate books and financial records, and its own bank accounts. Bitmain files its own tax returns.

12. Bitmain does not design or manufacture its Application Specific Integrated Circuit ("ASIC") devices in the state of California.

13. Bitmain does not target its marketing or solicitations toward California residents.

14. Bitmain does not advertise its products in California.

15. In 2018, 5.2% of Bitmain's sales to customers in the United States were to customers in California. In 2019, as of September 1, less than 0.5% of units sold to U.S. customers were to individuals in California.

16.   When a customer purchases ASIC devices from Bitmain's website, he or she agrees prior to the purchase that the laws of Hong Kong will apply to any dispute arising out of the transaction, and that all claims arising out of or relating to the transaction will be submitted exclusively in the Hong Kong International Arbitration Center, and both the purchaser and Bitmain consent to personal jurisdiction in those tribunals. A true and correct copy of these terms are attached as **Exhibit A**.

17.   Bitmain Inc. is a sister company to Bitmain. Both Bitmain and Bitmain Inc. are subsidiaries of BitMain Technologies Holding Company, which is headquartered in the People's Republic of China.

18.   Bitmain does not own stock in Bitmain Inc.

19.   Bitmain Inc. is a research and development company based in San Jose, California. Bitmain Inc. does not have any sales personnel and is not involved in Bitmain's business of selling ASIC devices.

20.   Bitmain and Bitmain Inc. have separate officers and maintain separate workforces.

21.   Bitmain and Bitmain Inc. operate independently from each other. Bitmain does not control the business decisions or operations of Bitmain Inc.

22.   Bitmain and Bitmain, Inc. each have their own corporate books and financial records, their own bank accounts, and file tax returns separate from each other.

23.   The Court's exercise of jurisdiction over Bitmain would pose a substantial burden in that Bitmain would be required to retain California attorneys and its employees would be required to travel to California from the People's Republic of China to defend against this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 1st day of October 1, 2019, at Beijing, China.

By: _____
Luyao Liu