THE HONORABLE_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Bitmain Technologies Ltd., | No. 2:18-cv-1626 |
| Plaintiff, | COMPLAINT |
| v. | JURY TRIAL REQUESTED |
| John Doe, | |
| Defendant. | |

Bitmain Technologies Ltd. ("Plaintiff" or "Bitmain") hereby complains and alleges against John Doe (Defendant) as follows:

## I. NATURE OF THE ACTION

1. Plaintiff Bitmain brings this action against the as-yet-to-be-identified "John Doe" thief who stole valuable Bitcoin (BTC) from Bitmain through unauthorized hacking/access into online accounts. Bitmain seeks to identify the person responsible, hold them accountable, and recover its stolen property.

2. This is an Action based upon: (1) the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, et seq., (2) Washington Cybercrime Act, RWA § 9A.90, et seq., and (3) the Common Law of conversion, to recover stolen property, seek damages and enjoin John Doe's malicious and unauthorized access and use of Plaintiff's digital

COMPLAINT (2:18-cv-1626) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

141814581.3

wallet. John Doe's actions violated the CFAA, Washington's Cybercrime Act, and the Common Law of conversion/theft.

## II. JURISDICTION & VENUE

1. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 because this action alleges violations of the CFAA.

2. This Court may also exercise diversity jurisdiction over these claims under 28 U.S.C. § 1332(a) because (1) the matter in controversy exceeds the value of $75,000, exclusive of interest and costs and, depending on the identity of John Doe, (2) the controversy is between individuals that are citizens of different jurisdictions.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2). Depending on the residence of defendants, venue may be proper under 28 U.S.C. § 1391(b)(1) or (3) as well.

## III. PARTIES

4. Plaintiff Bitmain is a privately-owned company with its principal place of business in Beijing, China.

5. On information and belief, Defendant John Doe is an individual. John Doe's true name, identity, and physical location are not known at this time.

## IV. FACTS & BACKGROUND

1. Plaintiff Bitmain is the world's largest designer of ASIC chips for Bitcoin mining and has offices throughout Asia, Europe, and the United States.

2. Binance ("Binance") is a cryptocurrency trading platform and has offices in China and Japan. Binance uses computers and computer servers to operate its trading platform and to host custodial digital cryptocurrency wallets. Binance's computer systems assist in facilitating foreign and interstate commerce in the digital asset trading community.

COMPLAINT (2:18-cv-1626) – 2

141814581.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

3.      Binance's cryptocurrency trading platform allows account holders to trade digital assets through an automated trading system or order book. Account holders can trade digital assets on the system by placing "buy" and "sell" orders for specific digital assets at specific price ranges. The Binance system automatically executes trades (and fills orders) through its system when there is a match between the buy and sell placed between account holders.

4.      Bittrex, Inc. ("Bittrex") is a cryptocurrency trading platform and has offices in Seattle, Washington. Bittrex uses computers and computer servers to operate its trading platform and to host custodial digital cryptocurrency wallets. Bittrex's computer systems and platform assist in facilitating foreign and interstate commerce in the digital asset trading community.

5.      Plaintiff Bitmain holds the cryptocurrency Bitcoin ("BTC") in an online custodial wallet for digital assets ("Bitmain's digital wallet") that is hosted and operated by Binance.

6.      On or about April 22, 2018, John Doe accessed Bitmain's digital wallet without authorization ("unauthorized access").

7.      While accessing Plaintiff Bitmain's digital wallet without authorization, John Doe used BTC held in Bitmain's digital wallet to purchase the digital asset known as MANA coin ("MANA") and other digital assets at inflated prices, to trade other digital assets in and out of Bitmain's digital wallet, and to take actions that resulted in the removal and theft of BTC from Bitmain's digital wallet.

8.      Specifically, John Doe placed a purchase order from Bitmain's digital wallet offering to use Bitmain's BTC to buy MANA and other digital assets at a price that was far above the going market rate. Furthermore, because MANA has a small market size, in order to further raise MANA price above the going market rate, John Doe placed a purchase order from Bitmain's digital wallet offering to use Bitmain's BTC to

COMPLAINT (2:18-cv-1626) – 3

141814581.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

buy the cryptocurrency Ethereum ("ETH"), and then placed another purchase order from Bitmain's digital wallet offering to use Bitmain's ETH to buy MANA.

9. Upon information and belief, John Doe controlled a separate Binance digital wallet ("John Doe's Binance wallet") that he/she simultaneously used to place a sell order for MANA offering to trade MANA for BTC at a correspondingly inflated price.

10. Upon information and belief, Binance's automated system matched the inflated MANA sell order with the inflated MANA purchase order and executed the trade. In this way, John Doe effectively orchestrated both sides of the trade to transfer Bitmain's BTC into John Doe's digital wallet. (See Charts 1 & 2 below).

11. The MANA from John Doe's digital wallet that ended up in Bitmain's digital wallet was far less valuable than the BTC stolen out of it because of the way John Doe had manipulated the sell and purchase prices and artificially inflated the market price for MANA.

12. As part of this scam, John Doe had previously transferred 2,299,964 MANA from an account he/she controlled on the Bittrex cryptocurrency trading platform. At the time John Doe transferred the MANA into his/her Binance wallet, MANA was worth approximately $0.094586 per MANA coin. Through his unauthorized access to Bitmain's digital wallet and market manipulations, John Doe was able to transfer or "sell" that MANA into Bitmain's digital wallet at an artificially inflated set of prices that ranged between approximately $0.1997 and $0.33953 per MANA.* This represented a 70 to 192 percent increase over the market rate that MANA had been trading.

13. Upon information and belief, John Doe took his/her market manipulating and theft scam a step further by essentially reversing the same orchestrated trades

---

* 4/22/2018 21:10:12 to 22:04:09 — During this time period, the exchange rate of MANA for BTC was 0.00001699-0.00001718. John Doe set the selling orders at 0.00002235BTC to 0.00003800BTC, which works out to the above USD exchange rate based on the USD-BTC trading rate that day.

COMPLAINT (2:18-cv-1626) – 4

141814581.3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

between Bitmain's wallet and John Doe's wallet using a deflated MANA price. While accessing Bitmain's digital wallet without authority, John Doe placed an order to sell MANA out of Bitmain's digital wallet at a deflated price. At the same time, John Doe placed a purchase order for MANA at that deflated price from the John Doe's Binance wallet. (See Charts 1 & 2 below).

14. Upon information and belief, Binance's automated system matched the deflated MANA sell order with the deflated MANA purchase order and executed the trade and John Doe obtained significant gains—at the expense of Bitmain. As a result, John Doe benefitted twice from transferring MANA into and out of Bitmain's digital wallet.

15. Upon information and belief, after John Doe had completed his/her theft of BTC from Bitmain, he/she transferred that BTC out of the John Doe's Binance wallet and ultimately into a digital wallet on the Bittrex cryptocurrency trading platform.

**Chart 1:**

4/22/2018: John Doe's unauthorized access of Bitmain wallet on Binance exchange

4/22/2018: Unauthorized user John Doe placed various purchase orders from Bitmain wallet to use Bitmain's BTC to purchase MANA coin and other digital assets at inflated prices

4/22/2018: MANA coins from John Doe's Binance wallet fill order for MANA placed by John Doe from Bitmain's wallet

4/22/2018: John Doe places purchase order from John Doe's Binance wallet to purchase MANA coins at a deflated price

4/22/2018: Bitmain wallet fills order for deflated MANA coins placed by John Doe's wallet; Bitmain wallet receives BTC in exchange for trade of MANA

Post-4/22/2018: John Doe uses gains from BTC-MANA trade (and other unauthorized trades) to trade for other crypto assets through the Binance exchange, Bittrex exchange, and others

COMPLAINT (2:18-cv-1626) – 5

141814581.3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Chart 2**[**]:

**Bitmain's Binance Wallet**

Original Balance:
~890 BTC

Unauthorized Trade 1:
John Doe uses Bitmain wallet to place order to purchase MANA and other digital assets with Bitmain's stored BTC.
(Price of MANA is artificially inflated.)

Unauthorized Trade 2:
John Doe uses Bitmain wallet to fill order placed to sell MANA and other digital assets at a deflated price in BTC through matching orders on Binance exchange.

Current Balances:
BTC: ~265
ETH: ~1137
DNT: ~2,962,778
MANA: ~15,324,110

**John Doe's Binance Wallet**

Original Value:
~2,299,964 MANA

Trade 1:
John Doe wallet sends MANA and other digital assets to Bitmain wallet through matching orders on exchange.
John Doe uses Bitmain wallet to send John Doe wallet BTC through matching orders on exchange.

Trade 2:
John Doe places purchase order to buy MANA at deflated price with BTC.
John Doe wallet sends a much smaller amount of BTC back to Bitmain wallet through matching orders on exchange.
Bitmain wallet sends John Doe wallet deflated MANA.
John Doe wallet keeps the difference in stolen BTC.

John Doe uses new BTC in wallet to trade for other digital assets on Binance and Bittrex.

16. Upon information and belief, John Doe's conduct manipulated the market and took advantage of the resulting significant price fluctuations of MANA when he/she orchestrated trades in and out Bitmain's digital wallet. (See Chart 3).

---

[**] NOTE: This chart demonstrates how BTC was stolen by John Doe but does not include all the transactions that John Doe executed from Bitmain's digital wallet on the Binance trading platform. Bitmain may seek to prove additional transactions as more facts are developed.

COMPLAINT (2:18-cv-1626) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

141814581.3

**Chart 3**



17. Before the unauthorized trades on April 22, 2018, Bitmain's digital wallet held approximately 890 BTC. After the unauthorized trades, Bitmain's digital wallet had approximately 265 BTC. This represents a theft of approximately 617 BTC.

18. On April 22, 2018, the day John Doe stole Bitmain's BTC, 1 BTC was worth approximately $8,935.00.

## V. CAUSES OF ACTION

### FIRST CLAIM
### CFAA, 18 U.S.C. § 1030(a)(5)(A)(ii), (iii) (Unauthorized Access)

19. Plaintiff Bitmain hereby restates and realleges the allegations set forth in the preceding and following paragraphs and incorporate them herein by reference.

COMPLAINT (2:18-cv-1626) – 7

141814581.3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

20. Binance's computers and computer systems are "protected computers" under the Federal CFAA, 18 U.S.C.A. § 1030(e)(2).

21. Plaintiff Bitmain's custodial wallet is a computer system on the Binance trading platform that is a "protected computer" under the Federal CFAA, 18 U.S.C.A. § 1030(e)(2).

22. John Doe knowingly and intentionally accessed a protected computer without authorization and with an intent to defraud, specifically accessing Plaintiff Bitmain's custodial wallet on the Binance trading platform and executing trades and transfers of Bitcoin and other digital assets and engaging in unauthorized use.

23. By means of such conduct, John Doe furthered the intended fraud and obtained things of value, specifically Bitcoin and other digital assets, causing a loss to Bitmain exceeding $5,500,000.

24. As part of the scheme to fraud and theft, John Doe also knowingly transferred the Bitcoin he/she stole from Bitmain's custodial wallet to an account on the Bittrex Seattle-based trading platform.

25. John Doe's unauthorized access and scheme to defraud was across state lines and accomplished using the Internet, which is used in interstate and foreign commerce and communications.

26. The protected computers were used in interstate and foreign commerce and communications. To the extent that the protected computers were located outside the United States, they were used in a manner that affects interstate and foreign commerce and communications in the United States.

27. John Doe's conduct has caused other damage and loss to Plaintiff Bitmain.

28. Defendant's activities constitute a violation of the federal CFAA, 18 U.S.C.A. § 1030(a)(4) and Plaintiff Bitmain is entitled to damages under that Act.

COMPLAINT (2:18-cv-1626) – 8

141814581.3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

29. Plaintiff Bitmain is also entitled under the Act to injunctive and equitable relief against defendants.

## SECOND CLAIM
### Washington Cybercrime Act, CWA § 9A.90.040 (Computer trespass in the second degree)

30. Plaintiff Bitmain hereby restates and realleges the allegations set forth in the preceding and following paragraphs and incorporate them herein by reference.

31. Defendant, without authorization, intentionally gained access to a computer system of Binance and Plaintiff's digital assets held on the Binance platform.

32. John Doe's conduct has caused damage and loss to Plaintiff Bitmain.

33. Defendant's activities constitute a violation of the Washington Cybercrime Act, CWA § 9A.90.040, and Plaintiff Bitmain is entitled to damages under that Act.

## THIRD CLAIM
### Washington Cybercrime Act, CWA § 9A.90.100 (Electronic data theft)

34. Plaintiff Bitmain hereby restates and realleges the allegations set forth in the preceding and following paragraphs and incorporate them herein by reference.

35. Defendant intentionally, and without authorization, and without reasonable grounds to believe that he or she had such authorization, obtained electronic data with the intent to defraud Plaintiff Bitmain of the funds held in its Binance custodial wallet.

36. Defendant intentionally, and without authorization, and without reasonable grounds to believe that he or she had such authorization, obtained electronic data with the intent to wrongfully control, gain access to, or obtain cryptocurrency from the Plaintiff's custodial wallet on the Binance platform.

37. Defendant's activities constitute a violation of the Washington Cybercrime Act, CWA § 9A.90.100, and Plaintiff Bitmain is entitled to damages under that Act.

COMPLAINT (2:18-cv-1626) – 9

141814581.3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# FOURTH CLAIM
## Conversion

38. Plaintiff Bitmain hereby restates and realleges the allegations set forth in the preceding and following paragraphs and incorporate them herein by reference.

39. John Doe has willfully interfered with and converted Plaintiff Bitmain's personal property, as a result of which Bitmain has been deprived of possession and use of its property.

40. John Doe had no lawful justification to interfere with Plaintiff Bitmain's cryptocurrency wallet or the contents therein.

41. As a result of John Doe's actions, Plaintiff Bitmain has been damaged in an amount to be proven at trial but no less than $5,500,000.00 of value.

## VI. Jury Demand

21. Pursuant to Federal Rule of Civil Procedure 38(b), Bitmain demands a trial by jury as to all issues so triable in this action.

## VII. PRAYER FOR RELIEF

Plaintiffs request that the Court:

A. For judgment in favor of plaintiff, and against defendant, for damages in such amounts as may be proven at trial;

B. For punitive or exemplary damages as authorized by law;

C. For forfeiture of any property, including computers and servers, used to commit the acts described above as authorized by law;

D. For attorneys' fees and costs as authorized by law; and

E. For such other relief as the Court may deem just and proper.

COMPLAINT (2:18-cv-1626) – 10

141814581.3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

RESPECTFULLY SUBMITTED this 7th day of November, 2018.

By: __/s/ *Joseph P. Cutler*__
Joseph P. Cutler WSBA No. 37234

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
JCutler@perkinscoie.com

KEVIN R. FELDIS
(*pro hac vice pending*, AK Bar No. 9711060)
KFeldis@perkinscoie.com
1029 West Third Avenue
Suite 300
Anchorage, AK 99501-1981

KENDRA L. HAAR
(*pro hac vice pending*, AZ Bar No. 030959)
KHaar@perkinscoie.com
Perkins Coie, LLP
2901 North Central Avenue
Suite 2000
Phoenix, AZ 85012-2788

Attorneys for Plaintiff

COMPLAINT (2:18-cv-1626) – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

141814581.3