CARLOS M. LAZATIN (S.B. #229650)
clazatin@omm.com
WILLIAM K. PAO (S.B. #252637)
wpao@omm.com
XIN-YI ZHOU (S.B. #251969)
vzhou@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
18th Floor
Los Angeles, California 90071-2899
Telephone: +1 213 430 6000
Facsimile: +1 213 430 6407

Attorneys for Defendant
Bitmain Technologies, Ltd.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

GOR GEVORKYAN, on behalf of himself and all others similarly situated,

Plaintiff,

v.

BITMAIN, INC., BITMAIN TECHNOLOGIES, LTD., and DOES 1 to 10,

Defendants.

Case No. 3:18-cv-07004-JD

**DEFENDANT BITMAIN TECHNOLOGIES, LTD.'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND TO STRIKE CLASS ALLEGATIONS**

**[Declaration of Luyao Liu Filed Concurrently]**

Hearing Date: December 19, 2019
Time: 10:00 a.m.
Judge: Hon. James Donato

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1
II. ARGUMENT .......... 2
  A. Plaintiff Has Not Met His Burden to Establish Personal Jurisdiction over Bitmain. .......... 2
    1. Plaintiff Fails to Demonstrate That Bitmain Is Subject to General Jurisdiction in California. .......... 2
    2. Plaintiff Fails to Demonstrate That Bitmain Is Subject to Specific Jurisdiction in California. .......... 4
      a. Plaintiff's New Factual Allegations Are Unsupported. .......... 4
      b. Plaintiff's Allegations Would Fail to Meet His Burden to Establish a Basis for Specific Jurisdiction. .......... 7
    3. Plaintiff Has No Facts to Demonstrate the Exercise of Personal Jurisdiction over Bitmain Would Be Reasonable. .......... 9
    4. There Is No Basis for Jurisdictional Discovery. .......... 9
  B. Alternatively, the Court Lacks Personal Jurisdiction over Bitmain as to Non-Resident Putative Class Members Who Suffered No Injury in California. .......... 10
III. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adv. Tactical Treatment Ord. Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796 (7th Cir. 2014) ..... 9

*Anaya v. Machines de Triage et Broyage*, 2019 WL 1083783 (N.D. Cal. Mar. 7, 2019) ..... 8

*Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102 (1987) ..... 2, 3, 9

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064 (9th Cir. 2017) ..... 7

*Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017) ..... 1, 10

*Brooks v. Andrews*, 2006 WL 403859 (E.D. Cal. Feb. 17, 2006) ..... 8

*Calder v. Jones*, 465 U.S. 783 (1984) ..... 3, 7

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ..... 1, 2, 3, 4

*Decker v. Circus Circus Hotel*, 49 F. Supp. 2d 743 (D.N.J. 1999) ..... 9

*Erickson v. Neb. Mach. Co.*, 2015 WL 4089849 (N.D. Cal. July 6, 2015) ..... 7

*Gingras v. County of Sacramento*, 2013 WL 2285188 (N.D. Cal. May 23, 2013) ..... 2

*Glencore Grain v. Shivnath Rai Harnarain*, 284 F.3d 1114 (9th Cir. 2002) ..... 9

*In re Automobile Antitrust Cases I and II*, 135 Cal. App. 4th 100 (2005) ..... 9

*In re Enter. Rent–A–Car Wage & Hour Emp't Practices Litig.*, 735 F. Supp. 2d 277 (W.D. Pa. 2010) *aff'd*, 683 F.3d 462 (3d Cir. 2012) ..... 6

*In re Lernout & Hauspie Sec. Litig.*, 230 F. Supp. 2d 152 (D. Mass. 2002) ..... 6

*J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011) ..... 8

*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984) ..... 3

## TABLE OF AUTHORITIES
*(continued)*

**Page(s)**

*Leppert v. Champion Petfoods USA, Inc.*, 2019 WL 216616 (N.D. Ill. Jan. 16, 2019) .... 10

*Martinez v. Aero Caribbean*, 764 F.3d 1062 (9th Cir. 2014) .... 4

*Miller v. Peter Thomas Roth, LLC*, 2019 WL 1507767 (N.D. Cal. Apr. 5, 2019) .... 10

*Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429 (5th Cir. 2014) .... 4

*Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil, Inc.*, 301 F. Supp. 3d 840 (N.D. Ill. 2018) .... 10

*Rattagan v. Uber Techs., Inc.*, 2019 WL 3891714 (N.D. Cal. Aug. 19, 2019) .... 5

*Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523 (2000) .... 6

*Teras Cargo Transport (America), LLC v. Cal Dive Int'l (Austl.) Pty. Ltd.*, 2015 WL 6089276 (N.D. Cal. Oct. 16, 2015) .... 10

*Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285 (S.D. Cal. 2003) .... 6

*Walden v. Fiore*, 571 U.S. 277 (2014) .... 7, 9

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) .... 3

**Rules**

Fed. R. Civ. P. 11(b)(3) .... 5

# I. INTRODUCTION

Plaintiff's opposition now makes clear that his entire argument for personal jurisdiction is premised on a misunderstanding of the applicable law and misapprehension of the relevant facts.[1]

Plaintiff's argument as to general jurisdiction borders on the frivolous. Plaintiff purports to stake his argument on a discussion of jurisdiction in *Daimler AG v. Bauman*, 571 U.S. 117 (2014), but that discussion, and all of the Supreme Court precedents cited in that discussion, pertained to *specific* jurisdiction, not *general* jurisdiction. In fact, the Supreme Court in *Daimler* rejected general jurisdiction in the face of proven connections to the forum that were far greater than Plaintiff even alleges here—including over $4 billion in California sales and multiple offices in the state. The notion that Bitmain, a Chinese corporation based in China with zero operations in California, can be subject to suit in California anytime, by anyone, over any dispute, is literally without precedent. There is simply no basis for the exercise of general jurisdiction.

Nor are there any grounds to assert specific jurisdiction over Bitmain, either. Plaintiff submits numerous materials, apparently clipped from various websites, purporting to show that Bitmain has offices in California, has employees in California, and has even held a conference in California. Of course, none of that is true, because none of these materials actually refers to the defendant in this action. These materials instead refer to other entities. Plaintiff's only apparent basis for asserting specific jurisdiction is his confusion as to which entity operates in California. There is no evidence Bitmain itself has any operations in this forum—it does not. And even if Plaintiff had any evidence tying these alleged contacts to Bitmain (he does not), they still could not establish specific jurisdiction because his claims do not arise from any of those contacts.

Lastly, Plaintiff fails to respond to Bitmain's argument, in its opening brief, that under the Rules Enabling Act, a non-California resident's right to sue a non-California defendant cannot turn on whether he is suing as an individual plaintiff in a mass tort action or as a named plaintiff in a putative class action. As Plaintiff effectively concedes this point, the Court should strike Plaintiff's nationwide class allegations under *Bristol-Myers* because the Court lacks personal jurisdiction over Bitmain for claims brought on behalf of out-of-state residents.

[1] Defined terms have the meanings identified in Bitmain's motion to dismiss.

## II. ARGUMENT

### A. Plaintiff Has Not Met His Burden to Establish Personal Jurisdiction over Bitmain.

Plaintiff's arguments on jurisdiction rest almost entirely on legal theories that have been rejected by the Supreme Court and on bare factual assertions he fails to support. The Court should grant Bitmain's motion because Plaintiff has clearly failed to meet his burden to establish a basis for the exercise of personal jurisdiction. *Gingras v. County of Sacramento*, 2013 WL 2285188, at *2 (N.D. Cal. May 23, 2013) ("Plaintiff must produce admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction.").

#### 1. Plaintiff Fails to Demonstrate That Bitmain Is Subject to General Jurisdiction in California.

Plaintiff's entire argument on general jurisdiction (Opp'n at 16–18) rests on his misreading and misstatement of the Supreme Court's holding in *Daimler AG v. Bauman*, 571 U.S. 117 (2014). Plaintiff contends that the Supreme Court in *Daimler* found "general jurisdiction" would "comport with due process" (i) where a defendant "market[s] the product through a distributor" who serves as its agent in the forum state, (ii) where a defendant "ha[s] its largest distribution of the product in the forum State," and (iii) through a defendant's "continuous and deliberate exploitation of the forum state's market." (Opp'n at 17, citing *Daimler*, 571 U.S. at 128 n.7.) Thus, he says, his allegation that Bitmain "continuously and deliberately exploited California's market" suffices to establish general jurisdiction under *Daimler*. (Opp'n at 17.)

*Daimler* said no such thing. In fact, the entirety of Plaintiff's citation to *Daimler* is lifted from the Court's discussion of the bases for *specific* jurisdiction, not *general* jurisdiction. *Daimler*, 571 U.S. at 128 ("Our subsequent decisions have continued to bear out the prediction that *specific jurisdiction* will come into sharper relief and form a considerably more significant part of the scene.") (emphasis added). Plaintiff cites *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102 (1987), for the proposition that general jurisdiction attaches when a corporation "market[s] [a] product through a distributor who has agreed to serve as the sales agent in the forum State." *Id.* at 112; (Opp'n at 12). That quotation, however, comes from a section in *Asahi*

analyzing ***specific*** jurisdiction; the Court never even discussed general jurisdiction. *Asahi*, 480 U.S. at 112. Likewise, in *Calder v. Jones*, 465 U.S. 783 (1984), which Plaintiff cites to claim that a corporation is subject to general jurisdiction where it has its "largest distribution of product" (Opp'n at 12–13), the relevant section involved an analysis of ***specific*** jurisdiction, not general jurisdiction. *Id.* at 789–90. Finally, Plaintiff cites *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980), and *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984), respectively, to claim that a corporation is subject to general jurisdiction where it "serve[s], directly or indirectly, the market for its product" and where it has "continuously and deliberately exploited" the market of a given state. (Opp'n at 12–13.) But the sections on which Plaintiff relies analyzed the reasonableness prong of the ***specific*** jurisdiction analysis; neither case analyzed general jurisdiction in relevant part. *World-Wide Volkswagen*, 444 U.S. at 297; *Keeton*, 465 U.S. at 781. Thus, none of Plaintiff's cited authorities establishes general jurisdiction in this case.

The only facts Plaintiff claims support general jurisdiction are likewise unsupported by any evidence and insufficient to establish general jurisdiction. Plaintiff asserts that (i) Bitmain operates a sales office in San Jose, (ii) Bitmain employs "Sales Specialists" and a "sales executive" in its supposed San Jose office, and (iii) Bitmain has a "repair center" located in Fremont, California. (Opp'n at 17.) None of the evidence Plaintiff submits actually says that defendant Bitmain Technologies, Ltd. operates a San Jose sales office, employs sales personnel California, or has a repair center in Fremont. (*See generally* ECF Nos. 37-3 – 37-14.) In fact, as discussed in detail below, Bitmain, Inc., not Bitmain, leases an office in San Jose, and other entities, not Bitmain, employ sales personnel and operate a repair center in California.

But even if Plaintiff could substantiate these assertions, they would still fall well short of the standard to establish general jurisdiction. *Daimler* is clear that, absent an exceptional case (which Plaintiff has not shown exists here), general jurisdiction only obtains in the state where a corporation has its principal place of business and the state where it is incorporated. *Daimler*, 571 U.S. at 137–39 (rejecting argument that general jurisdiction is appropriate whenever a

corporation "engages in a substantial, continuous, and systematic course of business" in a state).[2] In fact, the Supreme Court in *Daimler* rejected claims of general jurisdiction in the face of far more substantial, proven connections to the forum state than Plaintiff even alleges here. *Daimler*, 571 U.S. at 137–39, 148 (finding no general jurisdiction despite $4.6 billion in sales, multiple offices, and a regional headquarters in California); *see also Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) (finding no general jurisdiction under *Daimler* where French company purchased parts from eleven California suppliers, advertised there in a trade publication, sold between $225-450 million in airplanes to a California company, and sent its representatives to promote products at trade conferences in California); *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (finding no general jurisdiction under *Daimler* where corporation conducted business with Texas through a fully interactive website, wire transferred funds to banks there, and had telephone conversations with a forum resident).

There is no basis to exercise general jurisdiction over Bitmain.

#### 2. Plaintiff Fails to Demonstrate That Bitmain Is Subject to Specific Jurisdiction in California.

##### a. Plaintiff's New Factual Allegations Are Unsupported.

Nothing in Plaintiff's opposition controverts Bitmain's showing, in its opening brief, that it does not operate sales or service networks in California; it does not own, use, lease, or possess real estate in California; it does not maintain a place of business in California; it does not target marketing or solicitations toward California residents; and it does not advertise specifically in California. (ECF No. 33-1 ¶¶ 7, 13–14.) In short, Bitmain has no operations in California.

The only purported basis for Plaintiff's supposed belief to the contrary—that Bitmain *does* have an office, repair center, sales force, and employees in California; that it has solicited employees to work in California; and that it has even hosted a conference in California—are a handful of internet postings he submitted to the Court, almost all of which refer generically to

---

[2] Indeed, *Daimler* rejected the very standard Plaintiff cites in his legal standard section. (Opp'n at 8 (claiming that "[g]eneral jurisdiction exists where the defendant engages in 'continuous and systematic' contacts with the forum state").) *Daimler*, 571 U.S. at 137–39.

"Bitmain." (ECF Nos. 37-3 – 37-14.) Only two of those documents actually mention an entity called "Bitmain Technologies Ltd." (ECF Nos. 37-4, 37-8), and those references are not to the defendant in this case.[3] Plaintiff, however, chooses to play fast and loose with the facts. His counsel represents to the Court, under oath, that all these documents describe defendant Bitmain's connections to California. Those representations are unsupported and are untrue.[4]

Plaintiff is well aware that there are a number of "Bitmain" entities in locations throughout the world, since he submitted what he claimed to be a Bitmain organizational chart as an exhibit to his original Opposition. (ECF No. 35-5.) In fact, Plaintiff recently dismissed one of those "Bitmain" entities, Bitmain, Inc., which he had originally named as a defendant, because it was not involved with any of the facts giving rise to this action. (ECF No. 23.) Therefore, Plaintiff had no reason to simply assume, and then represent to the Court, that all the references to "Bitmain" in these documents referred to actions and communications of defendant Bitmain Technologies, Ltd. (ECF No. 37-2 (counsel's declaration defining Bitmain Technologies, Ltd. as "Bitmain" and asserting that entity has offices and employees in California).)

The actual facts pertaining to Plaintiff's submission are as follows:

- Plaintiff claims Bitmain has a "sales office" and employees in San Jose, California. (Opp'n at 5.) That San Jose office is leased and used by Bitmain, Inc.—not Bitmain. (Decl. of Luyao Lui ¶ 4.)
- Plaintiff alleges Peng Li is a Bitmain employee who works in San Jose. (Opp'n at 7.) Mr. Li is not employed by Bitmain. He is an employee of a separate entity, and he works in Beijing. When he travels to the United States for business, he often works in the property leased by Bitmain, Inc. in San Jose. (Decl. of Luyao Lui ¶ 8.)

---

[3] There are two entities with "Bitmain Technologies, Ltd." in their name. One is the defendant in this case, and the other is a Beijing entity called Beijing Bitmain Technologies Co., Ltd. (Decl. of Luyao Lui ¶ 7.) The references to Bitmain Technologies, Ltd. in these two documents are not to Bitmain, but rather to the Beijing entity. (*Id.*; *see also id.* ¶ 12.)

[4] Bitmain believes that counsel's assertion of these facts in his declaration, without support or reasonable inquiry, is likely a violation of Federal Rule of Civil Procedure 11(b)(3), which provides that, by filing a document with the court, an attorney certifies that factual contentions have evidentiary support after a reasonable inquiry. *See, e.g.*, *Rattagan v. Uber Techs., Inc.*, 2019 WL 3891714, at *4 (N.D. Cal. Aug. 19, 2019) (granting motion for sanctions under R. 11(b)(3)).

- Plaintiff says Bitmain solicited employees to work in its San Jose office. (Opp'n at 6.) In fact, Bitmain has never put out employment solicitations in California, and as noted, Bitmain does not have any San Jose office. (Decl. of Luyao Lui ¶¶ 4, 7.)
- Plaintiff avers that Bitmain hosted the California Crypto Mining Conference on August 31, 2019, and that some conference speakers were Bitmain employees. (Opp'n at 1, 6–7.) Bitmain did not hold that conference, and none of the conference speakers listed in the conference "agenda" provided by Plaintiff (ECF No. 37-11) was an employee of Bitmain. (Decl. of Luyao Lui ¶¶ 9–10.)
- Plaintiff claims that Bitmain maintains a repair center in Fremont, California. (Opp'n at 6.) In fact, the repair center is not operated by Bitmain Technologies, Ltd.; it is outsourced by a separate entity. (Decl. of Luyao Lui ¶ 11.)
- And finally, Plaintiff implies that the "Bitmain" website is operated by Bitmain Technologies, Ltd. (Opp'n at 5.) But the website is operated by a separate entity and not by Bitmain. (Decl. of Luyao Lui ¶ 12.)

The use of a single brand name by multiple related entities does not subject one of those entities to personal jurisdiction where it would not otherwise be subject to jurisdiction. The "common use of a trade name . . . [i]s not a sufficient basis for establishing personal jurisdiction." *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1301 (S.D. Cal. 2003) (finding no personal jurisdiction); *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 549–50 (2000) ("[T]he use of 'we' or 'the Company' or 'Diamond' in the several reports in evidence did not prove that Diamond and Sonora Mining were, in actual practice, a single entity."); *In re Enter. Rent–A–Car Wage & Hour Emp't Practices Litig.*, 735 F. Supp. 2d 277, 323 (W.D. Pa. 2010) (a company being "portrayed as a single brand to the public . . . does not demonstrate the necessary control by defendant parent over the subsidiaries"), *aff'd*, 683 F.3d 462 (3d Cir. 2012); *In re Lernout & Hauspie Sec. Litig.*, 230 F. Supp. 2d 152, 170–71 (D. Mass. 2002) (finding no joint and several liability simply because two companies held themselves out as a single entity).

Here, Plaintiff's confusion as to the facts, feigned or otherwise, does not establish an adequate basis for personal jurisdiction.

**b. Plaintiff's Allegations Would Fail to Meet His Burden to Establish a Basis for Specific Jurisdiction.**

Even if there were any substance to Plaintiff's factual allegations—and there is none—none of those facts could establish specific jurisdiction here in any event.

To begin with, Plaintiff relies on a standard for specific jurisdiction that has been superseded. Plaintiff argues that Bitmain is subject to specific jurisdiction under the "effects test" in *Calder* because Bitmain committed an intentional act, expressly aimed at California, causing harm that Bitmain knew was likely to be suffered in California. (Opp'n at 9–11.) But *Calder* was narrowed and partially overruled by the United States Supreme Court's decision in *Walden v. Fiore*, 571 U.S. 277 (2014). *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069–70 (9th Cir. 2017) (the "mere satisfaction of the [effects] test . . . without more, is insufficient to comply with due process"); *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *3 (N.D. Cal. July 6, 2015) (Donato, J.) (holding that *Walden* "overrides" the effects test and disagreeing with cases holding that pre-*Walden* cases remain good law).[5] "*Walden* requires more" than mere knowledge of the plaintiff's forum connections and foreseeable harm in the forum state. *Axiom Foods*, 874 F.3d at 1069–70. It requires that courts "look to the defendant's 'own contacts' with the forum." *Id.* at 1070. At the end of the day, Bitmain's only connections to California are consumer-initiated transactions by forum residents and resulting shipments to the forum. As discussed in Bitmain's opening brief (Mot. at 6–11), none of that is enough to confer specific jurisdiction over Bitmain, and Plaintiff fails meaningfully to contest this showing in his opposition.

The cases Plaintiff cites are inapt. Indeed, all of the cases on which Plaintiff relies for his specific jurisdiction argument are unreliable because they were decided before *Walden*, and therefore applied an incomplete specific jurisdiction analysis. (*See* Opp'n at 9–11.)

The correct, three-prong test for specific personal jurisdiction analyzes whether (1) the defendant purposefully directs its activities or purposefully avails itself of the benefits afforded by the forum's laws; (2) the claim "arise[s] out of" or is "connected with the activities within the

---

[5] Bitmain cited this Court's decision in *Erickson* numerous times in its opening brief. (Mot. at 3–4, 8–9.) Plaintiff thus has no excuse for failing to recognize that *Calder* has been narrowed and partially overruled.

state"; and (3) the exercise of jurisdiction is "consistent with traditional notions of fair play and substantial justice." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880–81 (2011) (internal citations and quotation marks omitted).[6] While Bitmain contends that Plaintiff cannot meet any of these three elements, Plaintiff's allegations, on their face, fail to meet the second element—Plaintiff cannot demonstrate that Bitmain's purported California contacts "actually relate" to his purchases and use of Bitmain's ASIC devices. *Brooks v. Andrews*, 2006 WL 403859, at *3 (E.D. Cal. Feb. 17, 2006) (dismissing subset of defendants for failure to satisfy the nexus element).

For instance, to the extent Plaintiff contends that Bitmain should be subject to specific jurisdiction in California because it allegedly hosted a conference on August 31, 2019, that argument would fail because the conference occurred well after Plaintiff's alleged ASIC product purchases between November 2016 and March 2018. (ECF No. 37-1 ¶ 3.) "[T]he fair warning that due process requires arises not at the time of the suit, but when the events that gave rise to the suit occurred." *Brooks*, 2006 WL 403859, at *2. Because the conference occurred after the events giving rise to Plaintiff's claims, it is irrelevant for specific jurisdiction purposes. *Anaya v. Machines de Triage et Broyage*, 2019 WL 1083783, at *5 (N.D. Cal. Mar. 7, 2019) (disregarding conduct after the alleged event giving rise to underlying dispute and granting motion to dismiss for lack of personal jurisdiction). And Bitmain's purported marketing conduct, office, sales force, and employees in California—even if they existed, and they do not—would also be irrelevant, because Plaintiff does not even contend they relate to his claims. Plaintiff does not contend that he relied on any marketing or sales solicitations by California employees in purchasing his products, that his purchase had anything to do with an office in San Jose, or that he had anything to do with Peng Li. In sum, even Plaintiff's unsupported factual assertions would not suffice to establish specific personal jurisdiction.[7]

---

[6] Plaintiff's claim that "[s]pecific jurisdiction exists when the defendant's conduct or contact within the forum state is connected to the suit" (Opp'n at 8) is an incomplete statement of the law; Plaintiff omits the purposeful availment and reasonableness elements. *Nicastro*, 564 U.S. at 880.

[7] Plaintiff argues that Bitmain's forum selection clause is unenforceable and therefore is irrelevant. (Opp'n at 13–14.) But Bitmain did not argue the enforceability of the forum selection clause in its opening brief. (*See* Mot. at 7–8.) Rather, it cited the clause to show Bitmain's intent to be bound by the laws of Hong Kong, not by the laws of a foreign government (*see id.*), which

Finally, to the extent Plaintiff claims Bitmain is subject to specific jurisdiction simply because it operates an interactive website (Opp'n at 9–11), *Walden* forecloses that argument. *See Adv. Tactical Treatment Ord. Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014) (interactive website not enough to establish jurisdiction post-*Walden* because "the operation of an interactive website does not show that the *defendant* has formed a contact with the forum state"). Plaintiff must not only demonstrate that the website targets California specifically, but also that the website's interactivity is related to his claims. *Adv. Tactical Treatment*, 751 F.3d at 803 (finding no specific jurisdiction because it was "unclear" how the website's interactivity was related to the claims). Plaintiff does neither here.

**3. Plaintiff Has No Facts to Demonstrate the Exercise of Personal Jurisdiction over Bitmain Would Be Reasonable.**

Plaintiff's reasonableness argument rests on his incorrect assumptions that Bitmain maintains a sales office in California, that Peng Li works in California, and that Bitmain's San Jose office is an hour's drive from the Courthouse. (Opp'n at 13.) As discussed above, none of these claims is true. *See* supra Section II.A.2.a. Additionally, where, like here, "the defendant is from a foreign nation, a high barrier of sovereignty tends to undermine the reasonableness of exercising personal jurisdiction in this state." *In re Automobile Antitrust Cases I and II*, 135 Cal. App. 4th 100, 109 (2005) (citing *Glencore Grain v. Shivnath Rai Harnarain*, 284 F.3d 1114, 1126 (9th Cir. 2002)). "Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi*, 480 U.S. at 115 (quotation marks and citation omitted); *id.* at 114 ("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders.").

**4. There Is No Basis for Jurisdictional Discovery.**

Plaintiff includes a single, throwaway sentence in his conclusion purporting to seek leave

---

militates against a finding that it reasonably anticipated being haled into court in California. *See, e.g.*, *Decker v. Circus Circus Hotel*, 49 F. Supp. 2d 743, 748 (D.N.J. 1999) (granting motion to dismiss for lack of personal jurisdiction, considering forum selection clause in specific jurisdiction analysis). The forum selection clause is therefore relevant to the Court's specific jurisdiction analysis. *See id.*

to conduct jurisdictional discovery. (Opp'n at 15.) To obtain jurisdictional discovery, "plaintiffs must first make some showing as to the facts that plaintiffs expect to uncover through jurisdictional discovery." *Miller v. Peter Thomas Roth, LLC*, 2019 WL 1507767, at *5 (N.D. Cal. Apr. 5, 2019). Requests based on nothing more than a "hunch that it might yield jurisdictionally relevant facts" or "bare allegations in the face of specific denials" should be denied. *See, e.g.*, *Teras Cargo Transport (America), LLC v. Cal Dive Int'l (Austl.) Pty. Ltd.*, 2015 WL 6089276, at *8 (N.D. Cal. Oct. 16, 2015) (denying request for jurisdictional discovery). Here, Plaintiff does not even attempt to make the required showing; he does not lay out any facts he hopes to uncover or explain why they are relevant to the jurisdictional analysis. His request for jurisdictional discovery should be denied.

### B. Alternatively, the Court Lacks Personal Jurisdiction over Bitmain as to Non-Resident Putative Class Members Who Suffered No Injury in California.

Plaintiff fails to address Bitmain's argument that, if a non-California resident may not sue a non-California defendant as an individual plaintiff in a mass tort action, he likewise may not sue that same defendant as part of a putative class, because "[u]nder the Rules Enabling Act, a defendant's due process interest should be the same in the class context" as in the mass tort context. *Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil, Inc.*, 301 F. Supp. 3d 840, 861 (N.D. Ill. 2018); (Mot. at 15). Plaintiff therefore concedes this point.

The Court should follow the better-reasoned cases applying *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017), in the class action context and find that, since Plaintiff fails to allege that California has any connection with the claims of nonresident putative class members, this Court lacks personal jurisdiction over Bitmain for claims brought on their behalf. *Practice Mgmt. Support Servs.*, 301 F. Supp. 3d at 861 (dismissing claims of nonresident class members); *Leppert v. Champion Petfoods USA, Inc.*, 2019 WL 216616, at *4–5 (N.D. Ill. Jan. 16, 2019) (to same effect).

## III. CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's First Amended Complaint with prejudice.

DATED: November 7, 2019

Respectfully submitted,

/s/ Carlos M. Lazatin
Carlos M. Lazatin
William K. Pao
Xin-Yi Zhou
O'MELVENY & MYERS LLP
400 South Hope Street
18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: clazatin@omm.com
Email: wpao@omm.com
Email: vzhou@omm.com

*Counsel for Defendant Bitmain Technologies, Ltd.*