**FRONTIER LAW CENTER**
Robert L. Starr (183052)
robert@frontierlawcenter.com
Adam M. Rose (210880)
adam@frontierlawcenter.com
Karo G. Karapetyan (318101)
karo@frontierlawcenter.com
23901 Calabasas Road, Suite 2074
Calabasas, California 91302
Telephone: (818) 914-3433
Facsimile: (818) 914-3433

**POMERANTZ LLP**
Jordan L. Lurie (130013)
jllurie@pomlaw.com
Ari Y. Basser (272618)
abasser@pomlaw.com
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 432-8492
Facsimile: (310) 861-8591

**THE MARLBOROUGH LAW FIRM, P.C.**
Christopher Marlborough (298219)
chris@marlboroughlawfirm.com
445 Broad Hollow Road, Suite 400
Melville, NY 11747
Telephone: (212) 991-8960
Facsimile: (212) 991-8952

Attorneys for Plaintiff Gor Gevorkyan

**O'MELVENY & MYERS, LLP**
Carlos M. Lazatin (SBN 229650)
clazatin@omm.com
William K. Pao (SBN 252637)
wpao@omm.com
Vincent Zhou (SBN 251969)
vzhou@omm.com
400 South Hope Street, 18th Floor
Los Angeles, CA  90071
Telephone: (213) 430-7576

Attorneys for Defendant Bitmain
Technologies, Ltd.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gor Gevorkyan, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br> vs.<br><br>Bitmain, Inc., Bitmain Technologies, Ltd., and DOES 1 to 10,<br><br>     Defendants. | Case Number: 3:18-cv-07004-JD<br><br>**CLASS ACTION**<br><br>[HON. JAMES DONATO]<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:  December 19, 2019<br>Time:  10:00 a.m.<br>Ctrm:  11, 19th Floor |

Pursuant to Federal Rules of Civil Procedure 16(b), Local Civil Rule 16-9, and the Standing Order for All Judges of the Northern District of California, Plaintiff Gor Gevorkyan ("Plaintiff") and Defendant Bitmain Technologies, Ltd. ("Defendant" or "Bitmain") (and collectively the "Parties") hereby respectfully submit the following Joint Case Management Conference Statement ("CMC Statement") following telephonic meet and confers, which occurred on November 27 and December 2, 2019.  To the extent the Parties do not agree on certain issues discussed herein, their positions on such issues are stated below.

## I. JURISDICTION AND SERVICE

The Court has subject matter over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d). Defendant has been served with the operative complaint and has filed a motion to dismiss for lack of personal jurisdiction.  (Dkt. No. 33.)  No parties remain to be served.

## II. FACTS

### A. Plaintiff's Summary of Facts and Issues in Dispute

This prospective consumer class action arises out of Defendants' sale of Application Specific Integrated Circuit Devices (ASIC Devices) used to mine cryptocurrency to customers in California. Defendants' alleged practices include: (1) Defendants' "secret mining" practices or the use of customers' ASIC devices after purchase and before delivery by Defendants to customers, causing wear and tear on the devices and contributing to the increased difficulty of mining cryptocurrency by the time the ASIC devices are delivered to customers; and (2) Defendants' use of the products after delivery to customers by preconfiguring the devices to mine cryptocurrency for the benefit of Defendants rather than customers who purchased the devices (collective, "the Alleged Practices").

Disputed issues of fact include: (1) Whether and to what extent Defendants engaged in the Alleged Practices; (2) the nature and extent of Defendants' contacts with California; and (3) the nature and extent of any damages.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

B.      **Defendant's Summary of Facts and Issues in Dispute**

Plaintiff's Amended Complaint asserts four causes of action against Bitmain for:  (1) violation of California's Unfair Competition Law; (2) conversion; (3) unjust enrichment; and (4) trespass to chattels.  (Dkt. No. 32.)  Bitmain maintains that none of these claims is viable, and specifically denies Plaintiff's underlying factual allegations. As a threshold matter, however, Bitmain, a company based in Beijing, China that has no employees and no operations in California, is not subject to this Court's personal jurisdiction.  (*See* Dkt. Nos. 33, 38.)  This issue is dispositive of all of Plaintiff's claims and warrants dismissal of the action in its entirety.  (*Id.*)

Accordingly, to avoid waiving its challenge to personal jurisdiction, *see Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1317–18 (9th Cir. 1998) (noting that a personal jurisdiction defense may be waived as a result of litigation conduct inconsistent with that defense), Bitmain proposes that the Parties file a further case management statement no later than twenty-one (21) days after the Court's ruling on Bitmain's pending motion to dismiss (if the case is not dismissed) that shall provide a more comprehensive summary of facts and issues in dispute.

III.   **LEGAL ISSUES**

In the event the Court denies Defendant's pending motion to dismiss for lack of personal jurisdiction, legal issues presented by this action will include but are not limited to: (1) Whether Plaintiff is subject to mandatory pre-dispute arbitration; (2) Whether a class should be certified in the action for any of the claims asserted in the Amended Complaint; and (3) Whether Plaintiff can prevail on the claims asserted in his Amended Complaint: (a) violation of California's Unfair Competition Law; (b) Conversion; (c) Unjust Enrichment, and (d) Trespass to Chattel (Dkt. No. 32).

IV.   **MOTIONS**

Defendant Bitmain Technologies Ltd. filed its motion to dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction on October 1, 2019.  (Dkt. No. 33.)  The motion has been fully briefed and is scheduled for oral argument on December 19, 2019.  In the event the

pending motion to dismiss is denied, Defendant anticipates filing a motion to compel arbitration, along with a motion for judgment on the pleadings for failure to state a claim and a motion to stay discovery pending resolution of those motions.  Plaintiff will oppose any motion to compel arbitration or motion for judgment on the pleadings filed by Defendant.

In the event the pending motion to dismiss is denied in whole or in part, Plaintiff anticipates filing a Motion for Class Certification ("MFCC"), which Defendant will oppose. Each of the Parties anticipates filing motions for summary judgment following the close of discovery if warranted by the evidence.

### A.    Plaintiff's Proposed MFCC Deadlines

Plaintiff proposes the following dates and deadlines in conjunction with the briefing on his anticipated MFCC:

| EVENT | DEADLINE/DATE |
|---|---|
| Last day to file MFCC | 12 months after the order on Defendant's anticipated motion for judgment on the pleadings |
| Last day to file Opposition | 45 days after filing of MFCC |
| Last day to file Reply | 45 days after Opposition is due |
| Last day for Plaintiff to disclose experts in support of MFCC | At time Plaintiff's MFCC is filed |
| Last day for Defendant to disclose experts in opposition to MFCC | At time Opposition to MFCC is filed |

Plaintiff also proposes that experts offered in support of briefing on the MFCC shall be made available for deposition beginning no later than two (2) weeks after the filing of the MFCC and Opposition, respectively.

### B.    Defendant's Position on Proposed MFCC Deadlines

As stated above, Defendant maintains that the Court lacks personal jurisdiction over it. (Dkt. Nos. 33, 38.)  Accordingly, although Defendant agrees with some aspects of Plaintiff's proposal, Defendant believes it would be premature to set a briefing schedule and deadlines related to a hypothetical motion for class certification.  Defendant proposes that, if the Court

were to deny Defendant's pending motion to dismiss for lack of personal jurisdiction, the Parties will submit a proposed briefing schedule for Plaintiff's anticipated motion for class certification no later than twenty-one (21) days after such ruling.

## V.   AMENDMENT OF PLEADINGS

The Parties do not anticipate amendments to the pleadings at this time but reserve their respective rights to seek leave to amend based on discovery in this action.  The Parties agree to meet and confer to determine a deadline for amendment of Plaintiff's First Amended Complaint in the event that the Court denies Defendant's pending motion to dismiss for lack of personal jurisdiction.

## VI.   EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that on November 27 and December 2, 2019, the Parties met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action. The Parties agree to meet and confer on ESI issues as they arise, which may include entering into an ESI Protocol, if appropriate.

## VII.   DISCLOSURES

### A.   Plaintiff's Proposal for Initial Disclosures

Plaintiff proposes that the Parties exchange initial disclosures on or before January 2, 2020, in accordance with the requirements of Fed. R. Civ. P. 26(a)(1)(A).

### B.   Defendant's Proposal for Initial Disclosures

Defendant's position is that the Court lacks personal jurisdiction over it (*see* Dkt. Nos. 33, 38), and that exchanging initial disclosures could be construed as litigation conduct that waives Defendant's personal jurisdiction defense.  *Peterson*, 140 F.3d at 1317–18.  Although Plaintiff has agreed not to challenge Defendant's personal jurisdiction argument on this waiver ground, in an abundance of caution, Defendant proposes that the Parties exchange initial

disclosures no later than fourteen (14) days after the Court's ruling on Defendant's pending motion to dismiss for lack of personal jurisdiction, if this action remains active at that time.

## VIII.   DISCOVERY

The Parties have not taken any discovery to date.  The Parties anticipate that, because Bitmain is a foreign corporation based in China, it will require some modifications of the discovery rules, for example, to allow for longer lead times to notice depositions and longer periods to respond to written discovery.  In the event the Court denies Defendant's pending motion to dismiss for lack of personal jurisdiction, the scope of Plaintiff's anticipated discovery includes but is not limited to: Defendant's policies and practices with respect to the Alleged Practices.  In the event the Court denies Defendant's pending motion to dismiss for lack of personal jurisdiction, the scope of Defendant's anticipated discovery includes but is not limited to: Plaintiff's and putative class members' purchases and use of the ASIC Devices; evidentiary bases for Plaintiff's claims that his and other ASIC devices were "used" when received, that his and other devices mined Bitcoin for Bitmain during the set up process, and Plaintiff's and putative class members' efforts to set up their devices and their accounts on their Bitmain devices; any other bases for Plaintiff's claims in the Amended Complaint; and issues related to class certification (including but not limited to, commonality, typicality, and adequacy).

In addition, Plaintiff has requested jurisdictional discovery in the event that the Court determines the facts are insufficient to determine whether it has jurisdiction over Defendant. Defendant's position is that Plaintiff is not entitled to jurisdictional discovery because he has not made any showing whatsoever to warrant jurisdictional discovery, including a specific showing of what facts he hopes to uncover and what reasonable basis he has to believe such facts exist.

In the event the Court denies Defendant's pending motion to dismiss for lack of personal jurisdiction, the Parties will negotiate a stipulated protective order that is based on the Northern District model for standard litigation.  The Parties propose to submit it for approval within 21 days after the Court's ruling on Defendant's pending motion to dismiss for lack of personal jurisdiction, if this action remains on the Court's docket at that time.  The Parties agree to set a

deadline for the exchange of merits-based experts once there is a ruling on the MFCC and a trial date is set, if the action remains active at that time.

## IX.    RELATED CASES

The Parties are not presently aware of any related cases or proceedings pending before another judge of this Court, or before another court or administrative agency, that center on the same facts or issues.

## X.    RELIEF

### A.    Plaintiff's Position

Plaintiff seeks reimbursement for, inter alia, injunctive relief, restitution and/or disgorgement.  The amount of classwide damages are unknown at his time.

### B.    Defendant's Position

Defendant does not believe Plaintiff is entitled to any relief sought in the Amended Complaint, including attorneys' fees and costs.

## XI.    SETTLEMENT AND ADR

Pursuant to Civil Local Rule 16-8 and ADR L.R. 3-5, the Parties have filed a Stipulation and [Proposed] Order Selecting ADR Process.  (Dkt. No. 40.)

The Parties have selected private mediation as the ADR process for this case, to be completed by no later than one year after the Court's ruling on Defendant's pending motion to dismiss for lack of personal jurisdiction, if the case remains active at that time.  (*Id.*)

## XII.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The Parties do not consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

## XIII.    OTHER REFERENCES

Defendant believes this case is subject to binding arbitration and reserves its right to move to compel arbitration in the event the Court denies its pending motion to dismiss for lack of personal jurisdiction.  Plaintiff will oppose any motion to compel arbitration filed by Defendant.

The Parties agree this case is not suitable for assignment to a special master, or the Judicial Panel on Multidistrict Litigation ("JPML").

## XIV.   NARROWING OF ISSUES

At this time, the Parties have not identified any issues that are suitable for narrowing by agreement of the Parties.  The Parties note that Plaintiff has already voluntarily dismissed former named defendant Bitmain, Inc. from the action given that entity's lack of involvement in the facts giving rise to this action.  Defendant also notes that its pending motion to dismiss for lack of personal jurisdiction also asks, in the alternative, that the Court dismiss the claims of non-California putative class members under *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017).  (Dkt. No. 33 at 14-15; Dkt. No. 38 at 10.)  Additionally, Defendant's position is that, if the Court denies the pending motion to dismiss for lack of personal jurisdiction, Defendant's anticipated motion to compel arbitration and/or motion for judgment on the pleadings will dispose of the case in its entirety, or, in the alternative, narrow issues that cannot be narrowed by agreement.

Plaintiff's position is that *Bristol-Myers Squibb Co. v. Superior*, 137 S. Ct. 1773 (2017) is factually inapposite and does not apply to class actions. Accordingly, Defendant's request to dismiss the claims of non-California putative class members should be denied.  Plaintiff also takes the position that there is no basis for Defendant's anticipated motion for judgment on the pleadings, and that this case is inappropriate for adjudication at the pleadings stage.

## XV.   EXPEDITED TRIAL PROCEDURE

The Parties do not believe that this case is suitable for handling under the Expedited Trial Procedure of General Order No. 64 Attachment A.

## XVI.   SCHEDULING

### A.   <u>Plaintiff's Proposed Schedule</u>

Plaintiff proposes the following case schedule for the Court's consideration:

| EVENT | DEADLINE/DATE |
|---|---|

| Initial Disclosure exchange | January 2, 2020 |
|---|---|
| Defendant's last day to respond to Plaintiff's Complaint | 14 days after ruling on Defendant's Motion to Dismiss for lack of jurisdiction, if the case remains active at that time |
| Last day to file stipulated proposed protective order | January 9, 2020 |
| Last day to file MFCC | 12 months from the order on Defendant's anticipated motion for judgment on the pleadings |
| Last day to file Opposition | 45 days after filing of MFCC |
| Last day to file Reply | 45 days after Opposition is due |
| Last day for Plaintiff to disclose experts in support of the MFCC | At time Plaintiff's MFCC is filed |
| Last day for Defendant to disclose experts in opposition to the MFCC | At time Opposition is filed |

**B.**     **Defendant's Position on Submitting a Proposed Schedule**

Defendant's position is that it would be premature to agree to a case schedule until the Court rules on its pending motion to dismiss for lack of personal jurisdiction.  To avoid waiving its personal jurisdiction challenge, *see Peterson*, 140 F.3d at 1317–18, Defendant proposes that the Parties submit a proposed case schedule no later than twenty-one (21) days after the Court's ruling on Defendant's pending motion to dismiss for lack of personal jurisdiction, if the action remains active at that time.

## XVII.  TRIAL

Plaintiff has included a jury trial request in his Amended Complaint.  The Parties agree that scheduling a trial at this time is premature.  The Parties will submit to the Court the appropriate duration of trial, and a date by which they will be prepared to take the case to trial, upon a ruling on Plaintiff's MFCC.

## XVIII.  DISCLOSURE OF NON-PARTY INTERESTED IDENTITIES OR PERSONS

Plaintiff and Defendant have filed their respective Disclosure of Non-Party Interested Certification per Civil Local Rule 3-15.

## XIX.  PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California and agree to comply with them.

## XX.   OTHER MATTERS

No other matters were discussed by the Parties that may facilitate the just, speedy and inexpensive disposition of this matter.


DATED:  December 12, 2019                    **FRONTIER LAW CENTER**

                                    By:      /s/ Karo G. Karapetyan
                                             Karo G. Karapetyan
                                             Attorney for Plaintiff
                                             Gor Gevorkyan

DATED:  December 12, 2019                    **O'MELVENY & MYERS, LLP**


                                    By:      /s/ Carlos M. Lazatin
                                             Carlos M. Lazatin
                                             Attorney for Defendant
                                             Bitmain Technologies, Ltd.

1

**ECF CERTIFICATION**

2

Pursuant to Civil Local Rule 5-1, I, Karo G. Karapetyan, hereby attest that concurrence in

3

the filing of this document has been obtained from all signatories.

4

5

DATED:  December 12, 2019                         FRONTIER LAW CENTER

6

7                                                                By:      /s/ Karo G. Karapetyan

8                                                                              Karo G. Karapetyan

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT

3:18-cv-07004-JD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CASE MANAGEMENT ORDER</u>

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

_____
The Hon. James Donato, U.S.D.J.