

O'Melveny & Myers LLP
400 South Hope Street
18th Floor
Los Angeles, CA 90071-2899

T: +1 213 430 6000
F: +1 213 430 6407
omm.com

February 24, 2020

**William K. Pao**
D: +1 213 430 7272
wpao@omm.com

**VIA ECF**

Hon. James Donato
United States District Judge
U.S. District Court, Northern District of California
Courtroom 11
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Gor Gevorkyan v. Bitmain, Inc., et al.*, N.D. Cal. Case No. 3:18-cv-07004-JD

Dear Judge Donato:

On December 19, 2019, this Court ordered jurisdictional discovery relating to "whether there is specific jurisdiction in this district" over the claims in this action. (Tr. at 4:20–21.) Given that the critical jurisdictional question turns on whether there "is a connection between the forum and the specific claims at issue," *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017), facts relating to how, if at all, Plaintiff Gor Gevorkyan's claims arise from Specially Appearing Defendant Bitmain Technologies, Ltd.'s ("Bitmain Hong Kong" or "Bitmain HK") alleged contacts with California are clearly relevant to this inquiry. Nonetheless, Plaintiff is refusing to respond to any of Bitmain HK's discovery requests (*see* Exs. 1, 2, 3) directed at this very issue, on the grounds that only *he*, and not Bitmain HK, may conduct jurisdictional discovery. Because the discovery at issue is indisputably relevant, and Plaintiff's one-sided view of discovery is improper in any event, the Court should compel Plaintiff to respond to Bitmain HK's limited, narrowly tailored jurisdictional discovery requests.[1]

**Background**

During this Court's December 19, 2019 hearing on Bitmain HK's motion to dismiss for lack of personal jurisdiction, the Court ordered jurisdictional discovery to "make sure we are iron clad under *Bristol-Myers Squibb* and all the other cases" about specific personal jurisdiction. (Tr. at 3:22–23.) Addressing Bitmain HK's counsel, the Court made clear that "it is going to be just for jurisdiction," and that "[y]ou can take any discovery you want … on the point of whether there is specific personal jurisdiction in this district … ." (Tr. at 4:17–21.) The Minute Order issued later

---

[1] In accordance with Local Rule 37-1 and this Court's standing order, Bitmain HK certifies that it met and conferred with Plaintiff regarding the substance of Bitmain HK's request and that Plaintiff opposes the relief that Bitmain HK is seeking. The parties' meet and confer efforts are further detailed below.



that day indicated "plaintiff may take jurisdictional discovery for a period of 120 days." (Dkt. 44.)

On January 21, 2020, Bitmain HK served on Plaintiff (1) a notice of deposition and requests for production directed at Plaintiff, (2) interrogatories directed at Plaintiff, and (3) interrogatories directed at Christopher Marlborough. These discovery requests were narrowly tailored to inquire about the connection between Plaintiff's claims and Bitmain HK's alleged contacts with California—the central inquiry under *Bristol-Myers*. In a January 28, 2020 letter to Bitmain HK, Plaintiff took the position that "[t]his discovery is entirely inappropriate and impermissible," and demanded that Bitmain HK withdraw the requests. (Ex. 4.[2]) On February 4, 2020, Bitmain HK responded that it would seek to compel responses to these discovery requests.

On February 12, 2020, counsel for Plaintiff and Bitmain HK met in Century City at the offices of Bitmain HK's counsel. Counsel further conferred by telephone on February 18, 2020. Counsel for Bitmain HK offered to confer further on the *scope* of Bitmain HK's requests, but Plaintiff declined the offer and indicated he would not respond to any of Bitmain HK's requests.

<u>**Argument**</u>

The sole ground Plaintiff offers for his refusal to respond to Bitmain HK's discovery requests is that the "Court's December 19, 2019 Minute Order … clearly and unmistakably only permitted *Plaintiff* leave to take jurisdictional discovery." Jan. 28, 2020 Ltr. (emphasis in original). That the order did not expressly mention Bitmain HK, however, does not mean that Bitmain HK cannot take jurisdictional discovery in this case. *Plaintiff* needed leave of court to take discovery on Bitmain HK only because Bitmain HK has challenged personal jurisdiction. But as for discovery directed at Plaintiff, who has consented to the jurisdiction of this Court, there is no question that such discovery is open. Absent a court order directing otherwise, discovery generally commences after the parties' Rule 26 conference. Fed. R. Civ. P. 26(d)(1); *see Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc.*, 298 F.R.D. 633, 639 (S.D. Cal. 2014) (noting that Rule 26(d)(1) governs the commencement of discovery).

Here, the parties conferred in accordance with Rule 26 in November and December of last year. As a result, no leave of court was required for *Bitmain HK* to seek discovery of *Plaintiff* and Bitmain HK is entitled to take discovery on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).[3]

---

[2] In light of Plaintiff's position, Bitmain HK treats this letter as Plaintiff's response to its requests.

[3] Bitmain HK does not make a general appearance by taking discovery solely on the issue of personal jurisdiction or seeking a court order to compel Plaintiff to respond to that discovery, *see Creed v. Schultz*, 148 Cal. App. 3d 733, 740 (1983) (defendant makes general appearance by "initiat[ing] discovery proceeding[]" only when "other than one contesting the jurisdiction only"); *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 307 (Tex. 2004) (defendant does not make general appearance by seeking relief related to its special appearance), or by participating in a mandatory discovery conference under Rules 16 and 26, *see Blankenship v. Account Recovery Serv.*, 2017 U.S. Dist. LEXIS 66949, at *7–9 (S.D. Cal. May 2, 2017) (defendant's participation in a Rule 26(f) conference or a Rule 16 scheduling conference did not constitute a general appearance or otherwise waive its objection to personal jurisdiction).



That Bitmain HK's requests are relevant to the question of specific personal jurisdiction is not subject to reasonable dispute. It is axiomatic that "[f]or specific jurisdiction, a defendant's general connections with the forum are not enough. As [the U.S. Supreme Court has] said, a corporation's continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Bristol-Myers*, 137 S. Ct. at 1781. "What is needed … is a connection between the forum and the specific claims at issue." *Id.* Bitmain HK's discovery requests are directed at precisely these issues.

Each of Bitmain HK's requests seeks information about either (a) Plaintiff's factual contentions about Bitmain HK's activities in California, or (b) the relationship of Plaintiff and his claims to Bitmain HK's alleged contacts in California. For instance, Bitmain HK seeks information about where Plaintiff received and used the Bitmain ASIC devices he alleges he purchased (Interrogatory No. 1), whether he actually attended the "California Crypto Mining Forum" that he alleges supports jurisdiction over Bitmain HK (Interrogatory No. 2), and whether he had any interaction with Bitmain HK's alleged offices in San Jose (Request for Production No. 5). Under binding Supreme Court authority and this Court's own precedent, the information sought in these requests is critical because if Bitmain HK's alleged contacts with California have nothing to do with Plaintiff's claims, specific personal jurisdiction is absent—no matter how strong the contacts. *See Bristol-Myers*, 137 S. Ct. at 1781 ("When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the state."); *Zithromia Ltd. v. Gazeus Negocios de Internet SA*, No. 17-cv-6475-JD, Order of Dismissal at 2 (N.D. Cal. Nov. 21, 2019) (Donato, J.) (finding no specific personal jurisdiction and that plaintiff's "exclusive reliance on Gazeus's general commercial conduct in California, or the foreseeability of alleged harm here, even if taken as true, do not cure this deficiency"). Thus, permitting discovery only on Bitmain HK's alleged California contacts *but not Plaintiff's connection with those contacts* would only address half of the specific-jurisdiction equation.

Nor can Plaintiff show any significant burden in responding to Bitmain HK's discovery requests, which are limited to the jurisdictional questions that *he put at issue* in opposing Bitmain HK's motion to dismiss. Bitmain HK has propounded only 10 interrogatories and 11 requests for production on Plaintiff, all of which relate to basic factual questions surrounding his alleged purchase and use of Bitmain ASIC devices and his alleged interactions with Bitmain HK in California. These requests are reasonably limited and consistent with the spirit of this Court's order permitting jurisdictional discovery.

## Conclusion

Plaintiff is conducting discovery on Bitmain HK to *establish* specific personal jurisdiction. Basic fairness and due process require that Bitmain HK be likewise permitted to conduct discovery on Plaintiffs to *challenge* jurisdiction. Accordingly, Bitmain HK respectfully requests that the Court issue an order compelling Plaintiff immediately (i) to serve written responses to Bitmain HK's discovery requests, (ii) to produce documents responsive to those requests, and (iii) to cooperate in scheduling a deposition of Plaintiff that is limited to the jurisdictional issues raised by the parties in connection with Bitmain HK's motion to dismiss.

**O'Melveny**

Respectfully,

William K. Pao
of O'Melveny & Myers LLP

Attorney for Bitmain Technologies, Ltd.