# Exhibit 4



POMERANTZ LLP

Ari Y. Basser

January 28, 2020

***VIA EMAIL***

David Iden
Carlos Lazatin
O'Melveny & Myers LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071
diden@omm.com
clazatin@omm.com

Re: *Gor Gevorkyan v. Bitmain, Inc., et al.*, N.D. Cal. Case No. 3:18-cv-07004-JD

David,

This is a response to your e-mails of January 21, 2020, regarding scheduling the deposition of Luyao Liu, and which attached several sets of discovery served on Plaintiff and Plaintiff's counsel, Christopher Marlborough, with respect to which we now seek to meet and confer in hopes of avoiding judicial intervention.

**I. Scheduling of the Deposition of Luyao Liu**

The Court will likely find that the cost, convenience, and litigation efficiency of Plaintiff's chosen deposition location weighs in favor of deposing Mr. Luyao in California. That said, we appreciate your willingness to make him available here. However, as you are aware, Plaintiff's Notice of Deposition, served on January 6, 2020, called for Mr. Liu's deposition on March 3, 2020. Your offer to make him available on April 2, 2020 (more than one month after the noticed date) is appreciated but comes too late in the discovery schedule, as April 17, 2020 marks the end of Plaintiff's opportunity to take jurisdictional discovery.

Therefore, we request that you make Mr. Liu available for deposition during the middle of March 2020. By **February 4, 2020**, please provide us with alternative available dates for Mr. Liu's deposition that are closer in proximity to the date noticed by Plaintiff.

**II. Discovery Served on Plaintiff and Plaintiff's Counsel Is Inappropriate and Must be Withdrawn**

We are in receipt of Bitmain Technologies, Ltd.'s Notice of Deposition of Plaintiff and Requests for Production of Documents, and Special Interrogatories directed at Plaintiff and his counsel, Christopher Marlborough. This discovery is entirely inappropriate and impermissible.

January 28, 2020
Page 2

The Court's December 19, 2019 Minute Order (a true and correct copy of which is attached hereto as "Exhibit 1") clearly and unmistakably only permitted *Plaintiff* leave to take jurisdictional discovery. Defendant at no time requested leave to take jurisdictional discovery of Plaintiff, and no such discovery was ordered. The service of discovery is gamesmanship and based on the Court's comments during the hearing, and unambiguous Minute Order, will not be tolerated by the Court.

If we do not receive written confirmation of Defendant's withdrawal of all outstanding discovery by **February 4, 2020**, we will swiftly seek the Court's intervention.

Please call our office if you wish to discuss any of the above matters.

Sincerely,

Ari Y. Basser
POMERANTZ LLP

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## Civil Minutes

Date: December 19, 2019      Judge: Hon. James Donato

Time: 7 Minutes

Case No. **C-18-07004-JD**
Case Name **Gevorkyan v. Bitmain Inc. et al**

Attorney(s) for Plaintiff(s):    Christopher Marlborough/Ari Basser
Attorney(s) for Defendant(s):    Carlos M. Lazatin/David L. Iden

Deputy Clerk: Lisa R. Clark      Court Reporter: Marla Knox

### PROCEEDINGS

Motion to Dismiss - Held
Initial Case Management Conference - Not Held

### NOTES AND ORDERS

For defendant Bitmain Technologies, Ltd.'s motion to dismiss for lack of personal jurisdiction, Dkt. No. 33, the Court orders that plaintiff may take jurisdictional discovery for a period of 120 days so that a "more satisfactory showing of the facts" can be made. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

Plaintiff may also take jurisdictional discovery from third parties, and any discovery disputes should be raised using the letter brief process described in the Court's civil discovery standing order. The Court expects defendant will be transparent and forthcoming about facts relating to similarly-named related entities.

Plaintiff may request additional time for good cause.

Defendant's present motion will be administratively terminated pending the completion of the jurisdictional discovery.