# THE MARLBOROUGH LAW FIRM, P.C.

| | |
|---|---|
| 445 Broad Hollow Road, Suite 400 | (212) 991-8960 |
| Melville, New York 11747 | (212) 991-8952 fax |
| | chris@marlboroughlawfirm.com |

March 13, 2020

**VIA ECF**
Hon. James Donato
United States District Judge
U.S. District Court, Northern District of California, Courtroom 11
450 Golden Gate Avenue
San Francisco, CA 94102

Re:     <u>*Gor Gevorkyan v. Bitmain, Inc., et al*. (N.D. Cal. Case No. 3:18-cv-07004-JD)</u>

Dear Judge Donato:

Plaintiff Gor Gevorkyan ("Plaintiff") hereby responds to Defendant Bitmain Technologies Ltd.'s ("Bitmain" or "Defendant") letter seeking to compel jurisdictional discovery of Plaintiff and one of his attorneys, Christopher Marlborough.  ECF No. 47.  Defendant's discovery requests contradict this Court's December 19, 2019 Civil Minute Order (ECF No. 44, attached hereto as Ex. A), are contrary to applicable law regarding jurisdictional discovery, and are improper.

## A.     Defendant's Discovery Contradicts This Court's Express Order

This Court unambiguously authorized only Plaintiff, not Defendant, to take jurisdictional discovery: "[T]he Court orders that ***plaintiff*** may take jurisdictional discovery," "***[p]laintiff*** may also take jurisdictional discovery from third parties," and "the Court expects ***defendant*** will be transparent and forthcoming about facts relating to similarly named related entities."  Ex. A annexed hereto. (Emphasis added).  The transcript from the hearing on Defendant's Motion to Dismiss in which the Court instructed Plaintiff on the scope of permissible discovery, is equally clear that "you (Plaintiff) can take any discovery you want, but it has got to be on the point of whether there is specific personal jurisdiction in this district."  (Ex. B, annexed hereto at 4.)  In fact, the Court cautioned Defendant that "if, I get the sense that anybody has played hide the ball with jurisdiction, there are going to be consequences . . . and the consequences will be significant."  *Id*. at 3.  (Emphasis added).

Moreover, the Court directed the Parties to the discovery procedure followed in *Zithromia Ltd. v. Gazeus Negocios Internet SA*, 2018 U.S. Dist. LEXIS 205704 (N.D. Cal. Dec. 5, 2018) (Ex. B at 7).  In *Zithromia*, as in this case, the Court permitted plaintiff to seek jurisdictional discovery from defendant, not the other way around: "Zithromia will be permitted to serve discovery requests to Gazeus and third parties that go solely to the jurisdictional issues discussed in this order."  *Zithromia Ltd.,* 2018 U.S. Dist. LEXIS 205704 at 7.

## B.     Defendant Misstates the Law Regarding Jurisdictional Discovery

More importantly, Defendant is simply wrong that Plaintiff's contacts are relevant to the specific personal jurisdiction inquiry.  With regard to specific personal jurisdiction, the inquiry is solely whether there is a connection between the forum and the specific claims at issue.  *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017)*; see also Goodyear Dunlop Tires*

Page 2

*Ops, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (in order for a court to exercise specific jurisdiction, there must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.") (internal quotation marks and brackets omitted).

Plaintiff's specific claim, as alleged in the Complaint, and which must be accepted as true at the pleading stage, is that Plaintiff purchased Bitmain ASIC devices from Defendant in California. Therefore, to establish specific jurisdiction over Defendant, Plaintiff must establish that Defendant purposefully availed itself of conducting sales activities of ASIC devices with the forum state (California), or purposefully directed its conduct at California, and that Plaintiff's claims arise out of, or relate to, Defendant's contacts with the forum. *Plaintiff's contacts or conduct* are irrelevant to each of these inquiries. As this Court noted in *Sharpe v Puritan's Pride, Inc.*, 2019 U.S. Dist. LEXIS 6526, at *12 (N.D. Cal. Jan. 14, 2019), "[t]he proper focus, however, is on the defendant and its connection to the forum, *regardless of what contacts the plaintiff might have there*." (Emphasis added).

The sole inquiry at this stage is whether *Defendant* has sufficient contacts with California such that it would be fair for it to be haled into court here. The focus is not on whether Plaintiff has sufficient contacts with Defendant's ASIC sales-related contacts in California. Contrary to Defendant's contention, the jurisdictional discovery properly *is* one-way. Whether Plaintiff ever visited Bitmain offices in California or attended the California Crypto Mining Forum is irrelevant to the specific jurisdiction analysis.

Plaintiff is aware of no court that has endorsed Defendant's tortured and inaccurate reading of the personal jurisdiction requirements. There is simply no requirement that Plaintiff had contact with Defendant's contacts in order to establish personal jurisdiction. Defendant's discovery to Plaintiff that seeks this information appears to be exactly the sort of gamesmanship that this Court admonished against.[1]

Indeed, the entire reason for jurisdictional discovery in this case is that, in response to Plaintiff's Opposition to the Motion to Dismiss, Bitmain confused the jurisdictional issue by now claiming that the Bitmain entity that sold the ASIC devices to Plaintiff is not the Bitmain entity that has the contacts with the forum, including the operation of a regional sales office for the sale of ASIC devices in San Jose, California. Accordingly, the proper, and only, focus of the jurisdictional discovery ordered in this case is on determining whether "someone is doing a tap dance on the name of the company" (Ex. B at 5), in other words, which Bitmain entity has the requisite contact with the forum such that specific jurisdiction can be established.

In light of this Court's express directives and a proper reading of the jurisdictional requirements, Defendant cannot hide behind Rule 26 to obtain discovery at the jurisdiction stage that is legally irrelevant to establishing specific jurisdiction. (If necessary, Plaintiff can seek a formal protective order to preclude Defendant's discovery under Rule 26 until after the jurisdictional issues are resolved.). Further, Defendant neither requested nor received an order to take

---

[1] Bitmain has taken a similar position with respect to Bitmain's responses to Plaintiffs' discovery, namely, Bitmain is objecting to Plaintiff's discovery requests that seek to establish Bitmain's contacts with the forum and refusing to produce requested documents on the ground that "Plaintiff did not interact with Bitmain's California contacts." Based on the foregoing, that objection is not a valid basis for withholding discovery.

Page 3

jurisdictional discovery of Plaintiff (which it was required to do), nor explained what discovery it wanted to take and the results it anticipated such discovery would render. *See, e.g., Precision Orthopedic Implants, Inc. v. Limacorporate S.P.A.*, 2016 U.S. Dist. LEXIS 170883, at *14, n 16 (C.D. Cal. Dec. 9, 2016) (denying request for jurisdictional discovery for failure to explain why jurisdictional discovery was warranted); *Mullally v. Jones*, 2007 U.S. Dist. LEXIS 16034, at *23 (D. Nev. Feb. 28, 2007) (denying jurisdictional discovery request where party failed to "explain how such discovery would bolster its contention"); *Cockrum v. Donald J. Trump for President, Inc.*, 319 F. Supp. 3d 158, 188 (D.D.C. July 3, 2018) (a party "seeking jurisdictional discovery must explain in detail what discovery she wishes to conduct and what results she anticipates it would produce").

Thus, while all parties are entitled to take discovery once the court issues a scheduling order, a party must first obtain permission from the court to take jurisdictional discovery. Only Plaintiff has requested and obtained such permission.

**C.     Defendant's Discovery Directed at Plaintiff's Counsel Is Particularly Inappropriate**

Defendant's interrogatories directed at Plaintiff's attorney Christopher Marlborough, Esq. are improper and should not be permitted. Efforts to seek discovery from opposition counsel are regarded with disfavor. *In re Sause Bros. Ocean Towing*, 144 FRD 111, 116 (D. Or. 1991) (granting motion for protective order prohibiting deposition of counsel). Moreover, courts place the burden on the party seeking discovery to show that discovery of a party's counsel will not invade the attorney-client privilege or the attorney's work product. A party seeking discovery from the opposing party's counsel must show that the information sought: "(a) cannot be obtained by any other means; (b) is relevant and non-privileged; and (c) is crucial to the preparation of the case." *Id*. Defendant has not and cannot satisfy this high standard.[2]

**Conclusion**

For the foregoing reasons, Defendant's request should be denied, and Plaintiff and his counsel should not be compelled to respond to Bitmain's jurisdictional discovery.

CHRISTOPHER MARLBOROUGH

---

[2] Indeed, Bitmain's interrogatories to Mr. Marlborough seek privileged attorney work-product information which can be obtained from other sources and which is not crucial to Bitmain's preparation of the case. For example, Bitmain demands that Mr. Marlborough state all facts supporting the position that the "contact us" page of Bitmain's website, Bitmain.com, from which Bitmain sells its ASIC devices, was in fact operated by Bitmain rather than another entity. *See* Bitmain Letter Motion, Ex. 3, Interrogatory No. 2. Moreover, Bitmain demands that Mr. Marlborough provide facts supporting the contention that the LinkedIn page for Bitmain Technologies Ltd. is actually operated by Bitmain Technologies, Ltd., and not another Bitmain-related entity fraudulently holding itself out to the public as Defendant Bitmain. Id. at Interrogatory No. 3. On both accounts, the information can and should be obtained from other sources, namely Defendant and the various Bitmain entities that are the subject of jurisdictional discovery.