# Attachment A



O'Melveny & Myers LLP
400 South Hope Street
18th Floor
Los Angeles, CA 90071-2899

T: +1 213 430 6000
F: +1 213 430 6407
omm.com

March 16, 2020

**William K. Pao**
D: +1 213 430 7272
wpao@omm.com

<u>**VIA ECF**</u>

Hon. James Donato
United States District Judge
U.S. District Court, Northern District of California
Courtroom 11
450 Golden Gate Avenue
San Francisco, CA 94102

Re: <u>*Gor Gevorkyan v. Bitmain, Inc., et al.*</u>, N.D. Cal. Case No. 3:18-cv-07004-JD

Dear Judge Donato:

On March 13, 2020, Plaintiff responded to Defendant Bitmain Technology Ltd.'s ("Bitmain HK") letter requesting that this Court compel Plaintiff to respond to Bitmain HK's narrow jurisdictional discovery requests. Because Plaintiff's response contains gross mischaracterizations of both the law and Bitmain HK's positions, Bitmain HK is compelled to submit this brief response to avoid any confusion of the issues.

**First**, Plaintiff misstates the law on specific personal jurisdiction—the sole jurisdictional inquiry at issue. (Tr. at 4:16-24 ("You can take any discovery you want, but it has got to be on the point of whether there is specific personal jurisdiction in this district, okay.").) Although courts have generally found a plaintiff's contacts **to the forum** are irrelevant to specific personal jurisdiction, binding Supreme Court authority is unequivocal that the connection between a plaintiff's claims **and the defendant's forum contacts** is central to the specific jurisdiction analysis. "For specific jurisdiction, a defendant's general connections with the forum are not enough. … What is needed … is a connection between the forum and the **specific claims at issue**." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017) (emphasis added). As Plaintiff concedes, his claims must ""arise out of, or relate to, Defendant's contacts with the forum." (Dkt 49 at 2.) Thus, for every contact that Plaintiff claims establishes specific jurisdiction—Bitmain HK's alleged offices in California or its alleged participation in the California Crypto Mining Forum—Plaintiff must show how his claims arise from such contacts.[1] If Plaintiff's claims do not actually arise from those contacts, there is no specific jurisdiction over Bitmain HK, period. *See Zithromia Ltd. v. Gazeus Negocios de Internet SA*, No. 17-cv-6475-JD, Order of Dismissal at 2

---

[1] Further, Bitmain HK's position is not, as Plaintiff contends, that specific personal jurisdiction is absent simply because "the Bitmain entity that sold the ASIC devices to Plaintiff is not the Bitmain entity that has the contacts with the forum." (Dkt. 49 at 2.) Although that is true, which Bitmain entity sold the ASIC devices does not even matter if Plaintiff cannot establish that his claims arise from those alleged contacts.

O'Melveny

(N.D. Cal. Nov. 21, 2019) (Donato, J.).

***Second***, Plaintiff misstates the legal standards that apply to a motion to dismiss brought under Rule 12(b)(2). It is ***not*** the case, as Plaintiff insists, that facts alleged in the complaint "must be accepted as true." (Dkt. 49 at 2.) Rather, Plaintiff "bears the burden of establishing that jurisdiction is proper" through an evidentiary showing. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *see also Sher v. Johnson*, 911 F.3d 1357, 1361 (1990) (on a 12(b)(2) motion, "[i]ssues of credibility or disputed issues of fact may require an evidentiary hearing"). And where, as here, the Court is clearly evaluating the parties' evidentiary showing, it would violates basic principles of fairness and due process to permit Plaintiff to conduct discovery, but not Defendant.

***Third***, jurisdictional discovery is not always one-sided, as Plaintiff contends. (Dkt. 49 at 1–2.) Whether jurisdictional discovery on plaintiffs is necessary depends on the specific grounds plaintiffs argue establish personal jurisdiction. While it may be more common for jurisdictional discovery to focus on facts relating to the defendant (for example, the existence of an alter ego relationship between defendant entities), here, Plaintiff seeks to establish specific personal jurisdiction based on a string of unproven contacts with the forum state *that appear to have no connection to any of his claims*. In these circumstances, Defendant must be permitted to seek discovery on the extent to which Plaintiff's claims actually "arise out of" its contacts with the forum.[2] Otherwise, the Court may erroneously find specific personal jurisdiction based on contacts that have nothing to do with Plaintiffs' claims.

***Fourth***, Plaintiff contends it is improper for Bitmain HK to seek discovery from his counsel Christopher Marlborough. What Plaintiff fails to acknowledge is that Mr. Marlborough affirmatively put himself forward as a fact witness on dispositive jurisdictional facts in opposition to Bitmain HK's motion to dismiss. Thus, Bitmain HK is entitled to question his foundation and knowledge of those alleged facts, which are not themselves privileged, and Bitmain HK has always maintained it is willing to meet and confer on the scope of the discovery sought.

Respectfully,

William K. Pao
of O'Melveny & Myers LLP

---

[2] Plaintiff appears to concede that Bitmain HK can seek discovery on him generally, but nevertheless contends, without citation to any authority, that "a party must first obtain permission from the court to take jurisdictional discovery." (Dkt. 49 at 3.) As Bitmain HK explained in its February 24 letter, leave of court was needed to take discovery on Bitmain HK only because it disputed personal jurisdiction.