# The Marlborough Law Firm, P.C.

445 Broad Hollow Road, Suite 400  (212) 991-8960
Melville, New York 11747  (212) 991-8952 fax
chris@marlboroughlawfirm.com

May 14, 2020

**VIA ECF**
Hon. James Donato
United States District Judge
U.S. District Court, Northern District of California, Courtroom 11
450 Golden Gate Avenue
San Francisco, CA 94102

**Re:   *Gevorkyan v. Bitmain, Inc., et al.* (N.D. Cal. Case No. 3:18-cv-07004-JD)**

Plaintiff Gor Gevorkyan brings this discovery matter to the Court's attention because Defendant Bitmain Technologies. Ltd. ("Bitmain HK") (Bitmain HK and Bitmain, Inc. are collectively referred to as "Bitmain") still refuses to abide by this Court's prior discovery Order (ECF No. 53) and produce specific relevant documents that Plaintiff requires to establish jurisdiction, despite multiple meet and confer sessions.[1]  To date Bitmain and Luyao Liu, an executive of many of the Bitmain entities at issue in this case, including Defendants Bitmain HK, Bitmain's Holding Company, and Bejing Bitmain Technologies, Ltd., have produced a total of 19 pages of documents, in response to more than 60 requests for production.[2]  Defendant continues to assert objections that Plaintiff contends were effectively addressed and overruled by this Court's Order.  It is Plaintiff's belief that Bitmain is stonewalling Plaintiff in an apparent attempt to run out the clock on the Court-ordered discovery.

The Parties continue to fundamentally disagree about how to define the scope of specific jurisdiction discovery.  It is Plaintiff's position that the specific claim at issue giving rise to the jurisdictional discovery is that Bitmain HK sold Bitmain ASIC devices to Plaintiff and other consumers in California and that for the purpose of establishing specific jurisdiction, Plaintiff is entitled to discovery relating to contacts between California (the forum) and the sale of Bitmain ASIC devices in California to California consumers, including Plaintiff.  The discovery propounded by Plaintiff is directed to accomplishing precisely that goal.  *See*, e.g., Exhibit 1E Letter to Bitmain dated April 30, 2020.

Bitmain's position with respect to the scope of jurisdictional discovery is significantly more limited. Despite the Court's warning against asserting numerous relevancy objections, Bitmain maintains that Plaintiff must satisfy various preconditions to show that those requests are relevant.  *See* "Exhibit 5," 12/12/2019 Hearing Tr. at 4:21-24.  Defendant maintains that its California contacts are irrelevant unless Plaintiff can show that each specific contact relates directly to the purchase of Plaintiff's specific ASIC devices. For example, in response to Plaintiff's request concerning documents relating to Bitmain's California sales office promoted heavily on Bitmain's social media accounts, and hiring of Sales Specialists to work in that office, Bitmain insists that Plaintiff must first show he had contact with that office or the sales specialists before it will produce any documents.  The basis for Bitmain's relevancy objections was, in essence, previously addressed and rejected at the Court's case management conference when it held that Plaintiff did not need to respond to Defendant's numerous

---

[1] *See* correspondence attached hereto as "Exhibit 1A-F," which confirm attempts to resolve this issue.
[2] *See* "Exhibit 2," RFP Responses and Objections of Defendant Bitmain Technologies, Ltd.; "Exhibit 3," RFP Responses and Objections of Bitmain, Inc.; and "Exhibit 4," RFP Responses and Objections of Luyao Liu.

discovery demands. However, Bitmain continues to inappropriately withhold relevant documents unless and until Plaintiff can show that each request relates directly to Plaintiff's individual connection with the purchase of his ASIC devices.

Further, Bitmain has unilaterally redefined the defined terms "BITMAIN" and "YOU" in several of Plaintiff's discovery requests to refer solely to Bitmain HK, or in the alternative, Bitmain, Inc. *See e.g.*, Exhibit 2, at 8:3-19. Plaintiff defined the term "YOU" to include Bitmain's affiliates, parents and subsidiaries, including Beijing Bitmain and numerous other entities so that all appropriate documents would be produced, from whichever Bitmain entity maintained them. Bitmain responded by narrowly interpreting "YOU" to apply only to the specific entity receiving the demand, rather than its related entities, so that Bitmain can take the position that certain documents are not in Bitmain's "possession, custody or control." In addition, Mr. Liu only responded to document requests provided in his personal possession, and excluded documents that he may have access to in his capacity as an executive of those related entities, including Beijing Bitmain.

Moreover, in order to establish which Bitmain entity actually has the documents, Plaintiff needs to depose Bitmain's FRCP 30(b)(6) deponent, who Defendants have identified as Mr. Liu. Unfortunately, Bitmain has advised Plaintiff that Mr. Liu, who is located in Mainland China, is unavailable for deposition prior to the June 7, 2020 discovery deadline set by the Court due to COVID-19 travel restrictions. As of the date of this letter,[3] Bitmain is unwilling to even consider additional dates after the restriction are lifted, absent a Court approved extension. Moreover, Plaintiffs cannot take Mr. Liu's deposition by video because there is a prohibition under Chinese law against taking depositions, in any format, in Mainland China in a foreign lawsuit.

**Plaintiff's Discovery Requests:**

Plaintiff seeks to compel documents regarding the following issues that go directly to specific jurisdiction, and seeks a determination by the Court that Bitmain's relevancy objection is meritless:

The sales volume of ASIC devices in California (Bitmain HK RFP Nos. 9-10); sales activity in California, whether by Bitmain directly or indirectly through its affiliates, including the maintenance of a sales office in the forum (Bitmain HK RFP No. 14; Bitmain, Inc. RFP No. 14); employment of personnel in the forum (Bitmain HK Nos. 1-2, 4, 19; Bitmain, Inc. RFP Nos. 1-2); adverting for job openings in the forum (Bitmain HK RFP No. 3; Bitmain, Inc. RFP No. 3); direction of website activity in the forum (Bitmain HK RFP Nos. 5-8, 15; Bitmain, Inc. RFP Nos. 5-8, 15); hosting of portions of its website in the forum (Bitmain HK RFP No. 15; Bitmain, Inc. RFP No. 15); communications with Plaintiff in the forum (Bitmain HK RFP Nos. 11-13; Bitmain, Inc. RFP Nos. 11-13); the relationships between the Bitmain entities brought directly to issue in Bitmain HK's Motion to Dismiss, including Bitmain Technologies, Ltd, Bitmain, Inc., Bejing Bitmain Technology Co., Ltd. (Bitmain HK RFP Nos. 17, 19; Bitmain, Inc. RFP Nos. 17-18, 20-22); and the connection between Bitmain and the State of California (Bitmain HK RFP No. 21; Bitmain, Inc. RFP No. 24).[4]

Plaintiff contends that documents concerning all of these issues are relevant to establishing specific jurisdiction as Plaintiff understands the law and this Court's order, and should be produced, yet, for

---

[3] The Parties will duly inform the Court in subsequent briefing if they are able to resolve any issues after the filing of this letter.
[4] During a call on May 14, 2020 (the "May Call"), Bitmain tentatively agreed to produce revenue and sales volume figures, and documents regarding the connection between Bitmain and the State of California, but those documents have not yet been produced.

each request, Bitmain has taken the position that the documents are not legally relevant and/or are not in Bitmain's custody, possession or control based on its narrow interpretation of Plaintiff's demands.

Plaintiff is also entitled to all documents that support or contradict the representations made by Luyao Liu in support of Bitmain HK's Motion to Dismiss (NOD to Luyao Liu, RFP Nos. 1-15), which are relevant to specific jurisdiction, and even if they are not in Mr. Liu's "personal" possession, custody or control, must produced.  *See e.g. Allen v Woodford*, 2007 US Dist LEXIS 11026, at *17 (ED Cal Jan. 30, 2007, No. CV-F-05-1104 OWW LJO) (requiring employee to produce company documents where the employee has the practical ability to obtain them).

**Plaintiff's Position:**

This Court soundly rejected Bitmain's objection.  As the Court noted, "the case law is clear that 'it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him'" (ECF No. 53).  The sole inquiry at this stage is whether *Defendant* has sufficient contacts with California such that it would be fair for it to be haled into court here.  The focus is not on whether Plaintiff has sufficient contacts with Defendant's ASIC sales-related contacts in California.

As this Court noted in *Sharpe v Puritan's Pride, Inc.*, 2019 US Dist. LEXIS 6526, at *12 (N.D. Cal. Jan. 14, 2019), with respect to jurisdictional discovery concerning California purchasers  "[t]he proper focus, however, is on the defendant and its connection to the forum, *regardless of what contacts the plaintiff might have there*." (Emphasis added).  On April 21, 2020, the Court affirmed that, with regard to specific personal jurisdiction, the inquiry is solely whether there is a connection between the forum and the specific claims at issue: that Bitmain HK sold ASIC devices to Plaintiff and other consumers in California.  *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017)*; see also Goodyear Dunlop Tires Ops, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (requiring "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation" in order for a court to exercise specific jurisdiction) (internal quotation marks and brackets omitted).

Further, with respect to the related entities, Defendant is not permitted to redefine Plaintiff's discovery requests in any way it sees fit in order to withhold relevant documents. For any request where Bitmain claims it has no responsive documents in its possession as a result only of its narrow interpretation of Plaintiff's definition of "BITMAIN" and "YOU," Bitmain must produce documents consistent with the broader interpretation of the definition as set forth in the discovery requests.

Compounding the problem, Defendant refuses to make available for deposition Luyao Liu, Chief Financial Officer of several Bitmain entities, who submitted several declarations in support of Bitmain HK's motion to dismiss for lack of jurisdiction.

In the interest of avoiding a formal motion to compel production, we ask that the Court weigh in regarding the foregoing issues and confirm the scope of Defendant's discovery obligations.

Respectfully submitted,

*Christopher Marlborough*
Christopher Marlborough