EXHIBIT 1A



| | |
|---|---|
| **KARO KARAPETYAN, ESQ.** | **T** (818) 914-3433 |
| Of Counsel | **D** (818) 924-2115 |
| karo@frontierlawcenter.com | **F** (818) 924-2115 |

March 18, 2020

***VIA EMAIL AND USPS***

William Pao
David Iden
Carlos Lazatin
O'Melveny & Myers LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
wpao@omm.com
diden@omm.com
clazatin@omm.com

**Re:** ***Gor Gevorkyan v. Bitmain, Inc. et al., Case No. 3:18-cv-07004-JD (N.D. Cal)*** – Meet and Confer Letter Regarding Objections and Responses to Plaintiff's Jurisdictional Discovery

Counsel:

We are in receipt of Bitmain Technologies Limited, Inc's ("BTL") February 18, 2020 Objections and Responses to Gor Gevorkyan's ("Plaintiff") First Set of Requests for Production, as well as his subpoenas directed at Bitmain, Inc. ("Bitmain") and Luyau Liu ("Lui") (BTL, Bitmain, and Liu are collectively referred to herein as "RESPONDING PARTIES"). This meet and confer letter sets forth the deficiencies in the RESPONDING PARTIES' discovery responses with the hope that we can resolve this discovery dispute without court intervention. Avoiding court intervention would be particularly beneficial to your client considering Judge Donato's directives at the hearing on BTL's Motion to Dismiss, during which His Honor ordered the RESPONDING PARTIES to fully comply their disclosure obligations under the Federal Rules by, in particular, avoiding asserting baseless relevancy objections:

> [T]he discovery is going to be wide open, but it is going to be just for jurisdiction…There are no limits. ***I do not want to hear from the Defendant: We decline to answer X, Y and Z because we think they are irrelevant. Don't do that. I'm telling you now.***[1]

In direct violation of the Court's Order, RESPONDING PARTIES repeatedly asserted relevance-based objections which were poorly camouflaged as objections on the grounds of undue burden and overbreadth. Each of the deficiencies in RESPONDING PARTIES' discovery responses are set forth below.

---

[1] 12/19/19 Hr'g Tr. at 4:17-24.

I.   **RESPONDING PARTIES' OBJECTIONS ON THE GROUNDS THAT "NOTHING IN THE RECORD SUGGESTS PLAINTIFF" INTERACTED WITH ONE OF DEFENDANTS' CALIFORNIA CONTACTS ARE MERITLESS**

As discussed above, despite the Court's Order, RESPONDING PARTIES still appear to be asserting relevance objections. These objections – which are all boilerplate, nearly cut-and-paste permutations of one another – appear in Bitmain and BTL's responses to RFP Nos. 1-8, 11, and 14-16, as well as in Liu's responses to RFP Nos. 5 and 7-15. By way of example, in RFP No. 4 directed to BTL, Plaintiff requested that it produce "All documents concerning the job responsibilities and workplace procedures of Bitmain Sales Specialists referred to in Dkt. No. 35-4 and their supervisors." In response, BTL objected on the grounds that the question was "overbroad" and then provided the following "support" for this objection:

> This Request seeks information about job responsibilities and workplace procedures for "sales specialists," yet nothing in the record suggests Plaintiff ever was in contact with sales specialists prior to purchasing the ASIC devices that are the subject of this action. The Ninth Circuit employs the "but-for" test in deciding whether an alleged contact with the forum state meets the nexus element of the three-pronged specific jurisdiction analysis. *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The Ninth Circuit has held that claims 'arise out of' contacts with the forum state if, but for those contacts, the claim would not have arisen."). If Plaintiff was not in contact with sales specialists prior to his purchases of ASIC devices that are the subject of this action, then his claims could not have 'arisen out of' this alleged contact with the forum state."

Simply put, this "objection" rests on nothing more than a flawed interpretation of law related to specific personal jurisdiction, and violates the Court's Order prohibiting the RESPONDING PARTIES from asserting relevance objections. Accordingly, we ask that you withdraw these objections and produce all responsive documents.

***First***, RESPONDING PARTIES reference a portion of an opinion by Judge Donato that actually undermines the merit of their relevance objection. "Relevance" is construed broadly to encompass any matter that bears on, or could reasonably lead to other matters that could bear on, any issue that is or may be in the case. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In analyzing personal jurisdiction over tort claims, the Ninth Circuit applies the three-part "effects test" derived from *Calder v. Jones* – which focuses on defendant's contacts with the forum state itself and ***not defendant's direct contacts with the plaintiff***. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802–807 (9th Cir. 2004).

On all scores, RESPONDING PARTIES' objection on the purported basis that Plaintiff had no "direct contact" or "direct interaction" with RESPONDING PARTIES, their agents, or their social media accounts, is completely frivolous. RESPONDING PARTIES may not refuse to produce the requested documents on the ground that "Plaintiff did not interact with Bitmain's

California contacts." With regard to specific personal jurisdiction, the inquiry is solely whether there is a connection between the forum and the specific claims at issue. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017)*; see also Goodyear Dunlop Tires Ops, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (in order for a court to exercise specific jurisdiction, there must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.") (internal quotation marks and brackets omitted).

Plaintiff's specific claim, as alleged in the Complaint, and which must be accepted as true at the pleading stage, is that Plaintiff purchased Bitmain ASIC devices from Defendant in California. Therefore, all that is relevant is Plaint's claim that RESPONDING PARTIES purposefully availed themselves of conducting sales activities of ASIC devices in the forum state (California), or purposefully directed their conduct at California, and that Plaintiff's claims arise out of, or relate to, RESPONDING PARTIES' contacts with the forum. *Plaintiff's contacts or conduct* are irrelevant to each of these inquiries. As this Court noted in *Sharpe v Puritan's Pride, Inc.*, 2019 U.S. Dist. LEXIS 6526, at *12 (N.D. Cal. Jan. 14, 2019), "[t]he proper focus, however, is on the defendant and its connection to the forum, *regardless of what contacts the plaintiff might have there*." (Emphasis added).

The focus is not on whether Plaintiff has sufficient contacts with Defendant's ASIC sales-related contacts in California. Whether Plaintiff ever visited Bitmain offices in California or attended the California Crypto Mining Forum does not bear on Plaintiff's right to seek jurisdictional discovery from RESPONDING PARTIES on these issues. Essentially, your objection is based on the belief that because the parties or entities on whom Plaintiff seeks discovery did not have direct contact with Plaintiff, then there is no personal jurisdiction. What you are referring to is called "individualized targeting." Individualized targeting occurs when a defendant engages in wrongful conduct that targets a plaintiff whom the defendant knows to be a resident in the forum state. But as the 9th Circuit held in *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064 (9th Cir. 2017), individualized targeting is not alone sufficient to establish personal jurisdiction because it fails to show that the defendant "expressly aimed" its conduct at the forum. Instead, a court "must look to the defendant's 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connection to a forum." (*Id.* at 1070).

Here, our requests were narrowly tailored to discover information about Bitmain's direct contacts with the State of California. Simply because Plaintiff may not have had direct interaction with the agents or entities now subject to discovery does not negate Plaintiff's theory that those parties and entities, through their contact with California on behalf of Bitmain, created a situation where Plaintiff was injured. Whether Plaintiff was in direct contact with those agents or entities is not of any relevance for the purpose of establishing personal jurisdiction, and need not be established as a prerequisite for Plaintiff to obtain the requested documents. What is relevant is whether, as a result of those agents or entities contacts with California, it allowed for or caused Plaintiff to suffer injury.

**Second**, in order to properly state an objection on the basis of overbreadth or undue burden and expense, "[t]he objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the

burden." *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D.Kan. 1997); *see also, Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986) (holding that it is not sufficient to merely state a generalized objection, but, rather, objecting party must demonstrate that a particularized harm is likely to occur if the discovery be had by the party seeking it).

RESPONDING PARTIES have wholly failed to substantiate the nature of the purported burden associated with providing a response. Simply saying a request is "overbroad" or "irrelevant" does not make it so. If RESPONDING PARTIES have a meritorious belief that particular request is overbroad or irrelevant, then they must explain why, and Plaintiff will consider it.

**Third**, Rule 26(b)(1) generally limits discoverable information to "nonprivileged matter that is relevant to any party's claim or defense." The limitation requires the courts and the parties to focus on the "actual claims and defenses involved in the action." This narrowly defined focus does not mean that a fact must be alleged in a pleading for a party to be entitled to discovery of information concerning that fact. All it means is that the fact must be germane to a claim or defense alleged in the pleading for information concerning it to be a proper subject of discovery. *See, e.g., In re PE Corp. Secs. Litig.*, 221 F.R.D. 20, 24 (D. Conn. 2003) (Noting that 2000 amendment to Rule 26(b) implies that information being sought need not be specifically alleged, but must instead merely be germane to a claim or defense alleged.) Consequently, Plaintiff is permitted to inquire into matters which appear reasonably related to discovery of RESPONDING PARTIES' contacts with California. The discovery of information which may establish jurisdiction is unquestionably "germane" to Plaintiffs' claims, as well as to Responding Parties' "defenses" relating to lack of both general and specific personal jurisdiction. This is particularly true since California is the hub of Bitmain's device sales and service operations for the entire North Central and South America region.

For the foregoing reasons, we ask that you withdraw this objection from Bitmain and BTL's responses to RFP Nos. 1-8, 11, 14-16, as well as from Liu's responses to RFP Nos. 5 and 7-15, and produce all responsive documents.

## II.   RESPONDING PARTIES' GENERAL OBJECTIONS ARE MERITLESS

RESPONDING PARTIES assertion of twelve general objections in each response violates the Federal Rules of Civil Procedure and is improper. "General objections to discovery, without more, do not satisfy the burden of the responding party under the Federal Rules of Civil Procedure...because they cannot be applied with sufficient specificity to enable courts to evaluate their merits." *Hager v. Graham*, 267 F.R.D. 486, 492 (N.D. W. Va. 2010) (citations omitted); *see also, Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005) (holding that "boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege."); *Covington v. Sailormen Inc.*, 274 F.R.D. 692, 693 (N.D. Fla. 2011) ("[B]oilerplate, shotgun-style 'General Objections' [which] were incorporated into every answer...are not consistent with the Federal Rules of Civil Procedures' goal of securing 'the just, speedy, and inexpensive determination of every action.'"); *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 539 (D. Kan. 2006) (Finding party's "general objections" improper and consequently waived).

Based on the foregoing, we request that RESPONDING PARTIES withdraw their general objections and serve amended responses that specifically tailor each objection to each specific request.

## III.   RESPONDING PARTIES' OBJECTIONS TO PLAINTIFF'S DEFINITIONS ARE MERITLESS

Federal courts have uniformly required responding parties to apply the propounding parties' instructions and definitions to their responses – so long as the instructions and definitions are reasonable. *See Orgulf Transp. Co. v. Magnolia Marine Transp.*, 1998 U.S. Dist. LEXIS 9732, 1998 WL 351845 at *1 (E.D. La. June 25, 1998) (overruling an objection to definitions used in discovery requests where the court found the definitions to be helpful and necessary in light of defendant's alleged failure to understand rudimentary terms frequently used in the Federal Rules of Civil Procedure). In answering discovery, a responding party has "an obligation to construe…discovery requests in a reasonable manner." *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 618-19 (D. Colo. 2007); *see also King-Hardy v. Bloomfield Board of Education*, 2002 WL 32506294, *5 (D. Conn. Dec. 8, 2002) (responding party must give discovery requests a reasonable construction, rather than strain to find ambiguity); *Adolph Coors Co. v. American Insurance Co.*, 164 F.R.D. 507, 518 (D. Colo. 1993) (in responding to discovery requests, a responding party is "obligated…to put the collective heads of its lawyers and agents together…to give those requests a reasonable construction"). "Respondents should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in [the discovery requests]." *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 310 (D. Kan. 1996); *see also McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000) ("A party responding to discovery requests should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized…") (citations omitted). Therefore, a discovery request is not objectionable to the extent that it may be reasonably construed to seek relevant information that the responding party is capable of providing.

Further, the mere statement that a definition is "overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection." *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir.1982) (quoting *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D.Pa.1980)); *see also Oleson*, 175 F.R.D. at 565 ("The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request.") (citations omitted). "On the contrary, the party resisting discovery 'must show specifically how…each [definition] is not relevant or how [it] is overly broad, burdensome or oppressive.'" *Josephs*, 677 F.2d at 992 (quoting *Roesberg*, 85 F.R.D. at 296-97); *see also Oleson*, 175 F.R.D. at 565 ("The objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); *Cipollone*, 785 at 1121 (3d Cir.1986) (holding that it is not sufficient to merely state a generalized objection, but, rather, objecting party must demonstrate that a particularized harm is likely to occur if the discovery be had by the party seeking it).

Here, RESPONDING PARTIES' blanket objections to Plaintiff's definition of "COMMUNICATION," "DOCUMENT" and "YOU" are entirely inappropriate and violative of the Federal Rules. To begin with "YOU" is almost always intended to refer to "past and present

parents, subsidiaries, etc." Notwithstanding, RESPONDING PARTIES objected to this very clear, common, and customary definition because it "appear[s] overbroad and unduly burdensome and results in requests that seek documents not relevant to the limited scope of jurisdictional discovery." In short, it is not within RESPONDING PARTIES' province to redefine the scope of Plaintiff's discovery demands simply because they "believe" that Plaintiff's definition of "YOU" would require production of "irrelevant" documents. This is particularly true when considering that the objections to Plaintiff's definitions are entirely bereft of any factual substantiation. As previously stated, the party resisting production bears the burden of establishing lack of relevancy or undue burden and expense. *Oleson*, 175 F.R.D. at 565 (D.Kan.1997) ("The objecting party has the burden to substantiate its objections.") (citing *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540 (10th Cir. 1984); *accord Flora v. Hamilton*, 81 F.R.D. 576, 578 (M.D.N.C.1978). In this case, other than the bald assertion that the definitions impose an "undue burden and expense," you provide nothing to substantiate the objection.

Simply put, RESPONDING PARTIES' objection to Plaintiff's definition of "YOU" is entirely improper. "YOU," as currently defined in Plaintiff's RFPs, consists of all of Bitmain Technologies Ltds's parent and subsidiary corporations – including Bitmain Beijing, Bitmain, Inc., and Shenzhen Century Cloud Core Technology. As you are well aware, in his self-serving reply declaration, Mr. Liu described Shenzhen Century Cloud Core Technology as the company to which manufacturing of the Bitman's ASIC device repair services is outsourced, but failed to disclose to the Court that the company is an indirect subsidiary of Bitmain Technologies, Ltd. and a direct subsidiary of Bitmain Beijing. Moreover, RESPONDING PARTIES appear particularly keen on refusing to answer any questions concerning activities of Bitmain Beijing and Bitmain Inc., but their bases for refusing to answer rests solely on factually unsupported "overbreadth and undue burden" objections. In sum, because your clients failed to provide a detailed explanation of why our definitions are objectionable, we ask that RESPONDING PARTIES withdraw these objections, serve amended responses, and produce documents responsive to Plaintiff's discovery requests using the definitions we provided.

## IV. THE INTERPLAY BETWEEN THE SCOPE OF DISCOVERY AND CLAIMS OF PRIVILEGE

The general scope of allowable discovery is set forth in Rule 26 of the Federal Rules of Civil Procedure. Rule 26 states that discovery is permitted "as to any relevant matter which is not privileged; and since the discovery provisions are to be applied as broadly and liberally as possible, the privilege limitation must be restricted to its narrowest bounds." *Hickman v. Taylor*, 329 U.S. 495, 506 (1947). In light of this bedrock principle of our legal system, courts are loath to impose limitations upon discovery which come in the form of overly broad claims of evidentiary privilege. *See, e.g., Foster v. Hill*, 188 F.3d 1259, 1264 (10th Cir.1999) (asserting that the party claiming a privilege must prove its applicability, that privileges are narrowly construed for purposes of discovery, and that the party bears the burden as to specific questions and documents, not by making a blanket contention, but by providing specific responses).

In this case, RESPONDING PARTIES repeatedly asserted an objection "to the extent" the request calls for production of attorney-client communications or work-product. Yet, RESPONDING PARTIES' objections fail to identify the precise privilege being applied; why it would apply; how it would apply; or when it would apply. Basically, objecting "to the extent" the

request calls for documents protected under work product or attorney-client privileges is tantamount to saying "We might have documents which are privileged, but we aren't disclosing which ones are privileges, why they're privileged, or providing you with a general description of their contents." This is inappropriate.

To be sure, there may be circumstances where lodging a "to the extent" privilege objection might be appropriate for purposes of posterity, but in this case, the records being requested are everyday business records. They are not privileged; they were not created in anticipation of litigation; and they have not been designated confidential by court order. Moreover, even if some sort of privilege for withholding the requested information did exist, Rule 26(b)(5) provides that when a party withholds information otherwise discoverable under the Rules by claiming privilege, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Because RESPONDING PARTIES' generalized claims of "privilege" are not considered a basis for refusing to answer – or failing to specify precisely whether they possess privileged documents or not – the objection fails, and standing on the objection will result in a waiver of any privilege which may have legitimately attached. *See Ott v. City of Milwaukee*, 2010 WL 5095305, at *6–*7 (E.D. Wis. Dec. 8, 2010) (slip copy) (granting motion to compel when objecting party failed to provide privilege log or other indication of number or nature of documents being withheld). Accordingly, we ask you to withdraw the objections relating to privilege unless your clients are able to (1) identify the privilege being invoked; (2) describe and explain the reason why the privilege applies; and (3) provide a privilege log describing the nature of the items or information being withheld.

## V.   RESPONDING PARTIES' "PROPORTIONALITY" OBJECTIONS ARE INVALID

The 2015 amendments to Rule 26(b) emphasize that discovery must be "proportional to the needs of the case." This particular amendment was not intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional. Rather, it was intended to reinforce the parties' obligation to consider proportionality in making discovery requests, responses, or objections, and the court's responsibility to consider proportionality in resolving discovery disputes. *See* Fed. R. Civ. P. 26(b) advisory committee note of 2015.

Here, RESPONDING PARTIES repeatedly object to Plaintiff's requests on the grounds of "proportionality," but as the drafters of the 2015 amendments explained, this rule change was not intended to allow for "proportionality" to be utilized an objection per se, but that it was instead designed to remind the parties and the court to consider proportionality in resolving their discovery disputes.

Because RESPONDING PARTIES' "proportionality" objection is not invalid, we ask that you withdraw it and serve amended responses. To the extent (in theory) it is a valid objection, the objection would still fail as it is completely unsupported with any explanation as to how the

narrowly tailored jurisdictional discovery being requested is somehow "disproportional" to the needs of the case.

## **CONCLUSION**

As explained above, Plaintiff's discovery requests were narrowly tailored to seek relevant documents and information related to personal jurisdiction of the Court over RESPONDING PARTIES. Nonetheless, RESPONDING PARTIES have refused to properly produce documents or answer basic questions supporting their legal and factual positions. Upon review of this meet and confer letter, please inform us whether you will reconsider your objections. If not, we will be moving the Court to compel RESPONDING PARTIES to properly respond to Plaintiff's requests and produce responsive documents underlying your RESPONDING PARTIES' various stated defenses.

Pursuant to our obligations under the Rules and Judge Donato's Standing Order Regarding Civil Discovery, on or before March 20, 2020, please provide us with your availability for an in-person meet and confer during the week of March 30, 2020, at your office in Century City to further discuss these matters.

Very Truly Yours,

FRONTIER LAW CENTER

Karo G. Karapetyan, Esq.

1

## **PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

       I am employed in the County of Los Angeles, State of California.  I am over the age

4
of 18 and not a party to this action; my business address is 23901 Calabasas Rd., #2074, Calabasas, CA 91302.

5

       On March 18, 2020, I served the foregoing document(s) described as set forth below on the

6
interested parties in this action by placing true copies thereof enclosed in sealed envelopes.

7
Document(s) Served:  Plaintiff Gor Gevorkyan's Meet and Confer Letter Regarding Objections and Responses to Plaintiff's Jurisdictional Discovery.

8

9
Person(s) Served:      **O'MELVENY & MYERS LLP**
                       Carlos Lazatin

10
                       400 South Hope Street
                       18th Floor

11
                       Los Angeles, California 90071

12
   __   (BY FAX) I hereby certify that this document was served by fax delivery on all parties

13
listed herein at their respective most recent fax numbers of record in this action on this date.

14
   XX  (BY MAIL)  I deposited such envelope in the mail at Calabasas, California.  The envelope was mailed with postage thereon fully prepaid.

15
   __  (STATE)  I declare under penalty of perjury under the laws of the State of California

16
that the above is true and correct.

17
   XX  (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

18
      EXECUTED at Calabasas, California on March 18, 2020

19

20

21

22
                                     Karo G. Karapetyan

23

24

25

26

27

28

# EXHIBIT 1B



O'Melveny & Myers LLP
400 South Hope Street
18th Floor
Los Angeles, CA 90071-2899

T: +1 213 430 6000
F: +1 213 430 6407
omm.com

March 30, 2020

**William K. Pao**
D: +1 213 430 7272
wpao@omm.com

**VIA EMAIL**

Karo Karapetyan
Frontier Law Center
23901 Calabasas Road, Suite 2074
Calabasas, CA 91302

Re:     *Gor Gevorkyan v. Bitmain, Inc., et al., N.D. Cal. Case No. 3:18-cv-07004-JD – Meet and Confer Letter Regarding Objections and Responses to Plaintiff's Jurisdictional Discovery*

Dear Karo:

This letter responds to your March 18, 2020, meet-and-confer letter regarding Bitmain Technologies Ltd.'s ("Bitmain HK"), Bitmain, Inc.'s, and Luyau Liu's (together, "Bitmain") responses and objections to Plaintiff's jurisdictional discovery requests and subpoenas.

**I.  Bitmain's Objections on Ground that Plaintiff Has No Relationship to Bitmain's Alleged Forum Contacts**

Much of your letter focuses on what you contend are "relevance-based objections which were poorly camouflaged as objections on the grounds of undue burden and overbreadth." (Ltr. pp. 1–3.) First, there was no attempt in Bitmain's responses to "camouflage" its objections. Its burden and overbreadth objections are not relevance objections in disguise—they are objections on the grounds of undue burden and overbreadth. Your suggestion that Bitmain acted in bad faith is disappointing and unfounded. Second, your accusation that Bitmain's objections are in "direct violation" of a court order is completely off-base. The Court expressed that it would look unfavorably on frivolous relevance-based objections to otherwise proper requests seeking information related to specific personal jurisdiction. It did not order Bitmain not to object to any requests on the basis of relevance or any other ground—nor could it. The scope of discovery is established by the Federal Rules of Civil Procedure, and Bitmain is well within its rights to object to Plaintiff's requests on any valid ground.

The Court has granted Plaintiff leave to take discovery on Bitmain, but it **specifically limited the scope of discovery** to the question of specific personal jurisdiction over Bitmain HK. (Tr. at 4:18–21.) A threshold issue for each request, therefore, is whether it actually seeks discovery of information related to the Court's specific personal jurisdiction over Bitmain HK. And at the center of Bitmain's objections is Plaintiff's overreach beyond the scope of jurisdictional discovery as defined by the Court. The Court did not suggest during the December 19, 2019,



hearing that Bitmain would be penalized for or prevented from objecting to requests that go beyond the scope of jurisdictional discovery it ordered.

In your letter, you contend that Bitmain is relying on a "flawed interpretation of law related to specific personal jurisdiction," and that under a correct reading of the law "Plaintiff's contacts or conduct are irrelevant to" specific personal jurisdiction." (Ltr. p. 3.) You contend that every request is proper if it seeks "information about Bitmain's direct contacts with the State of California." (*Id.*; *see also id.* p. 4.) Respectfully, we believe you have misconstrued both the law and Bitmain's position.

Specifically, you are conflating Plaintiff's forum contacts with Plaintiff's relationship or connection to Bitmain HK's or Bitmain Inc.'s forum contacts. Although courts have generally found a plaintiff's contacts **to the forum** are irrelevant to specific personal jurisdiction, binding Supreme Court authority is unequivocal that the connection between a plaintiff's claims **and the defendant's forum contacts** is central to the specific jurisdiction analysis. "For specific jurisdiction, a defendant's general connections with the forum are not enough. … What is needed … is a connection between the forum and the **specific claims at issue**." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017) (emphasis added). That is, Plaintiff's claims must "arise out of or relat[e] to the defendant's contacts with the forum." *Id.* at 1780 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014)). For every contact that Plaintiff claims establishes specific jurisdiction, Plaintiff must show how his claims arise from such contacts. If Plaintiff's claims do not actually arise from those contacts, there is no specific jurisdiction over Bitmain. *See Zithromia Ltd. v. Gazeus Negocios de Internet SA*, No. 17-cv-6475-JD, Order of Dismissal at 2 (N.D. Cal. Nov. 21, 2019) (Donato, J.).

Plaintiff's requests go far beyond any forum contacts that Plaintiff's claims appear to "arise out of or relate to." Plaintiff has asked for extensive information about Bitmain's supposed contacts in California, including (i) wage statements and other information about a "Bitmain Sales Specialist" who Plaintiff contends works in California, (ii) the identities of anyone who "created, maintained, and/or provided" content for Bitmain's YouTube channel, Twitter accounts, and Facebook pages, (iii) lease agreements for a property in San Jose, California, and (iv) vendor contracts for a California Crypto Mining Forum held in August 2019. These requests are in no way "narrowly tailored" to the issue of specific personal jurisdiction. (Ltr. p. 3.) Given that Plaintiff alleges he bought Bitmain ASIC devices in January 2018, it is not obvious to me how his claims arise out of Bitmain's contract with a coffee vendor for a Crypto Mining Forum held more than a year after he bought his ASIC devices.

As Bitmain indicates in its responses, we are willing to meet and confer with Plaintiff to determine how the information Plaintiff is seeking would help establish specific personal jurisdiction. So far, Plaintiff has refused to disclose **any** information about his use of Bitmain's social media pages, his relationship with any "Bitmain Sales Specialist" in California, or his connection to an alleged Bitmain address in San Jose. Without any indication that these requests are likely to lead to information that could arguably establish jurisdiction, these



requests are grossly disproportionate to Plaintiff's need for jurisdictional discovery,[1] and they place an unreasonable burden on Bitmain to dig up information that has no apparent value to the case.

Because this burden to Bitmain is obvious given the limited scope of discovery, it was unnecessary for Bitmain to substantiate that burden through affidavit or otherwise show a "particularized harm" with admissible evidence. (Ltr. pp. 3–4.)

For these reasons, Bitmain will not withdraw its objections, though we continue to be willing to meet and confer on any relationship Plaintiff may have to the forum contacts on which he is seeking discovery.

## II. Bitmain's General Objections

You contend that general objections are categorically improper. (Ltr. p. 4.) We disagree. Each of the general objections that Bitmain asserts in its responses could be specifically incorporated in its specific objections, and in fact they are. That the same language can be used to object to each of Plaintiff's requests does not convert these objections into "boilerplate."

Bitmain will not agree to a wholesale withdrawal of its general objections. Bitmain, however, is willing to meet and confer on any concerns Plaintiff may have as to each objection and its application to each request. Please be prepared to explain, for example, why the objection to the requests "insofar as they seek documents concerning matters unrelated to the limited scope of jurisdictional discovery the Court permitted at the December 19, 2019 hearing" is improper.

## III. Bitmain's Objections to Plaintiff's Definitions

You contend that Bitmain must comply with any definitions or instructions that Plaintiff sets forth "so long as the instructions and definitions are reasonable." (Ltr. p. 5.) Even assuming this is a correct statement of the law, Bitmain's objections focus on the ways in which Plaintiff's definitions and instructions are *not* reasonable. It is not reasonable, for instance, for Plaintiff to seek documents not in Bitmain's possession, custody, or control. Nor is it reasonable for Plaintiff's definitions or instructions to expand the scope of discovery allowed by the Court or the Federal Rules of Civil Procedure.

Further, Plaintiff's definitions make no sense. For example, Plaintiff defines "You" to include all "past and present parents, subsidiaries, affiliates, predecessors, successors, employees, independent contractors, officers, directors, agents, vendors, accountants, and all other PERSONS or entities acting on its behalf or under its direct or indirect control." But in Request

---

[1] In your letter, you contend that parties may not object on the basis of proportionality, and that the Rules simply operate to "remind the parties and the court to consider proportionality in resolving their discovery disputes." (Ltr. at 7–8.) Bitmain considered proportionality in objecting to Plaintiff's grossly overbroad discovery requests. You cite only the 2015 advisory committee note to Rule 26(b), but that advisory note does not support your contention that proportionality—which is one of the expressly enumerated parameters of the scope of discovery in Rule 26(b)—is not a valid ground for an objection.



for Production No. 20 to Bitmain HK, Plaintiff requests that Bitmain HK produce "ALL DOCUMENTS, not otherwise requested or produced, that establish the relationship between YOU and Beijing Bitmain Technology Co., Ltd., and Shenzen, Century Cloud Core Technology, Co." Taking Plaintiff's definition of "You" literally, that would mean, for example, the request is asking for documents establishing the relationship that Beijing Bitmain Technology Co., Ltd., an affiliate of Bitmain HK, has with itself. Indeed, from this request, it is clear that Plaintiff himself is interpreting "You" exactly as Bitmain is, *i.e.*, as the entity the request is expressly directed to, *i.e.*, Bitmain HK.

Bitmain stands on its objections to Plaintiff's definitions and will not agree to a wholesale withdrawal. As with the general objections, however, Bitmain is willing to meet and confer on any specific concerns that Plaintiff has as to each objection. For example, as to Bitmain's objection to the definition of "You," please be prepared to explain why it is proper for Bitmain to produce documents relating to all its "vendors" or "accountants."

## IV. Bitmain's Objections on the Basis of Privilege

In your letter, you ask Bitmain to withdraw its objections on the basis of privilege because they "fail to identify the precise privilege being applied; why it would apply; how it would apply; or when it would apply." (Ltr. p. 6–7.) First, it was necessary and appropriate for Bitmain to object to Plaintiff's requests "to the extent" they called for privileged information only because those requests are overbroad and frequently seek "all documents" that "concern" particular topics. Second, these objections are especially proper given the continuing nature of Bitmain's search for responsive information and Bitmain's express reservation of the right to supplement its responses. Bitmain will not withdraw these objections.

That said, I can tell you that Bitmain is not presently withholding any document on the basis of privilege. If Bitmain later discovers responsive documents that are privileged, it will of course provide a privilege log consistent with the Federal Rules of Civil Procedure.

*        *        *

We hope this letter has resolved your concerns. If not, we are willing to meet in person pursuant to Judge Donato's Standing Order Regarding Civil Discovery. However, we are unable to provide you with our availability the week of March 30. The City of Los Angeles has issued a "stay at home" order to help control the COVID-19 pandemic. That order is not set to expire until April 19, 2020. In response to the "stay at home" order, and to protect its personnel, O'Melveny's Century City and Los Angeles offices are both closed indefinitely. I will let you know when this situation changes, and in the meantime, we hope you and your family stay safe and healthy.

Respectfully,

William K. Pao
of O'Melveny & Myers LLP

EXHIBIT 1C

# THE MARLBOROUGH LAW FIRM, P.C.

445 Broad Hollow Road, Suite 400      (212) 991-8960
Melville, New York 11747      (212) 991-8952 fax
     chris@marlboroughlawfirm.com

April 23, 2020

WILLIAM K. PAO
O'MELVENY & MYERS LLP
400 South Hope Street
18th Floor
Los Angeles, California 90071-2899

     Re: _Gevorkyan v. Bitmain Technologies Ltd._

Dear William:

This letter follows the Court's April 21st pre-motion conference, and is an attempt to further meet and confer on outstanding issues in connection with Plaintiff's First Set of Requests for Production and subpoenas directed at Bitmain, Inc. ("Bitmain") and Luyao Liu ("Lui").

In light of the Court's April 21, 2020, Minute Order denying Defendant's request for discovery from Plaintiff and his counsel, please be advised that Plaintiff will not be responding to that discovery.

Further, the Court's Minute Order makes clear that "it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him," regardless of what contacts the Plaintiff might have had with Defendant. _Walden v. Fiore_, 571 U.S. 277, 287 (2014). The Court's ruling has narrowed the issues relating to your clients' objections to Plaintiff's discovery requests. Accordingly, on or before May 6, 2020, we expect to receive a full production of documents responsive to Plaintiff's requests, including but not limited to any documents that are being withheld based on the objection that Plaintiff has no connection to Bitmain's alleged forum contacts.

Please let us know if there are any other issues on which you would like to meet and confer

CHRISTOPHER MARLBOROUGH

EXHIBIT 1D



O'Melveny & Myers LLP
400 South Hope Street
18th Floor
Los Angeles, CA 90071-2899

T: +1 213 430 6000
F: +1 213 430 6407
omm.com

April 28, 2020

**William K. Pao**
D: +1 213 430 7272
wpao@omm.com

**VIA EMAIL**

Christopher Marlborough
The Marlborough Law Firm, P.C.
445 Broad Hollow Road, Suite 400
Melville, New York 11747

Re:     <u>*Gor Gevorkyan v. Bitmain Technologies Ltd.*</u>

Dear Chris:

I write on behalf of Bitmain Technologies Ltd. ("Bitmain HK") in response to your April 23, 2020, letter regarding the Court's April 21, 2020 Minute Order in the above-referenced matter.

In your letter, you state that "it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." We agree on that. But in determining whether a court has specific personal jurisdiction over a defendant, the only forum contacts at issue are ones that a plaintiff's claims "arise out of." *See Bristol-Myers Squibb Co. v. Superior Ct.*, 137 S. Ct. 1773, 1781 (2017); *Zithromia Ltd. v. Gazeus Negocios de Internet SA*, No. 17-cv-6475-JD, Order of Dismissal at 2 (N.D. Cal. Nov. 21, 2019) (Donato, J.). Indeed, the Court reiterated this point during the April 21 hearing, and as you yourself conceded at the hearing, none of the contacts for which Plaintiff is seeking discovery—*e.g.*, Bitmain's social media accounts or the Crypto Mining Forum—is in any way related to Plaintiff's claims **and Plaintiff does not even purport to assert specific personal jurisdiction based on these contacts**.

In any event, we do not see how the Court's order denying Bitmain HK's motion "pending further developments," Dkt. 53, "narrow[s] the issues relating to [Bitmain HK's] objections to Plaintiff's discovery requests." 4/23/20 Ltr at 1. The Court's order in no way permits Plaintiff to conduct **jurisdictional** discovery on contacts that Plaintiff acknowledges do not give rise to his claims and are in no way relevant to jurisdiction. Further, Plaintiff raised several other issues in his March 18, 2020 letter that were completely unaddressed in the Court's order, so we do not understand what you mean by Bitmain making a "full production of documents responsive to Plaintiff's requests." We cannot agree to further productions without more information from you.

Accordingly, please respond with a letter that specifies exactly which Requests for Production you believe we now need to produce responsive documents to under the Court's April 21 Order and why. At that point, the parties will be better positioned to meet and confer on the issues you are raising.

O'Melveny

Best regards,

William K. Pao
of O'Melveny & Myers LLP

EXHIBIT 1E

# THE MARLBOROUGH LAW FIRM, P.C.

445 Broad Hollow Road, Suite 400          (212) 991-8960
Melville, New York 11747                  (212) 991-8952 fax
                                          chris@marlboroughlawfirm.com

April 30, 2020

WILLIAM K. PAO
O'MELVENY & MYERS LLP
400 South Hope Street
18th Floor
Los Angeles, California 90071-2899

        Re: *Gevorkyan v. Bitmain Technologies Ltd.*

Dear William:

This letter responds to your letter dated April 28, 2020 regarding your clients' responses to jurisdictional discovery propounded by Plaintiff.  Your clients' continued refusal to actually produce documents in response Plaintiff's requests, even following the clarification by the Court, appears to be intended to impede Plaintiff's attempt to establish jurisdiction and borders on bad faith. You are in possession of responsive documents to which you have no legitimate objection and have failed to produce. There is no need for further delay in the production of those documents. To date you have produced less than twenty pages of documents.

To be clear, Plaintiff contends that Bitmain Technologies Ltd. ("BTL") sold Bitmain ASIC devices to Plaintiff in California.  For the purpose of establishing specific jurisdiction, Plaintiff is entitled to discovery relating to contacts between California (the forum) and the sale of Bitmain ASIC devices in California, which is the specific claim at issue.

The discovery propounded by Plaintiff to BTL and Bitmain, Inc. ("Bitmain") is directed to accomplishing precisely that goal.  Plaintiff seeks documents regarding the sales volume of ASIC devices in California (RFP Nos. 9-10).  Plaintiff also seeks documents regarding: sales activity in California, whether by BTL directly or indirectly through its affiliates, including the maintenance of a sales office in the forum (BTL RFP No. 14; Bitmain RFP No. 14); employment of personnel in the forum (BTL RFP Nos. 1-2, 4, 19; Bitmain RFP Nos. 1-2); hosting of a sales convention in the forum (BTL RFP No. 16, Bitmain RFP No. 16); adverting for job openings in the forum (BTL RFP No. 3; Bitmain RFP No. 3); direction of website activity in the forum (BTL RFP Nos. 5-8, 15; Bitmain RFP Nos. 5-8, 15); hosting of portions of its website in the forum (BTL RFP No. 15; Bitmain RFP No. 15); communications with Plaintiff in the forum (BTL RFP Nos. 11-13; Bitmain RFP Nos. 11-13); and representations that BTL maintains a sales office in California.  We have also requested and are entitled to all documents showing the relationships between the Bitmain entities brought directly to issue in BTL's Motion to Dismiss, including Bitmain Technologies, Ltd, Bitmain, Inc., Bejing Bitmain Technology Co., Ltd., and Shenzen, Century Cloud Core Technology, Co.  (BTL RFP Nos. 17-21; Bitmain RFP Nos. 17-24). Further, we are entitled to all documents that support or contradict each and every representation made by Luyao Liu in support of BTL's Motion to Dismiss (NOD to Luyao Liu, RFP Nos. 1-15).

Page 2

We do not believe that there is anything vague or unclear about Plaintiff's requests, which have been pending since January 6, 2020.

Accordingly, please confirm a date certain by which you will be producing all responsive documents. If there are categories or specific documents that you refuse to produce, please advise us immediately so that we can promptly raise the issue with the Court. It is our goal to avoid any further requests to the Court for extensions of time relating to the document production.

CHRISTOPHER MARLBOROUGH

# EXHIBIT 1F



O'Melveny & Myers LLP          T: +1 213 430 6000
400 South Hope Street          F: +1 213 430 6407
18th Floor                     omm.com
Los Angeles, CA 90071-2899

May 5, 2020                                                    **William K. Pao**
                                                              D: +1 213 430 7272
                                                              wpao@omm.com
**VIA EMAIL**

Christopher Marlborough
The Marlborough Law Firm, P.C.
445 Broad Hollow Road, Suite 400
Melville, New York 11747

Re:     *Gor Gevorkyan v. Bitmain Technologies Ltd.*

Dear Chris:

I write on behalf of Bitmain Technologies Ltd. ("Bitmain HK") and Bitmain Inc. (collectively, "Bitmain") in response to your April 30, 2020, letter. In my April 28, 2020 letter, I asked for clarification about which of Bitmain's objections to which of Plaintiff's document requests you believe were resolved by the Court's April 21 Minute Order. Instead of providing that basic information, you accuse us of "imped[ing] Plaintiff's attempt to establish jurisdiction" in "bad faith." (4/30/20 Ltr. at 1.) To be clear, we are not attempting to deprive Plaintiff of any information on which he is entitled to discovery. But without so much as a response from you on which requests you believe were resolved by the Court's Order, let alone how you contend they were resolved, it is impossible for the parties to have any meaningful discussion to address Plaintiff's concerns.

Your April 28 letter simply paraphrases Plaintiff's Requests for Production and insists that he is "entitled" to that information. (4/30/20 Ltr. at 1.) As a threshold matter, you list many requests to which Bitmain agreed to produce responsive documents (*e.g.*, Bitmain HK RFP Nos. 9–13) to the extent that, among other things, they existed; production of such documents was proportional to the needs of the case; and such documents were in Bitmain's (or Luyao Liu's) possession, custody, or control. Bitmain completed its document production on February 18, 2020. We do not understand what you mean by demanding that Bitmain "produc[e] all responsive documents" in connection with these requests, when we have timely provided our responses and objections. (4/30/20 Ltr. at 2.) Indeed, this is the first time Plaintiff has raised any concern about Bitmain's responses and objections to these requests—responses that you have had for over two and a half months. If you would like to meet and confer on these responses and objections, we can schedule a time to discuss further.

Your April 28 letter also again makes the conclusory assertion that "Plaintiff is entitled to discovery relating to contacts between California (the forum) and the sale of Bitmain ASIC devices in California, which is the specific claim at issue." (4/30/20 Ltr. at 1.) But as discussed, the Court has limited jurisdictional discovery to the narrow question of ***specific personal***

O'Melveny

*jurisdiction* over Bitmain HK. (12/19/19 Tr. at 4:18–21.) And as the Court made clear at the April 21 hearing, it is well established that, for specific personal jurisdiction to obtain over a defendant, the plaintiff's claims must arise out of the defendant's forum contacts. *See also Bristol-Myers Squibb Co. v. Superior Ct.*, 137 S. Ct. 1773, 1781 (2017); *Zithromia Ltd. v. Gazeus Negocios de Internet SA*, No. 17-cv-6475-JD, Order of Dismissal at 2 (N.D. Cal. Nov. 21, 2019) (Donato, J.). Thus, for every contact that Plaintiff claims establishes specific jurisdiction, Plaintiff must show how his claims arise from such contacts. If Plaintiff's claims do not actually arise from those contacts, there is no specific jurisdiction over Bitmain HK. *See Zithromia*, Order of Dismissal at 2.

For this reason, Bitmain objected to various requests that sought information about alleged forum contacts that had no clear relationship to Plaintiff's claims. For instance, Plaintiff seeks information about a Crypto Mining Forum that was held in California more than a year after his alleged purchase of Bitmain's ASIC devices. He also seeks information about websites he never alleges he viewed, about properties he never alleges he visited, and about employees with whom he never alleges he interacted. In its responses to Plaintiff's document requests, Bitmain offered to meet and confer with Plaintiff to discuss if and how Plaintiff's claims arise from these contacts, but to date Plaintiff has refused to meet and confer on this topic apart from his bare assertion that he is entitled to that information. Indeed, far from establishing any relationship between Plaintiff and these alleged forum contacts, you yourself at the April 21 hearing on Bitmain's motion represented that ***Plaintiff is not contending that any of these contacts supports specific personal jurisdiction***. Thus, Plaintiff has conceded that these requests fall outside the scope of the Court's grant of leave for Plaintiff to conduct jurisdictional discovery, and Bitmain properly objected to those requests.

Finally, to the extent Plaintiff relies on the Court's denial of Bitmain HK's motion to compel Plaintiff to produce discovery, the Court expressly noted that the motion was "denied pending further developments." If Plaintiff continues to demand discovery from Bitmain on forum contacts, but refuses even to confirm if and how his claims arise from those contacts, we believe this constitutes exactly the type of "further development[]" that the Court may find will warrant revisiting its decision.

Notwithstanding the above, we remain willing to meet and confer in good faith if you can provide specific information about what documents you believe Bitmain has not produced in response to which of Plaintiff's requests and why Plaintiff is entitled to such documents.

Best regards,

William K. Pao
of O'Melveny & Myers LLP

2