EXHIBIT 2

CARLOS M. LAZATIN (S.B. #229650)
clazatin@omm.com
WILLIAM K. PAO (S.B. #252637)
wpao@omm.com
JASON ORR (S.B. #301764)
jorr@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
18th Floor
Los Angeles, California 90071-2899
Telephone:   (213) 430-6000
Facsimile:    (213) 430-6407

Attorneys for Defendant
Bitmain Technologies, Ltd.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| GOR GEVORKYAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BITMAIN, INC., BITMAIN TECHNOLOGIES, LTD. and DOES 1 to 10,<br><br>Defendants. | Case No.: 3:18-cv-07004-JD<br><br>**DEFENDANT BITMAIN TECHNOLOGIES, LTD.'S RESPONSES AND OBJECTIONS TO PLAINTIFF GOR GEVORKYAN'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. CIV. P. 34** |

PROPOUNDING PARTY:      Plaintiff Gor Gevorkyan

RESPONDING PARTY:      Defendant Bitmain Technologies, Ltd.

SET NUMBER:      One (Nos. 1-21)

1    Defendant Bitmain Technologies, Ltd. ("Bitmain Hong Kong") submits these

2   responses and objections to Plaintiff Gor Gevorkyan's ("Plaintiff") (together with

3   Bitmain Hong Kong, the "Parties") First Set of Requests for Production of

4   Documents, dated January 6, 2020 (the "Requests").

5                        **PRELIMINARY STATEMENT**

6    1.    Especially in light of the coronavirus epidemic currently sweeping

7   through China, Bitmain Hong Kong has not yet completed its investigation into all

8   the facts underlying or supporting the claims or defenses at issue in this lawsuit.

9   Bitmain Hong Kong responds to the Requests in accordance with Bitmain Hong

10  Kong's knowledge at this time.  Bitmain Hong Kong is continuing to search for

11  documents responsive to the Requests and reserves the right to supplement, amend,

12  or correct its responses with additional information or documents.  To the extent the

13  Requests purport to require more, Bitmain Hong Kong objects on the ground that

14  (a) the Requests seek to compel Bitmain Hong Kong to conduct a search beyond

15  the scope of permissible discovery contemplated by the Federal Rules of Civil

16  Procedure and (b) compliance with the Requests would impose an undue burden

17  and expense on Bitmain Hong Kong.

18   2.    Bitmain Hong Kong has made diligent and reasonable efforts to

19  respond to each and every request to the extent it has not been objected to, as

20  Bitmain Hong Kong understands and interprets the request.  If Plaintiff

21  subsequently asserts an interpretation of any request that differs from that of

22  Bitmain Hong Kong, Bitmain Hong Kong reserves the right to supplement its

23  objections and/or responses.

24   3.    By responding to the Requests, Bitmain Hong Kong does not concede

25  that the documents sought are relevant to the Parties' claims or defenses.

26

27

28

BITMAIN'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S
FIRST SET OF RFPS
3:18-CV-07004-JD

4.     Bitmain Hong Kong's responses and objections are made without waiving or intending to waive, but, to the contrary, preserving and intending to preserve:

(a)     all objections to the authenticity, competency, foundation, relevance, materiality, privilege, and admissibility as evidence for any purpose, at any trial or hearing in the above-captioned action or in any related or subsequent action or proceeding, of the documents identified in response to the Requests;

(b)     the right to object on any grounds to the use or introduction into evidence of these responses at any trial or hearing in the above-captioned action or in any related or subsequent action or proceeding;

(c)     the right to object on any grounds at any time to any other request; and

(d)     the right at any time to revise, amend, supplement, or correct the responses and objections provided herein.

5.     Nothing in Bitmain Hong Kong's responses to the Requests should be construed as an admission regarding the truth or accuracy of any statement or characterization in any such request, or the existence of any document, or the relevance or admissibility of any document or portion thereof.

6.     Bitmain Hong Kong's responses and objections to the Requests or any part thereof do not constitute a representation that responsive documents exist, but only that responsive documents will be disclosed if they exist, can be discovered with reasonable diligence, and are not otherwise objected to, or protected from disclosure.

## **GENERAL OBJECTIONS**

1.     Bitmain Hong Kong objects to each and every Request to the extent that it seeks disclosure of information and documents located in China where such disclosure would violate Chinese state secrecy, privacy, and cyber security laws,

including the *People's Republic of China's General Rules of Civil Law*, Articles 110 and 111; *Criminal Law*, Article 111; *Tort Liability Law*, Article 2; *Protecting State Secrets Law*, Articles 2, 3, and 9; *Archives Law*, Articles 18 and 25; *Implementing Rules of the PRC Law on Protecting State Secrets*, Articles 5 and 21; *Cyber Security Law*, Article 37; or the PRC's acceptance of and reservations to the *Convention on the Taking of Evidence Abroad in Civil or Commercial Matters 1972* (the "Hague Convention").

2. Bitmain Hong Kong objects to the Requests insofar as they seek documents concerning matters unrelated to the limited scope of jurisdictional discovery the Court permitted at the December 19, 2019 hearing on Bitmain Hong Kong's motion to dismiss for lack of personal jurisdiction ("Hearing").

2. Bitmain Hong Kong objects to the Requests insofar as they seek documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, the self-evaluation privilege, the self-critical analysis privilege, the self-audit privilege, the trial preparation privilege as set forth in Fed. R. Civ. P. 26(b)(3)–(5), or any other statutory or common law privilege, immunity, rule of privacy or confidentiality, protection, or restriction that protects such documents from involuntary disclosure or production, including the settlement privilege. Bitmain Hong Kong will not disclose documents covered by one or more such privileges, immunities, or rules. To the extent that Bitmain Hong Kong inadvertently discloses documents that arguably may be protected from disclosure under any applicable privilege or immunity under federal or state law, such inadvertent disclosure shall not constitute a waiver of any privilege or any other grounds for objecting to discovery of such material, its subject matter or information contained therein, or of Bitmain Hong Kong's right to object to the use of such material during any later proceeding or otherwise seek return of the disclosed material. For the purposes of responding to the Requests,

Bitmain Hong Kong will interpret each definition, instruction, and request as excluding such material from disclosure.

3.      Bitmain Hong Kong objects to the Requests to the extent that they seek to impose on Bitmain Hong Kong any obligation different from, inconsistent with, or in addition to, those imposed by the Federal Rules of Civil Procedure, the local rules of the District Court for the Northern District of California, the Standing Orders of the Honorable James Donato, or any other applicable rules, laws, or orders.

4.      Bitmain Hong Kong objects to the Requests to the extent that they seek documents (i) in the possession, custody, or control of other persons or entities, (ii) not presently in the possession, custody, or control of Bitmain Hong Kong, (iii) already in the possession of, or equally available to, Plaintiff, or (iv) that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive.

5.      Bitmain Hong Kong objects to any individual request to the extent that it is duplicative or cumulative of one or more individual requests that precede it or any prior discovery served by Plaintiff.  Any objections asserted, general or specific, to any discovery request served in this action shall be deemed to apply equally to the Requests as well as any other preceding or subsequent discovery request.

6.      Bitmain Hong Kong objects to the Requests to the extent that they purport to require Bitmain Hong Kong to search for and disclose, or derive request responses from, electronically-stored documents from sources that are not reasonably accessible in light of the amount in controversy of Plaintiff's claim because of undue burden or cost, as set forth in Fed. R. Civ. P. 26(b)(2)(B).

BITMAIN'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S
FIRST SET OF RFPS
3:18-CV-07004-JD

7.      Bitmain Hong Kong objects to the Requests to the extent that they seek information, materials, or documents that are confidential or proprietary in nature, or that otherwise constitute protected commercial, strategic, financial, or competitively-sensitive or trade-secret information.  To the extent that such relevant and responsive documents exist, Bitmain Hong Kong will disclose such documents only upon the execution of, and subject to the conditions contained in, an appropriate protective order.  Nothing above is intended to waive, and Bitmain Hong Kong expressly reserves, all rights to assert that some documents are so sensitive or irrelevant to Plaintiff's claim that they should not be disclosed at all.

8.      Bitmain Hong Kong objects to the Requests to the extent that they purport to require the disclosure of documents, which disclosure would violate (i) any court order, contract, or agreement obligating Bitmain Hong Kong to keep documents confidential, or (ii) any rights of privacy or other statutory or judicially-recognized protections.

9.      Bitmain Hong Kong objects to the Requests to the extent that they call for a legal conclusion.  Any response by Bitmain Hong Kong shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in the Requests.

10.     Bitmain Hong Kong objects to each topic in the Requests to the extent that they contain multiple subparts or that the definitions or instructions render the topic compound, unintelligible, or otherwise confusing.

11.     Bitmain Hong Kong objects to the Requests to the extent that they (i) imply the existence of facts or circumstances that do not or did not exist or (ii) state or assume legal or factual conclusions.  By responding, Bitmain Hong Kong does not admit any of Plaintiff's factual or legal premises.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Bitmain Hong Kong objects to Plaintiff's "Instructions" to the extent they seek to impose any obligation or burden on Bitmain Hong Kong different from, inconsistent with, or in addition to, those imposed by the Federal Rules of Civil Procedure, the local rules of the District Court for the Northern District of California, the Standing Orders of the Honorable James Donato, or any other applicable rules, laws, or orders.

2.      Bitmain Hong Kong objects to the definition of "CLASS PERIOD" to the extent it suggests that a class has been or should be certified in this case. Bitmain Hong Kong also objects to this definition insofar as the time period proposed is overbroad and unduly burdensome.

3.      Bitmain Hong Kong objects to the definition of "COMMUNICATION" as overbroad, unduly burdensome, vague, and ambiguous. Bitmain Hong Kong will construe "COMMUNICATION" as it is commonly understood in ordinary English.

4.      Bitmain Hong Kong objects to the definition of "DOCUMENT" as overbroad, unduly burdensome, vague, indefinite, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.  Bitmain Hong Kong will construe "DOCUMENT" to have the same meaning as set forth in Fed. R. Civ. P. 34(a)(1)(A)—i.e., writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—aided by how that term is commonly understood in ordinary English.  Bitmain Hong Kong further objects to the definition of "DOCUMENT" to the extent that it purports to require Bitmain Hong Kong to search for, produce, and identify every iteration of a document where it would be unduly burdensome to do so.  Bitmain Hong Kong agrees only to conduct a reasonable and diligent search in good faith to discover and produce

relevant and material facts and/or information properly sought by the Interrogatories.

5.    Bitmain Hong Kong objects to the definitions of "BITMAIN," "YOU," "YOUR" and "DEFENDANT" as overly broad, unduly burdensome, vague, indefinite, ambiguous, and not relevant to the limited scope of the Court-ordered jurisdictional discovery.  Specifically, these definitions encompass, without regard to their connection to the limited scope of the Court-ordered jurisdictional discovery, Bitmain Hong Kong's "past and present parents, subsidiaries, affiliates, predecessors, successors, employees, independent contractors, officers, directors, agents, vendors, accountants, and all other PERSONS or entities acting on its behalf or under its direct or indirect control."  Thus, Plaintiff's use of this definition renders any request in which these terms appear overbroad and unduly burdensome and results in requests that seek documents not relevant to the limited scope of jurisdictional discovery, not within Bitmain Hong Kong's knowledge, possession, custody, or control, and protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.  Thus, in responding to the Requests, Bitmain Hong Kong will construe "BITMAIN," "YOU," "YOUR" and "DEFENDANT" to mean only Bitmain Technologies, Ltd., the defendant in this action.

6.    Bitmain Hong Kong objects to the definition of "WAGE STATEMENT" as overbroad, unduly burdensome, vague, and ambiguous.  Bitmain Hong Kong will construe this term as it is commonly understood in ordinary English.

7.    Bitmain Hong Kong objects to the definition of "CONCERNING" as overbroad, unduly burdensome, vague, and ambiguous.  Bitmain Hong Kong will construe this term as it is commonly understood in ordinary English.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Exemplars of all WAGE STATEMENTS of Peng Li and Sherry Xie.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Bitmain Hong Kong incorporates by reference each of the above stated general objections as if fully set forth herein.  Bitmain Hong Kong objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong. Specifically, this Request seeks information about wage statements from Peng Li and Sherry Xie, yet nothing in the record suggests Plaintiff ever was in contact with Peng Li or Sherry Xie prior to purchasing the ASIC devices that are the subject of this action.  The Ninth Circuit employs the "but-for" test in deciding whether an alleged contact with the forum state meets the nexus element of the three-pronged specific jurisdiction analysis. *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The Ninth Circuit has held that claims 'arise out of' contacts with the forum state if, but for those contacts, the claim would not have arisen.").  If Plaintiff was not in contact with Peng Li or Sherry Xie prior to his purchases of ASIC devices that are the subject of this action, then his claims could not have "arisen out of" this alleged contact with the forum state.  Bitmain Hong Kong further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the reference to "WAGE STATEMENT" is uncertain, indefinite, and unclear.  In addition, the request for "Exemplars" of "all" wage statements inherently conflicts and is therefore vague and ambiguous.  Further, this Request incorrectly assumes that Peng Li and Sherry Xie are Bitmain Hong Kong employees.

1    Subject to and without waiving the foregoing general and specific objections

2  and objections to definitions and instructions, Bitmain Hong Kong responds that it

3  does not have documents responsive to this Request.

4  **REQUEST FOR PRODUCTION NO. 2:**

5    Exemplars of all WAGE STATEMENTS of Bitmain Sales Specialists

6  referred to in Dkt. No. 35-4.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

8    Bitmain Hong Kong incorporates by reference each of the above stated

9  general objections as if fully set forth herein.  Bitmain Hong Kong objects to this

10  Request on the grounds that it is overly broad and seeks information not

11  proportional to the needs of the case to the extent it seeks documents beyond what

12  is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.

13  Specifically, this Request seeks information about wage statements from "sales

14  specialists," yet nothing in the record suggests Plaintiff ever was in contact with

15  sales specialists prior to purchasing the ASIC devices that are the subject of this

16  action.  The Ninth Circuit employs the "but-for" test in deciding whether an

17  alleged contact with the forum state meets the nexus element of the three-pronged

18  specific jurisdiction analysis.  *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at

19  *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The Ninth Circuit has held that claims

20  'arise out of' contacts with the forum state if, but for those contacts, the claim

21  would not have arisen.").  If Plaintiff was not in contact with sales specialists prior

22  to his purchases of ASIC devices that are the subject of this action, then his claims

23  could not have "arisen out of" this alleged contact with the forum state.  Bitmain

24  Hong Kong further objects to this Request to the extent that it is vague and

25  ambiguous in that it does not define certain terms with reasonable particularity.

26  Specifically, the reference to "WAGE STATEMENT" is uncertain, indefinite, and

27  unclear.  In addition, the request for "Exemplars" of "all" wage statements

28

BITMAIN'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S
FIRST SET OF RFPS
3:18-CV-07004-JD

inherently conflicts and is therefore vague and ambiguous.  Bitmain Hong Kong

further objects to this Request to the extent it implies the existence of facts or

circumstances that do not or did not exist.  Specifically, this Request incorrectly

assumes a sales specialist was ever hired based on the alleged employment

solicitation referred to in Dkt. No 35-4.

Subject to and without waiving the foregoing general and specific objections

and objections to definitions and instructions, Bitmain Hong Kong responds that it

does not have documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS sufficient to identity [sic] all of the entities that created

and/or posted the Sales Specialist job posting on LinkedIn.com referred to in Dkt.

No. 35-4.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Bitmain Hong Kong incorporates by reference each of the above stated

general objections as if fully set forth herein.  Bitmain Hong Kong objects to this

Request to the extent it seeks documents containing information protected by the

attorney-client privilege, the work product doctrine, and/or any other applicable

privilege.  Bitmain Hong Kong further objects to this Request on the grounds that

it is overly broad and seeks information not proportional to the needs of the case to

the extent it seeks documents beyond what is necessary to establish whether

jurisdiction exists over Bitmain Hong Kong.  Specifically, this Request seeks

information about wage statements from "sales specialists," yet nothing in the

record suggests Plaintiff ever was in contact with sales specialists prior to

purchasing the ASIC devices that are the subject of this action.  The Ninth Circuit

employs the "but-for" test in deciding whether an alleged contact with the forum

state meets the nexus element of the three-pronged specific jurisdiction analysis.

*Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015)

(Donato, J.) ("The Ninth Circuit has held that claims 'arise out of' contacts with the forum state if, but for those contacts, the claim would not have arisen.").  If Plaintiff was not in contact with sales specialists prior to his purchases of ASIC devices that are the subject of this action, then his claims could not have "arisen out of" this alleged contact with the forum state.  Accordingly, Bitmain Hong Kong will not produce documents responsive to this Request unless and until Plaintiff produces evidence sufficient to demonstrate that his claims arise from contact with sales specialists, and thus that information about sales specialists is necessary to establish whether jurisdiction exists over Bitmain Hong Kong. Bitmain Hong Kong further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the reference to "DOCUMENTS" is uncertain, indefinite, and unclear.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Bitmain Hong Kong is willing to meet and confer with Plaintiff on how documents responsive to this request would establish jurisdiction and, if appropriate, what scope and form the production of responsive documents or information should take.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS concerning the job responsibilities and workplace procedures of Bitmain Sales Specialists referred to in Dkt. No. 35-4 and their supervisors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Bitmain Hong Kong incorporates by reference each of the above stated general objections as if fully set forth herein.  Bitmain Hong Kong objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

privilege.  Bitmain Hong Kong further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Specifically, this Request seeks information about job responsibilities and workplace procedures for "sales specialists," yet nothing in the record suggests Plaintiff ever was in contact with sales specialists prior to purchasing the ASIC devices that are the subject of this action.  The Ninth Circuit employs the "but-for" test in deciding whether an alleged contact with the forum state meets the nexus element of the three-pronged specific jurisdiction analysis. *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The Ninth Circuit has held that claims 'arise out of' contacts with the forum state if, but for those contacts, the claim would not have arisen.").  If Plaintiff was not in contact with sales specialists prior to his purchases of ASIC devices that are the subject of this action, then his claims could not have "arisen out of" this alleged contact with the forum state.  Bitmain Hong Kong further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the references to "DOCUMENTS," "job responsibilities," and "workplace procedures" are uncertain, indefinite, and unclear; and the terms "job responsibilities" and "workplace procedures" are undefined.  Bitmain Hong Kong further objects to this Request to the extent it implies the existence of facts or circumstances that do not or did not exist.  Specifically, this Request incorrectly assumes a sales specialist was ever hired based on the alleged employment solicitation referred to in Dkt. No 35-4.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Bitmain Hong Kong responds that it does not have documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS sufficient to identity [sic] all of the entities and persons that created, maintained, and/or provided content for the YouTube channel referred to as "Bitmain Techologies [sic] Ltd's [sic] Official YouTube channel" referred to in Dkt. No. 35-8.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Bitmain Hong Kong incorporates by reference each of the above stated general objections as if fully set forth herein.  Bitmain Hong Kong objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong. Specifically, this Request seeks information about a YouTube channel, yet nothing in the record suggests Plaintiff ever viewed the YouTube channel prior to purchasing the ASIC devices that are the subject of this action.  The Ninth Circuit employs the "but-for" test in deciding whether an alleged contact with the forum state meets the nexus element of the three-pronged specific jurisdiction analysis. *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The Ninth Circuit has held that claims 'arise out of' contacts with the forum state if, but for those contacts, the claim would not have arisen.").  If Plaintiff did not view the YouTube channel prior to his purchases of ASIC devices that are the subject of this action, then his claims could not have "arisen out of" this alleged contact with the forum state.  Accordingly, Bitmain Hong Kong will not produce documents responsive to this Request unless and until Plaintiff produces evidence sufficient to demonstrate that his claims arise from the YouTube channel, and thus that information about the YouTube channel is necessary to establish whether jurisdiction exists over Bitmain Hong Kong. Bitmain Hong Kong further objects to this Request to the extent that it is vague

and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the references to "DOCUMENTS," "entities," and "persons" are uncertain, indefinite, and unclear; and the terms "entities" and "persons" are undefined.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Bitmain Hong Kong is willing to meet and confer with Plaintiff on how documents responsive to this request would establish jurisdiction and, if appropriate, what scope and form the production of responsive documents or information should take.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS sufficient to identity [sic] all of the entities and persons that created, maintained, and/or provided content for the YouTube channel referred to as "Bitmain Support YouTube channel" referred to in Dkt. No. 35-10.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Bitmain Hong Kong incorporates by reference each of the above stated general objections as if fully set forth herein.  Bitmain Hong Kong objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Specifically, this Request seeks information about a YouTube channel, yet nothing in the record suggests Plaintiff ever viewed the YouTube channel prior to purchasing the ASIC devices that are the subject of this action.  The Ninth Circuit employs the "but-for" test in deciding whether an alleged contact with the forum state meets the nexus element of the three-pronged specific jurisdiction analysis.  *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The Ninth Circuit has held that claims 'arise out of' contacts with the forum state if, but for those contacts, the claim would not have arisen.").  If Plaintiff did not view the

YouTube channel prior to his purchases of ASIC devices that are the subject of this

action, then his claims could not have "arisen out of" this alleged contact with the

forum state.  Accordingly, Bitmain Hong Kong will not produce documents

responsive to this Request unless and until Plaintiff produces evidence sufficient to

demonstrate that his claims arise from the YouTube channel, and thus that

information about the YouTube channel is necessary to establish whether

jurisdiction exists over Bitmain Hong Kong.  Bitmain Hong Kong further objects

to this Request to the extent that it is vague and ambiguous in that it does not

define certain terms with reasonable particularity.  Specifically, the references to

"DOCUMENTS," "entities," and "persons" are uncertain, indefinite, and unclear;

and the terms "entities" and "persons" are undefined.

Subject to and without waiving the foregoing general and specific objections

and objections to definitions and instructions, Bitmain Hong Kong is willing to

meet and confer with Plaintiff on how documents responsive to this request would

establish jurisdiction and, if appropriate, what scope and form the production of

responsive documents or information should take.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS sufficient to identity [sic] all of the entities or persons that

created, maintained, and/or provided content for the following Twitter accounts:

"Antminer Main" referred to in Dkt. No. 35-13 and/or "BitmainTech."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Bitmain Hong Kong incorporates by reference each of the above stated general

objections as if fully set forth herein.  Bitmain Hong Kong objects to this Request

on the grounds that it is overly broad and seeks information not proportional to the

needs of the case to the extent it seeks documents beyond what is necessary to

establish whether jurisdiction exists over Bitmain Hong Kong.  Specifically, this

Request seeks information about Twitter accounts, yet nothing in the record

suggests Plaintiff ever viewed the Twitter accounts prior to purchasing the ASIC devices that are the subject of this action. The Ninth Circuit employs the "but-for" test in deciding whether an alleged contact with the forum state meets the nexus element of the three-pronged specific jurisdiction analysis. *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The Ninth Circuit has held that claims 'arise out of' contacts with the forum state if, but for those contacts, the claim would not have arisen."). If Plaintiff did not view the Twitter accounts prior to his purchases of ASIC devices that are the subject of this action, then his claims could not have "arisen out of" this alleged contact with the forum state. Accordingly, Bitmain Hong Kong will not produce documents responsive to this Request unless and until Plaintiff produces evidence sufficient to demonstrate that his claims arise from the Twitter accounts, and thus that information about the Twitter accounts is necessary to establish whether jurisdiction exists over Bitmain Hong Kong. Bitmain Hong Kong further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity. Specifically, the references to "DOCUMENTS," "entities," and "persons" are uncertain, indefinite, and unclear; and the terms "entities" and "persons" are undefined.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Bitmain Hong Kong is willing to meet and confer with Plaintiff on how documents responsive to this request would establish jurisdiction and, if appropriate, what scope and form the production of responsive documents or information should take.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS sufficient to identity [sic] all of the entities and/or persons that created, maintained, and/or provided content for the following Facebook.com pages: https://www.facebook.com/Bitmain-542277132559653/; and/or

https://www.facebook.com/pg/Bitmain/about/?ref=page_internal;

https://www.facebook.com/pg/Bitmain-technologies-Limited-

314165025425279/about/?ref=page_internal; [sic]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Bitmain Hong Kong incorporates by reference each of the above stated general

objections as if fully set forth herein.  Bitmain Hong Kong objects to this Request

on the grounds that it is overly broad and seeks information not proportional to the

needs of the case to the extent it seeks documents beyond what is necessary to

establish whether jurisdiction exists over Bitmain Hong Kong.  Specifically, this

Request seeks information about Facebook.com pages, yet nothing in the record

suggests Plaintiff ever viewed the Facebook.com pages prior to purchasing the

ASIC devices that are the subject of this action.  The Ninth Circuit employs the

"but-for" test in deciding whether an alleged contact with the forum state meets the

nexus element of the three-pronged specific jurisdiction analysis.  *Erickson v. Neb.*

*Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The

Ninth Circuit has held that claims 'arise out of' contacts with the forum state if, but

for those contacts, the claim would not have arisen.").  If Plaintiff did not view the

Facebook.com pages prior to his purchases of ASIC devices that are the subject of

this action, then his claims could not have "arisen out of" this alleged contact with

the forum state.  Accordingly, Bitmain Hong Kong will not produce documents

responsive to this Request unless and until Plaintiff produces evidence sufficient to

demonstrate that his claims arise from the Facebook.com pages, and thus that

information about the Facebook.com pages is necessary to establish whether

jurisdiction exists over Bitmain Hong Kong.  Bitmain Hong Kong further objects

to this Request to the extent that it is vague and ambiguous in that it does not

define certain terms with reasonable particularity.  Specifically, the references to

1 "DOCUMENTS," "entities," and "persons" are uncertain, indefinite, and unclear;

2 and the terms "entities" and "persons" are undefined.

3      Subject to and without waiving the foregoing general and specific objections

4 and objections to definitions and instructions, Bitmain Hong Kong is willing to

5 meet and confer with Plaintiff on how documents responsive to this request would

6 establish jurisdiction and, if appropriate, what scope and form the production of

7 responsive documents or information should take.

8 **REQUEST FOR PRODUCTION NO. 9:**

9      DOCUMENTS sufficient to identify the volume of sales of Bitmain ASIC

10 devices to purchasers in the state of California.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

12      Bitmain Hong Kong incorporates by reference each of the above stated

13 general objections as if fully set forth herein.  Bitmain Hong Kong objects to this

14 Request to the extent it seeks documents containing information protected by the

15 attorney-client privilege, the work product doctrine, and/or any other applicable

16 privilege.  Bitmain Hong Kong further objects to this Request on the grounds that

17 it is overly broad and seeks information not proportional to the needs of the case to

18 the extent it seeks documents beyond what is necessary to establish whether

19 jurisdiction exists over Bitmain Hong Kong.  Bitmain Hong Kong further objects

20 to this Request to the extent that it is vague and ambiguous in that it does not

21 define certain terms with reasonable particularity.  Specifically, the references to

22 "DOCUMENTS," "volume of sales," "Bitmain," and "ASIC devices" are

23 uncertain, indefinite, and unclear; and the terms "volume of sales" and "ASIC

24 devices" are undefined.

25      Subject to and without waiving the foregoing general and specific objections

26 and objections to definitions and instructions, Bitmain Hong Kong responds that,

27 to the extent they exist and are in Bitmain Hong Kong's possession, custody, or

28

BITMAIN'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S
FIRST SET OF RFPS
3:18-CV-07004-JD

1    control, Bitmain Hong Kong will produce documents responsive to this Request

2    sufficient to show the volume of sales of ASIC devices to purchasers in the state of

3    California.

4    **REQUEST FOR PRODUCTION NO. 10:**

5         DOCUMENTS sufficient to identify the gross revenue generated from sales

6    of Bitmain ASIC devices to purchasers in the state of California.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

8         Bitmain Hong Kong incorporates by reference each of the above stated

9    general objections as if fully set forth herein.  Bitmain Hong Kong objects to this

10   Request to the extent it seeks documents containing information protected by the

11   attorney-client privilege, the work product doctrine, and/or any other applicable

12   privilege.  Bitmain Hong Kong further objects to this Request on the grounds that

13   it is overly broad and seeks information not proportional to the needs of the case to

14   the extent it seeks documents beyond what is necessary to establish whether

15   jurisdiction exists over Bitmain Hong Kong.  Bitmain Hong Kong further objects

16   to this Request to the extent that it is vague and ambiguous in that it does not

17   define certain terms with reasonable particularity.  Specifically, the references to

18   "DOCUMENTS," "volume of sales," "Bitmain," and "ASIC devices" are

19   uncertain, indefinite, and unclear; and the terms "volume of sales" and "ASIC

20   devices" are undefined.

21        Subject to and without waiving the foregoing general and specific objections

22   and objections to definitions and instructions, Bitmain Hong Kong responds that,

23   to the extent they exist and are in Bitmain Hong Kong's possession, custody, or

24   control, Bitmain Hong Kong will produce documents responsive to this Request

25   that are sufficient to show the gross revenue generated from sales of ASIC devices

26   to purchasers in the state of California.

27

28

1   **REQUEST FOR PRODUCTION NO. 11:**

2       DOCUMENTS sufficient to identify all of the individuals, and the companies

3   they are employed by, with access to the following email accounts:

4   hr.hk@bitmain.com, sales.ncsa@bitmain.com, and webmaster@bitmaintech.com.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

6       Bitmain Hong Kong incorporates by reference each of the above stated

7   general objections as if fully set forth herein.  Bitmain Hong Kong objects to this

8   Request to the extent it seeks documents containing information protected by the

9   attorney-client privilege, the work product doctrine, and/or any other applicable

10   privilege.  Bitmain Hong Kong further objects to this Request on the grounds that

11   it is overly broad and seeks information not proportional to the needs of the case to

12   the extent it seeks documents beyond what is necessary to establish whether

13   jurisdiction exists over Bitmain Hong Kong.  Specifically, this Request seeks

14   information about email accounts, yet nothing in the record suggests Plaintiff ever

15   corresponded with the email accounts prior to (or after) purchasing the ASIC

16   devices that are the subject of this action.  The Ninth Circuit employs the "but-for"

17   test in deciding whether an alleged contact with the forum state meets the nexus

18   element of the three-pronged specific jurisdiction analysis.  *Erickson v. Neb. Mach.*

19   *Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The Ninth

20   Circuit has held that claims 'arise out of' contacts with the forum state if, but for

21   those contacts, the claim would not have arisen.").  If Plaintiff did not correspond

22   with the email accounts prior to his purchases of ASIC devices that are the subject

23   of this action, then his claims could not have "arisen out of" this alleged contact

24   with the forum state.  Accordingly, Bitmain Hong Kong will not produce

25   documents responsive to this Request unless and until Plaintiff produces evidence

26   sufficient to demonstrate that his claims arise from the email accounts, and thus

27   that information about the email accounts is necessary to establish whether

28

jurisdiction exists over Bitmain Hong Kong.  Bitmain Hong Kong further objects
to this Request to the extent that it is vague and ambiguous in that it does not
define certain terms with reasonable particularity.  Specifically, the references to
"DOCUMENTS," "employed," and "access" are uncertain, indefinite, and unclear;
and the terms "employed" and "access" are undefined.

Subject to and without waiving the foregoing general and specific objections
and objections to definitions and instructions, Bitmain Hong Kong is willing to
meet and confer with Plaintiff on how documents responsive to this request would
establish jurisdiction and, if appropriate, what scope and form the production of
responsive documents or information should take.

**REQUEST FOR PRODUCTION NO. 12:**

All COMMUNICATIONS between YOU and PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Bitmain Hong Kong incorporates by reference each of the above stated
general objections as if fully set forth herein.  Bitmain Hong Kong objects to this
Request on the grounds that it is overly broad and seeks information not
proportional to the needs of the case to the extent it seeks documents beyond what
is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.
Bitmain Hong Kong further objects to this Request to the extent that it is vague
and ambiguous in that it does not define certain terms with reasonable
particularity.  Specifically, the references to "COMMUNICATIONS" and "YOU"
are uncertain, indefinite, and unclear.  Bitmain Hong Kong further objects to this
Request on the grounds that it is overly broad and unduly burdensome to the extent
it seeks documents already in the possession, custody, or control of Plaintiff.

Subject to and without waiving the foregoing general and specific objections
and objections to definitions and instructions, Bitmain Hong Kong responds that,
to the extent they exist and are in Bitmain Hong Kong's possession, custody, or

control, Bitmain Hong Kong will produce communications between Bitmain Hong

Kong and Plaintiff.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS CONCERNING PLAINTIFF'S purchases of any ASIC

devices from YOU, including but not limited to all purchase invoices and shipping

invoices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Bitmain Hong Kong incorporates by reference each of the above stated

general objections as if fully set forth herein.  Bitmain Hong Kong objects to this

Request to the extent it seeks documents containing information protected by the

attorney-client privilege, the work product doctrine, and/or any other applicable

privilege.  Bitmain Hong Kong further objects to this Request on the grounds that

it is overly broad and seeks information not proportional to the needs of the case to

the extent it seeks documents beyond what is necessary to establish whether

jurisdiction exists over Bitmain Hong Kong.  Bitmain Hong Kong further objects

to this Request to the extent that it is vague and ambiguous in that it does not

define certain terms with reasonable particularity.  Specifically, the references to

"DOCUMENTS," "ASIC devices," and "YOU" are uncertain, indefinite, and

unclear; and the term "ASIC devices" is undefined.  Bitmain Hong Kong further

objects to this Request on the grounds that it is overly broad and unduly

burdensome to the extent it seeks documents already in the possession, custody, or

control of Plaintiff.

Subject to and without waiving the foregoing general and specific objections

and objections to definitions and instructions, Bitmain Hong Kong responds that,

to the extent they exist and are in Bitmain Hong Kong's possession, custody, or

control, Bitmain Hong Kong will produce documents responsive to this Request

that are sufficient to show Plaintiff's purchases of ASIC devices from Bitmain Hong Kong.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS CONCERNING YOUR lease or ownership of any real property in the State of California, including but not limited to lease and/or purchase agreements for the properties located at 300 Park Ave, STE 300, San Jose, CA 95110, and at 4231 Business Center Drive Suite 8, Fremont, CA 94538.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Bitmain Hong Kong incorporates by reference each of the above stated general objections as if fully set forth herein.  Bitmain Hong Kong objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege.  Bitmain Hong Kong further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Specifically, this Request seeks information about properties located at 300 Park Ave, STE 300, San Jose, CA 95110, and at 4231 Business Center Drive Suite 8, Fremont, CA 94538, yet nothing in the record suggests Plaintiff ever visited or was otherwise connected with those properties prior to purchasing the ASIC devices that are the subject of this action. The Ninth Circuit employs the "but-for" test in deciding whether an alleged contact with the forum state meets the nexus element of the three-pronged specific jurisdiction analysis. *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The Ninth Circuit has held that claims 'arise out of' contacts with the forum state if, but for those contacts, the claim would not have arisen.").  If Plaintiff did not visit or otherwise have some connection to the properties located at 300 Park Ave, STE 300, San Jose, CA 95110, and at 4231

Business Center Drive Suite 8, Fremont, CA 94538 prior to his purchases of ASIC devices that are the subject of this action, then his claims could not have "arisen out of" this alleged contact with the forum state.  Accordingly, Bitmain Hong Kong will not produce documents responsive to this Request unless and until Plaintiff produces evidence sufficient to demonstrate that his claims arise from the properties located at 300 Park Ave, STE 300, San Jose, CA 95110, and at 4231 Business Center Drive Suite 8, Fremont, CA 94538, and thus that information about these properties is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Bitmain Hong Kong further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the references to "DOCUMENTS" and "YOUR" are uncertain, indefinite, and unclear.  Bitmain Hong Kong further objects to this Request to the extent it implies the existence of facts or circumstances that do not or did not exist.  Specifically, this Request incorrectly assumes that Bitmain Technologies, Ltd.—the defendant in this action—leases or owns property in California.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Bitmain Hong Kong is willing to meet and confer with Plaintiff on how documents responsive to this request would establish jurisdiction and, if appropriate, what scope and form the production of responsive documents or information should take.

**REQUEST FOR PRODUCTION NO. 15:**

DOCUMENTS sufficient to identify all of the entities or persons that created, maintained, and/or provided content for the following websites: bitmain.com, blog.bitmain.com and/or bitmaintech.com.

1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

2

Bitmain Hong Kong incorporates by reference each of the above stated

3

general objections as if fully set forth herein.  Bitmain Hong Kong objects to this

4

Request to the extent it seeks documents containing information protected by the

5

attorney-client privilege, the work product doctrine, and/or any other applicable

6

privilege.  Bitmain Hong Kong further objects to this Request on the grounds that

7

it is overly broad and seeks information not proportional to the needs of the case to

8

the extent it seeks documents beyond what is necessary to establish whether

9

jurisdiction exists over Bitmain Hong Kong.  Specifically, this Request seeks

10

information about the websites blog.bitmain.com and bitmaintech.com, yet nothing

11

in the record suggests Plaintiff ever visited these websites prior to or after

12

purchasing the ASIC devices that are the subject of this action.  The Ninth Circuit

13

employs the "but-for" test in deciding whether an alleged contact with the forum

14

state meets the nexus element of the three-pronged specific jurisdiction analysis.

15

*Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015)

16

(Donato, J.) ("The Ninth Circuit has held that claims 'arise out of' contacts with

17

the forum state if, but for those contacts, the claim would not have arisen.").  If

18

Plaintiff did not visit the websites blog.bitmain.com and bitmaintech.com prior to

19

or after his purchases of ASIC devices that are the subject of this action, then his

20

claims could not have "arisen out of" this alleged contact with the forum state.

21

Accordingly, Bitmain Hong Kong will not produce documents responsive to this

22

Request unless and until Plaintiff produces evidence sufficient to demonstrate that

23

his claims arise from the websites blog.bitmain.com and bitmaintech.com, and thus

24

that information about the email accounts is necessary to establish whether

25

jurisdiction exists over Bitmain Hong Kong.  Bitmain Hong Kong further objects

26

to this Request to the extent that it is vague and ambiguous in that it does not

27

define certain terms with reasonable particularity.  Specifically, the references to

28

"DOCUMENTS," "entities," and "persons" are uncertain, indefinite, and unclear; and the terms "entities" and "persons" are undefined.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Bitmain Hong Kong responds that, to the extent they exist and are in Bitmain Hong Kong's possession, custody, or control, Bitmain Hong Kong will produce documents responsive to the Request that are sufficient to identify the entities were responsible for creating, maintaining, and/or providing content for the website http://www.bitmain.com/.  Also, subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Bitmain Hong Kong is willing to meet and confer with Plaintiff on how documents responsive to this request regarding the websites blog.bitmain.com and/or bitmaintech.com would establish jurisdiction and, if appropriate, what scope and form the production of responsive documents or information should take.

**REQUEST FOR PRODUCTION NO. 16:**

All executed contracts for vendors or event space for the California Crypto Mining Forum held on August 31, 2019 in San Jose, California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Bitmain Hong Kong incorporates by reference each of the above stated general objections as if fully set forth herein.  Bitmain Hong Kong objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege.  Bitmain Hong Kong further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Specifically, this Request seeks information about the California Crypto Mining Forum, yet nothing in the record

1  suggests Plaintiff purchased any ASIC devices that are the subject of this action

2  after the California Crypto Mining Forum held on August 31, 2019.  The Ninth

3  Circuit employs the "but-for" test in deciding whether an alleged contact with the

4  forum state meets the nexus element of the three-pronged specific jurisdiction

5  analysis.  *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6,

6  2015) (Donato, J.) ("The Ninth Circuit has held that claims 'arise out of' contacts

7  with the forum state if, but for those contacts, the claim would not have arisen.").

8  If Plaintiff did not purchase any ASIC devices that are the subject of this action

9  after the California Crypto Mining Forum held on August 31, 2019, then his claims

10  could not have "arisen out of" this alleged contact with the forum state.  *Anaya v.*

11  *Machines de Triage et Broyage*, 2019 WL 1083783, at *5 (N.D. Cal. Mar. 7, 2019)

12  (disregarding conduct after the alleged event giving rise to underlying dispute and

13  granting motion to dismiss for lack of personal jurisdiction).  Accordingly, Bitmain

14  Hong Kong will not produce documents responsive to this Request unless and until

15  Plaintiff produces evidence sufficient to demonstrate that his claims arise from the

16  California Crypto Mining Forum held on August 31, 2019, and thus that

17  information about the California Crypto Mining Forum held on August 31, 2019 is

18  necessary to establish whether jurisdiction exists over Bitmain Hong Kong.

19  Bitmain Hong Kong further objects to this Request to the extent that it is vague

20  and ambiguous in that it does not define certain terms with reasonable

21  particularity.  Specifically, the references to "vendors" and "event space" are

22  undefined, uncertain, indefinite, and unclear.

23      Subject to and without waiving the foregoing general and specific objections

24  and objections to definitions and instructions, Bitmain Hong Kong is willing to

25  meet and confer with Plaintiff on how documents responsive to this request would

26  establish jurisdiction and, if appropriate, what scope and form the production of

27  responsive documents or information should take.

28

BITMAIN'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S
FIRST SET OF RFPS
3:18-CV-07004-JD

1    **REQUEST FOR PRODUCTION NO. 17:**

2        All DOCUMENTS CONCERNING the nature of YOUR relationship to the

3    entity referenced in the LUI DECLARATION named "Beijing Bitmain Technology

4    Co., Ltd."

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

6        Bitmain Hong Kong incorporates by reference each of the above stated

7    general objections as if fully set forth herein.  Bitmain Hong Kong objects to this

8    Request to the extent it seeks documents containing information protected by the

9    attorney-client privilege, the work product doctrine, and/or any other applicable

10   privilege.  Bitmain Hong Kong further objects to this Request on the grounds that

11   it is overly broad and seeks information not proportional to the needs of the case to

12   the extent it seeks documents beyond what is necessary to establish whether

13   jurisdiction exists over Bitmain Hong Kong and to demonstrate whether an alter

14   ego relationship exists between Bitmain Technologies, Ltd.—the defendant in this

15   action—and Beijing Bitmain Technology Co., Ltd. for specific jurisdiction

16   purposes.  Bitmain Hong Kong further objects to this Request to the extent that it

17   is vague and ambiguous in that it does not define certain terms with reasonable

18   particularity.  Specifically, the references to "DOCUMENTS" and "relationship"

19   are uncertain, indefinite, and unclear; and the term "relationship" is undefined.

20   Also, the term "YOUR," as defined, includes Beijing Bitmain Technology Co.,

21   Ltd., thus to the extent the Request seeks documents concerning the relationship

22   between Beijing Bitmain Technology Co., Ltd. and itself, it is uncertain, indefinite,

23   and unclear.

24       Subject to and without waiving the foregoing general and specific objections

25   and objections to definitions and instructions, Bitmain Hong Kong responds that,

26   to the extent they exist and are in Bitmain Hong Kong's possession, custody, or

27   control, Bitmain Hong Kong will produce documents that are sufficient to

28

demonstrate the organizational relationship between Bitmain Technologies, Ltd.—the defendant in this action—and Beijing Bitmain Technology Co., Ltd.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS CONCERNING the nature of YOUR relationship to the entity referenced in the LUI DECLARATION named "Shenzen [sic] Century Cloud Core Technology Co., Ltd."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Bitmain Hong Kong incorporates by reference each of the above stated general objections as if fully set forth herein.  Bitmain Hong Kong objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege.  Bitmain Hong Kong further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong and to demonstrate whether an alter ego relationship exists between Bitmain Technologies, Ltd.—the defendant in this action—and Shenzhen Century Cloud Core Technology Co., Ltd. for specific jurisdiction purposes.  Bitmain Hong Kong further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the references to "DOCUMENTS" and "relationship" are uncertain, indefinite, and unclear; and the term "relationship" is undefined.  Also, the term "YOUR," as defined, includes Shenzhen Century Cloud Core Technology Co., Ltd., thus to the extent the Request seeks documents concerning the relationship between Shenzhen Century Cloud Core Technology Co., Ltd. and itself, it is uncertain, indefinite, and unclear.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Bitmain Hong Kong responds that,

to the extent they exist and are in Bitmain Hong Kong's possession, custody, or control, it will produce documents that are sufficient to demonstrate the organizational relationship between Bitmain Technologies, Ltd.—the defendant in this action—and Shenzhen Century Cloud Core Technology Co., Ltd.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS CONCERNING YOUR corporate structure, including all members of your Board of Directors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Bitmain Hong Kong incorporates by reference each of the above stated general objections as if fully set forth herein. Bitmain Hong Kong objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege. Bitmain Hong Kong further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong. Bitmain Hong Kong further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity. Specifically, the references to "DOCUMENTS" and "corporate structure" are uncertain, indefinite, and unclear; and the term "corporate structure" is undefined.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Bitmain Hong Kong responds that, to the extent they exist and are in Bitmain Hong Kong's possession, custody, or control, it will produce documents responsive to this Request that are sufficient to show the board of directors of Bitmain Hong Kong.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS, not otherwise requested or produced, that establish the relationship between YOU and Beijing Bitmain Technology Co., Ltd. and Shenzen, [sic] Century Cloud Core Technology, Co.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Bitmain Hong Kong incorporates by reference each of the above stated general objections as if fully set forth herein.  Bitmain Hong Kong objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege.  Bitmain Hong Kong further objects to this Request to the extent it is duplicative of Request Nos. 17 and 18 above.  Bitmain Hong Kong further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong and to demonstrate whether an alter ego relationship exists between Bitmain Technologies, Ltd.—the defendant in this action—and Beijing Bitmain Technology Co., Ltd. and Shenzhen Century Cloud Core Technology Co., Ltd. for specific jurisdiction purposes.  Bitmain Hong Kong further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the references to "DOCUMENTS" and "relationship" are uncertain, indefinite, and unclear; and the term "relationship" is undefined.  Also, the term "YOUR," as defined, includes Beijing Bitmain Technology Co., Ltd. and Shenzhen Century Cloud Core Technology Co., Ltd., thus to the extent the Request seeks documents concerning the relationship between Beijing Bitmain Technology Co., Ltd. or Shenzhen Century Cloud Core Technology Co., Ltd. and itself, it is uncertain, indefinite, and unclear.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Bitmain Hong Kong responds that, to the extent they exist and are in Bitmain Hong Kong's possession, custody, or control, it will produce documents that are sufficient to demonstrate the organizational relationship between Bitmain Technologies, Ltd.—the defendant in this action—and Beijing Bitmain Technology Co., Ltd. and Shenzhen Century Cloud Core Technology Co., Ltd.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS, not otherwise requested or produced, that evidence, refer to or relate to any connection between YOU and the State of California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Bitmain Hong Kong incorporates by reference each of the above stated general objections as if fully set forth herein.  Bitmain Hong Kong objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege.  Specifically, this Request calls for a legal conclusion and privileged attorney work product by seeking information that would require Bitmain Hong Kong and its counsel to conduct legal analysis to determine whether any connections between Bitmain Hong Kong and California—if they existed—were relevant to this action.  Accordingly, Bitmain Hong Kong will not provide documents responsive to this Request.  Bitmain Hong Kong further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Bitmain Hong Kong further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the references to "DOCUMENTS," "connections," and

1 "YOU" are uncertain, indefinite, and unclear; and the term "connections" is

2 undefined.

3

4      Dated:  February 18, 2020

5

6                     O'MELVENY & MYERS LLP

7

8                     By: _____

9                     Attorneys for Defendant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATION OF SERVICE

I certify that on February 18, 2020, I caused to be served the within document titled Defendant Bitmain Technologies, Ltd.'s Responses and Objections to Plaintiff Gor Gevorkyan's First Set of Requests for Production of Documents Pursuant to Fed. R. Civ. P. 34 by mailing copies of same via U.S. mail to the individuals listed below in the service list.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 18, 2020, at Los Angeles, California.

*/s/ William K. Pao*

## SERVICE LIST

| | |
|---|---|
| Robert Starr<br>Adam Rose<br>Karo Karapetyan<br>Manny Starr<br>FRONTIER LAW CENTER<br>23901 Calabasas Road, Suite 2074<br>Calabasas, California 91302<br><br>***Counsel for Plaintiff*** | Email:<br>robert@frontierlawcenter.com<br>adam@frontierlawcenter.com<br>karo@frontierlawcenter.com<br>manny@frontierlawcenter.com<br><br>Telephone: 818-914-3433<br>Facsimile: 818-914-3433 |
| Jordan L. Lurie<br>POMERANTZ LLP<br>1100 Glendon Avenue<br>15th Floor<br>Los Angeles, California 90024<br><br>***Counsel for Plaintiff*** | Email:<br>jllurie@pomlaw.com<br><br>Telephone: 310-405-7190<br>Facsimile: 917-463-1044 |
| Christopher Marlborough<br>THE MARLBOROUGH LAW FIRM, P.C.<br>445 Broad Hollow Road, Suite 400<br>Melville, New York 11747<br><br>***Counsel for Plaintiff*** | Email:<br>chris@marlboroughlawfirm.com<br><br>Telephone: 212-991-8960<br>Facsimile: 212-991-8952 |