EXHIBIT 3

CARLOS M. LAZATIN (S.B. #229650)
clazatin@omm.com
WILLIAM K. PAO (S.B. #252637)
wpao@omm.com
JASON ORR (S.B. #301764)
jorr@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
18th Floor
Los Angeles, California 90071-2899
Telephone:   (213) 430-6000
Facsimile:    (213) 430-6407

Attorneys for Non-Party
Bitmain, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| GOR GEVORKYAN, on behalf of himself and all others similarly situated, | Case No.: 3:18-cv-07004-JD |
| Plaintiff, | **BITMAIN, INC.'S RESPONSES AND OBJECTIONS TO GOR GEVORKYAN'S SUBPOENA FOR PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. CIV. P. 45** |
| v. | |
| BITMAIN, INC., BITMAIN TECHNOLOGIES, LTD. and DOES 1 to 10, | |
| Defendants. | |

Non-party Bitmain, Inc. hereby objects and responds to the Subpoena to Produce Documents, Information, or Objects (the "Subpoena") made by Gor Gevorkyan ("Gevorkyan") in his third-party subpoena on Bitmain, Inc.

## **PRELIMINARY STATEMENT**

1.      Bitmain, Inc. has not yet completed its investigation into all the facts underlying or supporting the claims or defenses at issue in this lawsuit.  Bitmain, Inc. responds to the requests in accordance with Bitmain, Inc.'s knowledge at this time.  Bitmain, Inc. is continuing to search for documents responsive to the requests and reserves the right to supplement, amend, or correct its responses with additional information or documents.  To the extent the requests purport to require more, Bitmain, Inc. objects on the ground that (a) the requests seek to compel Bitmain, Inc. to conduct a search beyond the scope of permissible discovery contemplated by the Federal Rules of Civil Procedure and (b) compliance with the requests would impose an undue burden and expense on Bitmain, Inc.

2.      Bitmain, Inc. has made reasonable efforts to respond to each and every request subject to its objections and how Bitmain, Inc. understands and interprets the request.  If Gevorkyan subsequently asserts an interpretation of any request that differs from that of Bitmain, Inc., Bitmain, Inc. reserves the right to supplement its objections and/or responses.

3.      By responding to the Requests, Bitmain, Inc. does not concede that the documents sought are relevant to the parties' claims or defenses.

4.      Bitmain, Inc.'s responses and objections are made without waiving or intending to waive, but, to the contrary, preserving and intending to preserve:

(a)      all objections to the authenticity, competency, foundation, relevance, materiality, privilege, and admissibility as evidence for any purpose, at any trial or hearing in the above-captioned action or in any related or subsequent action or proceeding, of the documents identified in response to the Requests;

BITMAIN, INC.'S RESPONSES AND
OBJECTIONS TO SUBPOENA
FOR PRODUCTION OF DOCUMENTS

1    (b)     the right to object on any grounds to the use or introduction into

2 evidence of these responses at any trial or hearing in the above-captioned action or

3 in any related or subsequent action or proceeding;

4    (c)     the right to object on any grounds at any time to any other

5 request; and

6    (d)     the right at any time to revise, amend, supplement, or correct the

7 responses and objections provided herein.

8    5.    Nothing in Bitmain, Inc.'s responses to the Requests should be

9 construed as an admission regarding the truth or accuracy of any statement or

10 characterization in any such request, or the existence of any document, or the

11 relevance or admissibility of any document or portion thereof.

12    6.    Bitmain, Inc.'s responses and objections to the Requests or any part

13 thereof do not constitute a representation that responsive documents exist, but only

14 that responsive documents will be disclosed if they exist, can be discovered with

15 reasonable diligence, and are not otherwise objected to, or protected from

16 disclosure.

17    **GENERAL OBJECTIONS**

18    1.    Bitmain, Inc. objects to each and every Request to the extent that it

19 seeks disclosure of information and documents located in China where such

20 disclosure would violate Chinese state secrecy, privacy, and cyber security laws,

21 including the *People's Republic of China's General Rules of Civil Law*, Articles

22 110 and 111; *Criminal Law*, Article 111; *Tort Liability Law*, Article 2; *Protecting*

23 *State Secrets Law*, Articles 2, 3, and 9; *Archives Law*, Articles 18 and 25;

24 *Implementing Rules of the PRC Law on Protecting State Secrets*, Articles 5 and 21;

25 *Cyber Security Law*, Article 37; or the PRC's acceptance of and reservations to the

26 *Convention on the Taking of Evidence Abroad in Civil or Commercial Matters*

27 *1972* (the "Hague Convention").

28

BITMAIN, INC.'S RESPONSES AND
OBJECTIONS TO SUBPOENA
FOR PRODUCTION OF DOCUMENTS

2.     Bitmain, Inc. objects to the Subpoena, including the Instructions and Definitions contained therein, to the extent it seeks documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest privilege or any other applicable privilege or doctrine.  To the extent that any document falling within the scope of any applicable privilege or doctrine is inadvertently disclosed in responding to any request, such disclosure is inadvertent and does not constitute a waiver or limitation of the applicable privilege.  Any discovery resulting in such disclosure should be returned to Bitmain, Inc. upon demand and without any waiver of any kind.

3.     Bitmain, Inc. objects to the Subpoena, including the Instructions and Definitions contained therein, as unduly burdensome.  Where discovery can be obtained from a party to the action, it is inappropriate to burden a non-party with unnecessary discovery requests.  *See, e.g.*, *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012); *Avago Technologies U.S., Inc. v. IPtronics Inc.*, 2015 WL 5460607, *5 (E.D. Pa. 2015); *Rembrandt Patent Innovations v. Apple, Inc.*, 2015 WL 4393581, *1-2 (W.D. Tex. 2015); *In re Motion to Compel Compliance with Subpoena Direct to Dept. of Veterans Affairs*, 2009 WL 1139231, *7-8 (D.D.C. 2009).

4.     Bitmain, Inc. objects to the Subpoena on the ground that the time specified for production of documents imposes an unreasonable burden.  To the extent Bitmain, Inc. may agree to comply with the Subpoena, it will do so at a reasonable time and place in view of the nature and volume of materials sought, the status of party discovery and the motions described above, and the time required for their collection, review, and production.

5.     Bitmain, Inc. objects to the Subpoena to the extent it seeks to impose on Bitmain, Inc. any obligation different from, inconsistent with, or in addition to, those imposed by the Federal Rules of Civil Procedure, the local rules of the

District Court for the Northern District of California, the Standing Orders of the Honorable James Donato, or any other applicable rules, laws, or orders.

6.     Bitmain, Inc. objects to the Subpoena, including the Instructions and Definitions contained therein, to the extent it is vague, ambiguous and fails to describe the documents sought with reasonable particularity.

7.     Bitmain, Inc. objects to the Subpoena, including the Instructions and Definitions contained therein, to the extent it requires the production of documents that would infringe upon its legitimate privacy rights to the full extent such privacy rights are protected by constitution, statutes, contract, court order, or public policy.

8.     Bitmain, Inc. objects to the Requests to the extent that they seek information, materials, or documents that are confidential or proprietary in nature, or that otherwise constitute protected commercial, strategic, financial, or competitively-sensitive or trade-secret information.  To the extent that such relevant and responsive documents exist, Bitmain, Inc. will disclose such documents only upon the execution of, and subject to the conditions contained in, an appropriate protective order.  Nothing above is intended to waive, and Bitmain, Inc. expressly reserves, all rights to assert that some documents are so sensitive or irrelevant to Gevorkyan's claim that they should not be disclosed at all.

9.     Bitmain, Inc. objects to the Subpoena, including the Instructions and Definitions contained therein, to the extent it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence.

10.    Bitmain, Inc. objects to the Subpoena, including the Instructions and Definitions contained therein, to the extent it seeks documents that are not in its possession, custody, or control.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Bitmain, Inc. objects to Gevorkyan's "Instructions" to the extent they seek to impose any obligation or burden on Bitmain, Inc. different from,

1   inconsistent with, or in addition to, those imposed by the Federal Rules of Civil

2   Procedure, the local rules of the District Court for the Northern District of

3   California, the Standing Orders of the Honorable James Donato, or any other

4   applicable rules, laws, or orders.

5   　　　　2.　　　Bitmain, Inc. objects to the instruction requiring Bitmain, Inc. to

6   produce documents in the possession, custody, or control of its agents, subsidiaries,

7   and affiliates as overly broad and unduly burdensome.  Bitmain, Inc. will produce

8   documents within its own possession, custody, or control, to the extent not

9   protected from disclosure by the attorney-client privilege, the work product

10  doctrine, or any other applicable privilege or protection.

11  　　　　3.　　　Bitmain, Inc. objects to the definition of "CLASS PERIOD" to the

12  extent it suggests that a class has been or should be certified in this case.  Bitmain,

13  Inc. also objects to this definition insofar as the time period proposed is overly

14  broad and unduly burdensome.

15  　　　　4.　　　Bitmain, Inc. objects to the definition of "COMMUNICATION" as

16  overly broad, unduly burdensome, vague, and ambiguous.  Bitmain, Inc. will

17  construe "COMMUNICATION" as it is commonly understood in ordinary English.

18  　　　　5.　　　Bitmain, Inc. objects to the definition of "DOCUMENT" as overly

19  broad, unduly burdensome, vague, indefinite, ambiguous, and not reasonably

20  calculated to lead to the discovery of admissible evidence.  Bitmain, Inc. will

21  construe "DOCUMENT" to have the same meaning as set forth in Fed. R. Civ. P.

22  34(a)(1)(A)—i.e., writings, drawings, graphs, charts, photographs, sound

23  recordings, images, and other data or data compilations—aided by how that term is

24  commonly understood in ordinary English.  Bitmain, Inc. further objects to the

25  definition of "DOCUMENT" to the extent that it purports to require Bitmain, Inc.

26  to search for, produce, and identify every iteration of a document where it would be

27  unduly burdensome to do so.  Bitmain, Inc. agrees only to conduct a reasonable and

28

diligent search in good faith to discover and produce relevant and material facts and/or information properly sought by the Interrogatories.

6. Bitmain, Inc. objects to the definitions of "BITMAIN," "YOU," "YOUR" and "DEFENDANT" as overly broad, unduly burdensome, vague, indefinite, ambiguous, and not relevant to the limited scope of the Court-ordered jurisdictional discovery. Specifically, these definitions encompass, without regard to their connection to the limited scope of the Court-ordered jurisdictional discovery, Bitmain, Inc.'s "past and present parents, subsidiaries, affiliates, predecessors, successors, employees, sister corporations, independent contractors, officers, directors, agents, vendors, accountants, and all other PERSONS or entities acting on its behalf or under its direct or indirect control." Thus, Gevorkyan's use of this definition renders any request in which these terms appear overly broad and unduly burdensome and results in requests that seek documents not relevant to the limited scope of jurisdictional discovery, not within Bitmain, Inc.'s knowledge, possession, custody, or control, and protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Thus, in responding to the Requests, Bitmain, Inc. will construe "BITMAIN," "YOU," "YOUR" and "DEFENDANT" to mean only Bitmain, Inc., a non-party to this action.

7. Bitmain, Inc. objects to the definition of "WAGE STATEMENT" as overly broad, unduly burdensome, vague, and ambiguous. Bitmain, Inc. will construe this term as it is commonly understood in ordinary English.

8. Bitmain, Inc. objects to the definition of "CONCERNING" as overly broad, unduly burdensome, vague, and ambiguous. Bitmain, Inc. will construe this term as it is commonly understood in ordinary English.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Exemplars of all WAGE STATEMENTS of Andy Niu, Peng Li, Sharif Allayarov, and Sherry Xie.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Bitmain, Inc. incorporates by reference each of the above stated general objections as if fully set forth herein.  Bitmain, Inc. objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Specifically, this Request seeks information about wage statements from Andy Niu, Peng Li, Sharif Allayarov, and Sherry Xie, yet nothing in the record suggests Gevorkyan ever was in contact with any of these individuals prior to purchasing the ASIC devices that are the subject of this action.  The Ninth Circuit employs the "but-for" test in deciding whether an alleged contact with the forum state meets the nexus element of the three-pronged specific jurisdiction analysis.  *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The Ninth Circuit has held that claims 'arise out of' contacts with the forum state if, but for those contacts, the claim would not have arisen.").  If Gevorkyan was not in contact with Andy Niu, Peng Li, Sharif Allayarov, and Sherry Xie prior to his purchases of ASIC devices that are the subject of this action, then his claims could not have "arisen out of" this alleged contact with the forum state.  Bitmain, Inc. further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the reference to "WAGE STATEMENTS" is uncertain, indefinite, and unclear.  Bitmain, Inc. further objects to this Request to the extent it implies the existence of facts or circumstances that do not or did not exist.  Specifically, this Request incorrectly

assumes that Andy Niu, Peng Li, Sharif Allayarov, and Sherry Xie are Bitmain, Inc. employees.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Bitmain, Inc. responds that it has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Exemplars of all WAGE STATEMENTS of Sales Specialists referred to in "Exhibit 4" attached hereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Bitmain, Inc. incorporates by reference each of the above stated general objections as if fully set forth herein.  Bitmain, Inc. objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Specifically, this Request seeks information about wage statements from "sales specialists," yet nothing in the record suggests Gevorkyan ever was in contact with sales specialists prior to purchasing the ASIC devices that are the subject of this action.  The Ninth Circuit employs the "but-for" test in deciding whether an alleged contact with the forum state meets the nexus element of the three-pronged specific jurisdiction analysis. *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The Ninth Circuit has held that claims 'arise out of' contacts with the forum state if, but for those contacts, the claim would not have arisen.").  If Gevorkyan was not in contact with sales specialists prior to his purchases of ASIC devices that are the subject of this action, then his claims could not have "arisen out of" this alleged contact with the forum state.  Bitmain, Inc. further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the reference to "WAGE

STATEMENTS" is uncertain, indefinite, and unclear.  Bitmain, Inc. further objects to this Request to the extent it implies the existence of facts or circumstances that do not or did not exist.  Specifically, this Request incorrectly assumes that a "Sales Specialist" referred to in "Exhibit 4" was ever hired, and that if a "Sales Specialist" were hired, he or she is employed by Bitmain, Inc.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Bitmain, Inc. responds that it has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS CONCERNING the identity of any entities that created and/or posted the Sales Specialist job posting on LinkedIn.com referred to in "Exhibit 4," attached hereto, and in the LIU DECLARATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Bitmain, Inc. incorporates by reference each of the above stated general objections as if fully set forth herein.  Bitmain, Inc. objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Specifically, this Request seeks information about wage statements from "sales specialists," yet nothing in the record suggests Gevorkyan ever was in contact with sales specialists prior to purchasing the ASIC devices that are the subject of this action.  The Ninth Circuit employs the "but-for" test in deciding whether an alleged contact with the forum state meets the nexus element of the three-pronged specific jurisdiction analysis. *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The Ninth Circuit has held that claims 'arise out of' contacts with the forum state if, but for those contacts, the claim would not have arisen.").  If Gevorkyan was not in contact with sales specialists prior to his purchases of ASIC

devices that are the subject of this action, then his claims could not have "arisen out of" this alleged contact with the forum state.  Bitmain, Inc. further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the references to "DOCUMENTS" and "entities" are uncertain, indefinite, and unclear.  Bitmain, Inc. further objects to this Request to the extent it implies the existence of facts or circumstances that do not or did not exist.  Specifically, this Request incorrectly assumes that Bitmain, Inc. controlled and operated the LinkedIn.com account referred to in Exhibit 4, and that Bitmain, Inc. created the job posting referred to in Exhibit 4.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Bitmain, Inc. responds that it has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS concerning the job responsibilities and workplace procedures of all Bitmain Sales Specialists referred to in "Exhibit 4," attached hereto, and the job responsibilities and workplace procedures of their corresponding supervisors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Bitmain, Inc. incorporates by reference each of the above stated general objections as if fully set forth herein.  Bitmain, Inc. objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Specifically, this Request seeks information about job responsibilities and workplace procedures for "sales specialists," yet nothing in the record suggests Gevorkyan ever was in contact with sales specialists prior to purchasing the ASIC devices that are the subject of this

1   action.  The Ninth Circuit employs the "but-for" test in deciding whether an

2   alleged contact with the forum state meets the nexus element of the three-pronged

3   specific jurisdiction analysis.  *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at

4   *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The Ninth Circuit has held that claims

5   'arise out of' contacts with the forum state if, but for those contacts, the claim

6   would not have arisen.").  If Gevorkyan was not in contact with sales specialists

7   prior to his purchases of ASIC devices that are the subject of this action, then his

8   claims could not have "arisen out of" this alleged contact with the forum state.

9   Bitmain, Inc. further objects to this Request to the extent that it is vague and

10  ambiguous in that it does not define certain terms with reasonable particularity.

11  Specifically, the reference to "DOCUMENTS" is uncertain, indefinite, and unclear.

12  Bitmain, Inc. further objects to this Request to the extent it implies the existence of

13  facts or circumstances that do not or did not exist.  Specifically, this Request

14  incorrectly assumes that a "Sales Specialist" referred to in "Exhibit 4" was ever

15  hired, and that if a "Sales Specialist" were hired, he or she is employed by Bitmain,

16  Inc.

17          Subject to and without waiving the foregoing general and specific objections

18  and objections to definitions and instructions, Bitmain, Inc. responds that it has no

19  documents responsive to this Request.

20  **REQUEST FOR PRODUCTION NO. 5:**

21          All DOCUMENTS CONCERNING the identity of any entities and persons

22  that created, maintained, and/or provided content for the YouTube channel referred

23  to as "Bitmain Technologies Ltd.'s Official YouTube channel" referred to in the

24  LIU DECLARATION and located at: https://www.youtube.com/channel

25  /UCrjWmBeM0ezBsrPiHvUoeag/about.

26

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Bitmain, Inc. incorporates by reference each of the above stated general objections as if fully set forth herein.  Bitmain, Inc. objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Specifically, this Request seeks information about a YouTube channel, yet nothing in the record suggests Gevorkyan ever viewed the YouTube channel prior to purchasing the ASIC devices that are the subject of this action.  The Ninth Circuit employs the "but-for" test in deciding whether an alleged contact with the forum state meets the nexus element of the three-pronged specific jurisdiction analysis. *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The Ninth Circuit has held that claims 'arise out of' contacts with the forum state if, but for those contacts, the claim would not have arisen.").  If Gevorkyan did not view the YouTube channel prior to his purchases of ASIC devices that are the subject of this action, then his claims could not have "arisen out of" this alleged contact with the forum state.  Bitmain, Inc. further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the references to "DOCUMENTS," "entities," and "persons" are uncertain, indefinite, and unclear; and the terms "entities" and "persons" are undefined.  Bitmain, Inc. further objects to this Request to the extent it implies the existence of facts or circumstances that do not or did not exist. Specifically, this Request incorrectly assumes that Bitmain, Inc. created, maintained, and/or provided content for the YouTube channel referred to in the Liu declaration, or possesses information related to the creation and maintenance of the YouTube channel.

1    Subject to and without waiving the foregoing general and specific objections

2    and objections to definitions and instructions, Bitmain, Inc. responds that it has no

3    documents responsive to this Request.

4    **REQUEST FOR PRODUCTION NO. 6:**

5    All DOCUMENTS CONCERNING the identity of any entities or persons

6    that created, maintained, and/or provided content for the YouTube channel referred

7    to as "Bitmain Support YouTube channel" referred to in the LIU DECLARATION

8    and located at https://www.youtube.com/channel/UCOzm10_uGrt4BhfuMJb

9    VfMA.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

11   Bitmain, Inc. incorporates by reference each of the above stated general

12   objections as if fully set forth herein.  Bitmain, Inc. objects to this Request on the

13   grounds that it is overly broad and seeks information not proportional to the needs

14   of the case to the extent it seeks documents beyond what is necessary to establish

15   whether jurisdiction exists over Bitmain Hong Kong.  Specifically, this Request

16   seeks information about a YouTube channel, yet nothing in the record suggests

17   Gevorkyan ever viewed the YouTube channel prior to purchasing the ASIC

18   devices that are the subject of this action.  The Ninth Circuit employs the "but-for"

19   test in deciding whether an alleged contact with the forum state meets the nexus

20   element of the three-pronged specific jurisdiction analysis.  *Erickson v. Neb. Mach.*

21   *Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The Ninth

22   Circuit has held that claims 'arise out of' contacts with the forum state if, but for

23   those contacts, the claim would not have arisen.").  If Gevorkyan did not view the

24   YouTube channel prior to his purchases of ASIC devices that are the subject of this

25   action, then his claims could not have "arisen out of" this alleged contact with the

26   forum state.  Bitmain, Inc. further objects to this Request to the extent that it is

27   vague and ambiguous in that it does not define certain terms with reasonable

28

particularity.  Specifically, the references to "DOCUMENTS," "entities," and "persons" are uncertain, indefinite, and unclear; and the terms "entities" and "persons" are undefined.  Bitmain, Inc. further objects to this Request to the extent it implies the existence of facts or circumstances that do not or did not exist.  Specifically, this Request incorrectly assumes that Bitmain, Inc. created, maintained, and/or provided content for the YouTube channel referred to in the Liu declaration, or possesses information related to the creation and maintenance of the YouTube channel.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Bitmain, Inc. responds that it has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS CONCERNING the identity of any entities or persons that created, have maintained, and/or have provided content for the following Twitter accounts: "Antminer_Main" and/or "BitmainTech."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Bitmain, Inc. incorporates by reference each of the above stated general objections as if fully set forth herein.  Bitmain, Inc. objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Specifically, this Request seeks information about Twitter accounts, yet nothing in the record suggests Gevorkyan ever viewed the Twitter accounts prior to purchasing the ASIC devices that are the subject of this action.  The Ninth Circuit employs the "but-for" test in deciding whether an alleged contact with the forum state meets the nexus element of the three-pronged specific jurisdiction analysis. *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The Ninth Circuit

has held that claims 'arise out of' contacts with the forum state if, but for those contacts, the claim would not have arisen.").  If Gevorkyan did not view the Twitter accounts prior to his purchases of ASIC devices that are the subject of this action, then his claims could not have "arisen out of" this alleged contact with the forum state.  Bitmain, Inc. further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the references to "DOCUMENTS," "entities," and "persons" are uncertain, indefinite, and unclear; and the terms "entities" and "persons" are undefined.  Bitmain, Inc. further objects to this Request to the extent it implies the existence of facts or circumstances that do not or did not exist. Specifically, this Request incorrectly assumes that Bitmain, Inc. created, maintained, and/or provided content for the Twitter accounts "Antminer_Main" and/or "BitmainTech," or possesses information related to the creation and maintenance of these Twitter accounts.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Bitmain, Inc. responds that it has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS CONCERNING the identity of any entities and/or persons that created, maintained, and/or provided content for the following Facebook.com pages: https://www.facebook.com/Bitmain-542277132559653/; and/or https://www.facebook.com/pg/Bitmain/about/?ref=page_internal; https://www.facebook.com/pg/Bitmain-technologies-Limited-314165025425279/about/?ref=page_internal;

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Bitmain, Inc. incorporates by reference each of the above stated general objections as if fully set forth herein.  Bitmain, Inc. objects to this Request on the

grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Specifically, this Request seeks information about Facebook.com pages, yet nothing in the record suggests Gevorkyan ever viewed the Facebook.com pages prior to purchasing the ASIC devices that are the subject of this action.  The Ninth Circuit employs the "but-for" test in deciding whether an alleged contact with the forum state meets the nexus element of the three-pronged specific jurisdiction analysis.  *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at \*4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The Ninth Circuit has held that claims 'arise out of' contacts with the forum state if, but for those contacts, the claim would not have arisen.").  If Gevorkyan did not view the Facebook.com pages prior to his purchases of ASIC devices that are the subject of this action, then his claims could not have "arisen out of" this alleged contact with the forum state.  Bitmain, Inc. further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the references to "DOCUMENTS," "entities," and "persons" are uncertain, indefinite, and unclear; and the terms "entities" and "persons" are undefined.  Bitmain, Inc. further objects to this Request to the extent it implies the existence of facts or circumstances that do not or did not exist.  Specifically, this Request incorrectly assumes that Bitmain, Inc. was responsible for creating, maintaining, and/or providing content for various Facebook.com webpages, or possesses information related to the creation and maintenance of these Facebook.com webpages.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Bitmain, Inc. responds that it has no documents responsive to this Request.

1  **REQUEST FOR PRODUCTION NO. 9:**

2      DOCUMENTS sufficient to identify the volume of sales of Bitmain ASIC

3  devices to purchasers in the State of California.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

5      Bitmain, Inc. incorporates by reference each of the above stated general

6  objections as if fully set forth herein.  Bitmain, Inc. objects to this Request to the

7  extent it seeks documents containing information protected by the attorney-client

8  privilege, the work product doctrine, and/or any other applicable privilege.

9  Bitmain, Inc. further objects to this Request on the grounds that it is overly broad

10  and seeks information not proportional to the needs of the case to the extent it

11  seeks documents beyond what is necessary to establish whether jurisdiction exists

12  over Bitmain Hong Kong.  Bitmain, Inc. further objects to this Request on the

13  grounds that it is overly broad and unduly burdensome to the extent it seeks

14  documents and information that are in the possession of other entities, including

15  Bitmain Technologies, Ltd.—the defendant in the action underlying this

16  Subpoena—and are less burdensome and expensive for such persons and entities to

17  produce.  Bitmain, Inc. further objects to this Request to the extent that it is vague

18  and ambiguous in that it does not define certain terms with reasonable

19  particularity.  Specifically, the references to "DOCUMENTS," "volume of sales,"

20  "Bitmain," and "ASIC devices" are uncertain, indefinite, and unclear; and the terms

21  "volume of sales" and "ASIC devices" are undefined.  Bitmain, Inc. further objects

22  to this Request to the extent it implies the existence of facts or circumstances that

23  do not or did not exist.

24      Subject to and without waiving the foregoing general and specific objections

25  and objections to definitions and instructions, Bitmain, Inc. responds that it has no

26  documents responsive to this Request.

27

28

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to identify the gross revenue generated from sales of Bitmain ASIC devices to purchasers in the State of California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Bitmain, Inc. incorporates by reference each of the above stated general objections as if fully set forth herein.  Bitmain, Inc. objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege. Bitmain, Inc. further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Bitmain, Inc. further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents and information that are in the possession of other entities, including Bitmain Technologies, Ltd.—the defendant in the action underlying this Subpoena—and are less burdensome and expensive for such persons and entities to produce.  Bitmain, Inc. further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the references to "DOCUMENTS," "volume of sales," "Bitmain," and "ASIC devices" are uncertain, indefinite, and unclear; and the terms "volume of sales" and "ASIC devices" are undefined.  Bitmain, Inc. further objects to this Request to the extent it implies the existence of facts or circumstances that do not or did not exist.  Specifically, this Request incorrectly assumes that Bitmain, Inc. sold ASIC devices to customers in California, or possesses information related to same.

1  Subject to and without waiving the foregoing general and specific objections

2  and objections to definitions and instructions, Bitmain, Inc. responds that it has no

3  documents responsive to this Request.

4  **REQUEST FOR PRODUCTION NO. 11:**

5  DOCUMENTS sufficient to identify all individuals, and the companies they

6  work for, with access to the following email accounts during the CLASS PERIOD:

7  hr.hk@bitmain.com, sales.ncsa@bitmain.com, and webmaster@bitmaintech.com.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

9  Bitmain, Inc. incorporates by reference each of the above stated general

10  objections as if fully set forth herein.  Bitmain, Inc. objects to this Request on the

11  grounds that it is overly broad and seeks information not proportional to the needs

12  of the case to the extent it seeks documents beyond what is necessary to establish

13  whether jurisdiction exists over Bitmain Hong Kong.  Specifically, this Request

14  seeks information about email accounts, yet nothing in the record suggests

15  Gevorkyan ever corresponded with the email accounts prior to (or after)

16  purchasing the ASIC devices that are the subject of this action.  The Ninth Circuit

17  employs the "but-for" test in deciding whether an alleged contact with the forum

18  state meets the nexus element of the three-pronged specific jurisdiction analysis.

19  *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015)

20  (Donato, J.) ("The Ninth Circuit has held that claims 'arise out of' contacts with

21  the forum state if, but for those contacts, the claim would not have arisen.").  If

22  Gevorkyan did not correspond with the email accounts prior to his purchases of

23  ASIC devices that are the subject of this action, then his claims could not have

24  "arisen out of" this alleged contact with the forum state.  Bitmain, Inc. further

25  objects to this Request on the grounds that it is overly broad and unduly

26  burdensome to the extent it seeks documents and information that are in the

27  possession of other entities, including Bitmain Technologies, Ltd.—the defendant

28

in the action underlying this Subpoena—and are less burdensome and expensive for such persons and entities to produce.  Bitmain, Inc. further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the references to "DOCUMENTS," "employed," and "access" are uncertain, indefinite, and unclear; and the terms "employed" and "access" are undefined.  Bitmain, Inc. further objects to this Request to the extent it implies the existence of facts or circumstances that do not or did not exist.  Specifically, this Request incorrectly assumes that Bitmain, Inc. had access to the listed email accounts.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Bitmain, Inc. responds that it has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All COMMUNICATIONS between YOU and PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Bitmain, Inc. incorporates by reference each of the above stated general objections as if fully set forth herein.  Bitmain, Inc. objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Bitmain, Inc. further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the references to "COMMUNICATIONS" and "YOU" are uncertain, indefinite, and unclear.  Bitmain, Inc. further objects to this Request to the extent it implies the existence of facts or circumstances that do not or did not exist.  Specifically, this Request incorrectly assumes that Bitmain, Inc. had any communications with Gevorkyan.  Bitmain, Inc. further objects to this Request on the grounds that it is over broad and

1  unduly burdensome to the extent it seeks documents already in the possession,

2  custody, or control of Gevorkyan.

3      Subject to and without waiving the foregoing general and specific objections

4  and objections to definitions and instructions, Bitmain, Inc. responds that it has no

5  documents responsive to this Request.

6  **REQUEST FOR PRODUCTION NO. 13:**

7      All DOCUMENTS CONCERNING PLAINTIFF'S purchases of any ASIC

8  devices from YOU, including but not limited to all purchase invoices and shipping

9  invoices.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

11     Bitmain, Inc. incorporates by reference each of the above stated general

12 objections as if fully set forth herein.  Bitmain, Inc. objects to this Request to the

13 extent it seeks documents containing information protected by the attorney-client

14 privilege, the work product doctrine, and/or any other applicable privilege.

15 Bitmain, Inc. further objects to this Request on the grounds that it is overly broad

16 and seeks information not proportional to the needs of the case to the extent it

17 seeks documents beyond what is necessary to establish whether jurisdiction exists

18 over Bitmain Hong Kong.  Bitmain, Inc. further objects to this Request on the

19 grounds that it is overly broad and unduly burdensome to the extent it seeks

20 documents and information that are in the possession of other entities, including

21 Bitmain Technologies, Ltd.—the defendant in the action underlying this

22 Subpoena—and are less burdensome and expensive for such persons and entities to

23 produce.  Bitmain, Inc. further objects to this Request to the extent that it is vague

24 and ambiguous in that it does not define certain terms with reasonable

25 particularity.  Specifically, the references to "DOCUMENTS," "ASIC devices,"

26 and "YOU" are uncertain, indefinite, and unclear; and the term "ASIC devices" is

27 undefined.  Bitmain, Inc. further objects to this Request to the extent it implies the

28

existence of facts or circumstances that do not or did not exist.  Specifically, this Request incorrectly assumes that Gevorkyan purchased any ASIC devices from Bitmain, Inc.  Bitmain, Inc. further objects to this Request on the grounds that it is over broad and unduly burdensome to the extent it seeks documents already in the possession, custody, or control of Gevorkyan.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Bitmain, Inc. responds that it has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS CONCERNING YOUR lease or ownership of any real property in the State of California, including but not limited to all lease and/or purchase agreements for the property located at 300 Park Ave, STE 300, San Jose, CA 95110, and the property located at 4231 Business Center Drive Suite 8, Fremont, CA 94538.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Bitmain, Inc. incorporates by reference each of the above stated general objections as if fully set forth herein.  Bitmain, Inc. objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege. Bitmain, Inc. further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Specifically, this Request seeks information about properties located at 300 Park Ave, STE 300, San Jose, CA 95110, and at 4231 Business Center Drive Suite 8, Fremont, CA 94538, yet nothing in the record suggests Gevorkyan ever visited or was otherwise connected with those properties prior to purchasing the ASIC devices that are the subject of this action.  The Ninth

1   Circuit employs the "but-for" test in deciding whether an alleged contact with the

2   forum state meets the nexus element of the three-pronged specific jurisdiction

3   analysis. *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6,

4   2015) (Donato, J.) ("The Ninth Circuit has held that claims 'arise out of' contacts

5   with the forum state if, but for those contacts, the claim would not have arisen.").

6   If Gevorkyan did not correspond with the email accounts prior to his purchases of

7   ASIC devices that are the subject of this action, then his claims could not have

8   "arisen out of" this alleged contact with the forum state.  Accordingly, Bitmain,

9   Inc. will not produce documents responsive to this Request unless and until

10  Gevorkyan produces evidence sufficient to demonstrate that his claims arise from

11  the properties located at 300 Park Ave, STE 300, San Jose, CA 95110, and at 4231

12  Business Center Drive Suite 8, Fremont, CA 94538, and thus that information

13  about these properties is necessary to establish whether jurisdiction exists over

14  Bitmain Hong Kong.  Bitmain, Inc. further objects to this Request to the extent that

15  it is vague and ambiguous in that it does not define certain terms with reasonable

16  particularity.  Specifically, the references to "DOCUMENTS" and "YOUR" are

17  uncertain, indefinite, and unclear.  Bitmain, Inc. further objects to this Request to

18  the extent it implies the existence of facts or circumstances that do not or did not

19  exist.

20      Subject to and without waiving the foregoing general and specific objections

21  and objections to definitions and instructions, Bitmain, Inc. is willing to meet and

22  confer with Gevorkyan on how documents responsive to this request would

23  establish jurisdiction and, if appropriate, what scope and form the production of

24  responsive documents or information should take.

25

26

27

28

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS CONCERNING the identity of any entities or persons that created, maintained, and/or provided content for the following websites: bitmain.com, blog.bitmain.com and/or bitmaintech.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Bitmain, Inc. incorporates by reference each of the above stated general objections as if fully set forth herein. Bitmain, Inc. objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege. Bitmain, Inc. further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong. Specifically, this Request seeks information about the websites blog.bitmain.com and bitmaintech.com, yet nothing in the record suggests Gevorkyan ever visited these websites prior to or after purchasing the ASIC devices that are the subject of this action. The Ninth Circuit employs the "but-for" test in deciding whether an alleged contact with the forum state meets the nexus element of the three-pronged specific jurisdiction analysis. *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The Ninth Circuit has held that claims 'arise out of' contacts with the forum state if, but for those contacts, the claim would not have arisen."). If Gevorkyan did not visit the websites blog.bitmain.com and bitmaintech.com prior to or after his purchases of ASIC devices that are the subject of this action, then his claims could not have "arisen out of" this alleged contact with the forum state. Bitmain, Inc. further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents and information that are in the possession of other entities, including Bitmain Technologies, Ltd.—the defendant

in the action underlying this Subpoena—and are less burdensome and expensive for such persons and entities to produce. Bitmain, Inc. further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity. Specifically, the references to "DOCUMENTS," "entities," and "persons" are uncertain, indefinite, and unclear; and the terms "entities" and "persons" are undefined. Bitmain, Inc. further objects to this Request to the extent it implies the existence of facts or circumstances that do not or did not exist. Specifically, this Request incorrectly assumes that Bitmain, Inc. created, maintained, and/or provided content for the listed websites.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Bitmain, Inc. responds that it has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

All executed contracts for vendors or event space for the California Crypto Mining Forum held on August 31, 2019 in San Jose, California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Bitmain, Inc. incorporates by reference each of the above stated general objections as if fully set forth herein. Bitmain, Inc. objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege. Bitmain, Inc. further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong. Specifically, this Request seeks information about the California Crypto Mining Forum, yet nothing in the record suggests Gevorkyan purchased any ASIC devices that are the subject of this action after the California Crypto Mining Forum held on August 31, 2019. The Ninth Circuit employs the

1    "but-for" test in deciding whether an alleged contact with the forum state meets the

2    nexus element of the three-pronged specific jurisdiction analysis.  *Erickson v. Neb.*

3    *Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The

4    Ninth Circuit has held that claims 'arise out of' contacts with the forum state if, but

5    for those contacts, the claim would not have arisen.").  If Gevorkyan did not

6    purchase any ASIC devices that are the subject of this action after the California

7    Crypto Mining Forum held on August 31, 2019, then his claims could not have

8    "arisen out of" this alleged contact with the forum state.  *Anaya v. Machines de*

9    *Triage et Broyage*, 2019 WL 1083783, at *5 (N.D. Cal. Mar. 7, 2019)

10   (disregarding conduct after the alleged event giving rise to underlying dispute and

11   granting motion to dismiss for lack of personal jurisdiction).  Bitmain, Inc. further

12   objects to this Request on the grounds that it is overly broad and unduly

13   burdensome to the extent it seeks documents and information that are in the

14   possession of other entities and are less burdensome and expensive for such

15   persons and entities to produce.  Bitmain, Inc. further objects to this Request to the

16   extent that it is vague and ambiguous in that it does not define certain terms with

17   reasonable particularity.  Specifically, the references to "vendors" and "event

18   space" are undefined, uncertain, indefinite, and unclear.  Bitmain, Inc. further

19   objects to this Request to the extent it implies the existence of facts or

20   circumstances that do not or did not exist.  Further, this Request incorrectly

21   assumes that Bitmain, Inc. executed contracts for vendors or event space for the

22   California Crypto Mining Forum held on August 31, 2019 in San Jose, California.

23          Subject to and without waiving the foregoing general and specific objections

24   and objections to definitions and instructions, Bitmain, Inc. responds that it has no

25   documents responsive to this Request.

26

27

28

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS CONCERNING the nature of YOUR relationship to the entity referenced in the LUI DECLARATION named "Beijing Bitmain Technology Co., Ltd."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Bitmain, Inc. incorporates by reference each of the above stated general objections as if fully set forth herein. Bitmain, Inc. objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege. Bitmain, Inc. further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong and to demonstrate whether an alter ego relationship exists between Bitmain, Inc. and Beijing Bitmain Technology Co., Ltd. for specific jurisdiction purposes. Bitmain, Inc. further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity. Specifically, the references to "DOCUMENTS" and "relationship" are uncertain, indefinite, and unclear; and the term "relationship" is undefined. Also, the term "YOUR," as defined, includes Beijing Bitmain Technology Co., Ltd., thus to the extent the Request seeks documents concerning the relationship between Beijing Bitmain Technology Co., Ltd. and itself, it is uncertain, indefinite, and unclear.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Bitmain, Inc. responds that, to the extent they exist and are in Bitmain, Inc.'s possession, custody, or control, Bitmain, Inc. will produce documents that are sufficient to demonstrate the

organizational relationship between Bitmain, Inc. and Beijing Bitmain Technology Co., Ltd.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS CONCERNING the nature of YOUR relationship to the entity referenced in the LUI DECLARATION named "Bitmain Technologies, Ltd."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Bitmain, Inc. incorporates by reference each of the above stated general objections as if fully set forth herein.  Bitmain, Inc. objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege. Bitmain, Inc. further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong and to demonstrate whether an alter ego relationship exists between Bitmain, Inc. and Bitmain Technologies, Ltd. for specific jurisdiction purposes.  Bitmain, Inc. further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents and information that are in the possession of other entities, including Bitmain Technologies, Ltd.—the defendant in the action underlying this Subpoena—and are less burdensome and expensive for such persons and entities to produce. Bitmain, Inc. further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity. Specifically, the references to "DOCUMENTS" and "relationship" are uncertain, indefinite, and unclear; and the term "relationship" is undefined.  Also, the term "YOUR," as defined, includes Bitmain Technologies, Ltd., thus to the extent the Request seeks documents concerning the relationship between Bitmain Technologies, Ltd. and itself, it is uncertain, indefinite, and unclear.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Bitmain, Inc. responds that, to the extent they exist and are in Bitmain, Inc.'s possession, custody, or control, Bitmain, Inc. will produce documents that are sufficient to demonstrate the organizational relationship between Bitmain, Inc. and Bitmain Technologies, Ltd.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS CONCERNING the nature of YOUR relationship to the entity referenced in the LUI DECLARATION named "Shenzen [sic] Century Cloud Core Technology Co., Ltd."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Bitmain, Inc. incorporates by reference each of the above stated general objections as if fully set forth herein.  Bitmain, Inc. objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege. Bitmain, Inc. further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong and to demonstrate whether an alter ego relationship exists between Bitmain, Inc. and Shenzhen Century Cloud Core Technology Co., Ltd. for specific jurisdiction purposes.  Bitmain, Inc. further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the references to "DOCUMENTS" and "relationship" are uncertain, indefinite, and unclear; and the term "relationship" is undefined.  Also, the term "YOUR," as defined, includes Shenzhen Century Cloud Core Technology Co., Ltd., thus to the extent the Request seeks documents concerning the relationship between Shenzhen Century Cloud Core Technology Co., Ltd. and itself, it is uncertain, indefinite, and unclear.

1    Subject to and without waiving the foregoing general and specific objections

2    and objections to definitions and instructions, Bitmain, Inc. responds that, to the

3    extent they exist and are in Bitmain, Inc.'s possession, custody, or control,

4    Bitmain, Inc. will produce documents that are sufficient to demonstrate the

5    organizational relationship between Bitmain, Inc. and Shenzhen Century Cloud

6    Core Technology Co., Ltd.

7    **REQUEST FOR PRODUCTION NO. 20:**

8    All DOCUMENTS CONCERNING YOUR corporate structure, including all

9    members of YOUR Board of Directors, YOUR top ten executives, and the

10   members of the Boards of Directors and top ten executives of "Beijing Bitmain

11   Technology Co., Ltd.," and "Bitmain Technologies, Ltd."

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

13   Bitmain, Inc. incorporates by reference each of the above stated general

14   objections as if fully set forth herein.  Bitmain, Inc. objects to this Request to the

15   extent it seeks documents containing information protected by the attorney-client

16   privilege, the work product doctrine, and/or any other applicable privilege.

17   Bitmain, Inc. further objects to this Request on the grounds that it is overly broad

18   and seeks information not proportional to the needs of the case to the extent it

19   seeks documents beyond what is necessary to establish whether jurisdiction exists

20   over Bitmain Hong Kong.  Bitmain, Inc. further objects to this Request on the

21   grounds that it is overly broad and unduly burdensome to the extent it seeks

22   documents and information that are in the possession of other entities, including

23   Bitmain Technologies, Ltd.—the defendant in the action underlying this

24   Subpoena—and are less burdensome and expensive for such persons and entities to

25   produce.  Bitmain, Inc. further objects to this Request to the extent that it is vague

26   and ambiguous in that it does not define certain terms with reasonable

27   particularity.  Specifically, the references to "DOCUMENTS," "corporate

28

structure," and "top ten executives" are uncertain, indefinite, and unclear; and the terms "corporate structure" and "top ten executives" are undefined.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Bitmain, Inc. responds that, to the extent they exist and are in Bitmain, Inc.'s possession, custody, or control, Bitmain, Inc. will produce documents responsive to this Request that are sufficient to show Bitmain, Inc.'s board of directors and executives.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS, not otherwise requested or produced, that establish the relationship between YOU and Beijing Bitmain Technology Co., Ltd.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Bitmain, Inc. incorporates by reference each of the above stated general objections as if fully set forth herein. Bitmain, Inc. objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege. Bitmain, Inc. further objects to this Request to the extent it is duplicative of Request No. 17 above. Bitmain, Inc. further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong and to demonstrate whether an alter ego relationship exists between Bitmain, Inc. and Beijing Bitmain Technology Co., Ltd. for specific jurisdiction purposes. Bitmain, Inc. further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity. Specifically, the references to "DOCUMENTS" and "relationship" are uncertain, indefinite, and unclear; and the term "relationship" is undefined. Also, the term "YOU," as defined, includes Beijing Bitmain Technology Co., Ltd., thus to the extent the Request seeks

documents concerning the relationship between Beijing Bitmain Technology Co., Ltd. and itself, it is uncertain, indefinite, and unclear.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Bitmain, Inc. responds that, to the extent they exist and are in Bitmain, Inc.'s possession, custody, or control, Bitmain, Inc. will produce documents that are sufficient to demonstrate the organizational relationship between Bitmain, Inc. and Beijing Bitmain Technology Co., Ltd.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS, not otherwise requested or produced, that establish the relationship between YOU and Bitmain Technologies, Ltd.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Bitmain, Inc. incorporates by reference each of the above stated general objections as if fully set forth herein. Bitmain, Inc. objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege. Bitmain, Inc. further objects to this Request to the extent it is duplicative of Request No. 18 above. Bitmain, Inc. further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong and to demonstrate whether an alter ego relationship exists between Bitmain, Inc. and Bitmain Technologies, Ltd. for specific jurisdiction purposes. Bitmain, Inc. further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity. Specifically, the references to "DOCUMENTS" and "relationship" are uncertain, indefinite, and unclear; and the term "relationship" is undefined. Also, the term "YOU," as defined, includes Bitmain Technologies,

Ltd., thus to the extent the Request seeks documents concerning the relationship between Bitmain Technologies, Ltd. and itself, it is uncertain, indefinite, and unclear.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Bitmain, Inc. responds that, to the extent they exist and are in Bitmain, Inc.'s possession, custody, or control, Bitmain, Inc. will produce documents that are sufficient to demonstrate the organizational relationship between Bitmain, Inc. and Bitmain Technologies, Ltd.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS, not otherwise requested or produced, that establish the relationship between YOU and Shenzen [sic] Century Cloud Core Technology Co., Ltd.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Bitmain, Inc. incorporates by reference each of the above stated general objections as if fully set forth herein.  Bitmain, Inc. objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege. Bitmain, Inc. further objects to this Request to the extent it is duplicative of Request No. 19 above.  Bitmain, Inc. further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong and to demonstrate whether an alter ego relationship exists between Bitmain, Inc. and Shenzhen Century Cloud Core Technology Co., Ltd. for specific jurisdiction purposes.  Bitmain, Inc. further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the references to "DOCUMENTS" and "relationship" are uncertain, indefinite, and unclear; and

the term "relationship" is undefined. Also, the term "YOU," as defined, includes

Shenzhen Century Cloud Core Technology Co., Ltd., thus to the extent the Request

seeks documents concerning the relationship between Shenzhen Century Cloud

Core Technology Co., Ltd. and itself, it is uncertain, indefinite, and unclear.

Subject to and without waiving the foregoing general and specific objections

and objections to definitions and instructions, Bitmain, Inc. responds that, to the

extent they exist and are in Bitmain, Inc.'s possession, custody, or control,

Bitmain, Inc. will produce documents that are sufficient to demonstrate of the

organizational relationship between Bitmain, Inc. and Shenzhen Century Cloud

Core Technology Co., Ltd.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS, not otherwise requested or produced, that evidence, refer

to or relate to any connection between Beijing Bitmain Technology Co., Ltd., and

the State of California, on the one hand, and Bitmain Technologies, Ltd., and the

State of California, on the other hand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Bitmain, Inc. incorporates by reference each of the above stated general

objections as if fully set forth herein. Bitmain, Inc. further objects to this Request

to the extent it seeks documents containing information protected by the attorney-

client privilege, the work product doctrine, and/or any other applicable privilege.

Specifically, this Request calls for a legal conclusion and privileged attorney work

product by seeking information that would require Bitmain, Inc. and its counsel to

conduct legal analysis to determine whether any connections between either Beijing

Bitmain Technology Co., Ltd. or Bitmain Technologies, Ltd., and the State of

California and California—if they existed—were relevant to this action.

Accordingly, Bitmain, Inc. will not provide documents responsive to this Request.

Bitmain, Inc. further objects to this Request on the grounds that it is overly broad

and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Bitmain, Inc. further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents and information that are in the possession of other entities, including Bitmain Technologies, Ltd.—the defendant in the action underlying this Subpoena—and are less burdensome and expensive for such persons and entities to produce.  Bitmain, Inc. further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the references to "DOCUMENTS" and "connection" are uncertain, indefinite, and unclear; and the term "connection" is undefined.

       Dated:  February 18, 2020

                    O'MELVENY & MYERS LLP

                    By:  _____

                    Attorneys for Non-Party Bitmain, Inc.

## **CERTIFICATION OF SERVICE**

I certify that on February 18, 2020, I caused to be served the within document titled Bitmain Inc.'s Responses and Objections to Gor Gevorkyan's Subpoena for Production of Documents Pursuant to Fed. R. Civ. P. 45 by mailing copies of same via U.S. mail to the individuals listed below in the service list.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 18, 2020, at Los Angeles, California.

/s/ William K. Pao
_____

BITMAIN, INC.'S RESPONSES AND
OBJECTIONS TO SUBPOENA
FOR PRODUCTION OF DOCUMENTS

## SERVICE LIST

| | |
|---|---|
| Robert Starr<br>Adam Rose<br>Karo Karapetyan<br>Manny Starr<br>FRONTIER LAW CENTER<br>23901 Calabasas Road, Suite 2074<br>Calabasas, California 91302<br><br>***Counsel for Plaintiff*** | Email:<br>robert@frontierlawcenter.com<br>adam@frontierlawcenter.com<br>karo@frontierlawcenter.com<br>manny@frontierlawcenter.com<br><br><br>Telephone: 818-914-3433<br>Facsimile: 818-914-3433 |
| Jordan L. Lurie<br>POMERANTZ LLP<br>1100 Glendon Avenue<br>15th Floor<br>Los Angeles, California 90024<br><br>***Counsel for Plaintiff*** | Email:<br>jllurie@pomlaw.com<br><br><br><br>Telephone: 310-405-7190<br>Facsimile: 917-463-1044 |
| Christopher Marlborough<br>THE MARLBOROUGH LAW FIRM, P.C.<br>445 Broad Hollow Road, Suite 400<br>Melville, New York 11747<br><br>***Counsel for Plaintiff*** | Email:<br>chris@marlboroughlawfirm.com<br><br><br>Telephone: 212-991-8960<br>Facsimile: 212-991-8952 |