EXHIBIT 4

1  CARLOS M. LAZATIN (S.B. #229650)
   clazatin@omm.com
2  WILLIAM K. PAO (S.B. #252637)
   wpao@omm.com
3  JASON ORR (S.B. #301764)
   jorr@omm.com
4  O'MELVENY & MYERS LLP
   400 South Hope Street
5  18th Floor
   Los Angeles, California 90071-2899
6  Telephone:   (213) 430-6000
   Facsimile:    (213) 430-6407
7
   Attorneys for Defendant
8  Bitmain Technologies, Ltd.

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                     SAN FRANCISCO

13

14  GOR GEVORKYAN, on behalf of          Case No. 3:18-cv-07004-JD
    himself and all others similarly situated,
15                                       **LUYAO LIU'S RESPONSES AND**
                   Plaintiff,            **OBJECTIONS TO PLAINTIFF**
16                                       **GOR GEVORKYAN'S FIRST**
          v.                             **AMENDED NOTICE OF**
17                                       **DEPOSITION AND REQUESTS**
    BITMAIN, INC., BITMAIN               **FOR PRODUCTION OF**
18  TECHNOLOGIES, LTD. and DOES 1        **DOCUMENTS PURSUANT TO**
    to 10,                               **FED. R. CIV. P. 34**
19
                   Defendants.
20

21  PROPOUNDING PARTY:      Plaintiff Gor Gevorkyan

22  RESPONDING PARTY:       Luyao Liu

23  SET NUMBER:             One (Nos. 1-16)

24

25

26       Luyao Liu ("Mr. Liu") submits these responses and objections to Plaintiff

27  Gor Gevorkyan's ("Plaintiff") (together with Mr. Liu, the "Parties") First Amended

28

Notice of Deposition of Luyao Liu and Request for Production of Documents, dated January 6, 2020 (the "Requests").

### PRELIMINARY STATEMENT

1.      Especially in light of the coronavirus epidemic currently sweeping through China, Mr. Liu has yet to complete his investigation into all the facts underlying or supporting the claims or defenses at issue in this lawsuit.  Mr. Liu responds to the Requests in accordance with Mr. Liu's knowledge at this time.  Mr. Liu is continuing to search for documents responsive to the Requests and reserves the right to supplement, amend, or correct his responses with additional information or documents.  To the extent the Requests purport to require more, Mr. Liu objects on the ground that (a) the Requests seek to compel Mr. Liu to conduct a search beyond the scope of permissible discovery contemplated by the Federal Rules of Civil Procedure and (b) compliance with the Requests would impose an undue burden and expense on Mr. Liu.

2.      Mr. Liu has made diligent and reasonable efforts to respond to each and every request to the extent it has not been objected to, as Mr. Liu understands and interprets the request.  If Plaintiff subsequently asserts an interpretation of any request that differs from that of Mr. Liu, Mr. Liu reserves the right to supplement his objections and/or responses.

3.      By responding to the Requests, Mr. Liu does not concede that the documents sought are relevant to the parties' claims or defenses.

4.      Mr. Liu's responses and objections are made without waiving or intending to waive, but, to the contrary, preserving and intending to preserve:

(a)      all objections to the authenticity, competency, foundation, relevance, materiality, privilege, and admissibility as evidence for any purpose, at any trial or hearing in the above-captioned action or in any related or subsequent action or proceeding, of the documents identified in response to the Requests;

(b)  the right to object on any grounds to the use or introduction into evidence of these responses at any trial or hearing in the above-captioned action or in any related or subsequent action or proceeding;

(c)  the right to object on any grounds at any time to any other request; and

(d)  the right at any time to revise, amend, supplement, or correct the responses and objections provided herein.

5.  Nothing in Mr. Liu's responses to the Requests should be construed as an admission regarding the truth or accuracy of any statement or characterization in any such request, or the existence of any document, or the relevance or admissibility of any document or portion thereof.

6.  Mr. Liu's responses and objections to the Requests or any part thereof do not constitute a representation that responsive documents exist, but only that responsive documents will be disclosed if they exist, can be discovered with reasonable diligence, and are not otherwise objected to, or protected from disclosure.

## **GENERAL OBJECTIONS**

1.  Mr. Liu objects to each and every Request to the extent that it seeks disclosure of information and documents located in China where such disclosure would violate Chinese state secrecy, privacy, and cyber security laws, including the *People's Republic of China's General Rules of Civil Law*, Articles 110 and 111; *Criminal Law*, Article 111; *Tort Liability Law*, Article 2; *Protecting State Secrets Law*, Articles 2, 3, and 9; *Archives Law*, Articles 18 and 25; *Implementing Rules of the PRC Law on Protecting State Secrets*, Articles 5 and 21; *Cyber Security Law*, Article 37; or the PRC's acceptance of and reservations to the *Convention on the Taking of Evidence Abroad in Civil or Commercial Matters 1972* (the "Hague Convention").

2.    Mr. Liu objects to the Requests insofar as they seek documents concerning matters unrelated to jurisdictional discovery, the limited scope of discovery allowed by the Court at the December 19, 2019 hearing on Bitmain Technologies, Ltd.'s ("Bitmain Hong Kong") motion to dismiss for lack of personal jurisdiction ("Hearing").

3.    Mr. Liu objects to the Requests insofar as they seek documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, the self-evaluation privilege, the self-critical analysis privilege, the self-audit privilege, the trial preparation privilege as set forth in Fed. R. Civ. P. 26(b)(3)–(5), or any other statutory or common law privilege, immunity, rule of privacy or confidentiality, protection, or restriction that protects such documents from involuntary disclosure or production, including the settlement privilege.  Mr. Liu will not disclose documents covered by one or more such privileges, immunities, or rules.  To the extent that Mr. Liu inadvertently discloses documents that arguably may be protected from disclosure under any applicable privilege or immunity under federal or state law, such inadvertent disclosure shall not constitute a waiver of any privilege or any other grounds for objecting to discovery of such material, its subject matter or information contained therein, or of Mr. Liu's right to object to the use of such material during any later proceeding or otherwise seek return of the disclosed material.  For the purposes of responding to the Requests, Mr. Liu will interpret each definition, instruction, and request as excluding such material from disclosure.

4.    Mr. Liu objects to the Requests to the extent that they seek to impose on Mr. Liu any obligation different from, inconsistent with, or in addition to, those imposed by the Federal Rules of Civil Procedure, the local rules of the District Court for the Northern District of California, the Standing Orders of the Honorable James Donato, or any other applicable rules, laws, or orders.

5.     Mr. Liu objects to the Requests to the extent that they seek documents (i) in the possession, custody, or control of other persons or entities, including his employer, (ii) not presently in the personal possession, custody, or control of Mr. Liu, (iii) already in the possession of, or equally available to, Plaintiff, or (iv) that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive.

6.     Mr. Liu objects to any individual request to the extent that it is duplicative or cumulative of one or more individual requests that precede it or any prior discovery served by Plaintiff.  Any objections asserted, general or specific, to any discovery request served in this action shall be deemed to apply equally to the Requests as well as any other preceding or subsequent discovery request.

7.     Mr. Liu objects to the Requests to the extent that they purport to require Mr. Liu to search for and disclose, or derive request responses from, electronically-stored documents from sources that are not reasonably accessible in light of the amount in controversy of Plaintiff's claim because of undue burden or cost, as set forth in Fed. R. Civ. P. 26(b)(2)(B).

8.     Mr. Liu objects to the Requests to the extent that they seek information, materials, or documents that are confidential or proprietary in nature, or that otherwise constitute protected commercial, strategic, financial, or competitively-sensitive or trade-secret information.  To the extent that such relevant and responsive documents exist, Mr. Liu will disclose such documents only upon the execution of, and subject to the conditions contained in, an appropriate protective order.  Nothing above is intended to waive, and Mr. Liu expressly reserves, all rights to assert that some documents are so sensitive or irrelevant to Plaintiff's claim that they should not be disclosed at all.

9.     Mr. Liu objects to the Requests to the extent that they purport to

require the disclosure of documents, which disclosure would violate (i) any court order, contract, or agreement obligating Mr. Liu to keep documents confidential, or (ii) any rights of privacy or other statutory or judicially-recognized protections.

10.   Mr. Liu objects to the Requests to the extent that they call for a legal conclusion.  Any response by Mr. Liu shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in the Requests.

11.   Mr. Liu objects to each topic in the Requests to the extent that they contain multiple subparts or that the definitions or instructions render the topic compound, unintelligible, or otherwise confusing.

12.   Mr. Liu objects to the Requests to the extent that they (i) imply the existence of facts or circumstances that do not or did not exist or (ii) state or assume legal or factual conclusions.  By responding, Mr. Liu does not admit any of Plaintiff's factual or legal premises.

## OBJECTIONS TO DEFINITIONS

1.   Mr. Liu objects to Plaintiff's definitions to the extent they seek to impose any obligation or burden on Mr. Liu different from, inconsistent with, or in addition to, those imposed by the Federal Rules of Civil Procedure, the local rules of the District Court for the Northern District of California, the Standing Orders of the Honorable James Donato, or any other applicable rules, laws, or orders.

2.   Mr. Liu objects to the definition of "CLASS PERIOD" to the extent it suggests that a class has been or should be certified in this case.  Mr. Liu also objects to this definition insofar as the time period proposed is overbroad and unduly burdensome.

3.   Mr. Liu objects to the definition of "DOCUMENT" as overbroad, unduly burdensome, vague, indefinite, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.  Mr. Liu will construe

"DOCUMENT" to have the same meaning as set forth in Fed. R. Civ. P.

34(a)(1)(A)—i.e., writings, drawings, graphs, charts, photographs, sound

recordings, images, and other data or data compilations—aided by how that term is

commonly understood in ordinary English.  Mr. Liu further objects to the definition

of "DOCUMENT" to the extent that it purports to require Mr. Liu to search for,

produce, and identify every iteration of a document where it would be unduly

burdensome to do so.  Mr. Liu agrees only to conduct a reasonable and diligent

search in good faith to discover and produce relevant and material facts and/or

information properly sought by the Requests.

     4.    Mr. Liu objects to the definitions of "BITMAIN," "YOU," "YOUR"

and "DEFENDANT" as overly broad, unduly burdensome, vague, indefinite,

ambiguous, and not relevant to the limited scope of the Court-ordered jurisdictional

discovery.  Specifically, these definitions encompass, without regard to their

connection to the limited scope of the Court-ordered jurisdictional discovery,

Bitmain's "past and present parents, subsidiaries, affiliates, sister entities,

predecessors, successors, employees, independent contractors, officers, directors,

agents, vendors, accountants, and all other persons or entities acting on its behalf or

under its direct or indirect control."  Thus, Plaintiff's use of this definition renders

any request in which these terms appear overbroad and unduly burdensome and

results in requests that seek documents not relevant to the limited scope of

jurisdictional discovery, not within Mr. Liu's personal knowledge, possession,

custody, or control, and protected from disclosure by the attorney-client privilege,

the work product doctrine, or any other applicable privilege or protection.  Thus, in

responding to the Requests, Mr. Liu will construe "YOU" and "YOUR" to mean

only Mr. Liu, the subject of these Requests.  Mr. Liu will also construe

"BITMAIN" to mean Bitmain Hong Kong, which is the same definition used in Mr.

Liu's declarations in support of Bitmain Hong Kong's motion to dismiss and reply in support of motion to dismiss.  (*See* ECF Nos. 33-1, 38-1.)

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS supporting, evidencing, referring to, or relating to the following statement in the LUI DECLARATION: "BITMAIN and Bitmain Inc. have separate officers and maintain separate workforces."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Mr. Liu incorporates by reference each of the above stated general objections as if fully set forth herein.  Mr. Liu objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege.  Mr. Liu further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong and to demonstrate whether an alter ego relationship exists between Bitmain Hong Kong—the defendant in this action—and Bitmain, Inc. for specific jurisdiction purposes.  Mr. Liu further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents and information that are in the possession of other entities, including Plaintiff or Bitmain Hong Kong—the defendant in this action—and are less burdensome for such persons and entities to produce.  Mr. Liu further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the reference to "DOCUMENTS" is uncertain, indefinite, and unclear.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Mr. Liu responds that, to the extent

they exist and are in Mr. Liu's personal possession, custody, or control, Mr. Liu will produce documents sufficient to demonstrate that Bitmain Hong Kong and Bitmain, Inc. have separate officers and maintain separate workforces.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS supporting, evidencing, referring to, or relating to the following statement in the LUI DECLARATION: "BITMAIN and Bitmain Inc. operate independently from each other. BITMAIN does not control the business decisions or operations of Bitmain Inc."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Mr. Liu incorporates by reference each of the above stated general objections as if fully set forth herein.  Mr. Liu objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege.  Mr. Liu further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong and to demonstrate whether an alter ego relationship exists between Bitmain Hong Kong—the defendant in this action—and Bitmain, Inc. for specific jurisdiction purposes.  Mr. Liu further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents and information that are in the possession of other entities, including Bitmain Hong Kong—the defendant in this action—and are less burdensome and expensive for such persons and entities to produce.  Mr. Liu further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the reference to "DOCUMENTS" is uncertain, indefinite, and unclear.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Mr. Liu responds that, to the extent they exist and are in Mr. Liu's personal possession, custody, or control, Mr. Liu will produce documents sufficient to demonstrate that Bitmain Hong Kong and Bitmain, Inc. operate independently from each other, and Bitmain Hong Kong does not control the business decisions or operations of Bitmain, Inc.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS supporting, evidencing, referring to, or relating to the following statement in the LUI DECLARATION: "BITMAIN and Bitmain Inc. each have their own corporate books and financial records, their own bank accounts, and file tax returns separate from each other."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Mr. Liu incorporates by reference each of the above stated general objections as if fully set forth herein.  Mr. Liu objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege.  Mr. Liu further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong and to demonstrate whether an alter ego relationship exists between Bitmain Hong Kong—the defendant in this action—and Bitmain, Inc. for specific jurisdiction purposes.  Mr. Liu further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents and information that are in the possession of other entities, including Bitmain Hong Kong—the defendant in this action—and are less burdensome and expensive for such persons and entities to produce.  Mr. Liu further objects to this Request to the extent that it is vague and ambiguous in that it does not define

- 10 -

certain terms with reasonable particularity.  Specifically, the reference to "DOCUMENTS" is uncertain, indefinite, and unclear.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Mr. Liu responds that, to the extent they exist and are in Mr. Liu's personal possession, custody, or control, Mr. Liu will produce documents sufficient to demonstrate that Bitmain Hong Kong and Bitmain, Inc. each have their own corporate books and financial records, their own bank accounts, and file tax returns separately from each other.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS supporting, evidencing, referring to, or relating to the following statement in the LUI DECLARATION: "BITMAIN does not operate sales or service networks within the State of California."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Mr. Liu incorporates by reference each of the above stated general objections as if fully set forth herein.  Mr. Liu objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege.  Mr. Liu further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong  Mr. Liu further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents and information that are in the possession of other entities, including Bitmain Hong Kong—the defendant in this action—and are less burdensome and expensive for such persons and entities to produce.  Mr. Liu further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the reference to "DOCUMENTS" is

uncertain, indefinite, and unclear.  Mr. Liu further objects to this Request to the extent it implies the existence of facts or circumstances that do not or did not exist. Specifically, this Request assumes that Bitmain Hong Kong—the defendant in this action—operates sales or service networks within the State of California.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Mr. Liu responds that, to the extent they exist and are in Mr. Liu's personal possession, custody, or control, Mr. Liu will produce documents sufficient to show that Bitmain Hong Kong "does not operate sales or service networks within the State of California."

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS supporting, evidencing, referring to, or relating to the following statement in the LUI DECLARATION: "BITMAIN does not own, use, Lease, or possess any real estate in the state of California, nor does it maintain a place of business in the State of California."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Mr. Liu incorporates by reference each of the above stated general objections as if fully set forth herein.  Mr. Liu objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege.  Mr. Liu further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Specifically, this Request seeks information about property owned, used, leased or possessed in California, yet nothing in the record suggests Plaintiff ever interacted with Bitmain Hong Kong at any property in California, or purchased any ASIC devices that are the subject of this action after such an interaction.  The Ninth Circuit employs the "but-for" test in deciding whether an

alleged contact with the forum state meets the nexus element of the three-pronged specific jurisdiction analysis. *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The Ninth Circuit has held that claims 'arise out of' contacts with the forum state if, but for those contacts, the claim would not have arisen."). If Plaintiff did not purchase any ASIC devices that are the subject of this action after interacting with Bitmain Hong Kong at a property in California, then his claims could not have "arisen out of" this alleged contact with the forum state. *Anaya v. Machines de Triage et Broyage*, 2019 WL 1083783, at *5 (N.D. Cal. Mar. 7, 2019) (disregarding conduct after the alleged event giving rise to underlying dispute and granting motion to dismiss for lack of personal jurisdiction). Accordingly, Mr. Liu will not produce documents responsive to this Request unless and until Plaintiff produces evidence sufficient to demonstrate that his claims arise from an interaction with Bitmain Hong Kong in California, and thus that information about property owned, used, leased, or possessed in California is necessary to establish whether jurisdiction exists over Bitmain Hong Kong. Mr. Liu further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents and information that are in the possession of other entities, including Bitmain Hong Kong—the defendant in this action—and are less burdensome and expensive for such persons and entities to produce. Mr. Liu further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity. Specifically, the reference to "DOCUMENTS" is uncertain, indefinite, and unclear. Mr. Liu further objects to this Request to the extent it implies the existence of facts or circumstances that do not or did not exist, specifically, that Bitmain Hong Kong—the defendant in this action—owns, uses, leases, or possesses property in California.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Mr. Liu's counsel is willing to meet and confer with counsel for Plaintiff on how documents responsive to this request would establish jurisdiction and, if appropriate, what scope and form the production of responsive documents or information should take.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS supporting, evidencing, referring to, or relating to the following statement in the LUI DECLARATION: "BITMAIN has its own board of directors, its own separate workforce, and makes its own business decisions and controls its own operations.  BITMAIN has its own separate managerial and supervisory personnel."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Mr. Liu incorporates by reference each of the above stated general objections as if fully set forth herein.  Mr. Liu further objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege.  Mr. Liu further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong and to demonstrate whether an alter ego relationship exists between Bitmain Hong Kong—the defendant in this action—and another entity for specific jurisdiction purposes.  Mr. Liu further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents and information that are in the possession of other entities, including Bitmain Hong Kong—the defendant in this action—and are less burdensome and expensive for such persons and entities to produce.  Mr. Liu further objects to this Request to the extent that it is vague and ambiguous in that it does not define

1  certain terms with reasonable particularity.  Specifically, the reference to

2  "DOCUMENTS" is uncertain, indefinite, and unclear.

3        Subject to and without waiving the foregoing general and specific objections

4  and objections to definitions and instructions, Mr. Liu responds that, to the extent

5  they exist and are in Mr. Liu's personal possession, custody, or control, Mr. Liu

6  will produce documents sufficient to show that Bitmain Hong Kong "has its own

7  board of directors, its own separate workforce, makes its own business decisions

8  and controls its own operations," and "has its own separate managerial and

9  supervisory personnel."

10  **REQUEST FOR PRODUCTION NO. 7:**

11        All DOCUMENTS supporting, evidencing, referring to, or relating to the

12  following statement in the LUI DECLARATION: "Bitmain Technologies, Ltd. has

13  no employees who work in California."

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

15        Mr. Liu incorporates by reference each of the above stated general

16  objections as if fully set forth herein.  Mr. Liu further objects to this Request to the

17  extent it seeks documents containing information protected by the attorney-client

18  privilege, the work product doctrine, and/or any other applicable privilege.  Mr. Liu

19  further objects to this Request on the grounds that it is overly broad and seeks

20  information not proportional to the needs of the case to the extent it seeks

21  documents beyond what is necessary to establish whether jurisdiction exists over

22  Bitmain Hong Kong.  Specifically, this Request seeks information about Bitmain

23  Hong Kong's employees in California, if any, yet nothing in the record suggests

24  Plaintiff ever interacted with Bitmain Hong Kong's employees in California, or

25  purchased any ASIC devices that are the subject of this action after such an

26  interaction.  The Ninth Circuit employs the "but-for" test in deciding whether an

27  alleged contact with the forum state meets the nexus element of the three-pronged

28

specific jurisdiction analysis. *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The Ninth Circuit has held that claims 'arise out of' contacts with the forum state if, but for those contacts, the claim would not have arisen.").  If Plaintiff did not purchase any ASIC devices that are the subject of this action after interacting with Bitmain Hong Kong's employees in California, if any, then his claims could not have "arisen out of" this alleged contact with the forum state. *Anaya v. Machines de Triage et Broyage*, 2019 WL 1083783, at *5 (N.D. Cal. Mar. 7, 2019) (disregarding conduct after the alleged event giving rise to underlying dispute and granting motion to dismiss for lack of personal jurisdiction).  Accordingly, Mr. Liu will not produce documents responsive to this Request unless and until Plaintiff produces evidence sufficient to demonstrate that his claims arise from an interaction with Bitmain Hong Kong's employees in California, if any, and thus that information about Bitmain Hong Kong's employees is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Mr. Liu further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents and information that are in the possession of other entities and are less burdensome and expensive for such persons and entities to produce.  Mr. Liu further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the reference to "DOCUMENTS" is uncertain, indefinite, and unclear.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Mr. Liu's counsel is willing to meet and confer with counsel for Plaintiff on how documents responsive to this request would establish jurisdiction and, if appropriate, what scope and form the production of responsive documents or information should take.

1    **REQUEST FOR PRODUCTION NO. 8:**

2         All DOCUMENTS supporting, evidencing, referring to, or relating to the

3    following statement in the LUI DECLARATION: "Peng Li is not and has never

4    been an employee of Bitmain Technologies, Ltd.  He is employed by Beijing

5    Bitmain Technology Co., Ltd. and works in Beijing, China."

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

7         Mr. Liu incorporates by reference each of the above stated general

8    objections as if fully set forth herein.  Mr. Liu objects to this Request to the extent

9    it seeks documents containing information protected by the attorney-client

10   privilege, the work product doctrine, and/or any other applicable privilege.  Mr.

11   Liu further objects to this Request on the grounds that it is overly broad and seeks

12   information not proportional to the needs of the case to the extent it seeks

13   documents beyond what is necessary to establish whether jurisdiction exists over

14   Bitmain Hong Kong.  Specifically, this Request seeks information about Peng Li,

15   yet nothing in the record suggests Plaintiff ever interacted with Peng Li, or

16   purchased any ASIC devices that are the subject of this action after such an

17   interaction.  The Ninth Circuit employs the "but-for" test in deciding whether an

18   alleged contact with the forum state meets the nexus element of the three-pronged

19   specific jurisdiction analysis.  *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at

20   *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The Ninth Circuit has held that claims

21   'arise out of' contacts with the forum state if, but for those contacts, the claim

22   would not have arisen.").  If Plaintiff did not purchase any ASIC devices that are

23   the subject of this action after interacting with Peng Li, then his claims could not

24   have "arisen out of" this alleged contact with the forum state.  *Anaya v. Machines*

25   *de Triage et Broyage*, 2019 WL 1083783, at *5 (N.D. Cal. Mar. 7, 2019)

26   (disregarding conduct after the alleged event giving rise to underlying dispute and

27   granting motion to dismiss for lack of personal jurisdiction).  Accordingly, Mr. Liu

28

- 17 -

will not produce documents responsive to this Request unless and until Plaintiff produces evidence sufficient to demonstrate that his claims arise from an interaction with Peng Li, and thus that information about Peng Li is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Mr. Liu further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents and information that are in the possession of other entities and are less burdensome and expensive for such persons and entities to produce.  Mr. Liu further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the reference to "DOCUMENTS" is uncertain, indefinite, and unclear.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Mr. Liu's counsel is willing to meet and confer with counsel for Plaintiff on how documents responsive to this request would establish jurisdiction and, if appropriate, what scope and form the production of responsive documents or information should take.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS supporting, evidencing, referring to, or relating to the following statement in the LUI DECLARATION: "When Peng Li travels to the United States for business, he often works at the property leased by Bitmain, Inc."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Mr. Liu incorporates by reference each of the above stated general objections as if fully set forth herein.  Mr. Liu objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege.  Mr. Liu further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks

documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Specifically, this Request seeks information about Peng Li, yet nothing in the record suggests Plaintiff ever interacted with Peng Li, or purchased any ASIC devices that are the subject of this action after such an interaction.  The Ninth Circuit employs the "but-for" test in deciding whether an alleged contact with the forum state meets the nexus element of the three-pronged specific jurisdiction analysis.  *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The Ninth Circuit has held that claims 'arise out of' contacts with the forum state if, but for those contacts, the claim would not have arisen.").  If Plaintiff did not purchase any ASIC devices that are the subject of this action after interacting with Peng Li, then his claims could not have "arisen out of" this alleged contact with the forum state.  *Anaya v. Machines de Triage et Broyage*, 2019 WL 1083783, at *5 (N.D. Cal. Mar. 7, 2019) (disregarding conduct after the alleged event giving rise to underlying dispute and granting motion to dismiss for lack of personal jurisdiction).  Accordingly, Mr. Liu will not produce documents responsive to this Request unless and until Plaintiff produces evidence sufficient to demonstrate that his claims arise from an interaction with Peng Li, and thus that information about Peng Li is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Mr. Liu further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents and information that are in the possession of other entities and are less burdensome and expensive for such persons and entities to produce.  Mr. Liu further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the reference to "DOCUMENTS" is uncertain, indefinite, and unclear.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Mr. Liu's counsel is willing to meet and confer with counsel for Plaintiff on how documents responsive to this request would establish jurisdiction and, if appropriate, what scope and form the production of responsive documents or information should take.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS supporting, evidencing, referring to, or relating to the following statement in the LUI DECLARATION: "Sharif Allayarov, Andy Niu, Jane Hu, and Eric Wang are not and have never been employees of Bitmain Technologies, Ltd."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Mr. Liu incorporates by reference each of the above stated general objections as if fully set forth herein.  Mr. Liu objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege.  Mr. Liu further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Specifically, this Request seeks information about individuals connected to the California Crypto Mining Forum, yet nothing in the record suggests Plaintiff purchased any ASIC devices that are the subject of this action after the California Crypto Mining Forum held on August 31, 2019, or after interacting with these individuals.  The Ninth Circuit employs the "but-for" test in deciding whether an alleged contact with the forum state meets the nexus element of the three-pronged specific jurisdiction analysis.  *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The Ninth Circuit has held that claims 'arise out of' contacts with the forum state if, but for those

contacts, the claim would not have arisen."). If Plaintiff did not purchase any ASIC devices that are the subject of this action after the California Crypto Mining Forum held on August 31, 2019 or after interacting with the above-mentioned individuals, then his claims could not have "arisen out of" this alleged contact with the forum state. *Anaya v. Machines de Triage et Broyage*, 2019 WL 1083783, at *5 (N.D. Cal. Mar. 7, 2019) (disregarding conduct after the alleged event giving rise to underlying dispute and granting motion to dismiss for lack of personal jurisdiction). Accordingly, Mr. Liu will not produce documents responsive to this Request unless and until Plaintiff produces evidence sufficient to demonstrate that his claims arise from the California Crypto Mining Forum held on August 31, 2019 or from interactions with Sharif Allayarov, Andy Niu, Jane Hu, and Eric Wang, and thus that information about the California Crypto Mining Forum held on August 31, 2019 and these individuals is necessary to establish whether jurisdiction exists over Bitmain Hong Kong. Mr. Liu further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents and information that are in the possession of other entities and are less burdensome and expensive for such persons and entities to produce. Mr. Liu further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity. Specifically, the reference to "DOCUMENTS" is uncertain, indefinite, and unclear.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Mr. Liu's counsel is willing to meet and confer with counsel for Plaintiff on how documents responsive to this request would establish jurisdiction and, if appropriate, what scope and form the production of responsive documents or information should take.

1    **REQUEST FOR PRODUCTION NO. 11:**

2         All DOCUMENTS supporting, evidencing, referring to, or relating to the

3    following statement in the LUI DECLARATION: "The August 31, 2019

4    conference referenced in the Declaration of Christopher Marlborough (ECF No. 3

5    7-2 ¶¶ 10-11, 13), and Exhibits 9, 1 0, and 13 to that declaration (ECF Nos. 3 7-11,

6    3 7-12, and 37-15), was hosted by Beijing Bitmain Technology Co., Ltd."

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

8         Mr. Liu incorporates by reference each of the above stated general

9    objections as if fully set forth herein.  Mr. Liu objects to this Request to the extent

10   it seeks documents containing information protected by the attorney-client

11   privilege, the work product doctrine, and/or any other applicable privilege.  Mr.

12   Liu further objects to this Request on the grounds that it is overly broad and seeks

13   information not proportional to the needs of the case to the extent it seeks

14   documents beyond what is necessary to establish whether jurisdiction exists over

15   Bitmain Hong Kong.  Specifically, this Request seeks information about the

16   California Crypto Mining Forum, yet nothing in the record suggests Plaintiff

17   purchased any ASIC devices that are the subject of this action after the California

18   Crypto Mining Forum held on August 31, 2019.  The Ninth Circuit employs the

19   "but-for" test in deciding whether an alleged contact with the forum state meets the

20   nexus element of the three-pronged specific jurisdiction analysis.  *Erickson v. Neb.*

21   *Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The

22   Ninth Circuit has held that claims 'arise out of' contacts with the forum state if, but

23   for those contacts, the claim would not have arisen.")  If Plaintiff did not purchase

24   any ASIC devices that are the subject of this action after the California Crypto

25   Mining Forum held on August 31, 2019, then his claims could not have "arisen out

26   of" this alleged contact with the forum state.  *Anaya v. Machines de Triage et*

27   *Broyage*, 2019 WL 1083783, at *5 (N.D. Cal. Mar. 7, 2019) (disregarding conduct

28

after the alleged event giving rise to underlying dispute and granting motion to dismiss for lack of personal jurisdiction). Accordingly, Mr. Liu will not produce documents responsive to this Request unless and until Plaintiff produces evidence sufficient to demonstrate that his claims arise from the California Crypto Mining Forum held on August 31, 2019, and thus that information about the California Crypto Mining Forum held on August 31, 2019 is necessary to establish whether jurisdiction exists over Bitmain Hong Kong. Mr. Liu further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents and information that are in the possession of other entities and are less burdensome and expensive for such persons and entities to produce. Mr. Liu further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity. Specifically, the reference to "DOCUMENTS" is uncertain, indefinite, and unclear.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Mr. Liu's counsel is willing to meet and confer with counsel for Plaintiff on how documents responsive to this request would establish jurisdiction and, if appropriate, what scope and form the production of responsive documents or information should take.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS supporting, evidencing, referring to, or relating to the following statement in the LUI DECLARATION: "Bitmain Technologies, Ltd. does not operate a repair center in Fremont, California, or anywhere else in California. The Fremont repair center referred to in the Declaration of Christopher Marlborough (ECF No. 37-2, ¶ 9), and Exhibit 8 to that declaration (ECF No. 37-10), is outsourced by Shenzhen Century Cloud Core Technology Co., Ltd."

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

2      Mr. Liu incorporates by reference each of the above stated general

3  objections as if fully set forth herein.  Mr. Liu objects to this Request to the extent

4  it seeks documents containing information protected by the attorney-client

5  privilege, the work product doctrine, and/or any other applicable privilege.  Mr.

6  Liu further objects to this Request on the grounds that it is overly broad and seeks

7  information not proportional to the needs of the case to the extent it seeks

8  documents beyond what is necessary to establish whether jurisdiction exists over

9  Bitmain Hong Kong.  Specifically, this Request seeks information about a repair

10  center operated in Fremont, California by Shenzhen Century Cloud Core

11  Technology, Co., Ltd., yet nothing in the record suggests Plaintiff ever visited,

12  contacted, or interacted with a repair center, or purchased any ASIC devices that

13  are the subject of this action after such an interaction.  The Ninth Circuit employs

14  the "but-for" test in deciding whether an alleged contact with the forum state meets

15  the nexus element of the three-pronged specific jurisdiction analysis.  *Erickson v.*

16  *Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.)

17  ("The Ninth Circuit has held that claims 'arise out of' contacts with the forum state

18  if, but for those contacts, the claim would not have arisen.").  If Plaintiff did not

19  visit, contact, or interact with a repair center, or purchase any ASIC devices that

20  are the subject of this action after such an interaction, then his claims could not

21  have "arisen out of" this alleged contact with the forum state.  *Anaya v. Machines*

22  *de Triage et Broyage*, 2019 WL 1083783, at *5 (N.D. Cal. Mar. 7, 2019)

23  (disregarding conduct after the alleged event giving rise to underlying dispute and

24  granting motion to dismiss for lack of personal jurisdiction).  Accordingly, Mr. Liu

25  will not produce documents responsive to this Request unless and until Plaintiff

26  produces evidence sufficient to demonstrate that his claims arise from an

27  interaction with the repair center, and thus that information about the repair center

28

- 24 -

is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Mr.

Liu further objects to this Request on the grounds that it is overly broad and unduly

burdensome to the extent it seeks documents and information that are in the

possession of other entities and are less burdensome and expensive for such

persons and entities to produce.  Mr. Liu further objects to this Request to the

extent that it is vague and ambiguous in that it does not define certain terms with

reasonable particularity.  Specifically, the reference to "DOCUMENTS" is

uncertain, indefinite, and unclear.

Subject to and without waiving the foregoing general and specific objections

and objections to definitions and instructions, Mr. Liu's counsel is willing to meet

and confer with counsel for Plaintiff on how documents responsive to this request

would establish jurisdiction and, if appropriate, what scope and form the production

of responsive documents or information should take.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS supporting, evidencing, referring to, or relating to the

following statement in the LUI DECLARATION: "Bitmain Technologies, Ltd.

does not operate the website Bitmain.com or the Facebook, Twitter, or YouTube

pages referenced in the Declaration of Christopher Marlborough (ECF No. 37-2, In

2, 4-5, 7, 9, 13), and Exhibits 1, 3, 4, 6, 8, and 12 attached to that declaration (ECF

Nos. 37-3, 37-5, 37-6, 37-8, 37-10, 37-14).  The referenced website and Facebook,

Twitter, and YouTube pages are operated by Beijing Bitmain Technology Co.,

Ltd."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Mr. Liu incorporates by reference each of the above stated general

objections as if fully set forth herein.  Mr. Liu objects to this Request to the extent

it seeks documents containing information protected by the attorney-client

privilege, the work product doctrine, and/or any other applicable privilege.  Mr.

Liu further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Specifically, this Request seeks information about various Facebook, Twitter, and YouTube pages, yet nothing in the record suggests Plaintiff ever viewed these Facebook, Twitter, or YouTube pages prior to purchasing the devices that are the subject of this action.  The Ninth Circuit employs the "but-for" test in deciding whether an alleged contact with the forum state meets the nexus element of the three-pronged specific jurisdiction analysis. *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The Ninth Circuit has held that claims 'arise out of' contacts with the forum state if, but for those contacts, the claim would not have arisen.").  If Plaintiff did not purchase any ASIC devices that are the subject of this action after viewing these Facebook, Twitter, or YouTube pages, then his claims could not have "arisen out of" this alleged contact with the forum state. *Anaya v. Machines de Triage et Broyage*, 2019 WL 1083783, at *5 (N.D. Cal. Mar. 7, 2019) (disregarding conduct after the alleged event giving rise to underlying dispute and granting motion to dismiss for lack of personal jurisdiction).  Accordingly, Mr. Liu will not produce documents responsive to this Request unless and until Plaintiff produces evidence sufficient to demonstrate that his claims arise from the Facebook, Twitter, or YouTube pages, and thus that information about the Facebook, Twitter, or YouTube pages is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Mr. Liu further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents and information that are in the possession of other entities and are less burdensome and expensive for such persons and entities to produce.  Mr. Liu further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with

reasonable particularity.  Specifically, the reference to "DOCUMENTS" is uncertain, indefinite, and unclear.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Mr. Liu responds that, to the extent they exist and are in Mr. Liu's personal possession, custody, or control, Mr. Liu will produce documents sufficient to demonstrate that Beijing Bitmain Technology Co., Ltd. operated the website http://bitmain.com/.  Also, subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Mr. Liu's counsel is willing to meet and confer with counsel for Plaintiff on how documents responsive to this request regarding the Facebook, Twitter, or YouTube pages would establish jurisdiction and, if appropriate, what scope and form the production of responsive documents or information should take.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS supporting, evidencing, referring to, or relating to the following statement in the LUI DECLARATION: "The entity referenced in Exhibit 2 to the Marlborough declaration ... is not the defendant in this case, but rather is Beijing Bitmain Technology Co. Limited."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Mr. Liu incorporates by reference each of the above stated general objections as if fully set forth herein.  Mr. Liu objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege.  Mr. Liu further objects to this Request on the grounds that it is overly broad and seeks information not proportional to the needs of the case to the extent it seeks documents beyond what is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Specifically, this Request seeks information about a LinkedIn post, yet nothing in the record suggests Plaintiff ever viewed the

LinkedIn page prior to purchasing the ASIC devices that are the subject of this action.  The Ninth Circuit employs the "but-for" test in deciding whether an alleged contact with the forum state meets the nexus element of the three-pronged specific jurisdiction analysis.  *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.) ("The Ninth Circuit has held that claims 'arise out of' contacts with the forum state if, but for those contacts, the claim would not have arisen.").  If Plaintiff did not view the LinkedIn page prior to his purchases of ASIC devices that are the subject of this action, then his claims could not have "arisen out of" this alleged contact with the forum state.  Accordingly, Mr. Liu will not produce documents responsive to this Request unless and until Plaintiff produces evidence sufficient to demonstrate that his claims arise from the LinkedIn page, and thus that information about the LinkedIn page is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Mr. Liu further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents and information that are in the possession of other entities and are less burdensome and expensive for such persons and entities to produce.  Mr. Liu further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the reference to "DOCUMENTS" is uncertain, indefinite, and unclear.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Mr. Liu's counsel is willing to meet and confer with counsel for Plaintiff on how documents responsive to this request would establish jurisdiction and, if appropriate, what scope and form the production of responsive documents or information should take.

1    **REQUEST FOR PRODUCTION NO. 15:**

2         All DOCUMENTS supporting, evidencing, referring to, or relating to the

3    following statement in the LUI DECLARATION: "The Fremont repair center is

4    outsourced by Shenzen [sic] Century Cloud Core Technology Co., Ltd."

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

6         Mr. Liu incorporates by reference each of the above stated general

7    objections as if fully set forth herein.  Mr. Liu objects to this Request to the extent

8    it seeks documents containing information protected by the attorney-client

9    privilege, the work product doctrine, and/or any other applicable privilege.  Mr.

10   Liu further objects to this Request on the grounds that it is overly broad and seeks

11   information not proportional to the needs of the case to the extent it seeks

12   documents beyond what is necessary to establish whether jurisdiction exists over

13   Bitmain Hong Kong.  Specifically, this Request seeks information about a repair

14   center operated in Fremont, California by Shenzhen Century Cloud Core

15   Technology, Co., Ltd., yet nothing in the record suggests Plaintiff ever visited,

16   contacted, or interacted with a repair center, or purchased any ASIC devices that

17   are the subject of this action after such an interaction.  The Ninth Circuit employs

18   the "but-for" test in deciding whether an alleged contact with the forum state meets

19   the nexus element of the three-pronged specific jurisdiction analysis.  *Erickson v.*

20   *Neb. Mach. Co.*, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.)

21   ("The Ninth Circuit has held that claims 'arise out of' contacts with the forum state

22   if, but for those contacts, the claim would not have arisen.").  If Plaintiff did not

23   purchase any ASIC devices that are the subject of this action after interacting with

24   the repair center, then his claims could not have "arisen out of" this alleged contact

25   with the forum state.  *Anaya v. Machines de Triage et Broyage*, 2019 WL

26   1083783, at *5 (N.D. Cal. Mar. 7, 2019) (disregarding conduct after the alleged

27   event giving rise to underlying dispute and granting motion to dismiss for lack of

28

personal jurisdiction).  Accordingly, Mr. Liu will not produce documents responsive to this Request unless and until Plaintiff produces evidence sufficient to demonstrate that his claims arise from an interaction with the repair center, and thus that information about the repair center is necessary to establish whether jurisdiction exists over Bitmain Hong Kong.  Mr. Liu further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents and information that are in the possession of other entities and are less burdensome and expensive for such persons and entities to produce.  Mr. Liu further objects to this Request to the extent that it is vague and ambiguous in that it does not define certain terms with reasonable particularity.  Specifically, the reference to "DOCUMENTS" is uncertain, indefinite, and unclear.

Subject to and without waiving the foregoing general and specific objections and objections to definitions and instructions, Mr. Liu's counsel is willing to meet and confer with counsel for Plaintiff on how documents responsive to this request would establish jurisdiction and, if appropriate, what scope and form the production of responsive documents or information should take.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS, not otherwise requested or produced, during the CLASS PERIOD supporting, evidencing, referring to, or relating to YOUR contention that YOU are not subject to suit in California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Mr. Liu incorporates by reference each of the above stated general objections as if fully set forth herein.  Mr. Liu objects to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege. Specifically, this Request calls for a legal conclusion and privileged attorney work product by seeking information that would require Mr. Liu and his counsel to

conduct legal analysis to determine whether any connections between Bitmain

Hong Kong and California—if they existed—were relevant to this action.

Accordingly, Mr. Liu will not provide documents responsive to this Request.  Mr.

Liu further objects to this Request on the grounds that it is overly broad and seeks

information not proportional to the needs of the case to the extent it seeks

documents beyond what is necessary to establish whether jurisdiction exists over

Bitmain Hong Kong.  Mr. Liu further objects to this Request to the extent that it is

vague and ambiguous in that it does not define certain terms with reasonable

particularity.  Specifically, the reference to "DOCUMENTS," "CLASS PERIOD,"

"YOUR," and "YOU" are uncertain, indefinite, and unclear.

      Dated:  February 18, 2020

                      O'MELVENY & MYERS LLP

                      By: _____

                      Attorneys for Defendant

## <u>CERTIFICATION OF SERVICE</u>

I certify that on February 18, 2020, I caused to be served the within document titled Luyao Liu's Responses and Objections to Plaintiff Gor Gevorkyan's First Amended Notice of Deposition and Requests for Production of Documents Pursuant to Fed. R. Civ. P. 34 by mailing copies of same via U.S. mail to the individuals listed below in the service list.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 18, 2020, at Los Angeles, California.

*/s/ William K. Pao*
_____

LUYAO LIU'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S REQUESTS
FOR PRODUCTION OF DOCUMENTS
3:18-CV-07004-JD

## SERVICE LIST

| | |
|---|---|
| Robert Starr<br>Adam Rose<br>Karo Karapetyan<br>Manny Starr<br>FRONTIER LAW CENTER<br>23901 Calabasas Road, Suite 2074<br>Calabasas, California 91302<br><br>***Counsel for Plaintiff*** | Email:<br>robert@frontierlawcenter.com<br>adam@frontierlawcenter.com<br>karo@frontierlawcenter.com<br>manny@frontierlawcenter.com<br><br><br>Telephone: 818-914-3433<br>Facsimile: 818-914-3433 |
| Jordan L. Lurie<br>POMERANTZ LLP<br>1100 Glendon Avenue<br>15th Floor<br>Los Angeles, California 90024<br><br>***Counsel for Plaintiff*** | Email:<br>jllurie@pomlaw.com<br><br><br><br>Telephone: 310-405-7190<br>Facsimile: 917-463-1044 |
| Christopher Marlborough<br>THE MARLBOROUGH LAW FIRM, P.C.<br>445 Broad Hollow Road, Suite 400<br>Melville, New York 11747<br><br>***Counsel for Plaintiff*** | Email:<br>chris@marlboroughlawfirm.com<br><br><br>Telephone: 212-991-8960<br>Facsimile: 212-991-8952 |