# Exhibit 6



O'Melveny & Myers LLP
400 South Hope Street
18th Floor
Los Angeles, CA 90071-2899

T: +1 213 430 6000
F: +1 213 430 6407
omm.com

April 30, 2020

**Jason A. Orr**
D: +1 213 430 6136
jorr@omm.com

**VIA EMAIL**

Ari Y. Basser
Pomerantz LLP
1100 Glendon Avenue, 15th Fl.
Los Angeles, CA 90024

Re:     ___*Gor Gevorkyan v. Bitmain Technologies Ltd.*___

Dear Ari:

I write on behalf of Bitmain Technologies Ltd. ("Bitmain HK") to follow up on the email exchanges and phone calls between our two firms on Plaintiff's request to depose Luyao Liu in the above-referenced matter.

By way of background, Plaintiff first served a notice of deposition on December 27, 2019, seeking to depose Mr. Liu in Los Angeles on April 1, 2020. On January 6, 2020, Plaintiff served an amended notice of deposition for a March 3, 2020 deposition in Los Angeles. At the time, the COVID-19 pandemic was sweeping across China, and soon thereafter, on February 1, 2020, the United States imposed travel restrictions on Chinese nationals that made it impossible for Mr. Liu, who resides in Shanghai, to travel to California for a deposition. Nonetheless, in the interest of good faith and cooperation, we offered at that time to accommodate Plaintiff with a video deposition of Mr. Liu. Given that Chinese law bars depositions in the mainland, *see* Arts. 59 & 60, Exit-Entry Administration Law of PRC, we intended for Mr. Liu to travel to Hong Kong, where he could still travel at that time and sit for a remote deposition, despite the obvious health risks and inconvenience to him. Plaintiff ultimately decided not to proceed with a video deposition at that time.

Following the Court's April 21, 2020 telephonic hearing on Bitmain HK's discovery dispute letter, you requested dates for a video deposition of Mr. Liu. As we have explained, however, it is now no longer feasible for Mr. Liu to sit for a deposition, even remotely. Mr. Liu is now unable to travel to Hong Kong to sit for a remote deposition under current travel and quarantine restrictions. First, we understand that Mr. Liu would be denied entry into Hong Kong under a 14-day business visa due to Hong Kong's mandatory 14-day quarantine requirement for travelers from mainland China. Second, upon return to Shanghai, Mr. Liu would be quarantined for 14 days at a randomly assigned government quarantine center, which constitutes an unreasonable disruption to Bitmain HK's business as well as a personal risk to Mr. Liu.

In light of these travel and quarantine restrictions, you proposed two ways to proceed with a deposition, to which we now respond in turn:

O'Melveny

---

1. *Depose Mr. Liu at the AsiaWorld-Expo at Hong Kong International Airport.* — You suggested that Mr. Liu travel to Hong Kong and sit for a deposition at the AsiaWorld-Expo, which you believed to be part of Hong Kong International Airport such that Mr. Liu would never need to "enter" Hong Kong. This option is not feasible for three reasons: First, Mr. Liu would still be subject to quarantine upon return to Shanghai, which imposes an unreasonable burden on Mr. Liu and Bitmain HK. Second, the AsiaWorld-Expo is connected to Hong Kong International Airport by rail, but we understand that Mr. Liu would still need to clear Hong Kong immigration and customs and exit the airport itself to travel to the AsiaWorld-Expo. Thus, conducting the deposition at the AsiaWorld-Expo does not resolve the visa and quarantine issues discussed above. Third, we understand that the AsiaWorld-Expo currently houses an infection test center for high-risk incoming travelers. Even if the AsiaWorld-Expo is still open for normal business (which we have not confirmed), holding the deposition there presents an unacceptable health risk for Mr. Liu.

2. *Depose a Hong Kong–based "person most knowledgeable" who is not Mr. Liu.* — You requested that we offer a substitute deponent, one based in Hong Kong and available to sit for a remote deposition, who could act as a "person most knowledgeable" on the subjects of Mr. Liu's declaration. We have searched for such a deponent, and there is none. Currently, Bitmain HK does not have any employees in Hong Kong. Indeed, that should not be a surprise to Plaintiff, who served Bitmain HK in mainland China. Thus, we cannot offer any "person most knowledgeable" who resides in Hong Kong, and any witness we can offer will also need to travel from mainland China and faces the same obstacles as Mr. Liu.

Finally, you requested that we provide dates for Mr. Liu's deposition toward the end of May, just in case the travel and quarantine restrictions are lifted between now and then, allowing Mr. Liu to feely travel to Hong Kong for a deposition. On April 28, 2020, the government of Hong Kong extended its compulsory quarantine restrictions to June 7, 2020. Accordingly, setting dates in May would be unproductive as it is clear that no deposition can be conducted in Hong Kong before the extended June 1, 2020 jurisdictional discovery cutoff.

Thus, due to circumstances outside our control, we do not see how a deposition can occur before the June 1, 2020 jurisdictional discovery cut-off. At this point, we reiterate our proposal for Plaintiff to submit interrogatories on Bitmain HK in lieu of a deposition of Mr. Liu. We believe that is the best and only path forward for jurisdictional discovery.

Sincerely,

*/s Jason A. Orr*

Jason A. Orr