# The Marlborough Law Firm, P.C.

445 Broad Hollow Road, Suite 400　　　(212) 991-8960
Melville, New York 11747　　　　　　　(212) 991-8952 fax
　　　　　　　　　　　　　　　　　　　chris@marlboroughlawfirm.com

May 28, 2020

**VIA ECF**
Hon. James Donato
United States District Judge
U.S. District Court, Northern District of California, Courtroom 11
450 Golden Gate Avenue
San Francisco, CA 94102

**Re:**　*Gevorkyan v. Bitmain, Inc., et al.* **(N.D. Cal. Case No. 3:18-cv-07004-JD)**

This office represents Plaintiff Gor Gevorkyan in the above referenced matter. I write seeking a further extension of the discovery and supplemental briefing deadlines relating to Defendant Bitmain Hong Kong's ("Defendant" or "Bitmain Hong Kong's") motion to dismiss.[1]

Plaintiff has good cause for seeking the extension. First, there is a pending discovery dispute concerning Bitmain Hong Kong and its affiliated company, Bitmain, Inc.'s (collectively "Bitmain") discovery obligations, which has prevented Plaintiff from obtaining the required discovery. Prior to the evening of May 26, 2020, Bitmain had produced a combined total of only nineteen pages of documents in response to Plaintiff's numerus discovery demands.[2] Second, Defendant has refused to make Bitmain HK executive Luyao Liu available for a videotaped deposition due to the inconvenience of the Coronavirus lockdown restrictions in Mainland China. Defendant has refused to even discuss his availability after June 1, claiming that any subsequent date is past the discovery deadline. Third, despite the characterization by Defendant in its response to the discovery dispute (ECF No. 58), Plaintiff has diligently sought to obtain the relevant discovery as documented in Plaintiff's submissions in connection with the discovery disputes and has been stymied by Defendant.

**Bitmain's Deficient Discovery Responses**

The deadlines should be extended because there is an outstanding discovery dispute relating to Bitmain's discovery obligations. Plaintiff submitted a letter to the Court concerning this dispute on May 14, 2020 (ECF No. 56) and Bitmain filed its response on May 26, 2020 (ECF No. 58). Bitmain's failure to satisfy its discovery obligations (despite a prior determination by the Court concerning essentially the same issue) puts Plaintiff at an unfair disadvantage because, as set forth in Plaintiff's discovery dispute letter, Bitmain has withheld numerous responsive documents, despite multiple and protracted meet and confer sessions. Bitmain's efforts to stonewall the discovery process and run out the clock should not be rewarded.

---

[1] The Court previously granted a 45-day extension of the discovery deadline. (ECF No. 53)
[2] Bitmain produced some additional documents minutes before filing its response to Plaintiff's discovery dispute letter on the evening of May 26, 2020. *See* ECF No. 58. These documents are insufficient, as Bitmain still refuses to produce the documents discussed in Plaintiff's submission. (ECF No. 56).

**The Deposition of Luyao Liu**

Defendant has refused to make Luyao Liu, an executive of several of the Bitmain entities including Defendant Bitmain Hong Kong, Bitmain's holding company and Beijing Bitmain Technologies, Ltd. ("Bitmain Beijing") available for a deposition. Mr. Liu submitted several declarations in support of Bitmain HK's motion to dismiss for lack of personal jurisdiction (*See* ECF Nos. 33-1 and 38-1) concerning the California contacts of Defendant and its related entities.

Plaintiff's counsel issued a notice of deposition for the examination of Mr. Liu on January 6, 2020. Plaintiff had initially sought an in-person deposition of Mr. Liu. However, as it became clear that the travel restrictions into the United States relating to the coronavirus lockdowns would not be lifted prior to the discovery deadline, Plaintiff agreed to depose Mr. Liu by videotape.

Chinese law prohibits a witness in a foreign litigation from testifying in a deposition in Mainland China, even where the deposing party is outside Mainland China. However, videotaped depositions are permitted in Hong Kong and South Korea. Plaintiff offered to have Mr. Liu testify by videotaped deposition from Hong Kong, South Korea or another location outside of Mainland China. While travel is permitted between Mainland China and Hong Kong or South Korea, Defendant responded that it would be an undue hardship for Mr. Liu to appear for a deposition outside of Mainland China because he would be subject to a two-week Coronavirus-related quarantine upon arriving back in Mainland China. A deposition via written interrogatories is not a sufficient substitute because Plaintiff requires the back and forth afforded by a deposition in order to, among other things, investigate the relationships between the various Bitmain entities, and identify why the responsive documents have been withheld and where the documents are located. Further, a deposition by written questions would deprive Plaintiff of the chance to deliver questions that elicit spontaneous and truthful answers, which the deposition process is designed to provide. The delay will not be indefinite. As travel restrictions abate, Defendant should be able to make Mr. Liu available in Hong Kong.

Based on these foregoing, Plaintiff requests that the jurisdictional discovery cutoff be postponed, pending a ruling on the current discovery dispute, confirmation of when the additional requested documents will be produced, and the availability of Bitmain's deponent for a video deposition.

Plaintiff thanks the Court for its consideration of this matter.

*[signature: Christopher Marlborough]*

CHRISTOPHER MARLBOROUGH