**FRONTIER LAW CENTER**
Robert L. Starr (183052)
robert@frontierlawcenter.com
Adam M. Rose (210880)
adam@frontierlawcenter.com
Karo G. Karapetyan (318101)
karo@frontierlawcenter.com
23901 Calabasas Road, Suite 2074
Calabasas, California 91302
Telephone: (818) 914-3433
Facsimile: (818) 914-3433

**POMERANTZ LLP**
Jordan L. Lurie (130013)
jllurie@pomlaw.com
Ari Y. Basser (272618)
abasser@pomlaw.com
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 432-8492
Facsimile: (310) 861-8591

**THE MARLBOROUGH LAW FIRM, P.C.**
Christopher Marlborough (298219)
chris@marlboroughlawfirm.com
445 Broad Hollow Road, Suite 400
Melville, NY 11747
Telephone: (212) 991-8960
Facsimile: (212) 991-8952

Attorneys for Plaintiff Gor Gevorkyan

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gor Gevorkyan on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Bitmain, Inc., Bitmain Technologies, Ltd. and DOES 1 to 10,<br><br>Defendants. | Case Number: 3:18-cv-07004-JD<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

## TABLE OF CONTENTS

Page(s)

I. PRELIMINARY STATEMENT .................................................................................... 1

II. RELEVANT BACKGROUND .................................................................................... 1

III. LEGAL STANDARD .................................................................................................... 2

IV. PLAINTIFF HAS ESTABLISHED SPECIFIC JURISDICTION ................................ 3

    A. DEFENDANT'S ANTICIPATED ARGUMENTS ARE WITHOUT MERIT ...... 6

    B. DEFENDANT STONEWALLED PLAINTIFF'S DISCOVERY REQUESTS .... 9

V. CONCLUSION ............................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017) .......... 2

*Goodyear Dunlop Tires Ops, S.A. v. Brown*, 564 U.S. 915 (2011) .......... 2

*Sharpe v. Puritan's Pride, Inc.*, 2019 U.S. Dist. LEXIS 6526 (N.D. Cal. Jan. 14, 2019) .......... 2

*Zithromia Ltd. v. Gazeus Negocios de Internet SA*, 2018 U.S. Dist. LEXIS 205704 (N.D. Cal. Dec. 5, 2018) .......... 2, 3

## Other Authorities

Andrey Shevchenko, *Micree Zhan Reportedly Used Private Guards to Physically Take Over Bitmain*, COINTELEGRAPH.COM, June 4, 2020 .......... 7

*Bitmain Thugs Nabbed After Allegedly Stealing Gov't Property in Beijing: Report*, COINGEEK.COM, May, 10, 2020 .......... 7

Janice Bitters, *Exclusive: Chinese Cryptocurrency Giant Fills Last Vacancy in Downtown San Jose Office Tower*, SILICON VALLEY BUSINESS JOURNAL, July 16, 2018 .......... 5, 7

Plaintiff Gor Gevorkyan ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his counsel, respectfully submits this supplemental memorandum of law in opposition to Defendant Bitmain Technologies, Ltd.'s ("Bitmain HK") Motion to Dismiss for Lack of Personal Jurisdiction ("Motion") pursuant to this Court's Order (Dkt. No. 53).

## I. PRELIMINARY STATEMENT

At the December 19, 2019 hearing on Bitmain HK's Motion, the Court stated that it was "inclined to find jurisdiction because there is certainly a lot in the record about Bitmain Technologies." Hearing Tr. at 2:16-18 (attached as Ex. 1 to the Supplemental Declaration of Karo Karapetyan ("Karapetyan Decl." filed herewith)). The Court further expressed concern that Bitmain HK was doing a "tap dance around the company name" to avoid jurisdiction in California and stated, that "if I get the sense that anybody has played hide the ball with jurisdiction, there are going to be consequences ... and the consequences will be significant." Karapetyan Decl., Ex. 1, Hearing Tr. at 3:2-5; 5:2-3. Despite Defendant's efforts to stonewall the jurisdictional discovery process, information uncovered by Plaintiff has only confirmed the Court's suspicions.

This Court can, and should, find specific jurisdiction over Defendant Bitmain HK based on the facts set forth below. To the extent that additional facts are necessary, Plaintiff requests that the Court rule on Plaintiff's pending request to compel further production (Dkt. No. 56) and on Plaintiff's request for additional time (Dkt. No. 59).

## II. RELEVANT BACKGROUND

On August 30, 2019, Plaintiff filed his First Amended Complaint ("FAC").

On October 1, 2019, Bitmain HK filed a motion to dismiss the FAC for lack of personal jurisdiction.

On December 19, 2019, the Court held a hearing on the Motion, noted that it was inclined to deny it and expressed concern that Bitmain HK was doing a "tap dance around the company name" to avoid jurisdiction in California. *See* Karapetyan Decl., Ex. 1, Hearing Tr. at 2:16-18; 3:2-5; 5:1-4. The Court also warned Bitmain HK not to stonewall Plaintiff's jurisdictional discovery efforts:

**Court**: There are no limits. I do not want to hear from the Defendant: We decline to answer X, Y and Z because we think they are irrelevant. Don't do that. I'm telling you now.

**Bitmain HK's Counsel**: Yes, sir.

*Id.* at 4:21-25.

While this Court granted Plaintiff free reign to conduct discovery, Plaintiff was stymied by Defendant. As a result, Plaintiff's filed a letter request to this Court to file a motion to compel, which is still pending.

### III. LEGAL STANDARD

To establish specific jurisdiction, Plaintiff must show the connection between the claims against Bitmain HK and Bitmain HK's conduct in the forum. As this Court noted in *Sharpe v. Puritan's Pride, Inc.*, 2019 U.S. Dist. LEXIS 6526 (N.D. Cal. Jan. 14, 2019):

> [Defendant] discussed specific personal jurisdiction in terms of plaintiffs and their claims. *See*, e.g. [*12], Dkt. No. 89 at 11. **The proper focus, however, is on the defendant and its connection to the forum, regardless of what contacts the plaintiff might have there.** *Walden v. Fiore*, 571 U.S. 277, 284, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014). This is "case-linked" jurisdiction, and it looks to whether the defendant undertook an activity or occurrence in the forum state "and is therefore subject to the State's regulation." *Id.* at 284 n.6 (internal quotation omitted). It is the defendant's "suit-related conduct" that "must create a substantial connection with the forum State." *Id.* at 284.
>
> The Supreme Court reiterated these settled principles in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017).

*Sharpe v. Puritan's Pride, Inc.*, 2019 U.S. Dist. LEXIS 6526 at *11-12 (Emphasis added).

Similarly, in *Zithromia Ltd. v. Gazeus Negocios de Internet SA*, 2018 U.S. Dist. LEXIS 205704, at *4 (N.D. Cal. Dec. 5, 2018), this Court noted that "What is needed [to establish specific jurisdiction] is a demonstration that the lawsuit arises out of [defendant's] contacts with this forum. . . [plaintiff] needs to show what [defendant] did in this district, if anything to give rise to [plaintiff's] claim." *See also Goodyear Dunlop Tires Ops, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (in order for a court to exercise specific jurisdiction, there must be "an affiliation between the forum and the underlying

controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.") (internal quotation marks and brackets omitted).

Plaintiff bears the burden of establishing that jurisdiction is proper. *Id.* at *2. Uncontroverted allegations in the complaint must be taken as true, and conflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor. *Id.*

### IV. PLAINTIFF HAS ESTABLISHED SPECIFIC JURISDICTION

Plaintiff's claim, as alleged in the Complaint, is that Plaintiff and other Californians purchased Bitmain ASIC devices from Defendant in California. Therefore, to establish specific jurisdiction over Bitmain HK, Plaintiff must establish that Defendant purposefully availed itself of the forum state (California) by conducting sales activities of ASIC devices within California, or purposefully directed its conduct at California, and that Plaintiff's claims arise out of, or relate to, Defendant's contacts with the forum -- in other words, what did Bitmain HK do in this District to give rise to the claims?

The following contacts are sufficient to establish specific jurisdiction:

First, Bitmain HK generated more than [REDACTED] in revenue from its sale of ASIC devices to customers in California, including Plaintiff, during the relevant time period. *See e.g.*, Karapetyan Decl., Ex.2, [REDACTED].

Second, Bitmain HK obtained additional revenue through the Trojan Horse Scheme and Secret Mining Scheme as set forth in the FAC and as defined in Plaintiff's memorandum in opposition to the motion to dismiss ("Plaintiff's Opp."). Bitmain HK shipped used ASIC devices to customers in California and sold them as though they were new, with a default configuration that mined cryptocurrency in California using its customers' electricity, generated from California power companies, and using its customers' California internet service provided by California internet providers, for Bitmain HK's benefit rather than the California customers who rightfully owned those devices. The Trojan Scheme allegations alone which concern not only

sales to customers in California, but also resources consumed by Defendant in California for its own benefit, are sufficient to confer jurisdiction over Bitmain HK.

Third, Plaintiff and other California customers purchased their ASIC devices through Bitmain HK's commercial and highly interactive website. *See* Karapetyan Decl., Ex. 3, ▮▮▮ Ex. 4, 2/4/2020 Blog.Bitmain.Com Post ("our company solemnly declares as follows: Our official website https://www.bitmain.com/ is the only official website of Bitmain"). Bitmain HK's commercial and highly interactive website allows customers to place orders for ASIC devices online through Bitmain HK's website, receive technical support, log in to their account, review and modify orders, track shipments, obtain customs forms, engage in online chat with sales and support specialists, and complete interactive customer satisfaction surveys. *See* Ex. 5 (Bitmain Support webpage). Despite recent efforts to backpedal on this statement, Luyao Liu, the purported Chief Financial Officer for Bitmain HK and many of its related entities, admitted that Bitmain HK's ASIC devices are purchased by customers from Bitmain HK through Bitmain HK's website. *See* Dkt. No. 33-1, Liu Decl. at ¶ 16 ("when a customer purchases ASIC devices from Bitmain's website …").

Plaintiff's purchase records and communications with Bitmain HK through the website provide further evidence of the highly interactive nature of the website. When purchasing his ASIC devices, Plaintiff Gevorkyan interacted with Bitmain HK's highly interactive website Bitmain.com and ▮▮▮ According to Bitmain HK's own documents, ▮▮▮. Defendant Bitmain HK failed to produce any documents ▮▮▮



Fourth, Bitmain HK maintains its sales office for the intercontinental North, South and Central American sales in San Jose, California (the "Intercontinental Sales Office") and promoted its Intercontinental Sales Office in San Jose on Bitmain HK's website, on LinkedIn.com, "Bitmain Technologies Ltd's official Youtube channel," and in other social media. *See e.g.*, Ex. 6 (Bitmain.com website Contact Us page), Ex. 7 (Bitmain HK's LinkedIn.com Sales Associate recruiting page), Ex. 8 (Bitmain HK's official YouTube Channel).

Fifth, [REDACTED] This fact is particularly significant, because it refutes Defendant's claim that it is completely independent from Bitmain, Inc. In addition, this evidence is consistent with Defendant's widely promoted claim to the public that Bitmain HK operates from the Intercontinental Sales Office in San Jose. Moreover, Defendant failed to produce this evidence itself. Plaintiff only uncovered this evidence through third-party discovery, after Defendant Bitmain HK, and Bitmain, Inc. eschewed their discovery obligations.

Sixth, Bitmain HK maintained an office in Sunnyvale, California during the same period of time in which Plaintiff and many prospective class members purchased their ASIC devices from Bitmain HK. *See e.g.*, Karapetyan Decl., Ex. 9, at 18-19 [REDACTED] *See also* Karapetyan Decl., Ex. 11, Janice Bitters, *Exclusive: Chinese Cryptocurrency Giant Fills Last Vacancy in Downtown San Jose Office Tower*, SILICON VALLEY BUSINESS JOURNAL, July 16, 2018 ("Beijing-based Bitmain Technologies has moved its Silicon Valley office from Sunnyvale into about 20,000 square feet on the third floor of 300 Park Ave" in San Jose.).

Seventh, in its reply papers, Bitmain HK tried to foist the blame for its substantial California activities on Beijing Bitmain Technology Co., Ltd. ("Beijing Bitmain"), without

disclosing to the Court that Beijing Bitmain is a wholly owned subsidiary of Defendant Bitmain HK. *See* Dkt. No. 38-1, Liu Reply Decl. at ¶¶ 7, 8, 10, 12.

Eighth, Bitmain HK's holding company operates numerous corporations including several companies relating to the marketing and sale of its ASIC devices in California, but the website purchases were made from Bitmain HK. *See e.g.*, Ex. 12 at 143 (Bitmain Technologies Holding Company Organizational Chart) (collectively, the "Bitmain Companies"). Many of the Bitmain Companies operate using the same Bitmain.com domain name, [REDACTED] In addition to Defendant Bitmain HK and Bitmain, Inc., many other Bitmain Companies operate in the United States including the following U.S. corporations: Beijin Bitmain Technologies, Inc., Bitmain Sales (USA), Inc., Bitmain Development, Inc., Bitmain Group Corp., BitmainUS LLC. *See e.g.*, Karapetyan Decl., Ex. 14, Delaware Corporate Records. Even Bitmain HK's United States entities are centrally controlled from Bitmain HK's offices in Haidan District, Beijing. *See* Karapetyan Decl., Ex. 15, Bitmain, Inc. Indeed.com job posting ("This role will directly report to senior management in HQ [Beijing, China] and will be expected to provide daily updates to senior management"). *See* Karapetyan Decl., Ex. 16 [REDACTED]

Any or all of the foregoing are sufficient to satisfy specific jurisdiction.

### A.  DEFENDANT'S ANTICIPATED ARGUMENTS ARE WITHOUT MERIT

Based on positions Defendant has taken to date, Plaintiff anticipates that Defendant will contend that none of the contacts alleged by Plaintiff are sufficient and that they are not relevant

to the jurisdictional inquiry. Defendant has argued, without support, that Plaintiff must first make a showing that he physically visited the California office or communicated with its California-based employees, or personally viewed the Bitmain HK's official YouTube channel promoting the Intercontinental Sales Office in San Jose for the sale of its ASIC devices. *See e.g.*, Karapetyan Decl., Ex. 1, Hearing Tr. at 4:4-15 ("the San Jose sales office, the social media, the crypto mining forums, this trade show, via Mr. Peng, so on -- that actually none of those … none of those actually matters for purposes of personal jurisdiction."). Defendant's position is simply wrong based on this Court's own prior decisions, and settled law, as Plaintiff has demonstrated in his letter to the Court requesting to file a motion to compel discovery (Dkt. No. 56).

Defendant may also attempt to rely on the declarations from Luyao Liu. *See* Dkt. No. 33-1, Liu Decl.; Dkt. No. 38-1, Liu Reply Decl. Mr. Liu claims to be the Chief Financial Officer of both Defendant Bitmain HK and its holding company, Bitmain Technologies Holding Company. *See* Dkt. No. 38-1, Liu Decl. at ¶ 1. *See also* Karapetyan Decl., Ex. 17, at 10/17/19 Liu Decl. in Southern District of Florida litigation ("I am the Chief Financial Officer of Defendant Bitmain Technologies Holding Company"). Mr. Liu also maintains that he is the Legal Representative of Beijing Bitmain, Defendant Bitmain HK's wholly owned subsidiary that Mr. Liu now contends is responsible for Bitmain HK's California contacts, the operation of Bitmain HK's website and the promotion of the Intercontinental Sales Office in San Jose.[1] *See* Dkt. No. 38-1, Liu Reply Decl. at ¶¶ 7, 8, 10, 12. Despite Mr. Liu's claims, his authority to act on behalf of the Bitmain Companies is reportedly a matter of an ongoing violent dispute in Mainland, China.[2]

---

[1] *See* Karapetyan Decl., Ex. 18, Patrick Thompson, *Bitmain Thugs Nabbed After Allegedly Stealing Gov't Property in Beijing: Report*, COINGEEK.COM, May, 10, 2020, *available at* https://coingeek.com/bitmain-thugs-nabbed-after-allegedly-stealing-govt-property-in-beijing-report/ (last visited June 11, 2020) ("Liu was arrested by Beijing police. Hours later, Bitmain issued a statement saying, "… Liu Luyao is the current legal representative of "Beijing Bit."").

[2] *See* Thompson, *supra,* note 1. See *also* Karapetyan Decl., Ex. 19, Andrey Shevchenko, *Micree Zhan Reportedly Used Private Guards to Physically Take Over Bitmain*, COINTELEGRAPH.COM, June 4, 2020, https://cointelegraph.com/news/micree-zhan-reportedly-used-private-guards-to-physically-take-over-bitmain (Last visited June 11, 2020).

In his first declaration in this action, Mr. Liu admitted that Bitmain HK operates Bitmain's commercial website. *See e.g.*, Dkt No. 33-1, Liu Decl. at ¶ 16 ("when a customer purchases ASIC devices from Bitmain's website …"), ¶ 1 (clarifying that "Bitmain" refers specifically and only to Defendant Bitmain HK). In Bitmain HK's reply papers, however, Mr. Liu denied for the first time that Bitmain HK operates the website, and instead claimed the website is operated by Beijing Bitmain. *See* Dkt. No. 38-1, Liu Reply Decl. at ¶ 12. Mr. Liu failed to disclose to the Court that Beijing Bitmain is a wholly owned subsidiary of Bitmain HK. *See e.g.*, Ex. 12 at 143 (Bitmain Technologies Holding Company Organizational Chart).

In his reply declaration, Mr. Liu also attributed many of Bitmain HK's California contacts and the promotion of the Intercontinental Sales Office in San Jose to the actions of Beijing Bitmain, including: 1) the job posting for sales associates in the Intercontinental Sales Office in San Jose (which clearly states on its face that it is a job posting from "Bitmain Technologies, Ltd."); 2) Bitmain's HK's YouTube channel (which clearly states on its face that it is "Bitmain Technologies Ltd's official Youtube channel);" 3) the employment of Peng Li, a Bitmain sales executive who also worked in the Intercontinental Sales Office in San Jose; and 4) the operation of Bitmain HK's other social media accounts. *See* Dkt. No. 38-1, Liu Reply Decl. at ¶¶ 7, 8, 10, 12.[3] However, Mr. Liu failed to disclose to the Court that he publicly claims to be the legal representative of Bitmain HK. *See* Thompson, *supra*, note 1.

Compounding the problem is the fact that Defendant refuses to make Mr. Liu available for deposition so that Plaintiff can examine the bases for the statements in his declarations. Defendant maintains that Mr. Liu would not appear for a deposition prior to the June 1, 2020 discovery deadline set by the Court because of the inconvenience of quarantine restrictions for travel outside of Mainland China. Plaintiff at no time could have taken Mr. Liu's deposition by video while he is in Mainland China, because Chinese law prohibits any witness in a foreign

---

[3] It should be noted that Bitmain HK and Bitmain, Inc. refused to produce any documents concerning Beijing Bitmain. Moreover, Beijing Bitmain did not cooperate with Plaintiff's numerous requests for information.

Page 8
PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

lawsuit from participating in a deposition from Mainland China. To date, Defendant has also refused to even provide the documents that support the claims in Mr. Liu's declarations.

### B. DEFENDANT STONEWALLED PLAINTIFF'S DISCOVERY REQUESTS

To the extent the Court finds that Plaintiff has not proffered sufficient evidence, Plaintiff should not be prejudiced by Defendant's stonewalling on discovery. At the initial hearing on Bitmain HK's Motion, this Court noted that "if I get the sense that anybody has played hide the ball with jurisdiction, there are going to be consequences ... and the consequences will be significant." See Karapetyan Decl., Ex. 1, Hearing Tr. at 4:2-5. The Court warned Bitmain HK not to stonewall Plaintiff's jurisdictional discovery efforts by asserting relevancy objections and Defendant agreed not do so. Id. at 4.

However, not only did Defendant Bitmain HK hide the ball in connection with the Motion, but it continues to hide the ball by failing to satisfy its discovery obligations in good faith, even after Bitmain HK's counsel acknowledged that the documents they are withholding are exactly the documents the Court wanted produced in jurisdictional discovery. See Karapetyan Decl., Ex. 1, Hearing Tr. at 4:4-10 ("One is the website -- web sales and the other is these various alleged contacts into which I'm guessing Your Honor is proposing jurisdictional discovery cover … each of those alleged contacts -- the San Jose sales office, the social media, the crypto mining forums, this trade show, via Mr. Peng, so on.").

Moreover, Bitmain HK failed to produce any documents concerning its office in Sunnyvale, California, or documents concerning ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. That evidence was only produced through third-party discovery after Bitmain HK failed to satisfy its discovery obligations. See Karapetyan Decl., Ex. 9 at 18-19 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Similarly, Bitmain HK, failed to produce any documents concerning its wholly owned subsidiary Beijing Bitmain (operated by Bitmain HK's CFO, Mr. Liu, to which it attributes many of Bitmain HK's California contacts). See Dkt No. 38-1, Lui Reply Decl. at ¶¶ 7, 8, 10, 12; Dkt. No. 56, Plaintiff's Discovery Letter to Court. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

████████████████████████████████████ While Bitmain HK is undoubtedly in possession of that information, it has wrongfully withheld the information in an effort to avoid jurisdiction.

In spite of Bitmain HK's effort to double down on its corporate shell game and obfuscate the relationship between the Bitmain Companies – directly in the face of the Court's concern that it was hiding the ball – Plaintiff has presented substantial evidence of Bitmain HK's California contacts. These contacts are sufficient to confer jurisdiction.

Documents regarding the issues below, which are highly relevant and necessary to the jurisdictional analysis (and the subject of the Parties' ongoing discovery dispute, and Plaintiff's letter request to this Court to file a motion to compel (Dkt. No. 56)), will further confirm the Court has jurisdiction over Bitmain HK: sales activity in California, whether by Bitmain HK directly or indirectly through its affiliates, including the maintenance of a sales office in the forum (Bitmain HK RFP No. 14; Bitmain, Inc. RFP No. 14); employment of personnel in the forum (Bitmain HK Nos. 1-2, 4, 19; Bitmain, Inc. RFP Nos. 1-2); advertising for job openings in the forum (Bitmain HK RFP No. 3; Bitmain, Inc. RFP No. 3); direction of website activity in the forum (Bitmain HK RFP Nos. 5-8, 15; Bitmain, Inc. RFP Nos. 5-8, 15); hosting of portions of its website in the forum (Bitmain HK RFP No. 15; Bitmain, Inc. RFP No. 15); and communications with Plaintiff in the forum (Bitmain HK RFP Nos. 11-13; Bitmain, Inc. RFP Nos. 11-13).

## V.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for lack of jurisdiction should be denied. Alternatively, Plaintiff requests that the Court rule on the pending request for additional discovery.

Dated: June 11, 2020                                 FRONTIER LAW CENTER

*/s/ Karo G. Karapetyan*
Robert Starr (183052)
Adam Rose (210880)
Karo G. Karapetyan (318101)

23901 Calabasas Rd, Suite 2074
Calabasas, CA 91302
Telephone: (818) 914-3433
Facsimile: (818) 914-3433
E-Mail:     robert@frontierlawcenter.com
            karo@frontierlawcenter.com
            manny@frontierlawcenter.com

Jordan L. Lurie (130013)
Ari Y. Basser (272618)
POMERANTZ LLP
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: 310-405-7190
Facsimile: 917-463-1044
E-mail:     jllurie@pomlaw.com
            abasser@pomlaw.com

Christopher Marlborough (298219)
THE MARLBOROUGH LAW FIRM, P.C.
445 Broad Hollow Road, Suite 400
Melville, NY 11747
Telephone: (212) 991-8960
Facsimile: (212) 991-8952
E-Mail:     chris@marlboroughlawfirm.com

Attorneys for Plaintiff