

O'Melveny & Myers LLP
400 South Hope Street
18th Floor
Los Angeles, CA 90071-2899

T: +1 213 430 6000
F: +1 213 430 6407
omm.com

September 22, 2021

**Carlos M. Lazatin**
D: +1 213 430 6655
clazatin@omm.com

**<u>VIA ECF</u>**

Hon. James Donato
United States District Judge
U.S. District Court, Northern District of California
Courtroom 11
450 Golden Gate Avenue
San Francisco, CA 94102

Re: <u>Gor Gevorkyan v. Bitmain, Inc., et al.</u>, N.D. Cal. Case No. 3:18-cv-07004-JD

Dear Judge Donato:

Defendant Bitmain Technologies Ltd. ("Bitmain HK") writes to inform the Court of Plaintiff's recently announced intent to amend the operative complaint in this action, and to request an orderly sequence of briefing on (1) Plaintiff's proposed amendment and (2) Bitmain HK's pending motion to dismiss the complaint for lack of personal jurisdiction. **The parties' simultaneous supplemental briefs on Bitmain HK's pending motion to dismiss are currently due on October 1, 2021**. However, that motion will be directly impacted by Plaintiff's proposed amendment to the pleadings. If this Court grants Plaintiff leave to amend, then Bitmain HK's pending motion (directed at Plaintiff's current operative pleading) would be rendered moot. Bitmain HK intends to oppose Plaintiff's amendment, and requests that the current deadlines for supplemental briefing on its motion to dismiss be taken off calendar while the parties brief Plaintiff's motion for leave to amend, which should be filed immediately.

**<u>Background</u>**

Plaintiff filed this action on November 19, 2018, with a complaint that named both Bitmain HK and Bitmain, Inc., alleging various causes of action related to his purchase of cryptocurrency mining devices from Bitmain HK. *See* ECF 1. Bitmain, Inc., is a U.S.-based sister company of Bitmain HK that is responsible for research and development and for cryptocurrency mining operations. On August 30, 2018, Plaintiff filed the operative First Amended Complaint ("FAC"), which removed Bitmain, Inc., as a party because it was uninvolved in the sale of devices to Plaintiff. *See* ECF 32.

Bitmain HK filed a motion to dismiss the FAC on the ground that this Court lacked personal jurisdiction over Bitmain HK, a Chinese company based in Hong Kong that has no California contacts arising from its sale of devices to Plaintiff. ECF 33. On December 19, 2019, this Court granted Plaintiff leave to take jurisdictional discovery on Bitmain HK. ECF 44.

Plaintiff subsequently propounded requests for production of documents on Bitmain HK, and Bitmain HK produced hundreds of pages of documents related to jurisdictional issues in a series

of document productions to Plaintiff. In its very first production in February 2020, Bitmain HK produced a contract between Bitmain HK and its subsidiary Beijing Bitmain Technologies Ltd. ("Bitmain Beijing"), outlining an agreement by which Bitmain Beijing had primary responsibility for the sales and marketing of cryptocurrency mining devices and acted as Bitmain HK's agent in the sales of those devices to customers like Plaintiff.

Per the Court's order (ECF 53), Plaintiff and Bitmain HK submitted supplemental briefs related to Bitmain HK's motion to dismiss on June 11 and July 2, 2020, respectively. *See* ECF 62, ECF 66. On November 24, 2020, this Court held a hearing on a discovery motion by Plaintiff. Due to the COVID-19 pandemic and the travel restrictions put in place by the People's Republic of China and other nations, Plaintiff had been unable to depose a Bitmain HK witness. This Court extended Plaintiff's deadline to complete jurisdictional discovery for the limited purpose of obtaining certain additional documents from Bitmain HK and to take the deposition of a Bitmain HK witness, and ordered further supplemental briefing on Bitmain HK's motion to dismiss the FAC. Bitmain HK produced additional documents to Plaintiff in January 2021. On September 2, 2021, Plaintiff took the deposition of a Bitmain HK witness. Per the parties' stipulation, **the parties' supplemental briefs are currently due on October 1, 2021**. ECF 78.

On September 10, 2021, Plaintiff's counsel emailed counsel for Bitmain HK to inform them for the first time that they intended to file a Second Amended Complaint that adds Bitmain Beijing as a co-defendant and sought Bitmain HK's consent to that amendment. Bitmain HK's counsel promptly requested to meet and confer on the proposed amendment, and counsel for the parties spoke telephonically on September 14, 2021. On that phone call, counsel for Plaintiff informed counsel for Bitmain HK that they not only intended to add Bitmain Beijing as a party, but that they also intended to add unspecified additional allegations to the complaint. They also informed counsel for Bitmain HK that they intended to argue in their supplemental brief that this Court has jurisdiction over Bitmain HK based on **Bitmain Beijing's** forum contacts. On the same call, counsel for Bitmain HK informed Plaintiff that his amendment would moot the FAC at which Bitmain HK's motion to dismiss is directed, and that supplemental briefing on that motion should therefore not proceed if Plaintiff intends to amend his complaint.

Although Plaintiff's counsel represented that they would provide Bitmain HK with a draft of the proposed Second Amended Complaint by September 15, after counsel for Bitmain HK pointed out that any amendment would moot Bitmain HK's pending motion to dismiss, counsel for Plaintiff said they would not be able to provide a copy of their amended pleading until later the following week. To date they have not done so even after multiple requests from Bitmain HK's counsel. Instead, they communicated their position that briefing should proceed on Bitmain HK's motion to dismiss the First Amended Complaint even as they prepare to file their Second Amended Complaint. (A copy of the parties' email correspondence is attached as **Exhibit A**.)

**Requested Relief**

Proceeding on the supplemental briefing on Bitmain HK's motion to dismiss the FAC would be unproductive if Plaintiff intends to amend that complaint, as he has now announced he wishes to do, to add a new defendant and new allegations. First, such an amendment would moot Bitmain HK's pending motion and all supplemental briefing filed to date. *Naranjo v. Bank of Am. Nat'l*

*Ass'n*, 2015 WL 913031 at *4 (N.D. Cal. Feb. 27, 2015) ("Accordingly, if Plaintiffs prevail on their Motion to Amend, it would moot Defendant's Motion to Dismiss."). Second, Plaintiff has said he now intends to argue that this Court has personal jurisdiction over Bitmain HK through some purported California contacts of non-party Bitmain Beijing—a new theory not raised in any of Plaintiff's previous briefing to date. If Plaintiff intends to raise new legal theories and new facts about new, soon-to-be named parties in his supplemental brief, the parties should not proceed on a simultaneous briefing schedule that does not afford Bitmain HK any opportunity to respond to Plaintiff's new arguments. Moreover, Bitmain Beijing, the non-party whose contacts Plaintiff will argue establish the Court's jurisdiction, should be allowed to defend itself in this proceeding and challenge jurisdiction through a properly noticed and supported motion. Bitmain Beijing is not represented by counsel in this action, and Plaintiff has not taken jurisdictional discovery on Bitmain Beijing. This Court should not make a ruling that could determine the question of the Court's jurisdiction over Bitmain Beijing—a question Plaintiff has said he intends to present in his supplemental briefing—when Bitmain Beijing is absent from these proceedings

Bitmain HK intends to oppose Plaintiff's proposed amendment due to his unexplained delay in seeking amendment. Plaintiff has known since February 2020 that Bitmain Beijing was the corporate entity responsible for the marketing and sales of cryptocurrency mining devices. Yet he did not even propose amending his complaint until *17 months later*, just three weeks before the parties were scheduled to complete their supplemental briefing on Bitmain HK's motion to dismiss the FAC. And even now, Plaintiff has yet to send Bitmain HK a copy of his proposed amendments, let alone file a motion to amend.

Candidly, it appears Plaintiff is trying to have the Court decide the question of whether it has jurisdiction over Bitmain Beijing while excluding Bitmain Beijing from the proceedings to determine that very question—by deliberately delaying his proposed amendment to the complaint until after the parties file their supplemental briefing. He intends to make the Court decide that question by arguing that the Court's personal jurisdiction over Bitmain HK is established through the contacts of Bitmain Beijing. His counsel have admitted as much. But they would have this Court do so on an incomplete record—this Court allowed jurisdictional discovery on Bitmain HK, not on Bitmain Beijing—and without Bitmain Beijing being represented in the proceedings.

Bitmain HK requests that this Court vacate the current October 1, 2021, deadline for the parties to submit simultaneous briefs supplementing their previous arguments on Bitmain HK's motion to dismiss. Instead, this Court should order Plaintiff to file his motion to amend immediately and set a briefing schedule for Plaintiff's opposed motion for leave to amend the complaint. Only after deciding that threshold question of what constitutes the operative complaint should the parties proceed on briefing the issue of jurisdiction. Because the question of whether the Court has specific personal jurisdiction necessarily depends on Plaintiff's claims and allegations, *see Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 894 (9th Cir. 1996), it is simply impracticable to decide jurisdiction first. If this Court denies Plaintiff leave to amend, the parties can submit their supplemental briefs as presently contemplated. On the other hand, if the Court grants Plaintiff leave to amend, then Bitmain HK and potentially Bitmain Beijing may file motions to dismiss the Second Amended Complaint through the normal procedures.

O'Melveny

Respectfully yours,

Carlos M. Lazatin
of O'Melveny & Myers LLP

# Exhibit A

# Orr, Jason A.

| | |
|---|---|
| **From:** | Manny Starr <manny@frontierlawcenter.com> |
| **Sent:** | Tuesday, September 21, 2021 4:36 PM |
| **To:** | Lazatin, Carlos M.; Ari Basser |
| **Cc:** | Karo Karapetyan; Chris Marlborough; Adam Rose; Orr, Jason A.; Pao, William K. |
| **Subject:** | Re: Gevorkyan v. Bitmain - Briefing, amended complaint |

[EXTERNAL MESSAGE]

Hi Carlos,

I understand your e-mail to suggest that there has been some inordinate delay in presenting you with a proposed amended complaint. As you are aware, the transcript from Mr. Ren's deposition only became available late last week. As your e-mail states, we told you we would have a draft of the complaint for you to review this week. It is still early in the week, and we still expect to send you a proposed amended complaint by the end of the week. There has obviously been no inordinate delay.

The issues relating to the amended complaint are distinct from the issues concerning the briefing on your clients' motion to dismiss for lack of personal jurisdiction. The jurisdictional issues relating to Bitmain HK will be decided not only on this supplemental briefing but on a fully noticed motion to the Court filed in 2019. You have informed Plaintiff many times that you do not represent the interests of Beijing Bitmain. There is currently no motion before the Court to amend the Complaint. We are seeking your consent to the motion, and we are not clear as to why Bitmain HK would not consent given the liberal amendment standard of Rule 15.

Plaintiff and Bitmain have been seeking a ruling from the Court on Bitmain HK's motion to dismiss for a long time. Plaintiff does not see any reason for further delay of that ruling. As previously discussed, we intend to file our supplemental brief on or before October 1st.

Thanks

**Manny Starr**
*Managing Partner*
Tel: (818) 914-3433
Direct: (818) 924-4260
Fax: (818) 914-3433
23901 Calabasas Rd, Suite 2074
Calabasas, CA 91302
[www.FrontierLawCenter.com](www.FrontierLawCenter.com)



*Confidentiality Notice:*
*This message (including any attachments) may contain confidential or otherwise privileged information and is intended only for the individual(s) to which it is addressed. If you received this message in error, please reply to this message to notify the sender and follow with its deletion.*

**From:** Lazatin, Carlos M. <clazatin@omm.com>
**Sent:** Monday, September 20, 2021 4:34 PM
**To:** Manny Starr <manny@frontierlawcenter.com>; Ari Basser <abasser@pomlaw.com>
**Cc:** Karo Karapetyan <karo@frontierlawcenter.com>; Chris Marlborough <chris@marlboroughlawfirm.com>; Adam Rose <adam@frontierlawcenter.com>; Orr, Jason A. <jorr@omm.com>; Pao, William K. <wpao@omm.com>
**Subject:** RE: Gevorkyan v. Bitmain - Briefing, amended complaint

Ari, Manny --

I wanted to follow up given that it has been nearly a week since we met and conferred with you regarding your proposed amendments to the complaint and their potential impact on the current briefing schedule. When we spoke last Tuesday, you said you would provide us with a copy of your proposed amended complaint, adding Bitmain Beijing as a defendant, by that Tuesday evening or Wednesday morning. When we followed up with you later in the week, you told us you would provide us with the complaint this week. We still have not received a copy of your proposed amended pleading.

As I indicated to you on our call last week, any amendment to the current pleadings would moot Bitmain HK's current motion to dismiss on jurisdictional grounds, including the supplemental briefing due on Oct. 2, all of which is directed at the current complaint. In addition, you indicated that you intend to argue in your supplemental brief that certain alleged California contacts of Bitmain Beijing establish the Court's personal jurisdiction over Bitmain Beijing and/or Bitmain HK. As I emphasized on our call last week, we believe it make sense to have any amendment to the pleadings sorted out first, including the addition of any new party, so that all of the named defendants can then challenge jurisdiction in an orderly fashion via properly noticed motion -- and not via short, simultaneous supplemental briefing to a motion that was brought by just one defendant and that is about to be rendered moot by your proposed amendments.

Please let us know by tomorrow, Tuesday, Sept. 21, whether you will agree to stipulate to put off the current round of supplemental briefing so that the issue of any amended pleadings can be determined before any motion by the defendant(s) challenging jurisdiction.

Thanks,
Carlos

# O'Melveny

**Carlos M. Lazatin**
clazatin@omm.com
O: +1-213-430-6655

O'Melveny & Myers LLP
400 South Hope Street, 18th Floor
Los Angeles, CA  90071
Website | LinkedIn | Twitter

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Manny Starr <manny@frontierlawcenter.com>
**Sent:** Thursday, September 16, 2021 4:12 PM
**To:** Orr, Jason A. <jorr@omm.com>; Lazatin, Carlos M. <clazatin@omm.com>; Pao, William K. <wpao@omm.com>
**Cc:** Ari Basser <abasser@pomlaw.com>; Karo Karapetyan <karo@frontierlawcenter.com>; Chris Marlborough <chris@marlboroughlawfirm.com>; Adam Rose <adam@frontierlawcenter.com>
**Subject:** Re: Gevorkyan v. Bitmain - Briefing, amended complaint

[EXTERNAL MESSAGE]

Hi Jason,

It turns out there are further edits to the second amended complaint that need to be made on our end. We will still share the draft complaint, but we will send it next week.

Thanks

**Manny Starr**
*Managing Partner*
Tel: (818) 914-3433
Direct: (818) 924-4260
Fax: (818) 914-3433
23901 Calabasas Rd, Suite 2074
Calabasas, CA 91302

www.FrontierLawCenter.com



_____

**PLEASE NOTE:** Our email service address has changed! Please Cc eservice@frontierlawcenter.com for all documents served pursuant to C.C.P. § 1010.6.

_____

*Confidentiality Notice:*
*This message (including any attachments) may contain confidential or otherwise privileged information and is intended only for the individual(s) to which it is addressed. If you received this message in error, please reply to this message to notify the sender and follow with its deletion.*

---

**From:** Orr, Jason A. <jorr@omm.com>
**Sent:** Thursday, September 16, 2021 3:43 PM
**To:** Manny Starr <manny@frontierlawcenter.com>; Lazatin, Carlos M. <clazatin@omm.com>; Pao, William K. <wpao@omm.com>
**Cc:** Ari Basser <abasser@pomlaw.com>; Karo Karapetyan <karo@frontierlawcenter.com>; Chris Marlborough <chris@marlboroughlawfirm.com>; Adam Rose <adam@frontierlawcenter.com>
**Subject:** RE: Gevorkyan v. Bitmain - Briefing, amended complaint

Hi Manny,

Are you able to share a draft of the amended complaint, as discussed on our call on Tuesday?

Thanks,

# O'Melveny

**Jason Orr**
jorr@omm.com
O: +1-213-430-6136

**From:** Manny Starr <manny@frontierlawcenter.com>
**Sent:** Monday, September 13, 2021 1:54 PM
**To:** Lazatin, Carlos M. <clazatin@omm.com>; Pao, William K. <wpao@omm.com>; Orr, Jason A. <jorr@omm.com>
**Cc:** Ari Basser <abasser@pomlaw.com>; Karo Karapetyan <karo@frontierlawcenter.com>; Chris Marlborough <chris@marlboroughlawfirm.com>; Adam Rose <adam@frontierlawcenter.com>
**Subject:** Re: Gevorkyan v. Bitmain - Briefing, amended complaint

[EXTERNAL MESSAGE]
Great, we can use this meeting information:

Dial: (669) 900-9128
Meeting ID: 873 4292 1991

Talk then

**Manny Starr**
*Managing Partner*
Tel: (818) 914-3433
Direct: (818) 924-4260
Fax: (818) 914-3433
23901 Calabasas Rd, Suite 2074
Calabasas, CA 91302

www.FrontierLawCenter.com



_____

**PLEASE NOTE:** Our email service address has changed! Please Cc eservice@frontierlawcenter.com for all documents served pursuant to C.C.P. § 1010.6.

_____

*Confidentiality Notice:*
*This message (including any attachments) may contain confidential or otherwise privileged information and is intended only for the individual(s) to which it is addressed. If you received this message in error, please reply to this message to notify the sender and follow with its deletion.*

**From:** Lazatin, Carlos M. <clazatin@omm.com>
**Sent:** Monday, September 13, 2021 1:51 PM
**To:** Manny Starr <manny@frontierlawcenter.com>; Pao, William K. <wpao@omm.com>; Orr, Jason A. <jorr@omm.com>
**Cc:** Ari Basser <abasser@pomlaw.com>; Karo Karapetyan <karo@frontierlawcenter.com>; Chris Marlborough <chris@marlboroughlawfirm.com>; Adam Rose <adam@frontierlawcenter.com>
**Subject:** RE: Gevorkyan v. Bitmain - Briefing, amended complaint

Sure.

**From:** Manny Starr <manny@frontierlawcenter.com>
**Sent:** Monday, September 13, 2021 1:47 PM
**To:** Lazatin, Carlos M. <clazatin@omm.com>; Pao, William K. <wpao@omm.com>; Orr, Jason A. <jorr@omm.com>
**Cc:** Ari Basser <abasser@pomlaw.com>; Karo Karapetyan <karo@frontierlawcenter.com>; Chris Marlborough

<chris@marlboroughlawfirm.com>; Adam Rose <adam@frontierlawcenter.com>
**Subject:** Re: Gevorkyan v. Bitmain - Briefing, amended complaint

[EXTERNAL MESSAGE]

Hi Carlos,

How about tomorrow at 1 pm?

Thanks

**Manny Starr**
*Managing Partner*
Tel: (818) 914-3433
Direct: (818) 924-4260
Fax: (818) 914-3433
23901 Calabasas Rd, Suite 2074
Calabasas, CA 91302

www.FrontierLawCenter.com



_____

**PLEASE NOTE:** Our email service address has changed! Please Cc eservice@frontierlawcenter.com for all documents served pursuant to C.C.P. § 1010.6.

_____

*Confidentiality Notice:*
*This message (including any attachments) may contain confidential or otherwise privileged information and is intended only for the individual(s) to which it is addressed. If you received this message in error, please reply to this message to notify the sender and follow with its deletion.*

---

**From:** Lazatin, Carlos M. <clazatin@omm.com>
**Sent:** Monday, September 13, 2021 1:40 PM
**To:** Manny Starr <manny@frontierlawcenter.com>; Pao, William K. <wpao@omm.com>; Orr, Jason A. <jorr@omm.com>
**Cc:** Ari Basser <abasser@pomlaw.com>; Karo Karapetyan <karo@frontierlawcenter.com>; Chris Marlborough <chris@marlboroughlawfirm.com>; Adam Rose <adam@frontierlawcenter.com>
**Subject:** RE: Gevorkyan v. Bitmain - Briefing, amended complaint

Hi Manny,

It probably makes sense for us to get on a call sooner rather than later if you are planning on amending.  Let us know if you're available at some point tomorrow.  Thanks.

Carlos

---

**From:** Manny Starr <manny@frontierlawcenter.com>
**Sent:** Friday, September 10, 2021 3:47 PM
**To:** Lazatin, Carlos M. <clazatin@omm.com>; Pao, William K. <wpao@omm.com>
**Cc:** Ari Basser <abasser@pomlaw.com>; Karo Karapetyan <karo@frontierlawcenter.com>; Chris Marlborough <chris@marlboroughlawfirm.com>; Adam Rose <adam@frontierlawcenter.com>
**Subject:** Gevorkyan v. Bitmain - Briefing, amended complaint

5

[EXTERNAL MESSAGE]

Hi Carlos,

I hope that you had a safe flight back after last week's deposition. Now that the deposition has been completed, it is our understanding that the deadline to file simultaneous briefs is Friday, October 1st. It is our further understanding that, while the Judge did not specify a page limit for the supplemental briefs, they are still subject to the same 10-page limit as the original briefs on jurisdictional discovery filed earlier in this matter. Please let us know if you have a different understanding, or confirm you'll proceed pursuant to a 10-page limit.

Please be advised that we intend to amend the Complaint to add Beijing Bitmain Technologies as an additional defendant, based in part on facts which were discovered during the deposition. Please let me know whether Bitmain HK will consent to the amendment. If not, we would like to schedule a call with you sometime towards the end of next week to meet and confer regarding our contemplated motion to amend.

Thanks

**Manny Starr**
*Managing Partner*
Tel: (818) 914-3433
Direct: (818) 924-4260
Fax: (818) 914-3433
23901 Calabasas Rd, Suite 2074
Calabasas, CA 91302
www.FrontierLawCenter.com



_____

**PLEASE NOTE:** Our email service address has changed! Please Cc eservice@frontierlawcenter.com for all documents served pursuant to C.C.P. § 1010.6.

_____

*Confidentiality Notice:*
*This message (including any attachments) may contain confidential or otherwise privileged information and is intended only for the individual(s) to which it is addressed. If you received this message in error, please reply to this message to notify the sender and follow with its deletion.*