

**Manny Starr** | Managing Partner

manny@frontierlawcenter.com
(818) 914-3433
23901 Calabasas Road, Suite 2074
Calabasas, CA 91302

www.frontierlawcenter.com

September 27, 2021

**VIA ECF**
Hon. James Donato
United States District Judge
U.S. District Court, Northern District of California, Courtroom 11
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Gor Gevorkyan v. Bitmain, Inc., et al.*, N.D. Cal. Case No. 3:18-cv-07004-JD

Dear Judge Donato,

Plaintiff Gor Gevorkyan ("Plaintiff") respectfully submits this response and opposition to Defendant Bitmain Technologies, Ltd.'s ("Bitmain HK's") September 23, 2021, letter seeking to vacate the Order directing the Parties to file supplemental briefing on Bitmain HK's motion to dismiss for lack of personal jurisdiction. Neither Bitmain HK nor any nonparty will be prejudiced by adhering to the Court's schedule.

Briefing on Bitmain HK's motion should proceed on the current schedule now that jurisdictional discovery was completed earlier this month. Bitmain HK's motion to dismiss has been pending since 2019 and there is no need for further delay. As this Court has noted, "there is certainly a lot in the record about Bitmain [HK]." *See* Exhibit 1, 12/19/19 Hearing Tr. at 2:17-18. As a result of conducting jurisdictional discovery, there is now even more evidence of Bitmain HK's jurisdictional ties to California. Moreover, the Court expressed an interest in resolving the jurisdictional issue regarding Bitmain HK promptly ("We are going to get to the bottom of it, and we are going to get to the bottom of it in the next 120 days."). *Id.* at 5:4-6. The issue is ripe for decision now and postponement of briefing is inappropriate.

No amendment to the Complaint will moot or alter the issue of whether Bitmain HK satisfies the minimum contacts requirement for the purposes of jurisdiction. *See Flintkote Co. v. Gen. Accident Assurance Co. of Canada*, No. C-04-01827 MHP, 2004 WL 1977220, at *4 (N.D. Cal. Sept. 7, 2004) ("In determining issues of personal jurisdiction the court may look beyond the four corners of the complaint."). *See also Peters v. Brennan*, No. 05-C-0787, 2005 U.S. Dist. LEXIS 51125, at *3 (E.D. Wis. Nov. 3, 2005) ("Because these defendants' objection to venue applies to the original complaint as well as the amended complaint, the court will address the merits of that issue at this time."). Therefore, further delay and duplication of efforts by the Parties and the Court are unwarranted.  It would be a substantial waste of judicial resources already invested in this case to start the process anew with not one but two Defendants.

The Court previously expressed concern that Bitmain HK was doing a "tap dance around the company name" to avoid jurisdiction in California and stated, that "if I get the sense that

BLAZING THE LEGAL TRAIL

anybody has played hide the ball with jurisdiction, there are going to be consequences ... and the consequences will be significant." 12/19/19 Hearing Tr. at 3:2-5; 5:2-3. Jurisdictional discovery has confirmed that this is exactly how the Bitmain entities operate, and Plaintiff's supplemental briefing will show that.

Bitmain HK's reliance on the *Naranjo* case is misplaced. *See* Bitmain HK Ltr at 2-3, citing *Naranjo v. Bank of Am. Nat'l Ass'n*, 2015 WL 913031 at *4 (N.D. Cal. Feb. 27, 2015). First, *Naranjo* was not decided at the close of jurisdictional discovery on a motion to dismiss pending for nearly two years. The motion to amend in that case was filed only two weeks after the motion to dismiss. Second, *Naranjo* concerned a motion to dismiss for failure to state a claim, where the decision turned on the allegations in the complaint. In this case, the basis for jurisdiction includes evidence outside the four corners of Plaintiff's Complaint. *See Flintkote Co.*

Furthermore, no motion to amend is currently before the Court and Beijing Bitmain will not be prejudiced by a determination on Bitmain HK's motion to dismiss or supplemental briefing thereon. Plaintiff intends to file a motion to amend the Complaint to add Bitmain HK's wholly owned subsidiary, Beijing Bitmain Technology Co., Ltd. ("Beijing Bitmain") as an additional defendant based in large part on testimony elicited at the September 2, 2021 deposition of Bitmain's HK's witness. Plaintiff offered to allow Bitmain HK an opportunity to review the Proposed Amended Complaint in a good faith effort to obtain its consent to the motion to amend.[1] It is apparent now that Bitmain HK seeks to use the potential amendment as an excuse for further delay.

Moreover, Bitmain HK's letter appears to argue on behalf of Beijing Bitmain, a supposedly separate and independent entity. Bitmain HK did not produce an employee of Bitmain HK for the deposition, but instead produced a management level employee of Beijing Bitmain authorized to speak on behalf of Bitmain HK.[2]

Defendant has suggested that Plaintiff has not acted promptly in seeking amendment of the Complaint. That contention is plainly false. As the Court is well aware, any delay in the completion of jurisdictional discovery in this case has been caused by conditions well outside of Plaintiff's control, such as restrictions relating to the Coronavirus crisis and China's prohibition against taking depositions for U.S. cases in China. Plaintiff notified Bitmain HK of his intent to file the motion less than two weeks after conducting the September 2, 2021 deposition, even before Plaintiff received a copy of the deposition transcript.

Finally, while Bitmain HK advocates strongly in the letter for the interests of its subsidiary Beijing Bitmain, as it has throughout the discovery process, Beijing Bitmain is not a party to this action and its rights will not be affected by a decision on the long-pending motion to dismiss.

---

[1] Although Bitmain HK indicated to Plaintiff its preference for adjourning the briefing, it never communicated to Plaintiff that it would seek Court intervention, and failed to meet and confer on the proposed scheduling Order.

[2] Bitmain HK indicated in its letter to the Court that it has no intention of consenting to the motion.

Given Beijing Bitmain's substantial activities in the State of California, it is unlikely that the company will file a motion to dismiss for lack of personal jurisdiction.

In sum, Plaintiff respectfully asks the Court to deny Bitmain HK's request to vacate the Order for supplemental briefing.

          Sincerely,

          Manny Starr
          Attorney for Plaintiff