# EXHIBIT 1

**Pages 1 - 7**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge

| | |
|---|---|
| GOR GEVORKYAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | )   **NO. C 18-07004 JD** |
| | ) |
| BITMAIN, INC., et al., | ) |
| | ) |
| Defendants. | ) |

San Francisco, California
Thursday, December 19, 2019

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiff:
    THE MARLBOROUGH LAW FIRM, P.C.
    445 Broad Hollow Road - Suite 400
    Melville, New York  11747
    **BY:  CHRISTOPHER MARLBOROUGH, ATTORNEY AT LAW**

    POMERANTZ LLP
    1100 Glendon Avenue - 15th Floor
    Los Angeles, California  90024
    **BY:  ARI Y. BASSER, ATTORNEY AT LAW**

For Defendants:
    O'MELVENY & MYERS LLP
    400 South Hope Street - 18th Floor
    Los Angeles, California  90071
    **BY:  CARLOS M. LAZATIN, ATTORNEY AT LAW**
        **DAVID L. IDEN, ATTORNEY AT LAW**

Reported By:        Marla F. Knox, RPR, CRR
                   Official Reporter

```
 1   Thursday - December 19, 2019                         11:38 a.m.
 2                      P R O C E E D I N G S
 3                            ---oOo---
 4        THE CLERK:  Calling Civil 18-7004, Gevorkyan versus
 5   Bitmain, Inc.
 6        MR. MARLBOROUGH:  Your Honor, Christopher Marlborough
 7   for Plaintiffs.
 8        MR. BASSER:  Good morning, Your Honor, Ari Basser from
 9   Pomerantz on behalf of Plaintiff in the putative class.
10        MR. LAZATIN:  Good morning, Your Honor, Carlos Lazatin
11   from O'Melveny & Myers for Bitmain Technology.
12        MR. IDEN:  Good morning, Your Honor, David Iden on
13   behalf of Bitmain as well.
14        THE COURT:  Okay.  Well, a lot of surprisingly, twisty
15   complications on the name of this client -- the name of this
16   Defendant.  So I was initially inclined just to find
17   jurisdiction because there is certainly a lot in the record
18   about Bitmain Technologies, but what I think we ought to do is
19   just set a period of jurisdictional discovery, all right.
20   Let's just lock everything down because if there is no
21   jurisdiction, everything that you do and I do would be for
22   naught.  So it makes some sense to make sure we are iron clad
23   under *Bristol-Myers Squibb* and all the other cases; that we got
24   the right person at the right time.
25        Now, I do want to say we will do this, but I don't know
```

1  what is going on with Bitmain Technologies, Limited in China
2  and here and everywhere else.  But if I get the sense that
3  anybody has played hide the ball with jurisdiction, there are
4  going to be consequences.  So -- and the consequences will be
5  significant.  So I'm going to give you an opportunity -- I
6  thought maybe 120 days.  Does that seem enough,
7  Mr. Marlborough?
8          **MR. MARLBOROUGH:**  Your Honor, it does.  We would also
9  request a Special Master to address discovery issues.
10          **THE COURT:**  Oh, no.  I do my own discovery.  You don't
11 get Special Master for discovery.  Those are rare and I use
12 them only in the most extreme circumstances.  I do my own
13 discovery.
14     I'm assuming you have read the discovery letter.  Just
15 send me a three-page letter and do not oppose the letter until
16 I ask.  Don't do it until I ask.  And if I ask for an
17 opposition, you will have plenty of time to do it and I will
18 hear it.
19     There will be no Special Master for discovery.  But to
20 finish my thought, if it turns out that someone is playing
21 games with discovery, consequences -- I mean, company names and
22 locations and everything else, consequences are going to be
23 swift and short.  Okay.
24          **MR. LAZATIN:**  Understood, Your Honor.  If I may be
25 heard on just the jurisdictional discovery point, if I may make

1  one pitch to the Court.
2          **THE COURT:**  Yes.
3          **MR. LAZATIN:**  There are two main bases, main grounds,
4  that are being alleged.  One is the website -- web sales and
5  the other is these various alleged contacts into which I'm
6  guessing Your Honor is proposing jurisdictional discovery
7  cover.  The only pitch I would make is that each of those --
8  each of those alleged contacts -- the San Jose sales office,
9  the social media, the crypto mining forums, this trade show,
10 via Mr. Peng, so on -- that actually none of those -- even if
11 those were attributed -- and I'm not saying they can be
12 attributed to the Defendant, and they haven't argued that --
13 none of those actually matters for purposes of personal
14 jurisdiction because none of the Plaintiff's claims arise from
15 any of those.
16         **THE COURT:**  I'm not -- we are not doing that now.  We
17 are just doing jurisdiction.  And the discovery is going to be
18 wide open, but it is going to be just for jurisdiction.  You
19 can take any discovery you want, but it has got to be on the
20 point of whether there is specific personal jurisdiction in
21 this district, okay.  There are no limits.  I do not want to
22 hear from the Defendant:  We decline to answer X, Y and Z
23 because we think they are irrelevant.  Don't do that.  I'm
24 telling you now.
25         **MR. LAZATIN:**  Yes, sir.

1    **THE COURT:** I have some doubts already about the
2  Defendants' position on this thing. I think someone is doing a
3  tap dance on the name of the company. I may be wrong. I would
4  be happy to see it. We are going to get to the bottom of it,
5  and we are going to get to the bottom of it in the next 120
6  days. So is 120 days enough?
7    **MR. MARLBOROUGH:** Well --
8    **THE COURT:** I usually give 90 --
9    **MR. MARLBOROUGH:** The concern is we are dealing with
10 Chinese corporations, and there might be some additional
11 delays.
12   **THE COURT:** Let's start with 120. If you need more --
13 but you have to tell me why you need more. For example, let's
14 say the 120 clock starts functionally the first week of
15 January, don't start serving things in March and tell me you
16 need more time. You have to get on it right away.
17   **MR. MARLBOROUGH:** Yes, Your Honor. Thank you.
18   **THE COURT:** So you just keep it to jurisdiction
19 issues, though, no claims related.
20   **MR. MARLBOROUGH:** All right. It is open to
21 interrogatories, depositions and documents?
22   **THE COURT:** Anything you want. You want to take
23 depositions, anything -- you do not need to go through the
24 Hauge Convention. Under Rule 4, you just hand things to
25 Mr. Lazatin and they are served. Okay.

1   **MR. MARLBOROUGH:** Right. Your Honor, Beijing Bitmain
2   is a wholly-owned subsidiary of the --
3   **THE COURT:** I'm sorry?
4   **MR. MARLBOROUGH:** Beijing Bitmain, which is the new
5   entity that was first raised on the Reply brief.
6   **THE COURT:** Yes.
7   **MR. MARLBOROUGH:** We started off with three entities.
8   When we showed all the sales and service contacts relating to
9   California, they added a fourth entity on the Reply brief,
10  right.
11     And as you will notice in the declarations, Defendants
12  admitted that the -- that customers made purchases from
13  Bitmain's website. And then only on Reply now changed the
14  story to say that this website is not Bitmain's -- the
15  Defendant in this case, Bitmain's Technologies, Limited -- but
16  is another entity, Bitmain Technologies Co., Limited.
17     And with respect to that, you know, there might be some
18  documents that we would need from this -- that they would
19  allege come from Bitmain Technologies Co., Limited, who is not
20  a Defendant in this case, who was never discussed --
21  **THE COURT:** You can take third-party discovery.
22  **MR. MARLBOROUGH:** We can take third-party discovery in
23  that as well. Thank you.
24  **THE COURT:** That is all part of -- for example, I had
25  a case recently -- and I hope you read my Zithromia decisions.

1  Two companies were having a dispute, and Apple was a third
2  party; and it is perfectly fine to take discovery of Apple in
3  that case because that was going to determine whether or not
4  there was specific jurisdiction in this district.
5          **MR. MARLBOROUGH:**  Thank you.  Can I get the name of
6  the case again?
7          **THE COURT:**  Zithromia, Z-I-T-H-R-O-M-I-A.  And I won't
8  bore you with the Westlaw cites.  If you look up Zithromia and
9  if you have a problem, put my name on it; and I will guarantee
10 you will just get these two.
11     All right, 120 days is going to be the presumptive period
12 unless there is a showing of good cause.  Do whatever you want
13 on jurisdiction.  Send me the letters.  I will handle all
14 discovery, as I do in all my other cases.
15         **MR. MARLBOROUGH:**  Thank you, Your Honor.
16         **THE COURT:**  Anything else I can do for you today?
17         **MR. LAZATIN:**  Not from us.
18         **THE COURT:**  Thank you.
19         **MR. MARLBOROUGH:**  That's it.  Thank you, Your Honor.
20             (Proceedings adjourned at 11:45 a.m.)

```
 1
 2                    **CERTIFICATE OF REPORTER**
 3          I certify that the foregoing is a correct transcript
 4   from the record of proceedings in the above-entitled matter.
 5
 6   DATE:   Tuesday, January, 7,2019
 7
 8
 9
10   _____
11              Marla F. Knox, RPR, CRR
                  U.S. Court Reporter
12
```