

O'Melveny & Myers LLP
400 South Hope Street
18th Floor
Los Angeles, CA 90071-2899

T: +1 213 430 6000
F: +1 213 430 6407
omm.com

File Number:
0081440-00001

September 13, 2022

**Carlos M. Lazatin**
D: +1 213 430 6655
clazatin@omm.com

Honorable James Donato
United States District Court for the
Northern District of California
San Francisco Courthouse
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, California 94102

**Re:** *Gevorkyan v. Bitmain Technologies, Ltd.*, No. 3:18-cv-07004-JD

Dear Judge Donato:

As counsel for defendant Bitmain Technologies, Ltd. ("Bitmain") in the above-captioned case, I write to offer an apology to the Court. We recognize that we fell short of the Court's expectations, and of the standards we hold for ourselves as members of the Bar.

In the Court's August 26, 2022 Order denying Bitmain's motion to dismiss on personal jurisdiction grounds, the Court specifically noted: (i) our failure to acknowledge in our briefing that the Ninth Circuit in *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F. 4th 972 (9th Cir. Aug. 27, 2021), had reversed the district court's decision in *Ayla, LLC v. Alya Skin Pty. Ltd.*, 2019 WL 5963149 (N.D. Cal. Nov. 13, 2019), and (ii) our failure to cite the Supreme Court's decision in *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017 (U.S. Mar. 25, 2021), concerning the nexus requirement for specific personal jurisdiction.

My firm and I take the concerns of the Court seriously. While we do not believe that this lapse speaks to the merits of our client's position, we are profoundly embarrassed by our errors.

In our citation to *Ayla*, we failed to catch that the Ninth Circuit had reversed the district court's order. That error was unacceptable. But my colleagues and I have investigated the error, and have satisfied ourselves that it was inadvertent, and never intended to mislead the Court. As the Court is aware, the issues in Bitmain's motion were initially briefed in October and November 2019 (ECF. Nos. 33, 38), then re-briefed in July 2020 (ECF No. 66), and then re-briefed again in October 2021 (ECF No. 84) following the completion of jurisdictional discovery ordered by the Court. In the course of preparing Bitmain's October 2021 supplemental brief, my office failed to conduct an updated citation check of all the authorities relied on there—including the district court's decision in *Ayla*, which Bitmain had previously cited in its July 2020 supplemental brief but which the Ninth Circuit later reversed in *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F. 4th 972 (9th Cir. Aug. 27, 2021). I apologize for that inexcusable oversight.



Also in that October 2021 supplemental brief, we failed to cite the Supreme Court's 2021 decision in *Ford*, which clarified the Court's longstanding "nexus" requirement for establishing specific personal jurisdiction: that a plaintiff's claims "arise out of or relate to the defendant's contacts with the forum." 141 S. Ct. at 1025 (internal quotation marks omitted). In *Ford*, the Court held that while the "arise out of" prong of the test may require proof of causation, the "relate to" prong of the test sets a lower standard and does not require "proof that the plaintiff's claim came about because of the defendant's in-state conduct." *Id* at 1026. While Bitmain did set forth both prongs of the test in its papers and argued that plaintiff could not meet either prong (*e.g.*, ECF No. 84 at 6:16-17, 9:16-18), Bitmain did repeat its prior argument in the October 2021 supplemental brief that the nexus requirement "establishes a 'but-for' test that requires a 'direct nexus' between the defendant's forum contacts and the plaintiff's cause of action." (ECF No. 84 at 6:25-26.) That argument was and is not tenable in light of both the Supreme Court's decision in *Ford* and the Ninth Circuit's application of *Ford* in *Ayla*. This, too, is a product of our having neglected to update our prior research in filing the supplemental brief; I apologize for that error as well.

I want to thank the Court for bringing these breakdowns in the quality of our legal research, brief writing, and citation practices to the attention of Bitmain and its counsel. I also wish to assure the Court that Bitmain and its counsel take these mistakes seriously, that these errors on the part of the firm were inadvertent and were never intended to mislead the Court, and that we as Bitmain's counsel will make every effort to avoid similar lapses in the future. I apologize again for the inconvenience and understandable affront we have caused.

Very respectfully yours,

Carlos M. Lazatin
of O'MELVENY & MYERS LLP