CARLOS M. LAZATIN (S.B. #229650)
clazatin@omm.com
WILLIAM K. PAO (S.B. #252637)
wpao@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
18th Floor
Los Angeles, California 90071-2899
Telephone: +1 213 430 6000
Facsimile:+1 213 430 6407

Attorneys for Defendant
Bitmain Technologies, Ltd.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| GOR GEVORKYAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BITMAIN TECHNOLOGIES, LTD., and DOES 1 to 10,<br><br>Defendants. | Case No. 3:18-cv-07004-JD<br><br>Judge: Hon. James Donato<br><br>**DEFENDANT BITMAIN TECHNOLOGIES, LTD.'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Trial Date: March 11, 2024 |

## <u>ANSWER</u>

2    Pursuant to Federal Rules of Civil Procedure 7 and 8, Bitmain Technologies, Ltd.

3    ("defendant" or "Bitmain") answers plaintiff's First Amended Class Action Complaint

4    ("Complaint") as follows:

5    Except as expressly admitted below, defendant denies each allegation against it and denies

6    liability to the plaintiff.  To the extent the headings in the Complaint purport to state facts to which

7    a response is required, defendant denies each such allegation.  The headings in the Complaint are

8    repeated below for organizational purposes only.  Defendant expressly reserves the right to seek to

9    amend and/or supplement this Answer as may be necessary.

10   ### <u>"NATURE OF ACTION"</u>

11   1.    Paragraph 1 consists of legal arguments or conclusions to which no response is

12   required.  To the extent any response is required, defendant denies each and every allegation in

13   Paragraph 1 except as follows:  defendant admits that plaintiff brings this action as a putative

14   class action, and defendant markets and sells cryptocurrency mining devices known as

15   Application Specific Integrated Circuit devices ("ASIC devices" and the "Products").  Defendant

16   further denies that a class may be properly certified under Rule 23 (or any other rule).

17   2.    Defendant admits that it has sold the following ASIC devices:  S7 Series; S9

18   Series;  S11 Series; S15 Series; S17 Series; A3 Series; B3 Series; B7 Series; D5 Series; DR

19   Series; DR5 Series; E3 Series; R4 Series; G2 Series; L3 Series; T9 Series; Z9 Series; T15 Series;

20   T17 Series; V9 Series; X3 Series; Z9 Series; and Z11 Series.  Defendant denies the remaining

21   allegations in Paragraph 2.  Defendant further denies that a class may be properly certified under

22   Rule 23 (or any other rule).

23   3.    Defendant denies the allegations in Paragraph 3.

24   4.    Paragraph 4 consists of legal arguments or conclusions to which no response is

25   required.  To the extent any response is required, defendant denies the allegations.

26   5.    Paragraph 5 consists of legal arguments or conclusions to which no response is

27   required.  To the extent any response is required, defendant denies the allegations.

28

**"THE PARTIES"**

6.     Defendant lacks sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations in Paragraph 6 and, on that basis, denies them.

7.     Paragraph 7 references "Defendant Bitmain Technologies, Inc.," which is not a

party to this action.  Defendant denies that "Bitmain Technologies, Inc. is a Chinese corporation

with its principal place of business in Beijing, China."

8.     Defendant denies each and every allegation in Paragraph 8 except as follows:

defendant admits that it sells ASIC devices to customers who reside in the United States,

including, but not limited to, California.

9.     Defendant admits that Bitmain, Inc. is a "company based in the United States and

headquartered in California."  Defendant denies the remaining allegations in Paragraph 9.

10.     Paragraph 10 consists of legal arguments or conclusions, or opinions, to which no

response is required.  To the extent any response is required, defendant denies the allegations in

Paragraph 10.

11.     Defendant denies the allegations in Paragraph 11.

12.     Defendant lacks sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations in Paragraph 12 and, on that basis, denies them.

13.     Defendant lacks sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations in Paragraph 13 and, on that basis, denies them.

**"JURISDICTION AND VENUE"**

14.     Paragraph 14 states legal conclusions as to which no response is required.  To the

extent a response is required, defendant admits that plaintiff alleges subject matter jurisdiction

under the Class Action Fairness Act and purports to summarize, interpret, or state the contents of

the Class Action Fairness Act.  Defendant denies any characterization of the Class Action

Fairness Act that is inconsistent with its contents.  Defendant further denies that a class may be

properly certified under Rule 23 (or any other rule).

15.     Paragraph 15 states legal conclusions as to which no response is required.  To the

extent a response is required, defendant denies that venue is proper in this District.  Defendant

further denies each and every allegation in Paragraph 15, including that a class may be properly

certified under Rule 23 (or any other rule).

### "FACTUAL ALLEGATIONS"

**A.     "CryptoCurrency"**

16.     Defendant admits that "cryptocurrency is a form of digital currency."  Defendant

lacks sufficient knowledge or information to form a belief as to the truth or falsity of the

remaining allegations in Paragraph 16 and, on that basis, denies them.

17.     Defendant lacks sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations in Paragraph 17 and, on that basis, denies them.

18.     Defendant lacks sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations in Paragraph 18 and, on that basis, denies them.

19.     Defendant lacks sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations in Paragraph 19 and, on that basis, denies them.  To the extent

that Paragraph 19 purports to summarize, interpret, or quote from the cited webpage, defendant

avers that the material speaks for itself, and defendant denies any characterization of the material

that is inconsistent with its contents.  Defendant denies the remaining allegations in Paragraph 19.

20.     Defendant denies the allegations in Paragraph 20 except as follows:  defendant

admits that people may mine virtual currencies using computing power.

21.     Defendant denies the allegations in Paragraph 21 except as follows:  defendant

admits that virtual currency may be stored in a digital wallet.

22.     Defendant denies the allegations in Paragraph 22.

23.     Defendant denies the allegations in Paragraph 23 except as follows:  defendant

admits that "[a] mining pool is the pooling of resources by virtual currency miners."

24.     Defendant lacks sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations in Paragraph 24 and, on that basis, denies them.

25.     Defendant lacks sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations in Paragraph 25 and, on that basis, denies them.

26.     Defendant lacks sufficient knowledge or information to form a belief as to the

DEF.'S ANSWER TO PL.'S FIRST
AMENDED CLASS ACTION COMPLAINT

truth or falsity of the allegations in Paragraph 26 and, on that basis, denies them.

27.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 27 and, on that basis, denies them.

28.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 28 and, on that basis, denies them.

**B.     "Bitmain ASIC Devices"**

29.     Defendant admits that it was founded in 2013 and that it markets and sells ASIC devices internationally.  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 29 and, on that basis, denies them.

30.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 30 and, on that basis, denies them.

31.     Defendant admits that its business generates revenue from the sales of cryptocurrency mining hardware.  Defendant denies the remaining allegations in Paragraph 31.

32.     Defendant denies the allegations in Paragraph 32.

33.     Defendant denies the allegations in Paragraph 33.

34.     Defendant denies the allegations in Paragraph 34.

35.     Defendant denies the allegations in Paragraph 35.

36.     Defendant denies the allegations in Paragraph 36.

37.     Defendant admits that it markets and sells ASIC devices.  Defendant denies the remaining allegations in Paragraph 37.

38.     Defendant denies the allegations in Paragraph 38.

**C.     "Bitmain Uses Its Customers' Purchased ASIC Devices to Mine Bitcoin for Itself Prior to Delivery to the Customers"**

39.     Defendant admits that it sells cryptocurrency mining hardware online.  Defendant denies the remaining allegations in Paragraph 39.

40.     Defendant denies the allegations in Paragraph 40.

41.     Defendant denies the allegations in Paragraph 41.

42.     Defendant lacks sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations in Paragraph 42 and, on that basis, denies them.

43.     Defendant admits it provides its customers with an anticipated delivery date. Defendant denies the remaining allegations in Paragraph 43.

44.     Defendant denies the allegations in Paragraph 44.

45.     Defendant denies the allegations in Paragraph 45.

46.     Paragraph 46 consists of legal arguments or conclusions to which no response is required. To the extent any response is required, defendant denies the allegations in Paragraph 46.

47.     Defendant denies the allegations in Paragraph 47.

48.     Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 and, on that basis, denies them.

49.     Defendant denies the allegations in Paragraph 49.

50.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 50 and, on that basis, denies them. To the extent that Paragraph 50 purports to summarize, interpret, or quote from the cited webpage, defendant avers that the material speaks for itself, and defendant denies any characterization of the material that is inconsistent with its contents. Defendant denies the remaining allegations in Paragraph 50.

51.     Defendant denies the allegations in Paragraph 51.

52.     Defendant denies the allegations in Paragraph 52.

53.     Defendant denies the allegations in Paragraph 53.

**D.     "Bitmain Continues to Use Customer Purchased ASIC Devices to Mine Bitcoin for Itself After Delivery to the Customer"**

54.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 54 and, on that basis, denies them. To the extent that Paragraph 54 purports to summarize, interpret, or quote from some unidentified source, defendant avers that the material speaks for itself, and defendant denies any characterization of that material that is inconsistent with its contents. Defendant denies the remaining allegations in Paragraph 54.

55.     Paragraph 55 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations in Paragraph 55.

56.     Defendant denies the allegations in Paragraph 56.

57.     Paragraph 57 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations in Paragraph 57.

58.     Defendant denies the allegations in Paragraph 58.

59.     Defendant denies the allegations in Paragraph 59.

60.     Defendant denies the allegations in Paragraph 60.

61.     Defendant denies the allegations in Paragraph 61.

**E.     "Plaintiff's Experience"**

62.     Defendant admits that plaintiff Gor Gevorkian placed an order for ten Antminer S9s in January 2018 and five Antminer S9s in February 2018.  Defendant denies the remaining allegations in Paragraph 62.

63.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 63 and, on that basis, denies them.

64.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 64 and, on that basis, denies them.

65.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 65 and, on that basis, denies them.

66.     Paragraph 66 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations.

67.     Defendant denies the allegations in Paragraph 67.

68.     Defendant denies the allegations in Paragraph 68.

69.     Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in the second sentence of paragraph 69 that "[i]t took him a substantial amount of time to properly configure the ASIC devices."  Defendant denies the

remaining allegations in Paragraph 69.

70.    Defendant denies the allegations in Paragraph 70.

71.    Defendant denies the allegations in Paragraph 71.

72.    Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 72 and, on that basis, denies them.

**"CLASS ACTION ALLEGATIONS"**

73.    Paragraph 73 consists of legal arguments or conclusions to which no response is required.  Paragraph 73 purports to set forth descriptions of putative classes that plaintiff seeks to certify and states legal conclusions to which no response is required.  To the extent a response is required, defendant denies that the requirements for class certification under Rule 23 (or any other rule) can be satisfied in this action.  To the extent the allegations in Paragraph 73 stand for any additional propositions, they are denied.

74.    Paragraph 74 purports to set forth descriptions of a putative subclass that plaintiff seeks to certify and state legal conclusions to which no response is required.  To the extent a response is required, defendant specifically denies that the requirements for class certification under Rule 23 (or any other rule) can be satisfied in this action.  To the extent the allegations in Paragraph 74 stand for any additional propositions, they are denied.

75.    Paragraph 75 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations, including that the requirements for class certification under Rule 23 (or any other rule) can be satisfied in this action.

76.    Paragraph 76 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations, including that the requirements for class certification under Rule 23 (or any other rule) can be satisfied in this action.

77.    Paragraph 77 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations and its subparts, including that the requirements for class certification under Rule 23 (or any other rule)

can be satisfied in this action.

(a) Paragraph 77(a) consists of legal arguments or conclusions to which no response is required. To the extent any response is required, defendant denies the allegations, including that the requirements for class certification under Rule 23 (or any other rule) can be satisfied in this action.

(b) Paragraph 77(b) consists of legal arguments or conclusions to which no response is required. To the extent any response is required, defendant denies the allegations, including that the requirements for class certification under Rule 23 (or any other rule) can be satisfied in this action.

(c) Paragraph 77(c) consists of legal arguments or conclusions to which no response is required. To the extent any response is required, defendant denies the allegations, including that the requirements for class certification under Rule 23 (or any other rule) can be satisfied in this action.

(d) Paragraph 77(d) consists of legal arguments or conclusions to which no response is required. To the extent any response is required, defendant denies the allegations, including that the requirements for class certification under Rule 23 (or any other rule) can be satisfied in this action.

(e) Paragraph 77(e) consists of legal arguments or conclusions to which no response is required. To the extent any response is required, defendant denies the allegations, including that the requirements for class certification under Rule 23 (or any other rule) can be satisfied in this action.

(f) Paragraph 77(f) consists of legal arguments or conclusions to which no response is required. To the extent any response is required, defendant denies the allegations, including that the requirements for class certification under Rule 23 (or any other rule) can be satisfied in this action.

(g) Paragraph 77(g) consists of legal arguments or conclusions to which no response is required. To the extent any response is required, defendant denies the allegations, including that the requirements for class certification

1    under Rule 23 (or any other rule) can be satisfied in this action.

2       (h)    Paragraph 77(h) consists of legal arguments or conclusions to which no

3              response is required.  To the extent any response is required, defendant

4              denies the allegations, including that the requirements for class certification

5              under Rule 23 (or any other rule) can be satisfied in this action.

6       (i)    Paragraph 77(i) consists of legal arguments or conclusions to which no

7              response is required.  To the extent any response is required, defendant

8              denies the allegations, including that the requirements for class certification

9              under Rule 23 (or any other rule) can be satisfied in this action.

10      78.    Paragraph 78 consists of legal arguments or conclusions to which no response is

11   required.  To the extent any response is required, defendant denies the allegations.  Defendant

12   further denies that a class may be properly certified under Rule 23 (or any other rule).

13      79.    Paragraph 79 consists of legal arguments or conclusions to which no response is

14   required.  To the extent any response is required, defendant denies the allegations.  Defendant

15   further denies that a class may be properly certified under Rule 23 (or any other rule).

16      80.    Paragraph 80 consists of legal arguments or conclusions to which no response is

17   required.  To the extent any response is required, defendant denies the allegations.  Defendant

18   further denies that a class may be properly certified under Rule 23 (or any other rule).

19                            **First Cause of Action**

20                        **Violation of Unfair Competition Law**

21      81.    Defendants adopts and incorporates by references its response to Paragraphs 1-80

22   of the Complaint as if fully asserted herein.

23      82.    Paragraph 82 consists of legal arguments or conclusions to which no response is

24   required.  To the extent any response is required, defendant admits plaintiff purports to bring this

25   action as a class action and seeks to represent a purported class as stated, and defendant otherwise

26   denies the allegations in Paragraph 82.  Defendant further denies that a class may be properly

27   certified under Rule 23 (or any other rule).

28      83.    Paragraph 83 consists of legal arguments or conclusions to which no response is

DEF.'S ANSWER TO PL.'S FIRST
AMENDED CLASS ACTION COMPLAINT

required.  To the extent any response is required, defendant admits that Paragraph 83 purports to quote from Bus. & Pro. Code § 17200 *et seq.*, and that statute speaks for itself.  Defendant respectfully refers the Court to the full content of that statute.

84.     Paragraph 84 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations.

85.     Paragraph 85 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations.  Defendant further denies that a class may be properly certified under Rule 23 (or any other rule).

86.     Paragraph 86 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations.

87.     Paragraph 87 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations.

88.     Paragraph 88 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations.

89.     Paragraph 89 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations.  Defendant further denies that a class may be properly certified under Rule 23 (or any other rule).

90.     Paragraph 90 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations.   Defendant further denies that a class may be properly certified under Rule 23 (or any other rule).

91.     Paragraph 91 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations.  Defendant further denies that a class may be properly certified under Rule 23 (or any other rule).

**Second Cause of Action**

**Unjust Enrichment**

92.     Defendants adopts and incorporates by references its response to Paragraphs 1-91 of the Complaint as if fully asserted herein.

93.     Paragraph 93 consists of legal arguments or conclusions to which no response is

required.  To the extent any response is required, defendant admits plaintiff purports to bring this action as a class action and seeks to represent a purported class as stated, and defendant otherwise denies the allegations in Paragraph 93.  Defendant further denies that a class may be properly certified under Rule 23 (or any other rule).

94.     Paragraph 94 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations.

95.     Paragraph 95 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations.

96.     Paragraph 96 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations.

97.     Paragraph 97 consists of legal arguments or conclusions  to which no response is required.  To the extent any response is required, defendant denies the allegations.

## Third Cause of Action

## Conversion

98.     Defendants adopts and incorporates by references its response to Paragraphs 1-97 of the Complaint as if fully asserted herein.

99.     Paragraph 99 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant admits plaintiff purports to bring this action as a class action and seeks to represent a purported class as stated, and defendant otherwise denies the allegations in Paragraph 99.  Defendant further denies that a class may be properly certified under Rule 23 (or any other rule).

100.    Paragraph 100 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations in Paragraph 100.  Defendant further denies that a class may be properly certified under Rule 23 (or any other rule).

101.    Paragraph 101 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations.  Defendant further denies that a class may be properly certified under Rule 23 (or any other rule).

102.    Paragraph 102 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations.  Defendant further denies that a class may be properly certified under Rule 23 (or any other rule).

103.    Paragraph 103 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations.  Defendant further denies that a class may be properly certified under Rule 23 (or any other rule).

104.    Paragraph 104 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations.

105.    Paragraph 105 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations.

106.    Paragraph 106 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations.  Defendant further denies that a class may be properly certified under Rule 23 (or any other rule).

107.    Paragraph 107 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations.  Defendant further denies that a class may be properly certified under Rule 23 (or any other rule).

### Fourth Cause of Action

### Trespass to Chattel

108.    Defendants adopts and incorporates by references its response to Paragraphs 1-107 of the Complaint as if fully asserted herein.

109.    Paragraph 109 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant admits plaintiff purports to bring this action as a class action and seeks to represent a purported class as stated, and defendant otherwise denies the allegations in Paragraph 109.  Defendant further denies that a class may be properly certified under Rule 23 (or any other rule).

110.    Paragraph 110 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations.  Defendant further denies that a class may be properly certified under Rule 23 (or any other rule).

111.     Paragraph 111 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations.  Defendant further denies that a class may be properly certified under Rule 23 (or any other rule).

112.     Defendant denies the allegations in Paragraph 112.

113.     Paragraph 113 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations in Paragraph 113.  Defendant further denies that a class may be properly certified under Rule 23 (or any other rule).

114.     Paragraph 114 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations.  Defendant further denies that a class may be properly certified under Rule 23 (or any other rule).

115.     Paragraph 115 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations.  Defendant further denies that a class may be properly certified under Rule 23 (or any other rule).

116.     Paragraph 116 consists of legal arguments or conclusions to which no response is required.  To the extent any response is required, defendant denies the allegations.  Defendant further denies that a class may be properly certified under Rule 23 (or any other rule).

## **PLAINTIFF'S PRAYER FOR RELIEF**

Defendant denies that plaintiff is entitled to any of the requested relief, including class certification, judgment, attorneys' fees, costs, damages, restitution, declaratory or injunctive relief, interest, or any other relief of any kind, including without limitation, the relief sought in Paragraphs A through G of plaintiff's prayer for relief on pages 18-19 of the Complaint.

## "JURY DEMAND"

In response to plaintiff and the putative class's jury demand, defendant demands a jury

trial in this action for all issues so triable.  To the extent the allegations in the unnumbered

Paragraph under the heading "Jury Demand" stand for any additional proposition, they are

denied.

## AFFIRMATIVE DEFENSES

Defendant sets forth below its affirmative defenses.  By setting forth these affirmative

defenses, defendant does not assume the burden of proving any fact, issue, or element of a cause

of action, where such burden properly belongs to plaintiff or the putative class members.

Moreover, nothing stated in these affirmative defenses is intended, or should be construed, as an

acknowledgement that any particular issue or subject matter necessarily is relevant to the

plaintiff's allegations or to the Complaint.  Defendant expressly reserves the right to seek to

amend and/or supplement this Answer, including its affirmative defenses, as may be necessary,

pursuant to the Federal Rules of Civil Procedure and all other applicable rules.

## FIRST AFFIRMATIVE DEFENSE

### (Claims Subject to Arbitration)

The claims of plaintiff and the putative class are barred, in whole or in part, by contractual

provisions that require all disputes to be resolved by arbitration in Hong Kong.

## SECOND AFFIRMATIVE DEFENSE

### (Claims Subject to Forum Selection Clause)

The claims of plaintiff and the putative class are barred, in whole or in part, by contractual

provisions that require all disputes to be resolved by a court in Hong Kong.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

### (No Standing)

Plaintiff and the putative class lack standing to pursue their claims, including under

Business & Professions Code §§ 17200 *et seq.*, because, on information and belief, they did not suffer any injury as a result of any conduct by defendant.

### FIFTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

Plaintiff and the putative class's claims are barred, in whole or in part, by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

#### (Good Faith/Reasonable Belief as to Accuracy and Validity)

Plaintiff and the putative class's claims are barred, in whole or in part, because any representations or statements alleged to have been made by defendant were true and accurate at the time made and/or were made in good faith and with reasonable belief that all of defendant's conduct was lawful.

### SEVENTH AFFIRMATIVE DEFENSE

#### (No Damages)

Plaintiff and the putative class's claims are barred, in whole or in part, because they have not sustained any cognizable injury or damage under California Unfair Competition Law as a result of the matters alleged in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

#### (No Causation)

Plaintiff and the putative class's claims are barred, in whole or in part, because any injury or damages plaintiff and the putative class have sustained were not caused by defendant.

### NINTH AFFIRMATIVE DEFENSE

#### (Acts or Omissions of Third Parties)

Plaintiff and the putative class's claims are barred, in whole or in part, because plaintiff and the putative class's alleged damages and/or injury were proximately and solely caused by the acts or omissions of third parties for whose conduct defendant is not responsible and/or who acted outside the scope of the authority granted to them.

**TENTH AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiff and the putative class's claims are barred, in whole or in part, by the doctrine of laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiff and the putative class's claims are barred, in whole or in part, by the doctrine of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

Plaintiff and the putative class's claims are barred, in whole or in part, by doctrines of waiver and estoppel.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure To Mitigate Damages)**

Plaintiff and the putative class's claims are barred, in whole or in part, because they failed to mitigate damages, if any.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Damages Speculative and Remote)**

The claims of plaintiff and the putative class are barred, in whole or in part, because the damages sought are too speculative and remote.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages)**

Defendant is entitled to the protections and limitations from the imposition of punitive damages afforded under the United States Constitution and any applicable State Constitutions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Safe Harbor Doctrine)**

The claims of plaintiff and the putative class are barred, in whole or in part, by California's safe-harbor doctrine because defendant's alleged actions, at all relevant times, were

1    in compliance with applicable law.

2                    **SEVENTEENTH AFFIRMATIVE DEFENSE**

3                              **(No Class Action)**

4         The claims of plaintiff and the putative class, in whole or in part, fail to meet the

5    necessary requirements for class certification, including, *inter alia*, class ascertainability,

6    typicality, commonality, numerosity, manageability, superiority, and adequacy of the class

7    representatives and/or counsel.

8                    **EIGHTEENTH AFFIRMATIVE DEFENSE**

9                          **(Adequate Remedy at Law)**

10        Injunctive relief in this matter is inappropriate because plaintiff and the putative members

11   of the purported class as set forth in the Complaint have an adequate remedy at law and/or the

12   requirements for granting injunctive relief cannot be satisfied.

13                    **NINETEENTH AFFIRMATIVE DEFENSE**

14                             **(No Jury Trial)**

15        Plaintiff and the putative members of the purported class as set forth in the Complaint are

16   not entitled to have equitable issues or matters of law tried to a jury, and plaintiff's demand for a

17   jury trial should be so limited.

18                    **TWENTIETH AFFIRMATIVE DEFENSE**

19                             **(Due Process)**

20        Any award of restitution under plaintiff's first cause of action pursuant to the California

21   Business & Professions Code §§ 17200 *et seq.* would violate the Excessive Fines and Due

22   Process Clauses of the United States and California Constitutions.

23                    **TWENTY-FIRST AFFIRMATIVE DEFENSE**

24                      **(No Fraudulent or Unfair Practice)**

25        Plaintiff's cause of action under California Business & Professions Code §§ 17200 *et seq.*

26   is barred, in whole or in part, because defendant's alleged practices were not "fraudulent" or

27   "unfair," the public was not and would not likely have been deceived by any such alleged

28   practices, defendant would have gained no competitive advantage by engaging in such alleged

practices, and the benefits of the alleged practices outweighed any harm or other impact they might have caused.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Legitimate Business Reasons)

Plaintiff and the putative class's claims are barred, in whole or in part, to the extent that the business practices alleged were carried out for legitimate business reasons.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Non-Actionable Statement)

Plaintiff and the putative class's claims are barred, in whole or in part, to the extent any claim is based on a non-actionable statement.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Showing of Threatened Future Harm or Continuing Violation)

Plaintiff and the putative class's request for an injunction fails to the extent they seek to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing violation.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (First Amendment)

Plaintiff and the putative class's claims are barred, in whole or in part, by the First Amendment of the United States Constitution, and similar provisions in the Constitution of the State of California, which protect, among other things, defendant's right to promote and advertise its products. Defendant has asserted this defense to preserve its rights in the event that plaintiff and the putative class contend that defendant's speech, commercial or otherwise, was improper or that the Court should order defendant to engage in (or refrain from) protected speech.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Frivolous Claims)

Plaintiff's claims, and each of them, brought on behalf of themselves and the putative members of the purported class as set forth in the Complaint, or some of them, are frivolous, unreasonable, or groundless, and accordingly, defendant should recover all costs and attorneys'

fees incurred herein.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendant may have additional defenses available, which are not now fully known and of which it is not now aware. Defendant reserves all defenses under Fed. R. Civ. P. 8 and 12, and the right to assert any additional defenses and avoidances that may arise as discovery progresses or otherwise in the course of litigation.

**WHEREFORE**, defendant prays for relief and judgment as follows:

1. That this suit cannot be maintained as a class action;

2. That all the causes of action be dismissed with prejudice;

3. That plaintiff takes nothing by way of the Complaint;

4. That defendant be awarded costs of suit and attorneys' fees herein; and

5. That the Court order such other and further relief for defendant as the Court may deem just and proper.

DATED: October 17, 2022                    Respectfully submitted,

/s/ Carlos M. Lazatin
Carlos M. Lazatin
William K. Pao
O'MELVENY & MYERS LLP
400 South Hope Street
18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: clazatin@omm.com
Email: wpao@omm.com

*Counsel for Defendant Bitmain Technologies, Ltd.*

DEF.'S ANSWER TO PL.'S FIRST
AMENDED CLASS ACTION COMPLAINT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served upon all counsel of record via the Court's CM/ECF Filing System this 17th day of October, 2022.

*/s/ Sherin Parikh*
Sherin Parikh